JS 44  (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Monique Russell, Jasmine Riggins, Elsa Powell, and Desire Evans | Educational Commission for Foreign Medical Graduates |

**(b)** County of Residence of First Listed Plaintiff  Anne Arundel County, MD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nicholas M. Centrella    Conrad O'Brien PC
ncentrella@conradobrien.com    1500 Market St.
215-864-8098    Centre Square, West Tower, Suite 3900
Philadelphia, PA 19102

Attorneys *(If Known)*
Brian W. Shaffer    Morgan, Lewis & Bockius LLP
Elisa P. McEnroe    1701 Market St.
brian.shaffer@morganlewis.com    Philadelphia, PA 19103
elisa.mcenroe@morganlewis.com  215-963-5000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
       Plaintiff

❏ 3  Federal Question
       *(U.S. Government Not a Party)*

❏ 2  U.S. Government
       Defendant

☒ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*
       (CAFA)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 470 Racketeer Influenced and |
| Student Loans | ❏ 340 Marine | Injury Product | | New Drug Application | Corrupt Organizations |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 195 Contract Product Liability | ☒ 360 Other Personal | Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| | ❏ 362 Personal Injury - | Product Liability | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | Medical Malpractice | | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ❏ 896 Arbitration |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 899 Administrative Procedure |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | ❏ 950 Constitutionality of |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | State Statutes |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1  Original
       Proceeding

☒ 2  Removed from
       State Court

❏ 3  Remanded from
       Appellate Court

❏ 4  Reinstated or
       Reopened

❏ 5  Transferred from
       Another District
       *(specify)*

❏ 6  Multidistrict
       Litigation -
       Transfer

❏ 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
1332, 1441, 1446
Brief description of cause:
Negligence / Negligent Infliction of Emotional Distress

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE                                         DOCKET NUMBER

DATE
12.31.2018

SIGNATURE OF ATTORNEY OF RECORD
Brian W. Shaffer

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1906 Beeches Glory Path, Annapolis, MD 21401__

Address of Defendant: __3624 Market Street, Philadelphia, PA 19104__

Place of Accident, Incident or Transaction: __Various__

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __12.31.2018__   _Brian W. Shaffer_   PA Bar No. 78851
_____   _____   _____
                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury *(Please specify):* Negligence/Negligent Infliction of Emotional Distress
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Brian W. Shaffer__ , counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: __12.31.2018__   _Brian W. Shaffer_   PA Bar No. 78851
_____   _____   _____
                   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1906 Beeches Glory Path, Annapolis, MD 21401

Address of Defendant: 3624 Market Street, Philadelphia, PA 19104

Place of Accident, Incident or Transaction: Various

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 12.31.2018   Brian W. Shaffer   PA Bar No. 78851
_____   _____   _____
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
     *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☒ 6. Other Personal Injury *(Please specify):* Negligence/Negligent Infliction of Emotional Distress
☐ 7. Products Liability
☐ 8. Products Liability - Asbestos
☐ 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Brian W. Shaffer _____, counsel of record *or pro se plaintiff, do hereby certify:*

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 12.31.2018   Brian W. Shaffer   PA Bar No. 78851
_____   _____   _____
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Monique Russell, Jasmine Riggins, Elsa Powell, and Desire Evans | : | CIVIL ACTION |
| v. | : | |
| Educational Commission for Foreign Medical Graduates | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                    (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.        ( )


| | | |
|---|---|---|
| 12.31.2018 | Brian W. Shaffer | Educational Commission for Foreign Medical Graduates |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 1.215.963.5000 | 1.215.963.5001 | brian.shaffer@morganlewis.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,

               Plaintiffs,

    v.

EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,

               Defendant.

Civil Action No. _____

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by and through the undersigned counsel, hereby removes Case No. 181101690, *Monique Russell et al. v. Educational Commission for Foreign Medical Graduates*, a putative class action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania (the "Action"), to the United States District Court for the Eastern District of Pennsylvania.  ECFMG removes the Action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the factual and legal grounds discussed below.

**I.**    **Introduction**

1.  As set forth below, the Action is properly removed to this Court pursuant to 28 U.S.C. § 1441, because this Court has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), because this Action is a civil action in which the amount in controversy alleged exceeds the sum of $5,000,000 exclusive of costs and interest, has more than 100 members in the proposed putative class, and is between citizens of different states.

2.  By filing this notice of removal, ECFMG does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the Action, and

all other defenses.  ECFMG reserves the right to supplement and amend this notice of removal.

**II.**   **Background**

3.   On November 14, 2018, Plaintiffs Monique Russell, Jasmine Riggins, Elsa M. Powell, and Desire Evans (the "Named Plaintiffs") commenced this putative class action against ECFMG by filing a Complaint in the Court of Common Pleas of Philadelphia County, Pennsylvania, entitled *Monique Russell et al. v. Educational Commission for Foreign Medical Graduates*, Case No. 181101690.

4.   The Complaint alleges that ECFMG is liable for negligence and negligent infliction of emotional distress in connection with its alleged improper certification of a third party foreign medical graduate ("Oluwafemi Charles Igberase (a/k/a/ Charles J. Akoda, M.D.)") as having met certain criteria to be eligible to enter a residency or fellowship program in the United States.  The Complaint seeks an order certifying the proposed putative class, a judgment of liability against ECFMG, "compensatory damages to each class member in an amount which exceeds seventy-five thousand dollars," litigation costs and expenses, attorneys' fees, pre-judgment and post-judgment interest, punitive damages, and any other relief the Court deems appropriate.  *See* Compl., Prayer for Relief.

5.   The proposed putative class consists of "[a]ll patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a/ Charles J. Akoda, M.D.)."  *Id.* ¶ 48.  The Complaint asserts that this class contains more than 1,000 members.  *Id.* ¶ 50.

6.   ECFMG was served with a copy of the Summons and Complaint on or about December 10, 2018.[1]

7.   ECFMG has not yet filed an answer or responsive pleading to the Complaint.

---

[1] The Summons and Complaint, which together comprise "all process, pleadings, and orders served" on Defendants in this Action, *see* 28 U.S.C. § 1446(a), are attached hereto as Exhibit A.

III.    **Jurisdiction**

8. CAFA creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists that consists of more than 100 members. 28 U.S.C. § 1332(d)(2)(A) and (d)(5). All of these requirements are met here.

A.    **Minimal diversity exists.**

9. CAFA requires only minimal diversity, and in class action lawsuits, "[t]he district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Such diversity of citizenship exists here.

10. None of the Named Plaintiffs are citizens of Pennsylvania. *See* Compl. ¶¶ 1 & 3-4 (Plaintiffs Russell, Powell, and Evans reside in Maryland); *id.* ¶ 2 (Plaintiff Riggins resides in Washington, D.C.).

11. For purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1). ECFMG is a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania. Compl. ¶ 5; Pennsylvania Statement of Domestication[2]; Articles of Incorporation.[3] Thus, for purposes of CAFA jurisdiction, ECFMG is a citizen of Pennsylvania, and no other state. 28 U.S.C. § 1332(c)(1).

---

[2] Attached hereto as Exhibit B.
[3] Attached hereto as Exhibit C.

12. Accordingly, the minimal diversity requirement of CAFA is satisfied given that the Named Plaintiffs are citizens of states other than Pennsylvania and ECFMG is a citizen of Pennsylvania.

13. Moreover, the restriction in 28 U.S.C. § 1441(b)(2) that actions otherwise removable solely on the basis of diversity of citizenship may not be removed if a defendant is a citizen of the State in which the action is brought applies only to removal under § 1332(a), not – as is the basis here – § 1332(d) (CAFA).

**B.      The amount in controversy exceeds $5,000,000.**

14. Although ECFMG denies all liability alleged in the Complaint and denies that class treatment is appropriate for this Action, if damages were awarded on Plaintiffs' claims as Plaintiffs allege, the aggregate amount as to the putative class would exceed $5,000,000 exclusive of interest and costs.

15. ECFMG denies Plaintiffs' substantive allegations, denies that Plaintiffs are entitled to any of the relief sought in the Complaint, and do not waive any defense with respect to any of Plaintiffs' claims.  Nonetheless, for these purposes, the amount in controversy is determined by accepting Plaintiffs' allegations as true.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 549-50 (2014) ("The amount-in-controversy allegation of a plaintiff invoking federal-court jurisdiction is accepted if made in good faith.  Similarly, the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court."); *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) ("The general federal rule has long been to decide what the amount in controversy is from the complaint itself."); *Abington Twp. v. Crown Castle NG E. LLC*, No. CV 16-5357, 2017 WL 57142, at *2 (E.D. Pa. Jan. 5, 2017) ("In ascertaining the amount in controversy in a removal case, a court must first look to the complaint." (citing

*Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004)).

16. Here, the proposed putative class is alleged to consist of more than 1,000 putative class members (Compl. ¶ 50), and the Complaint alleges that each putative class member is entitled to compensatory damages in an amount that exceeds $75,000 (Compl., Prayer for Relief, Page 18 ¶ F). As a result, based on allegations in the Complaint, the amount in controversy, exclusive of interests and costs, exceeds $75,000,000, which is well above CAFA's $5,000,000 amount-in-controversy requirement. ECFMG does not waive any argument as to the sufficiency or size of Plaintiffs' alleged class or as to the damages alleged.

      **C.**     **The putative class exceeds 100 members.**

17. The Complaint alleges that "[t]he Class consists of more than one thousand (1,000) patients and is thus so numerous that joinder of all members is clearly impracticable." Compl. ¶ 50. Therefore, the size of the putative class well exceeds 100 members.

**IV.**    **The procedural requirements for removal are satisfied.**

18. This Court is the proper venue for removal because the Action is pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and the United States District Court for the Eastern District of Pennsylvania is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

19. ECFMG timely filed this notice of removal. ECFMG was served with the Summons and Complaint on December 10, 2018. Accordingly, ECFMG filed this notice of removal within 30 days of being served. 28 U.S.C. §§ 1446(b); 1453(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (explaining that the time for filing a notice of removal does not run until a party has been served with the summons and complaint under the applicable state law).

20. As required by 28 U.S.C. § 1446(d), a copy of this notice of removal is being promptly served upon counsel for Plaintiffs, and a copy is being filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania.

WHEREFORE, ECFMG hereby removes the above action now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 181101690 to the United States District Court for the Eastern District of Pennsylvania.

Dated: December 31, 2018

By: _____

MORGAN, LEWIS & BOCKIUS LLP

Brian W. Shaffer, PA Bar No. 78851
Elisa P. McEnroe, PA Bar No. 206143
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:      +1.215.963.5000
Facsimile:       +1.215.963.5001

*Attorneys for the Educational Commission for Foreign Medical Graduates*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been sent this 31st day of December,

2018 via first class U.S. mail, postage prepaid, to:

    Nicholas M. Centrella
    Conrad O'Brien PC
    1500 Market Street
    Centre Square, West Tower, Suite 3900
    Philadelphia, PA 19102-2100

Brian W. Shaffer

# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**NOVEMBER 2018**

E-Filing Number: 1811031070

**001690**

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>MONIQUE RUSSELL | **DEFENDANT'S NAME**<br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES |
| **PLAINTIFF'S ADDRESS**<br>1906 BEECHES GLORY PATH MD 21401<br>ANNAPOLIS MD 21401 | **DEFENDANT'S ADDRESS**<br>3624 MARKET STREET<br>PHILADELPHIA PA 19104 |
| **PLAINTIFF'S NAME**<br>JASMINE RIGGINS | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS**<br>312 37TH STREET APT #304<br>WASHINGTON, DC DC 20019 | **DEFENDANT'S ADDRESS** |
| **PLAINTIFF'S NAME**<br>ELSA POWELL | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS**<br>12705 LIVE OAK PLACE<br>UPPER MARLBORO MD 20772 | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 4 | 1 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[ ] Non-Jury<br>[X] Other: CLASS ACTION | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**

C1 - CLASS ACTION

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

RECEIVED
DEC 10 2018

**FILED
PRO PROTHY**

NOV 14 2018

**C. FORTE**

**IS CASE SUBJECT TO COORDINATION ORDER?**
YES   NO

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MONIQUE RUSSELL , JASMINE RIGGINS , ELSA POWELL , DESIRE EVANS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>NICHOLAS M. CENTRELLA | ADDRESS<br>CENTRE SQUARE, WEST TOWER<br>1500 MARKET STREET, SUITE 3900<br>PHILADELPHIA PA 19102 |
|---|---|
| PHONE NUMBER<br>(215) 864-8098 | FAX NUMBER<br>(215) 864-9620 | |
| SUPREME COURT IDENTIFICATION NO.<br>67666 | E-MAIL ADDRESS<br>ncentrella@conradobrien.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>NICHOLAS CENTRELLA | DATE SUBMITTED<br>Wednesday, November 14, 2018, 04:54 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF PLAINTIFFS:

1. MONIQUE RUSSELL
   1906 BEECHES GLORY PATH MD 21401
   ANNAPOLIS MD 21401
2. JASMINE RIGGINS
   312 37TH STREET APT #304
   WASHINGTON, DC DC 20019
3. ELSA POWELL
   12705 LIVE OAK PLACE
   UPPER MARLBORO MD 20772
4. DESIRE EVANS
   4057 PARKER COURT
   WALDORF MD 20602

Nicholas M. Centrella, Esquire (I.D. No. 67666)
Howard M. Klein, Esquire (I.D. No. 33632)
Benjamin O. Present, Esquire (I.D. No. 322682)
CONRAD O'BRIEN PC
1500 Market Street, Suite 3900
Centre Square, West Tower
Philadelphia, PA 19102-2100
ncentrella@conradobrien.com
hklein@conradobrien.com
bpresent@conradobrien.com
215.864.9600

Attorneys for Plaintiffs

*Filed and Attested by the Office of Judicial Records 14 NOV 2018 04:54 pm C. FORTE*

MONIQUE RUSSELL
1906 Beeches Glory Path
Annapolis, MD  21401

and

JASMINE RIGGINS
312 37th Street, Apt. #304
Washington, DC 20019

and

ELSA M. POWELL
12705 Live Oak Place
Upper Marlboro, MD 20772

and

DESIRE EVANS
4057 Parker Court
Waldorf, MD 20602

> *on their own behalf and on behalf of all others similarly situated,*

Plaintiffs

v.

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,
3624 Market Street
Philadelphia, PA 19104

IN THE COURT OF
COMMON PLEAS OF
PHILADELPHIA COUNTY
PENNSYLVANIA

Case No._____

CIVIL ACTION --
PERSONAL INJURY
**CLASS ACTION**

JURY TRIAL DEMANDED

Case ID: 181101690

Defendant

---

## NOTICE TO DEFEND

**NOTICE**

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107   Telephone:(215) 238-1701

**AVISO**

LE HAN DEMANDADO A USTED EN LA CORTE. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en form escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que used cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATEMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILADELFIA
One Reading Center
Philadelphia, PA 19107
Telefono:(215)238-1701

## CLASS ACTION CIVIL COMPLAINT

Plaintiffs Monique Russell, Jasmine Riggins, Desire Evans and Elsa Powell, on their own behalf and on behalf of all others similarly situated, through their undersigned attorneys, hereby submit this Class Action Complaint against Defendant Educational Commission for Foreign Medical Graduates and state as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Monique Russell currently resides in Prince George's County, Maryland.

2. Plaintiff Jasmine Riggins currently resides in Washington, DC.

2

Case ID: 181101690

3.     Plaintiff Elsa Powell currently resides in Prince George's County, Maryland

4.     Plaintiff Desire Evans currently resides in Charles County, Maryland.

5.     Defendant Educational Commission for Foreign Medical Graduates ("ECFMG")
is a non-profit corporation organized under the laws of Illinois with its principal office in
Philadelphia, Pennsylvania.  Among other things, ECFMG certifies whether international
medical graduates have met the minimum standards of eligibility for accredited residency and
fellowship programs in the United States by verifying the validity of an IMG's medical school
diploma and final medical school transcripts and insuring that the IMG's have taken and passed
certain standardized examinations. ECFMG carries out its functions in all or virtually all 50
states and the District of Columbia.

6.     The matter in controversy exceeds the sum of fifty thousand dollars ($50,000.00)
exclusive of interest and costs and thus is not subject to compulsory arbitration under
Philadelphia Local Rule 1301.

7.     This Court has jurisdiction over this case under Pa. C.S.A. § 942.

8.     This Court has personal jurisdiction over ECFMG as ECFMG has its principal
place of business in Philadelphia and systematically and continually transacts business in
Pennsylvania.

9.     The Court of Common Pleas of Philadelphia County is the appropriate venue
under Pa. Rule 2179 (a) because ECFMG's principal place of business is located in Philadelphia
and ECFMG regularly conducts business in Philadelphia.

<u>FACTUAL ALLEGATIONS</u>

A. <u>The Role of the Defendant ECFMG in Certifying Foreign Medical Graduates</u>

10.     A person who receives their medical education outside of the United States and
Canada is referred to as an international medical graduate ("IMG").  In order for an IMG to

3

practice medicine in the United States, the IMG must apply to the ECFMG, which verifies that the IMG has obtained a diploma from a medical school recognized by the country in which the school is situated; that the school is listed in the International Medical Education Directory; that the curriculum requirement is a minimum of 4 academic years; that the IMG has passed steps 1 and 2 of the United States Medical Licensing Examination (USMLE), has passed the Clinical Skills Assessment Examination and has passed the Test of English as a Foreign Language. Additionally, the ECFMG verifies the validity of primary source documentation such as diploma, transcript and other credentials. When all of this is satisfactorily completed, the ECFMG issues a certification to the IMG.

11.    To enter programs of graduate medical education in the United States accredited by the Accreditation Council for Graduate Medical Education ("ACGME"), IMG's must hold a standard ECFMG certificate without expired examination dates, if applicable. When an IMG applies to a residency program using the Electronic Residency Application Service ("ERAS"), the ECFMG automatically transmits an ECFMG status report to the residency program to which the IMG applies.

12.    The ERAS was developed by the Association of American Medical Colleges ("AAMC") to transmit residency applications and supporting documents, such as transcripts, letters of recommendation and medical student performance evaluations to residency program directors over the Internet. The ECFMG acts as "the dean's office" for all IMG's and supports the ERAS application process for those applicants. The ECFMG provides each IMG applicant with a unique identification number, known as a token, which allows the IMG applicant to access the AAMC's ERAS web site to complete the ERAS application. The IMG applicant also sends supporting documents to the ECFMG for scanning and transmission. ECFMG transmits

4

an ECFMG status report to the graduate program to which the IMG applies.  The ECFMG also transmits the IMG applicants' USMLE transcript, as requested by the applicant.  All documents are transmitted to the ERAS post office, where they are accessible to the residency programs.

13.     Generally speaking, application materials consist of a curriculum vitae, a copy of the universal residency application form, a cover letter addressed to each residency program director, evidence of graduation from medical school, ECFMG certification and letters of recommendation from U.S. physicians, along with a one-page personal statement detailing the unique qualifications of the applicant.

14.     Foreign national IMG's must obtain an appropriate Visa (or immigration status or work authorization) in order to participate in U.S. residency training.  There are various visa options available for persons who seek entry into U.S. graduate medical programs.

### B.  ECFMG Certified Oluwafemi Charles Igberase under Multiple Fictitious Identities.

15.     In or about October 1991, Oluwafemi Charles Igberase ("Igberase") came to the U.S. from Nigeria pursuant to a Nonimmigrant Visa.  Igberase purportedly graduated from medical school in Nigeria; however, it is alleged that Igberase never attended or graduated from a medical school.

16.     In or about November 1991, Igberase applied for and obtained a social security number (XXX-XX-5054) using an April 17, 1962 date of birth and the name Oluwafemi Charles Igberase.

17.     In or about April 1992, Igberase submitted an application for certification by ECFMG using the 5054 social security number, an April 17, 1962 date of birth, and the name Oluwafemi Charles Igberase.  On or about October 4, 1993 ECFMG issued Certificate 0-482-700-2 to Oluwafemi Charles Igberase.

5

Case ID: 181101690

18.     In or about March 1994, Igberase submitted a second application for certification by ECFMG using a false date of birth and a different name -- Igberase Oluwafemi Charles.  On December 14, 1994 ECFMG issued Certificate 0-519-573-0 to Igberase under the fictitious name Igberase Oluwafemi Charles.

19.     In or about January 1995, Igberase applied for and obtained a second social security number (XXX-XX-9065) using a false date of birth.

20.     On November 27, 1995, the ECFMG Committee on Medical Education Credentials determined that Igberase fraudulently applied for and obtained two ECFMG certifications under two different names, thereafter revoking the certification issued to Oluwafemi Charles Igberase and invalidating the certification under the name Igberase Oluwafemi Charles.

21.     In or about August 1996, Igberase submitted yet a third application for certification to ECFMG, using a false Nigerian passport and a different name—John Charles Akoda.  On August 18, 1997 ECFMG issued Certificate 0-553-258-5 to Igberase under the fictitious name John Charles Akoda (the "Akoda identity"). In 1998, Igberase using the Akoda identity, provided ECFMG with social security number 9065.

22.     In or about 1998, Igberase applied for a residency program at Jersey Shore Medical Center ("JSMC") under the Akoda identity.  On or about July 1, 1998, he began a residency program at JSMC under the name Akoda.

23.     In or about September 1998, Igberase applied for and obtained a third social security number (XXX-XX-7353) using a false date of birth.

24.     In or about 1999, an individual applied for and obtained a social security number (XXX-XX-1623).

6

25.     On or about August 11, 2000, JSMC notified ECFMG that the individual they knew as Akoda had served as a resident in two other U.S. residency programs under the name Igberase and that this individual was using a social security number issued to Oluwafemi Charles Igberase. ECFMG was asked to investigate this matter.

26.     On or about August 29, 2000 in response to a request from ECFMG that he respond to the JSMC allegations, Igberase, utilizing the Akoda identity, corresponded to ECFMG, stating the JSMC allegations were false, representing that Igberase was his cousin and admitting to using Igberase's social security number.

27.     On or about September 27, 2000, Igberase, using the Akoda identity, went to ECFMG's office and met in person with William C. Kelly, Manager, Medical Education Credentials Department at ECFMG.  Igberase, using the fictitious Akoda identity, told Kelly that he and Igberase were cousins and provided an obviously fraudulent passport and Nigerian international driver's license.  Akoda again admitted to using Igberase's social security number.

28.     On or about December 21, 2000, JSMC advised ECFMG that the individual they knew as Akoda had been dismissed from its residency program for using a false social security number and false green card. ECFMG, however, took no action to restrict or retract the certification issued to Igberase under the fictitious Akoda identity.

29.     In or about 2006 Igberase applied for a residency at Howard University Hospital under the Akoda identity using the 1623 social security number assigned to another individual. He completed this program in 2011.  He thereafter applied for and received on September 14, 2011 a Maryland medical license using the name "Charles John Nosa Akoda," a fake SSN, a fake permanent residence card and a fake Nigerian passport.

7

Case ID: 181101690

30.     In or about October 2011 Igberase obtained privileges and became a member of the medical staff at Prince George's Hospital Center under the name "Charles John Nosa Akoda," using a fake permanent resident card, a fake Maryland driver's license, fake Nigerian passport and fake letters of recommendation. Igberase began seeing patients at Prince George's Hospital Center under this fraudulent identity on or about November 5, 2011.

31.     In March 2012, the Center for Medicare and Medicaid Services("CMS") denied Igberase's application to enroll for Medicare reimbursement under the Akoda identity, which had utilized the same documentation used to gain privileges at Prince George's Hospital Center due to CMS' determination that he did not provide an accurate social security number.

32.     From 2008 through 2016, Igberase acted as a doctor practicing obstetrics and gynecology under the Akoda identity.  During that time, Igberase represented to the public and to the Plaintiffs that he possessed the degree of skill, knowledge and ability ordinarily possessed by a reasonably prudent OB/GYN practicing under the same or similar circumstances as those involving the Plaintiffs.

33.     For some of this time, Igberase, using the Akoda identity, acted as a doctor practicing obstetrics and gynecology with a medical practice owned by A. G. Chaudry, M.D. Between February 20, 2012 and June 4, 2012, Igberase was employed by Dimensions Healthcare Associates, Inc., which was the corporate entity that operated an ob-gyn practice group known as Dimensions Obstetrics and Gynecology Associates.

**C.  Criminal Investigation of Igberase's Conduct**

34.     On June 9, 2016, law enforcement executed search warrants at Igberase's residence, medical office and vehicle where they found fraudulent or altered documents related to immigration, medical diplomas, medical transcripts, letters of recommendation and birth certificates.

Case ID: 181101690

35.     On or about November 15, 2016 Igberase signed a plea agreement admitting to misuse of a social security account number.

36.     On or about December 19, 2016, ECFMG revoked certificate number 0-482-700-2 issued to "Akoda", based upon his plea agreement with the U.S. -- the same conduct Igberase had admitted to in 2000.

37.     On or about March 2, 2017, Igberase was sentenced by the United States District Court for the District of Maryland to six (6) months incarceration, three (3) years supervised release, home detention for six (6) months and an assessment of one hundred dollars ($100.00).

38.     Shortly thereafter in early 2017, Prince George's Hospital Center terminated Igberase's medical privileges.

39.     On or about July 10, 2017, the Maryland Board of Physicians revoked Igberase's medical license on the basis of a fraud and felony conviction.

**D. Medical Treatment Rendered to the Plaintiffs.**

40.     The Plaintiff Monique Russell was a patient of Igberase on or about May 25, 2016. Igberase delivered Monique Russell's child through unplanned emergency cesarean section surgery.

41.     The Plaintiff Jasmine Riggins was a patient of Igberase between August 2012 and March 2013. Igberase delivered Jasmine Riggins' child through unplanned emergency cesarean section surgery.

42.     The Plaintiff Elsa Powell was a patient of Igberase on or about September 17, 2014, and on several occasions thereafter. Igberase delivered Elsa Powell's son on that date at Price Georges' Hospital Center.

43.     The Plaintiff Desire Evans was a patient of Igberase on or about March 17, 2016. Igberase delivered her child on that date at Prince Georges' Hospital Center.

9

Case ID: 181101690

44.     The Plaintiffs and other similarly situated chose Igberase, who they knew as Akoda, as their obstetrician/gynecologist, on the basis of their belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States, including certification from ECFMG.

45.     None of Igberase's patients, including those at Howard University Hospital, Prince Georges' Hospital Center, and the medical practice of Abdul G. Chaudry, M.D., knew Igberase's true identity, but rather knew him as Akoda.

46.     None of Igberase's patients, including those at Howard University Hospital, Prince Georges' Hospital Center, and the medical practice of Abdul G. Chaudry, M.D. gave consent to this physician impersonator to perform examinations, invasive procedures and surgeries on their persons.

47.     On many occasions, Igberase penetrated his patients with parts of his body through the vaginal canal and through the stomach in performing medical services. Additionally, Igberase performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language. Igberase's penetrations of his patients were clear boundary violations.

## CLASS ACTION ALLEGATIONS-PA RULE 1702

48.     Named Plaintiffs bring this action on behalf of a Class which consists of:

> All patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.).

49.     The Class as defined above, is identifiable. The Named Plaintiffs are members of the Class.

50.     The Class consists of more than one thousand (1,000) patients and is thus so numerous that joinder of all members is clearly impracticable.

10

Case ID: 181101690

51.     There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual Class Members.

52.     The common and predominating questions include, but are not limited to:

    a.   Whether Igberase committed boundary violations on class members.

    b.   Whether ECFMG's's' actions and/or alleged failures to act, including their alleged negligent failure to certify Igberase and properly investigate and deny or revoke Igberase certification directly and proximately resulted in foreseeable injuries or damages to Class Members

53.     The Claims or defenses of the Named/Representative Plaintiffs are typical of the claims or defenses of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of ECFMG.

54.     Named Plaintiffs will fairly and adequately assert and protect the interests of the Class under the criteria set forth in Rule 1709.  The interests of Named Plaintiffs and of all other members of the class are identical.

55.     Named Plaintiffs are cognizant of their duties and responsibilities to the Class.

56.     Named Plaintiffs are committed to vigorously litigating this matter.

57.     Further, Named Plaintiffs have secured counsel experienced in handling class actions and complex litigation.

58.     Neither Named Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

59.     This action is properly maintained as a class action under Pa. Rule 1700 et seq. in that separate actions by individual members of the Class could create a risk of inconsistent or

11

Case ID: 181101690

varying adjudications with respect to individual members of the Class that could establish incompatible standards of conduct for Class Members as well as ECFMG.

60.    This action is properly maintainable as a class action pursuant to Pa. Rule 1700 et seq. in that separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not party to the adjudications, or would substantially impair or impede their ability to protect themselves.

61.    This action is also properly maintainable as a Class in that questions of law or fact common to members of the Class predominate over any questions affecting only individual members under Pa. Rule1700 et seq.

62.    A class action provides a fair and efficient method for adjudication of this controversy between the class and ECFMG under the criteria set forth in Rule 1708.

63.    The commonality of issues of law and fact in this case are clear.  Many of the members of the Class are unaware of their rights to prosecute a claim against ECFMG.  This class action can be managed without undue difficulty because Named Plaintiffs will vigorously pursue the interests of the Class by virtue of the fact that Named Plaintiffs have suffered the same injuries as other Class Members.

64.    The difficulties likely to be encountered in the management of a class action in this litigation are insignificant, especially when weighed against the virtual impossibility of affording adequate relief to the members of the Class through thousands of separate actions.

65.    The likelihood that individual members of the Class will prosecute separate actions is remote also because most class members do not know that a claim against ECFMG exists.

Case ID: 181101690

66.     Counsel for Named Plaintiffs and the Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

## COUNT I

### (Negligence)

67.     Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

68.     ECFMG holds itself out as protecting the public through its programs and services, including primary-source verification of physician credentials. ECFMG undertook to render certification services and primary source verification services, among others, for Igberase on multiple occasions, under multiple identifies, and to represent to Howard University Hospital, Prince George's Hospital Center, the Maryland Board of Physicians, among others, that Igberase was a bona fide medical doctor.  See Exhibit A, ECFMG Notice #101, dated March 1, 2017.

69.     ECFMG owed a duty to Plaintiffs and other members of the Class to carefully review Igberase's multiple applications for certification, appropriately perform primary source verification and to carefully investigate Igberase when it was informed that Igberase was using a false social security number, potentially a false name, and other false documentation.

70.     ECFMG, in breach of its duty, failed to detect that Igberase's medical school diploma was in the name of Johnbull Enosakhare Akoda, not John Charles Akoda or John Charles Nosa Akoda or John Nosa Akoda, all names used in documents submitted by Akoda.

71.     ECFMG was negligent in failing to learn that Akoda was Igberase.  Among other things, ECFMG knew that in August 2000 allegations had been made to the JSMC that Akoda and Igberase were the same person.  The JSMC notified ECFMG of this and told ECFMG that Akoda was using Igberase's social security number.

13

72.     Igberase appeared at the offices of ECFMG on September 27, 2000 and told ECFMG that Igberase was his cousin and admitted he had used Igberase's social security number "pending INS clearance of his own social security number." Additionally, the passport Igberase provided to ECFMG at that meeting contained one too few numbers and could not have been valid.

73.     There was no effort by ECFMG to authenticate the passport. In breach of its duty, ECFMG failed to take any action against Igberase for this misuse of a social security number.

74.     Further in breach of its duty, ECFMG failed to compare the photograph of Igberase in its files with the person claiming to be Akoda who was sitting in ECFMG's office in Philadelphia. Had ECFMG done so, ECFMG would have known that Akoda and Igberase are the same person.

75.     ECFMG, in breach of its duty, failed to advise the Howard University Hospital residency program, the Maryland Board of Physicians or Prince George's Hospital Center of the information in its files that Igberase may have had a previous certification that was revoked, that ECFMG had investigated whether Akoda is Igberase or that Igberase was barred under another certification.

76.     ECFMG, in breach of its duty, and in breach of its own policies and procedures regarding irregular behavior, failed to take reasonable steps to verify the truth of the references submitted by Igberase when he applied for the residency program at Howard University Hospital under the Akoda identity. In 2006 Igberase submitted three (3) letters of recommendations through ERAS under the Akoda identity. ECFMG sent letters to each of the references, with copies of their respective alleged letters of recommendations, seeking to learn if they were

14

authentic.  ECFMG did not receive responses from the supposed references.  Nevertheless, ECFMG provided primary source verification to Howard University Hospital about "Akoda" — a fictitious identity.

77.     The numerous breaches of duty by ECFMG led to the fraudulent certification of Igberase, under various names, but for which he would not have been admitted to the Howard University Hospital residency program, he would not have received a Maryland medical license, he would not have obtained privileges at Prince George's Hospital Center, he would not have been able to practice medicine, and he would not have been able to cause the harms to Plaintiffs.

78.     ECFMG's numerous breaches of duty increased the risk of harm to Plaintiffs and other members of the Class by Igberase's conduct.

79.     ECFMG committed breaches of the duties owed to Named Plaintiffs and members of the Class including but not limited to the following:

    a.  negligently certifying Igberase under multiple fictitious identities;

    b.  negligently failing to properly investigate allegations that John Charles Akoda, Oluwafemi Charles Igberase and Igberase Oluwafemi Charles were the same person;

    c.  negligently failing to investigate the references provided by Igberase under the Akoda identity;

    d.  negligently failing to advise Howard University Hospital and Prince George's Hospital Center that Igberase had engaged in irregular behavior;

    e.  negligently failing to follow its own policies and procedures regarding irregular behavior;

15

Case ID: 181101690

       f.  (negligently failing to invalidate or revoke Igberase's certification under the

          Akoda identity; and

       g.  otherwise acting negligently.

80.    ECFMG's continuing breaches of duty constituted negligence, gross negligence, carelessness and recklessness, and represented outrageous and egregious conduct in reckless disregard of the Plaintiffs' safety.

81.    ECFMG's ongoing breaches of duty proximately caused the Named Plaintiffs and all class members physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and other physical and emotional injuries, damages (both economic and non-economic) and permanent disability, in the past, present and future.

82.    ECFMG's negligence was the sole and proximate cause of the injuries, damages and permanent disability of Named Plaintiffs and class members with Named Plaintiffs and Class Members being in no way contributorily negligent.

83.    As a direct, proximate, immediate and foreseeable result of ECFMG's conduct, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

       a.  Great indignity, humiliation, shame, mortification and other injuries to their

          physical, mental, emotional and nervous systems;

       b.  Unwanted, harmful and offensive physical contact and touching by Igberase;

       c.  Severe mental anguish and psychological distress;

       d.  The cost past, present and future cost of medical care, including but not

          limited to therapy and psychological counseling; and

       e.  Lost earnings and diminished earnings capacity.

16

## COUNT II

### (Negligent Infliction of Emotional Distress)

84.     Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

85.     ECFMG owed a duty to Plaintiffs and other members of the Class to carefully review Igberase's multiple applications for certification, perform primary source verification and carefully investigate Igberase prior to certifying Igberase as a foreign medical graduate.

86.     ECFMG also owed a duty to the Plaintiffs and other members of the class to investigate reports and/or irregularities concerning Igberase's identity and take appropriate steps to restrict or revoke Igberase's ECFMG Certification after an appropriate investigation.

87.     ECMFG breached its duties to the Plaintiffs and other members of the Class by certifying Igeberase and allowing him to continue practicing under the Akoda identity for years after becoming aware of reports and other information indicating that Igberase was using a fraudulent identity.

88.     ECFMG knew, or should have known, that its negligent failure to appropriately perform primary source verification and carefully investigate Igberase would result in patients such as the Plaintiffs and other similarly situated coming under the care of persons, such as Igberase, who lack the appropriate credentials and qualifications to practice medicine, resulting in unwanted, harmful and offensive touching by Igberase and severe emotional distress to the Plaintiffs and other members of the Class.

89.     As a direct, proximate, immediate and foreseeable result of ECFMG's conduct and negligence, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

17

Case ID: 181101690

a.  Great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

b.  Unwanted, harmful and offensive physical contact and touching by Igberase;

c.  Severe mental anguish and psychological distress;

d.  cost past, present and future cost of medical care, including but not limited to therapy and psychological counseling; and

e.  Lost earnings and diminished earnings capacity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

A.  assume jurisdiction of this case;

B.  enter an order certifying the Class under PA. RULE 1700 et seq.;

C.  appoint Named Plaintiffs as Class Representatives;

D.  appoint Named Plaintiffs' Counsel as Class Counsel;

E.  enter a judgment against ECFMG finding it liable to Named Plaintiffs and each Class Member;

F.  award compensatory damages to each class member in an amount which exceeds seventy-five thousand dollars;

G.  award the costs and expenses of this case, including attorneys' fees;

H.  award pre-judgment and post-judgment interest;

I.  award punitive damages; and

J.  award such other relief as the court deems appropriate.

18

Case ID: 181101690

Respectfully submitted,

CONRAD O'BRIEN


*/s/ Nicholas M. Centrella*
Nicholas M. Centrella, Esquire (I.D. No. 67666)
Howard M. Klein, Esquire (I.D. No. 33632)
Benjamin O. Present, Esquire (I.D. No. 322682)
Conrad O'Brien PC
1500 Market Street
Centre Square, West Tower, Suite 3900
Philadelphia, PA 19102-2100
(Tel) 215.864.9600/ (Fax) 215.864.9620
ncentrella@conradobrien.com


SCHOCHOR, FEDERICO AND STATON, P.A.


*/s/ Jonathan Schochor*
Jonathan Schochor  (*Pro Hac Vice Forthcoming*)
jschochor@sfspa.com
Lauren Schochor (Identification No. 87618)
lschochor@sfspa.com
Brent Ceryes (*Pro Hac Vice Forthcoming*)
bceryes@sfspa.com
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
Phone: (410) 234-1000
Fax: (410) 234-1010

19

LAW OFFICES OF PETER G. ANGELOS, P.C.

*/s/ Jay D. Miller*

Jay D. Miller, Esq. (*Pro Hac Vice Forthcoming*)
jmiller@lawpga.com
Danielle S. Dinsmore (*Pro Hac Vice Forthcoming*)
ddinsmore@lawpga.com
Paul M. Vettori (*Pro Hac Vice Forthcoming*)
pvettori@lawpga.com
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, Maryland 21201
Telephone: (410) 649-2000
Facsimile: (410) 649-2150

**Dated:** November 14, 2018

20

Case ID: 181101690

# Exhibit A

Case ID: 181101690

 **ECFMG®**  EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org

Date: March 1, 2017

To:  American Medical Association
     Australian Health Practitioner Regulation Agency
     Australian Medical Council
     Australian State and Territory Medical Boards
     Bahamas Medical Council
     Canadian Provincial Medical Licensing Boards
     Danish Patient Safety Authority
     Dubai Health Authority
     Dutch Individual Healthcare Professions Register
     Electronic Residency Application Service, AAMC
     Federation of Medical Regulatory Authorities of Canada
     Federation of State Medical Boards of the United States
     General Medical Council of the United Kingdom

Health Professions Council of South Africa
Medical and Dental Council of Nigeria
Medical and Dental Practitioners Council of Zimbabwe
Medical Council of Canada
Medical Council of Ireland
Medical Council of New Zealand
National Board of Medical Examiners
National Resident Matching Program
Norwegian Directorate of Health
Other Medical Regulatory Authorities
Seychelles Medical and Dental Council
Uganda Medical and Dental Practitioners Council
U.S. Graduate Medical Education Staff
U.S. State Medical Licensing Authorities

From:  Lisa L. Cover, MHA
       Senior Vice President for Business Development & Operations

Subject: Notice #101 – Irregular Behavior Cases and Associated Actions & Sanctions

The Educational Commission for Foreign Medical Graduates (ECFMG®) of the United States works on behalf of domestic and international medical regulatory authorities to protect the public through its programs and services, including primary-source verification of physician credentials. ECFMG considers all actions or attempted actions taken to subvert its processes, programs or services to be *irregular behavior*. The Medical Education Credentials Committee of the ECFMG Board of Trustees reviews allegations of irregular behavior and makes determinations about them in accordance with its policies and procedures. The following are actions and sanctions issued by the Medical Education Credentials Committee.

We hope that you find this information helpful as you work to protect the public. If you have any questions, please do not hesitate to contact me at lcover@ecfmg.org or 001-215-823-2107.

| Date of Action | Name & Identification # | Determination |
|---|---|---|
| *INDIVIDUALS FOUND TO HAVE ENGAGED IN IRREGULAR BEHAVIOR* | | |
| *Concerns Other Applicants* | | |
| | | |

ECFMG® is an organization committed to promoting excellence in international medical education.

ECFMG-000023

Case ID: 181101690

ECFMG Actions
Notification #101
Page 2 of 3



Concerns Other Applicants

INDIVIDUAL WITH A CHANGE IN SANCTION
Concerns Other Applicants

ECFMG-000024

Case ID: 181101690

ECFMG Actions,
Notification #101
Page 3 of 3

| UPDATE ON INDIVIDUAL SANCTIONED BY ECFMG | | |
|---|---|---|
| November 30, 2016 | AKODA, JOHN NOSA<br><br>ECFMG/USMLE 0-553-258-5<br><br>*Also Known As:* IGBERASE, OLUWAFEMI CHARLES*<br><br>ECFMG/USMLE 0-482-700-2<br><br>*Also Known As:* OLUWAFEMI, CHARLES IGBERASE*<br><br>ECFMG/USMLE 0-519-573-0<br><br>*Standard ECFMG Certificate had previously been permanently revoked by ECFMG.* | *Description*<br>• As part of an October 2016 plea agreement with the United States, applicant admitted to previously providing a falsified passport to ECFMG which he used to obtain ECFMG Certification under the alias John Nosa Akoda.<br><br>*Actions Taken & Sanctions*<br>• Permanent revocation of Standard ECFMG Certificate.<br>• Permanent annotation included on reports sent by ECFMG. |

Case ID: 181101690

## VERIFICATION

I verify that the statements made in this Complaint are true and correct to the best of my knowledge and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated _November 13, 2018_   _[signature]_

## VERIFICATION.

I verify that the statements made in this Complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

Dated _11/9/2018_   X _____

Case ID: 181101690

# EXHIBIT B

Entity# : 601879
Date Filed : 07/27/2018
Pennsylvania Department of State

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

☐ Return document by mail to:
**CT - COUNTER**

Name
*11089117.50 3*

Address
nicole.grimms@wolterskluwer.com

City          State          Zip Code

☒ Return document by email to: _____

Statement of Domestication
DSCB:15-375
(7/1/2015)

TCO180727MC0622

Read all instructions prior

Fee: $70

In compliance with the requirements of the applicable provisions of 15 Pa.C.S. § 375 (relating to Statement of domestication), the undersigned entity, desiring to effect domestication, hereby states that:

**A.  For the domesticating entity:**

1. The type of association is (check only one):
   ☐ Business Corporation          ☐ Limited Partnership          ☐ Business Trust
   ☒ Nonprofit Corporation         ☐ Limited Liability (General) Partnership   ☐ Professional Association
   ☐ Limited Liability Company     ☐ Limited Liability Limited Partnership   ☐ Other _____

2. The name of the domesticating entity is: Educational Commission for Foreign Medical Graduates

3. The jurisdiction of formation of the domesticating entity: Illinois

4. Date on which the domesticating entity was created, incorporated or formed 08/03/1966
   (MM/DD/YYYY)

5. Check and complete one of the following addresses.

| | |
|---|---|
| ☒ | If the domesticating entity is a domestic filing entity, domestic limited liability partnership or registered foreign association, the current registered office address as on file with the Department of State. *Complete part (a) OR (b) – not both:* <br><br> (a) 3624 Market Street,　　　Philadelphia,　　PA　　19104　　Philadelphia <br> 　　　Number and street　　　　　City　　　　State　　Zip　　County <br><br> (b) c/o: _____ <br> 　　　Name of Commercial Registered Office Provider　　　　　　　　　County |
| ☐ | If the domesticating entity is a domestic entity that is *not* a domestic filing entity or limited liability partnership, the address, including street and number, if any, of its principal office: <br><br> Number and street　　　City　　　State　　Zip　　County |
| ☐ | If the domesticating entity is a nonregistered foreign association, the address, including street and number, if any, of its registered or similar office, if any, required to be maintained by the law of its jurisdiction of formation; or if it is not required to maintain a registered or similar office, its principal office: <br><br> Number and street　　　City　　　State　　Zip |

JUL 27 AM 9:52

DSCB:15-375-2

**B. For the domesticated entity:**

1. The name of the domesticated entity is: Educational Commission for Foreign Medical Graduates

2. The jurisdiction of formation of the domesticated entity: Pennsylvania

3. Check and complete one of the following addresses.

| ☑ | If the domesticated entity is a domestic filing entity, domestic limited liability partnership or registered foreign association, its registered office address. *Complete part (a) OR (b) – not both:* |
|---|---|
| | (a)  3624 Market Street,          Philadelphia,          PA       19104     Philadelphia |
| | Number and street          City          State     Zip       County |
| | (b) c/o: _____ |
| | Name of Commercial Registered Office Provider          County |

| ☐ | If the domesticated entity is a domestic entity that is *not* a domestic filing entity or limited liability partnership, the address, including street and number, if any, of its principal office: |
|---|---|
| | Number and street          City          State     Zip       County |

| ☐ | If the domesticated entity is a nonregistered foreign association, the address, including street and number, if any, of its registered or similar office, if any, required to be maintained by the law of its jurisdiction of formation; or if it is not required to maintain a registered or similar office, its principal office: |
|---|---|
| | Number and street          City          State     Zip |

**C. Effective date of Statement of Domestication** (check, and if appropriate complete, one of the following):
☑ This Statement of Domestication shall be effective upon filing in the Department of State.
☐ This Statement of Domestication shall be effective on: _____ at _____.
　　　　　　　　　　　　　　　　　　　　　　　　　　Date (MM/DD/YYYY)　　　Hour (if any)

**D. Approval of domestication by domesticating association** (check only one):
☐ For a domesticating entity that is a domestic entity – The domestication was approved in accordance with 15 Pa.C.S. Chapter 3, Subchapter B (relating to approval of entity transactions).
☑ For a domesticating entity that is foreign entity – The domestication was approved in accordance with 15 Pa.C.S. Chapter 3, Subchapter B, §373(b) (relating to approval of domestication).

**E. Check if applicable:**
☐ The domesticating entity is to be a domestic entity in both this Commonwealth and the foreign jurisdiction.

**F. Attachments** (see Instructions for required and optional attachments).

IN TESTIMONY WHEREOF, the undersigned association has caused this Statement of Domestication to be signed by a duly authorized officer thereof this ___23___ day of _____July_____, 20_18___.

Educational Commission for Foreign Medical Graduates
Name of Domesticating Entity

_____
Signature

Francine H. Katz, Senior VP and General Counsel
Title

# EXHIBIT C

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

| | |
|---|---|
| ☐ Return document by mail to: **CT - COUNTER**<br><br>Name _11089 117 505_<br><br>Address _nicole.grisme@wolterskluwer.com_<br><br>City _____ State _____ Zip Code _____<br><br>☐ Return document by email to: _____ | Articles of Incorporation - Nonprofit<br>DSCB:15-5306/7102<br>(rev. 2/2017)<br><br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>5306 |

Read all instructions prior to completing. This form may be submitted online at https://www.corporations.pa.gov/.

Fee: $125     ☐ I qualify for a veteran/reservist-owned small business fee exemption (see instructions)

Check one:  ☒ Domestic Nonprofit Corporation (§ 5306)     ☐ Nonprofit Cooperative Corporation (§ 7102)

In compliance with the requirements of the applicable provisions (relating to articles of incorporation or cooperative corporations generally), the undersigned, desiring to incorporate a nonprofit/nonprofit cooperative corporation, hereby state(s) that:

1. The name of the corporation is:
Educational Commission for Foreign Medical Graduates

2. *Complete part (a) or (b) – not both:*

(a) The address of this corporation's current registered office in this Commonwealth is:
*(post office box alone is not acceptable)*

| 3624 Market Street, | Philadelphia, | PA | 19104 | Philadelphia |
|---|---|---|---|---|
| Number and Street | City | State | Zip | County |

(b) The name of this corporation's commercial registered office provider and the county of venue is:

| c/o: | |
|---|---|
| Name of Commercial Registered Office Provider | County |

3. The corporation is incorporated under the Nonprofit Corporation Law of 1988 for the following purpose or purposes.
See Exhibit A attached hereto

4. The corporation does not contemplate pecuniary gain or profit, incidental or otherwise.

5. *Check and complete one:* ☒ The corporation is organized on a nonstock basis.
☐ The corporation is organized on a stock share basis and the aggregate number of shares authorized is _____

PA037 – 2/20/2017 Wolters Kluwer Online

DSCB:15-5306/7102-2

---

6. *For unincorporated association incorporating as a nonprofit corporation only. Check if applicable:*
☐ The incorporators constitute a majority of the members of the committee authorized to incorporate such association by the requisite vote required by the organic law of the association for the amendment of such organic law.

---

7. *For Nonprofit Corporation Only:*

Check one: ☒ The corporation shall have no members.
☐ The corporation shall have members.

---

8. *For Nonprofit Cooperative Corporation Only:*

*Check and complete one:*
☐ The corporation is a cooperative corporation and the common bond of membership among its members is: _____.
☐ The corporation is a cooperative corporation and the common bond of membership among its shareholders is: _____.

---

9. The name(s) and address(es) of each incorporator(s) is (are) *(all incorporators must sign below):*

| Name(s) | Address(es) |
|---|---|
| Howard L. Meyers | Morgan, Lewis & Bockius LLP |
| | 1701 Market Street |
| | Philadelphia, PA 19103 |

---

10. The specified effective date, if any, is:

| month | day | year | hour, if any |
|---|---|---|---|

---

11. Additional provisions of the articles, if any, attach an 8½ x 11 sheet.

---

IN TESTIMONY WHEREOF, the incorporator(s) has/have signed these Articles of Incorporation this
*19th* day of _____ July _____ *2018* .

_Howard L Meyers_
Signature Howard L. Meyers

_____
Signature

_____
Signature

EXHIBIT "A"

**EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES**

"(a.)   The corporation is organized and shall be operated exclusively for exempt purposes within the meaning of Section 501(c)(3) of the Internal Revenue Code, as it may be amended.  In furtherance thereof, the purpose or purposes for which the corporation is organized are:

(i.)   To promote quality health care for the public by determining the readiness of international medical graduates to enter into graduate medical education in the United States through an evaluation of their educational qualifications and medical training, including verification of medical education credentials, administration of examinations and assessment of their ability to serve patients in the United States health care system;

(ii.)   To provide information and support services to international medical graduates interested in graduate medical education in the United States;

(iii.)   To verify the medical education credentials of physicians and other health care professionals worldwide and to provide research, consultation and other services to the medical and health professions educational and regulatory communities nationally and internationally;

(iv.)   To conduct research, gather data and disseminate information concerning international medical education programs, medical students and graduates of medical schools and to facilitate educational exchange programs in medicine and other health professions to improve health care worldwide;

(v.)   To improve international medical and health professions education through consultation and cooperation with medical schools, licensing authorities and other institutions relative to program development, standard setting and assessment; and

(vi.)   To engage in, and do any lawful act concerning, any activities that are incidental to and in pursuit of the foregoing purposes.

(b.)   No part of the net earnings of the corporation will inure to the benefit of or be distributable to its directors, officers or other private persons, except that the corporation shall be authorized and empowered to pay reasonable compensation for service rendered and to make payments and distributions in furtherance of the purposes set forth above.  No substantial part of the activities of the corporation shall be the carrying on of propaganda, or otherwise attempting to influence legislation, and the corporation shall not participate in or intervene in (including the publishing or distribution of statements) any political campaign of any candidate for public office.  Notwithstanding any other provision of these articles, the corporation shall not carry on any other activities not permitted to be carried on (a) by a corporation exempt from Federal income tax under Section 501(c)(3) of Internal Revenue Code of 1986 (or any corresponding provision of any future United States Internal Revenue Law) or (b) by a corporation contributions to which are deductible under Section 107(c)(2) of the Internal Revenue Code of 1986 (or the corresponding provision of any future United States Internal Revenue Law)."

DB1/ 85578730.2