## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS ELSA M. POWELL, and DESIRE EVANS<br><br>*Plaintiffs,*<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>*Defendant.* | Case No. 2:18-cv-05629-WB<br><br>Hon. Wendy Beetlestone |

## ANSWER TO CLASS ACTION CIVIL COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by and through its undersigned counsel, hereby answers the Class Action Civil Complaint (the "Complaint") filed by Plaintiffs Monique Russell, Jasmine Riggins, Desire Evans and Elsa Powell in accordance with the numbered paragraphs thereof as follows:

## PARTIES AND JURISDICTION[1]

1.      Plaintiff Monique Russell currently resides in Prince George's County, Maryland.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

2.      Plaintiff Jasmine Riggins currently resides in Washington, DC.

---

[1] The section headings included herein are included only for the purposes of organization and ease of reference, and ECFMG does not admit, but rather specifically denies, any factual or legal allegations in the headings used in the Complaint.

**ANSWER**:   ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

3.      Plaintiff Elsa Powell currently resides in Prince George's County, Maryland

**ANSWER**:   ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

4.      Plaintiff Desire Evans currently resides in Charles County, Maryland.

**ANSWER**:   ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

5.      Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") is a non-profit corporation organized under the laws of Illinois with its principal office in Philadelphia, Pennsylvania. Among other things, ECFMG certifies whether international medical graduates have met the minimum standards of eligibility for accredited residency and fellowship programs in the United States by verifying the validity of an IMG's medical school diploma and final medical school transcripts and insuring that the IMG's have taken and passed certain standardized examinations. ECFMG carries out its functions in all or virtually all 50 states and the District of Columbia.

**ANSWER**:   ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that, among other things, it certifies that foreign medical graduates have met certain minimum criteria for entry into graduate medical education in the United States.  The minimum criteria have changed over time and have included the primary source verification of

medical school diplomas and transcripts as well as the passage of certain standardized examinations. ECFMG admits that it is a non-profit corporation organized under the laws of Pennsylvania and headquartered in Philadelphia, Pennsylvania. ECFMG denies that it is organized under the laws of Illinois. ECFMG denies Plaintiffs' characterization that ECFMG "functions in all or virtually all 50 states and the District of Columbia."

6.      The matter in controversy exceeds the sum of fifty thousand dollars ($50,000.00) exclusive of interest and costs and thus is not subject to compulsory arbitration under Philadelphia Local Rule 1301.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required, they are, therefore, denied. To the extent that a response is required, ECFMG admits that Plaintiffs have alleged claims in excess of $50,000, but ECFMG denies the characterization that this matter would be subject to Philadelphia Local Rule 1301, because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.

7.      This Court has jurisdiction over this case under Pa. C.S.A. § 942.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG denies the characterization that this matter would be subject to Pa. C.S.A. § 942, because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.

8.     This Court has personal jurisdiction over ECFMG as ECFMG has its principal place of business in Philadelphia and systematically and continually transacts business in Pennsylvania.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits that it is headquartered and regularly conducts business in Philadelphia, Pennsylvania.

9.     The Court of Common Pleas of Philadelphia County is the appropriate venue under Pa. Rule 2179 (a) because ECFMG's principal place of business is located in Philadelphia and ECFMG regularly conducts business in Philadelphia.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits that it is headquartered and regularly conducts business in Philadelphia, Pennsylvania.  ECFMG denies the characterization that this matter would be subject to Pa. Rule 2179(a), because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.

## FACTUAL ALLEGATIONS

### A.  The Role of the Defendant ECFMG in Certifying Foreign Medical Graduates

10.     A person who receives their medical education outside of the United States and Canada is referred to as an international medical graduate ("IMG"). In order for an IMG to practice medicine in the United States, the IMG must apply to the ECFMG, which verifies that the IMG has obtained a diploma from a medical school recognized by the country in which the school is

situated; that the school is listed in the International Medical Education Directory; that the curriculum requirement is a minimum of 4 academic years; that the IMG has passed steps 1 and 2 of the United States Medical Licensing Examination (USMLE), has passed the Clinical Skills Assessment Examination and has passed the Test of English as a Foreign Language. Additionally, the ECFMG verifies the validity of primary source documentation such as diploma, transcript and other credentials. When all of this is satisfactorily completed, the ECFMG issues a certification to the IMG.

**ANSWER**:    ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that an international medical graduate ("IMG") is a physician who received his/her basic medical degree or qualification from a medical school located outside the United States and Canada.  ECFMG admits that it issues certificates to IMGs who meet certain minimum criteria and that IMGs must apply to ECFMG to obtain ECFMG certification.  The minimum criteria have changed over time and have included the primary source verification of medical school diplomas and transcripts as well as the passage of certain standardized examinations.  ECFMG admits that other entities (over which it exerts no control) may choose to require ECFMG certification for their chosen purposes.  ECFMG denies allegations regarding the International Medical Education Directory as stated because it no longer exists as a stand-alone directory; for graduates of an international medical school to be eligible for ECFMG certification, there must be a Sponsor Note so-indicating from ECFMG for that medical school for that IMG's graduation year in the World Directory of Medical Schools.  ECFMG denies that IMGs "must apply to the ECFMG" to practice medicine in the United States.  ECFMG denies the remaining allegations of this paragraph.

11.     To enter programs of graduate medical education in the United States accredited by the Accreditation Council for Graduate Medical Education ("ACGME"), IMG's must hold a standard ECFMG certificate without expired examination dates, if applicable. When an IMG applies to a residency program using the Electronic Residency Application Service ("ERAS"), the ECFMG automatically transmits an ECFMG status report to the residency program to which the IMG applies.

**ANSWER**:     Denied as stated.  On information and belief, ECFMG admits that ACGME chooses to require ECFMG certification for IMGs applying to graduate medical education programs that are ACGME-accredited.  ECFMG admits that when an eligible IMG applies to a residency program using the ERAS, ECFMG automatically transmits an ECFMG status report to the residency program to which the eligible IMG applies.  ECFMG denies that ECFMG certificates expire.  ECFMG denies the remaining allegations of this paragraph.

12.     The ERAS was developed by the Association of American Medical Colleges ("AAMC") to transmit residency applications and supporting documents, such as transcripts, letters of recommendation and medical student performance evaluations to residency program directors over the Internet. The ECFMG acts as "the dean's office" for all IMG's and supports the ERAS application process for those applicants. The ECFMG provides each IMG applicant with a unique identification number, known as a token, which allows the IMG applicant to access the AAMC's ERAS web site to complete the ERAS application. The IMG applicant also sends supporting documents to the ECFMG for scanning and transmission. ECFMG transmits an ECFMG status report to the graduate program to which the IMG applies. The ECFMG also

transmits the IMG applicants' USMLE transcript, as requested by the applicant. All documents are transmitted to the ERAS post office, where they are accessible to the residency programs.

**ANSWER**:     ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits the allegations of the first three sentences of this paragraph.  ECFMG admits that when an eligible IMG applies to a residency program using the ERAS, ECFMG automatically transmits an ECFMG status report to the residency program to which the eligible IMG applies and may transmit the IMG applicant's USMLE transcript as requested by the IMG applicant.  ECFMG denies that it scans documents for IMGs because that practice has been discontinued.  ECFMG denies that documents are transmitted to the "ERAS post office" because that term is no longer used.  ECFMG denies the remaining allegations of this paragraph.


13.     Generally speaking, application materials consist of a curriculum vitae, a copy of the universal residency application form, a cover letter addressed to each residency program director, evidence of graduation from medical school, ECFMG certification and letters of recommendation from U.S. physicians, along with a one-page personal statement detailing the unique qualifications of the applicant.

**ANSWER**:     ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits only that in connection with an IMG's application to a residency program, ECFMG may upload to ERAS materials that include an IMG's Medical Student Performance Evaluation ("MSPE"), medical school transcript, letters of recommendation, and ECFMG status report.  ECFMG admits that an IMG's common application form may include a personal statement and a curriculum vitae.  ECFMG denies the remaining allegations of this paragraph.

14.     Foreign national IMG's must obtain an appropriate Visa (or immigration status or work authorization) in order to participate in U.S. residency training. There are various visa options available for persons who seek entry into U.S. graduate medical programs.

**ANSWER**:    Admitted.

## B.  ECFMG Certified Oluwafemi Charles Igberase under Multiple Fictitious Identities.

15.     In or about October 1991, Oluwafemi Charles Igberase ("Igberase") came to the U.S. from Nigeria pursuant to a Nonimmigrant Visa. Igberase purportedly graduated from medical school in Nigeria; however, it is alleged that Igberase never attended or graduated from a medical school.

**ANSWER**:    ECFMG denies the allegation that Igberase never attended or graduated from a medical school.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

16.     In or about November 1991, Igberase applied for and obtained a social security number (XXX-XX-5054) using an April 17, 1962 date of birth and the name Oluwafemi Charles Igberase.

**ANSWER**:    ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits only that a social security number ending with 5054 and associated with a birth date of April 17, 1962 was included in a prior application to ECFMG under the name Oluwafemi Charles Igberase.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

17.     In or about April 1992, Igberase submitted an application for certification by ECFMG using the 5054 social security number, an April 17, 1962 date of birth, and the name Oluwafemi Charles Igberase. On or about October 4, 1993 ECFMG issued Certificate 0-482-700-2 to Oluwafemi Charles Igberase.

**ANSWER**:     The allegations in this paragraph refer to an application to ECFMG for examination and an ECFMG certificate that were not attached to the Complaint and are written documents that speak for themselves, and Plaintiffs' characterization of them is, therefore, denied. To the extent that a response is required, ECFMG admits that a social security number ending with 5054 and associated with a birth date of April 17, 1962 was included in a prior application to ECFMG for examination under the name Oluwafemi Charles Igberase submitted in April 1992. ECFMG admits that it issued Certificate 0-482-700-2 to that applicant on October 4, 1993.


18.     In or about March 1994, Igberase submitted a second application for certification by ECFMG using a false date of birth and a different name -- Igberase Oluwafemi Charles. On December 14, 1994 ECFMG issued Certificate 0-519-573-0 to Igberase under the fictitious name Igberase Oluwafemi Charles.

**ANSWER**:     The allegations in this paragraph refer to an application to ECFMG for examination and an ECFMG certificate that were not attached to the Complaint and are written documents that speak for themselves, and Plaintiffs' characterization of them is, therefore, denied. To the extent that a response is required, ECFMG admits in part and denies in part the allegations of this paragraph.  ECFMG admits that an applicant, using the name Igberase Oluwafemi Charles and the date of birth April 17, 1961 submitted an application to ECFMG for examination in March 1994.  ECFMG admits that it issued Certificate 0-519-573-0 to that applicant on December 14,

1994.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and they are, therefore, denied.


19.     In or about January 1995, Igberase applied for and obtained a second social security number (XXX-XX-9065) using a false date of birth.

**ANSWER**:     ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.


20.     On November 27, 1995, the ECFMG Committee on Medical Education Credentials determined that Igberase fraudulently applied for and obtained two ECFMG certifications under two different names, thereafter revoking the certification issued to Oluwafemi Charles Igberase and invalidating the certification under the name Igberase Oluwafemi Charles.

**ANSWER**:     The allegations in this paragraph refer to a November 27, 1995 decision by ECFMG's Medical Education Credentials Committee that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  To the extent that a response is required, ECFMG admits that Dr. Igberase Oluwafemi Charles applied to ECFMG for examination and obtained two ECFMG certifications under an altered name and changed date of birth.  ECFMG further admits that it invalidated Certificate 0-519-573-0 and revoked Certificate 0-482-700-2.  ECFMG denies the remaining allegations of this paragraph.


21.     In or about August 1996, Igberase submitted yet a third application for certification to ECFMG, using a false Nigerian passport and a different name—John Charles Akoda. On August

18, 1997 ECFMG issued Certificate 0-553-258-5 to Igberase under the fictitious name John Charles Akoda (the "Akoda identity"). In 1998, Igberase using the Akoda identity, provided ECFMG with social security number 9065.

**ANSWER**:   ECFMG admits in part and denies in part the allegations of this paragraph. ECFMG admits that an applicant, using the name John Nosa Akoda, a social security number ending with 9065, and the date of birth January 1, 1959, submitted an application to ECFMG for examination in January 1996.  ECFMG denies that the application was submitted in or about August 1996.  ECFMG admits that it issued Certificate 0-553-258-5 to John Nosa Akoda on August 18, 1997.  ECFMG denies that it issued Certificate 0-553-258-5 to John Charles Akoda. ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.


22.     In or about 1998, Igberase applied for a residency program at Jersey Shore Medical Center ("JSMC") under the Akoda identity. On or about July 1, 1998, he began a residency program at JSMC under the name Akoda.

**ANSWER**:   ECFMG admits in part and denies in part the allegations of this paragraph. On information and belief, ECFMG admits only that the ECFMG applicant who received Certificate 0-553-258-5 participated in a residency program at JSMC.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.


23.     In or about September 1998, Igberase applied for and obtained a third social security number (XXX-XX-7353) using a false date of birth.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

24.     In or about 1999, an individual applied for and obtained a social security number (XXX-XX-1623).

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

25.     On or about August 11, 2000, JSMC notified ECFMG that the individual they knew as Akoda had served as a resident in two other U.S. residency programs under the name Igberase and that this individual was using a social security number issued to Oluwafemi Charles Igberase. ECFMG was asked to investigate this matter.

**ANSWER**:    The allegations of this paragraph refer to an August 11, 2000 correspondence that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.

26.     On or about August 29, 2000 in response to a request from ECFMG that he respond to the JSMC allegations, Igberase, utilizing the Akoda identity, corresponded to ECFMG, stating the JSMC allegations were false, representing that Igberase was his cousin and admitting to using Igberase's social security number.

**ANSWER**:  The allegations of this paragraph refer to an August 29, 2000 correspondence that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.

27.     On or about September 27, 2000, Igberase, using the Akoda identity, went to ECFMG's office and met in person with William C. Kelly, Manager, Medical Education Credentials Department at ECFMG. Igberase, using the fictitious Akoda identity, told Kelly that he and Igberase were cousins and provided an obviously fraudulent passport and Nigerian international driver's license. Akoda again admitted to using Igberase's social security number.

**ANSWER**:     ECFMG admits in part and denies in part the allegations of this paragraph. On information and belief, ECFMG admits that an individual purporting to be Akoda met in person with ECFMG employee William C. Kelly in September 2000.  On information and belief, ECFMG further admits that the individual purporting to be Akoda provided a Nigerian passport and international driving permit, and said that Igberase Charles was his cousin and that he used his cousin's social security number.  ECFMG denies the remaining allegations of this paragraph.

28.     On or about December 21, 2000, JSMC advised ECFMG that the individual they knew as Akoda had been dismissed from its residency program for using a false social security number and false green card. ECFMG, however, took no action to restrict or retract the certification issued to Igberase under the fictitious Akoda identity.

**ANSWER**:     The allegations of this paragraph refer to a December 21, 2000 correspondence that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  To the extent that a response is required, ECFMG admits only that JSMC told ECFMG that Akoda had been dismissed for using a false social security number and providing a green card that was inconsistent with a green card

Akoda previously provided to the program.  ECFMG denies the remaining allegations of this paragraph.

29.     In or about 2006 Igberase applied for a residency at Howard University Hospital under the Akoda identity using the 1623 social security number assigned to another individual. He completed this program in 2011. He thereafter applied for and received on September 14, 2011 a Maryland medical license using the name "Charles John Nosa Akoda," a fake SSN, a fake permanent residence card and a fake Nigerian passport.

**ANSWER**:     ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

30.     In or about October 2011 Igberase obtained privileges and became a member of the medical staff at Prince George's Hospital Center under the name "Charles John Nosa Akoda," using a fake permanent resident card, a fake Maryland driver's license, fake Nigerian passport and fake letters of recommendation. Igberase began seeing patients at Prince George's Hospital Center under this fraudulent identity on or about November 5, 2011.

**ANSWER**:     ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

31.     In March 2012, the Center for Medicare and Medicaid Services ("CMS") denied Igberase's application to enroll for Medicare reimbursement under the Akoda identity, which had utilized the same documentation used to gain privileges at Prince George's Hospital Center due to CMS' determination that he did not provide an accurate social security number.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

32.    From 2008 through 2016, Igberase acted as a doctor practicing obstetrics and gynecology under the Akoda identity. During that time, Igberase represented to the public and to the Plaintiffs that he possessed the degree of skill, knowledge and ability ordinarily possessed by a reasonably prudent OB/GYN practicing under the same or similar circumstances as those involving the Plaintiffs.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

33.    For some of this time, Igberase, using the Akoda identity, acted as a doctor practicing obstetrics and gynecology with a medical practice owned by A. G. Chaudry, M.D. Between February 20, 2012 and June 4, 2012, Igberase was employed by Dimensions Healthcare Associates, Inc., which was the corporate entity that operated an ob-gyn practice group known as Dimensions Obstetrics and Gynecology Associates.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

### C.  Criminal Investigation of Igberase's Conduct

34.    On June 9, 2016, law enforcement executed search warrants at Igberase's residence, medical office and vehicle where they found fraudulent or altered documents related to immigration, medical diplomas, medical transcripts, letters of recommendation and birth certificates.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

35.    On or about November 15, 2016 Igberase signed a plea agreement admitting to misuse of a social security account number.

**ANSWER**:    The allegations in this paragraph refer to a "plea agreement" that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.

36.    On or about December 19, 2016, ECFMG revoked certificate number 0-482-700-2 issued to "Akoda", based upon his plea agreement with the U.S. -- the same conduct Igberase had admitted to in 2000.

**ANSWER**:    The allegations in this paragraph refer to a decision ECFMG made as reflected in Notification 101, which is attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  To the extent that a response is required, ECFMG denies that it revoked Certificate 0-482-700-2 on December 19, 2016, because this certificate had already been revoked.

37.    On or about March 2, 2017, Igberase was sentenced by the United States District Court for the District of Maryland to six (6) months incarceration, three (3) years supervised release, home detention for six (6) months and an assessment of one hundred dollars ($100.00).

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

38.     Shortly thereafter in early 2017, Prince George's Hospital Center terminated Igberase's medical privileges.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.


39.     On or about July 10, 2017, the Maryland Board of Physicians revoked Igberase's medical license on the basis of a fraud and felony conviction.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.


**D.  Medical Treatment Rendered to the Plaintiffs.**

40.     The Plaintiff Monique Russell was a patient of Igberase on or about May 25, 2016. Igberase delivered Monique Russells child through unplanned emergency cesarean section surgery.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.


41.     The Plaintiff Jasmine Riggins was a patient of Igberase between August 2012 and March 2013. Igberase delivered Jasmine Riggins' child through unplanned emergency cesarean section surgery.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

42.     The Plaintiff Elsa Powell was a patient of Igberase on or about September 17, 2014, and on several occasions thereafter. Igberase delivered Elsa Powell's son on that date at Price Georges' Hospital Center.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

43.     The Plaintiff Desire Evans was a patient of Igberase on or about March 17, 2016. Igberase delivered her child on that date at Prince Georges' Hospital Center.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

44.     The Plaintiffs and other similarly situated chose Igberase, who they knew as Akoda, as their obstetrician/gynecologist, on the basis of their belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States, including certification from ECFMG.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

45.     None of Igberase's patients, including those at Howard University Hospital, Prince Georges' Hospital Center, and the medical practice of Abdul G. Chaudry, M.D., knew Igberase's true identity, but rather knew him as Akoda.

**ANSWER**:    ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

46.     None of Igberase's patients, including those at Howard University Hospital, Prince Georges' Hospital Center, and the medical practice of Abdul G. Chaudry, M.D. gave consent to this physician impersonator to perform examinations, invasive procedures and surgeries on their persons.

**ANSWER**:     ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

47.     On many occasions, Igberase penetrated his patients with parts of his body through the vaginal canal and through the stomach in performing medical services. Additionally, Igberase performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language. Igberase's penetrations of his patients were clear boundary violations.

**ANSWER**:     ECFMG lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and they are, therefore, denied.

## CLASS ACTION ALLEGATIONS-PA RULE 1702

48.     Named Plaintiffs bring this action on behalf of a Class which consists of: All patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.).

**ANSWER**:     ECFMG admits that Plaintiffs purport to bring their claims on behalf of the proposed class stated in Paragraph 48.  ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.

49.     The Class as defined above, is identifiable. The Named Plaintiffs are members of the Class.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.


50.     The Class consists of more than one thousand (1,000) patients and is thus so numerous that joinder of all members is clearly impracticable.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.


51.     There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting only individual Class Members.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.


52.     The common and predominating questions include, but are not limited to:

a.     Whether Igberase committed boundary violations on class members.

> b.      Whether ECFMG's' actions and/or alleged failures to act, including their
> alleged negligent failure to certify Igberase and properly investigate and deny or
> revoke Igberase certification directly and proximately resulted in foreseeable
> injuries or damages to Class Members

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.

53.      The Claims or defenses of the Named/Representative Plaintiffs are typical of the claims or defenses of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of ECFMG.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

54.      Named Plaintiffs will fairly and adequately assert and protect the interests of the Class under the criteria set forth in Rule 1709. The interests of Named Plaintiffs and of all other members of the class are identical.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies that class certification is appropriate in this matter.  ECFMG also denies the characterization that this matter would be subject to Pa. Rule 1709, because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

55.     Named Plaintiffs are cognizant of their duties and responsibilities to the Class.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

56.     Named Plaintiffs are committed to vigorously litigating this matter.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

57.     Further, Named Plaintiffs have secured counsel experienced in handling class actions and complex litigation.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

58.     Neither Named Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

59.     This action is properly maintained as a class action under Pa. Rule 1700 et seq. in that separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications with respect to individual members of the Class that could establish incompatible standards of conduct for Class Members as well as ECFMG.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG also denies the

characterization that this matter would be subject to Pa. Rule 1700 et seq., because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.  ECFMG denies the remaining allegations of this paragraph.

60.     This action is properly maintainable as a class action pursuant to Pa. Rule 1700 et seq. in that separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not party to the adjudications, or would substantially impair or impede their ability to protect themselves.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG also denies the characterization that this matter would be subject to Pa. Rule 1700 et seq., because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.  ECFMG denies the remaining allegations of this paragraph.

61.     This action is also properly maintainable as a Class in that questions of law or fact common to members of the Class predominate over any questions affecting only individual members under Pa. Rule1700 et seq.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG also denies the characterization that this matter would be subject to Pa. Rule 1700 et seq., because this matter was

removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.  ECFMG denies the remaining allegations of this paragraph.

62.    A class action provides a fair and efficient method for adjudication of this controversy between the class and ECFMG under the criteria set forth in Rule 1708.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG also denies the characterization that this matter would be subject to Pa. Rule 1708, because this matter was removed to the United States District Court of the Eastern District of Pennsylvania on December 31, 2018.  ECFMG denies the remaining allegations of this paragraph.

63.    The commonality of issues of law and fact in this case are clear. Many of the members of the Class are unaware of their rights to prosecute a claim against ECFMG. This class action can be managed without undue difficulty because Named Plaintiffs will vigorously pursue the interests of the Class by virtue of the fact that Named Plaintiffs have suffered the same injuries as other Class Members.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

25

64.     The difficulties likely to be encountered in the management of a class action in this litigation are insignificant, especially when weighed against the virtual impossibility of affording adequate relief to the members of the Class through thousands of separate actions.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG denies the remaining allegations of this paragraph.


65.     The likelihood that individual members of the Class will prosecute separate actions is remote also because most class members do not know that a claim against ECFMG exists.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.


66.     Counsel for Named Plaintiffs and the Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies that class certification is appropriate in this matter.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

## COUNT I

### (Negligence)

67.     Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

**ANSWER**:   ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

68.     ECFMG holds itself out as protecting the public through its programs and services, including primary-source verification of physician credentials. ECFMG undertook to render certification services and primary source verification services, among others, for Igberase on multiple occasions, under multiple identifies, and to represent to Howard University Hospital, Prince George's Hospital Center, the Maryland Board of Physicians, among others, that Igberase was a bona fide medical doctor. See Exhibit A, ECFMG Notice #101, dated March 1, 2017.

**ANSWER**:   The allegations of this paragraph refer to the content of ECFMG Notification #101, which is attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  Moreover, the allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

69.     ECFMG owed a duty to Plaintiffs and other members of the Class to carefully review Igberase's multiple applications for certification, appropriately perform primary source

verification and to carefully investigate Igberase when it was informed that Igberase was using a false social security number, potentially a false name, and other false documentation.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.


70.    ECFMG, in breach of its duty, failed to detect that Igberase's medical school diploma was in the name of Johnbull Enosakhare Akoda, not John Charles Akoda or John Charles Nosa Akoda or John Nosa Akoda, all names used in documents submitted by Akoda.

**ANSWER**:    The allegations of this paragraph refer to a diploma that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  Moreover, the allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits only that ECFMG received a diploma in the name of Johnbull Enosakhare Akoda.  ECFMG denies the remaining allegations of this paragraph.


71.    ECFMG was negligent in failing to learn that Akoda was Igberase. Among other things, ECFMG knew that in August 2000 allegations had been made to the JSMC that Akoda and Igberase were the same person. The JSMC notified ECFMG of this and told ECFMG that Akoda was using Igberase's social security number.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, the allegations of this paragraph refer to an August 11, 2000 correspondence that was not attached to

the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.

72.     Igberase appeared at the offices of ECFMG on September 27, 2000 and told ECFMG that Igberase was his cousin and admitted he had used Igberase's social security number "pending INS clearance of his own social security number." Additionally, the passport Igberase provided to ECFMG at that meeting contained one too few numbers and could not have been valid.

**ANSWER**:     ECFMG incorporates its response to Paragraph 27 as though fully set forth herein.  Moreover, the allegations of this paragraph refer to a passport that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

73.     There was no effort by ECFMG to authenticate the passport. In breach of its duty, ECFMG failed to take any action against Igberase for this misuse of a social security number.

**ANSWER**:     The allegations of this paragraph refer to a passport that was not attached to the Complaint and is a written document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  Moreover, the allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

74.     Further in breach of its duty, ECFMG failed to compare the photograph of Igberase in its files with the person claiming to be Akoda who was sitting in ECFMG's office in

Philadelphia. Had ECFMG done so, ECFMG would have known that Akoda and Igberase are the same person.

**ANSWER**:     The allegations of this paragraph refer to a photograph that was not attached to the Complaint and is a document that speaks for itself, and Plaintiffs' characterization of it is, therefore, denied.  Moreover, the allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

75.     ECFMG, in breach of its duty, failed to advise the Howard University Hospital residency program, the Maryland Board of Physicians or Prince George's Hospital Center of the information in its files that Igberase may have had a previous certification that was revoked, that ECFMG had investigated whether Akoda is Igberase or that Igberase was barred under another certification.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

76.     ECFMG, in breach of its duty, and in breach of its own policies and procedures regarding irregular behavior, failed to take reasonable steps to verify the truth of the references submitted by Igberase when he applied for the residency program at Howard University Hospital under the Akoda identity. In 2006 Igberase submitted three (3) letters of recommendations through

ERAS under the Akoda identity. ECFMG sent letters to each of the references, with copies of their respective alleged letters of recommendations, seeking to learn if they were authentic. ECFMG did not receive responses from the supposed references. Nevertheless, ECFMG provided primary source verification to Howard University Hospital about "Akoda" — a fictitious identity.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG admits only that in 2006 it sent letters to individuals who had submitted letters of recommendation in support of Dr. John Nosa Akoda, the individual associated with Certificate 0-553-258-5.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.


77.    The numerous breaches of duty by ECFMG led to the fraudulent certification of Igberase, under various names, but for which he would not have been admitted to the Howard University Hospital residency program, he would not have received a Maryland medical license, he would not have obtained privileges at Prince George's Hospital Center, he would not have been able to practice medicine, and he would not have been able to cause the harms to Plaintiffs.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  ECFMG lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are, therefore, denied.

78.     ECFMG's numerous breaches of duty increased the risk of harm to Plaintiffs and other members of the Class by Igberase's conduct.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.


79.     ECFMG committed breaches of the duties owed to Named Plaintiffs and members of the Class including but not limited to the following:

a.     negligently certifying Igberase under multiple fictitious identities;

b.     negligently failing to properly investigate allegations that John Charles Akoda, Oluwafemi Charles Igberase and Igberase Oluwafemi Charles were the same person;

c.     negligently failing to investigate the references provided by Igberase under the Akoda identity;

d.     negligently failing to advise Howard University Hospital and Prince George's Hospital Center that Igberase had engaged in irregular behavior;

e.     negligently failing to follow its own policies and procedures regarding irregular behavior;

f.     (negligently failing to invalidate or revoke Igberase's certification under the Akoda identity; and

g.     otherwise acting negligently.

**ANSWER**:     The allegations of this paragraph and its subparts contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph and its subparts.

80.     ECFMG's continuing breaches of duty constituted negligence, gross negligence, carelessness and recklessness, and represented outrageous and egregious conduct in reckless disregard of the Plaintiffs' safety.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

81.     ECFMG's ongoing breaches of duty proximately caused the Named Plaintiffs and all class members physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and other physical and emotional injuries, damages (both economic and non-economic) and permanent disability, in the past, present and future.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

82.     ECFMG's negligence was the sole and proximate cause of the injuries, damages and permanent disability of Named Plaintiffs and class members with Named Plaintiffs and Class Members being in no way contributorily negligent.

**ANSWER**:     The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.

83.     As a direct, proximate, immediate and foreseeable result of ECFMG's conduct, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

      a.     Great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

      b.     Unwanted, harmful and offensive physical contact and touching by Igberase;

      c.     Severe mental anguish and psychological distress;

      d.     The cost past, present and future cost of medical care, including but not limited to therapy and psychological counseling; and

      e.     Lost earnings and diminished earnings capacity.

**ANSWER**:     The allegations of this paragraph and its subparts contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph and its subparts.

## COUNT II

### (Negligent Infliction of Emotional Distress)

84.     Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

**ANSWER**:     ECFMG incorporates its responses to the previous paragraphs as though fully set forth herein.

85.     ECFMG owed a duty to Plaintiffs and other members of the Class to carefully review Igberase's multiple applications for certification, perform primary source verification and carefully investigate Igberase prior to certifying Igberase as a foreign medical graduate.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.  ECFMG denies that class certification is appropriate in this matter.

86.     ECFMG also owed a duty to the Plaintiffs and other members of the class to investigate reports and/or irregularities concerning Igberase's identity and take appropriate steps to restrict or revoke Igberase's ECFMG Certification after an appropriate investigation.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph.  ECFMG denies that class certification is appropriate in this matter.

87.     ECMFG [sic] breached its duties to the Plaintiffs and other members of the Class by certifying Igeberase and allowing him to continue practicing under the Akoda identity for years after becoming aware of reports and other information indicating that Igberase was using a fraudulent identity.

**ANSWER**:    The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required,

ECFMG denies the allegations of this paragraph. ECFMG denies that class certification is appropriate in this matter.

88.     ECFMG knew, or should have known, that its negligent failure to appropriately perform primary source verification and carefully investigate Igberase would result in patients such as the Plaintiffs and other similarly situated coming under the care of persons, such as Igberase, who lack the appropriate credentials and qualifications to practice medicine, resulting in unwanted, harmful and offensive touching by Igberase and severe emotional distress to the Plaintiffs and other members of the Class.

**ANSWER**:   The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent that a response is required, ECFMG denies the allegations of this paragraph. ECFMG denies that class certification is appropriate in this matter.

89.     As a direct, proximate, immediate and foreseeable result of ECFMG's conduct and negligence, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

a.     Great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

b.     Unwanted, harmful and offensive physical contact and touching by Igberase;

c.     Severe mental anguish and psychological distress;

    d.      cost past, present and future cost of medical care, including but not limited to therapy and psychological counseling; and

    e.      Lost earnings and diminished earnings capacity

**ANSWER**:    The allegations of this paragraph and its subparts contain conclusions of law to which no response is required and they are, therefore, denied.  To the extent that a response is required, ECFMG denies the allegations of this paragraph and its subparts.  ECFMG denies that class certification is appropriate in this matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

A.      assume jurisdiction of this case;

B.      enter an order certifying the Class under PA. RULE 1700 et seq.;

C.      appoint Named Plaintiffs as Class Representatives;

D.      appoint Named Plaintiffs' Counsel as Class Counsel;

E.      enter a judgment against ECFMG finding it liable to Named Plaintiffs and each Class Member;

F.      award compensatory damages to each class member in an amount which exceeds seventy-five thousand dollars;

G.      award the costs and expenses of this case, including attorneys' fees;

H.      award pre judgment and post-judgment interest;

I.      award punitive damages; and

J.      award such other relief as the court deems appropriate.

**ANSWER**:    In response to the PRAYER FOR RELIEF, ECFMG denies that Plaintiffs or any putative class members are entitled to any type of remedy, relief, or damages whatsoever,

including the relief requested in Plaintiffs' Prayer for Relief. ECFMG denies the remaining allegations of this paragraph.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiffs and the putative class members, and expressly denying any and all wrongdoing, ECFMG alleges the following Affirmative Defenses. ECFMG presently has insufficient knowledge or information to form a belief as to whether there are additional defenses than those stated below. Therefore, ECFMG expressly reserves the right to assert additional defenses.

1.      The Complaint fails to state a claim upon which relief may be granted.

2.      Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or in part, by the applicable statute of limitations.

3.      Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or in part, by the economic loss doctrine.

4.      Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or in part, by the doctrines of consent, estoppel, agreement, release, disclosure, and/or waiver.

5.      Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or in part, by the doctrines of comparative negligence and/or assumption of the risk.

6.      Plaintiffs' claims, and the claims of each purported class member, are barred, in whole or part, to the extent they lack standing.

7.      Plaintiffs' claims, and the claims of each purported class member, are barred because the Plaintiffs have not suffered any actual injury or damage.

8.     Any losses alleged by Plaintiffs were not caused by any fault, act, or omission by ECFMG, but were caused by circumstances, entities or persons, including Plaintiffs, for which ECFMG is not responsible and cannot be held liable.

9.     Any losses alleged by Plaintiffs were not caused by any fault, act, or omission by ECFMG, but were caused by intervening and/or superseding causes.

10.     The claims of Plaintiffs and/or members of the putative class are barred to the extent ECFMG owes no duty to Plaintiffs and/or members of the putative class, not did ECFMG breach any duty.

11.     The claims of Plaintiffs and/or members of the putative class are barred, in whole or in part, to the extent the alleged injuries and/or damages, if any, were not caused in fact or proximately caused by any acts and/or omissions by ECFMG.

12.     The claims of Plaintiffs and/or members of the putative class are barred, in whole or in part by the absence of ECFMG committing actions of such an outrageous nature as to demonstrate willful, wanton, or reckless conduct or with reckless disregard to the rights of others.

13.     Plaintiffs' negligent infliction of emotional distress claim, or those claims for members of the putative class are barred, in whole or part, due to lack of these individuals suffering severe emotional distress.

14.     The claims of Plaintiffs and/or members of the putative class are barred, in whole or in part by the doctrine of charitable immunity.

15.     Plaintiffs and/or members of the putative class have failed to mitigate their purported damages.

16.     Plaintiffs are not entitled to certification of this action as a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or (b) in this case.

Respectfully submitted

DATED:  February 6, 2019

*/s/ Brian W. Shaffer*
Brian W. Shaffer, PA Bar No. 78851
Elisa P. McEnroe, PA Bar No. 206143
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:      +1.215.963.5917
Facsimile:      +1.215.963.5001
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com

*Attorney for the Educational Commission for*
*Foreign Medical Graduates*

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that on this date, I caused true and correct copies of the foregoing

document to be served via electronic filing upon the following counsel of record via the ECF

system and/or e-mail:

> Nicholas M. Centrella
> CONRAD O'BRIEN
> 1500 Market Street, Centre Square
> West Tower 39th Floor
> Philadelphia, PA 19102
> Tel: 215-864-8098
> Fax: 215-864-0798
> Email: ncentrella@conradobrien.com
>
> *Attorneys for Plaintiffs*

DATED:  February 6, 2019              */s/ Brian W. Shaffer*
                                      Brian W. Shaffer