IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS, | : : : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | : : | |
| Defendant. | : | NO. 18-5629 |

**JOINT REPORT OF RULE 26(F) MEETING AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on February 5, 2019, and submit to Chambers the following report of their meeting for the Court's consideration:

**1.  Discussion of Claims, Defenses, and Relevant Issues**

*Plaintiffs' Position:*

Plaintiffs, a proposed class of more than one thousand patients who were examined and/or treated in any manner by Oluwafemi Charles Igberase (hereinafter referred to as "Igberase"), contend that the Educational Commission for Foreign Medical Graduates ("the ECFMG") is liable to them for negligence and negligent infliction of emotional distress for numerous failures in the verification and certification of Igberase to practice medicine in United States.

As laid out in Plaintiffs' Complaint, the ECFMG verifies that individuals who received their medical education outside the United States and Canada ("International Medical Graduates"

or "IMGs") meet certain criteria. More specifically, the ECFMG verifies that the IMG has a diploma from a medical school recognized by the country where the school is situated, that such school is listed in the International Medical Education Directory, and that the school's curriculum is at least four academic years. The ECFMG also verifies that the IMG has passed steps 1 and 2 of the United States Medical Licensing Examination (USMLE), the Clinical Skills Assessment Examination, and an English as a Foreign Language test. Finally, the ECFMG verifies the validity of the IMG's diploma, transcript, and other primary source document credentials.

Plaintiffs contend that, in the process of verifying Igberase, who went on to treat thousands of patients in the United States, the ECFMG committed numerous failures. By way of example and not limitation, the ECFMG failed to detect that Igberase's medical school diploma was in the name of "Johnbull Enosakhare Akoda" and not any of the other combinations of names Igberase used when he was holding himself out as an individual with the last name "Akoda." Moreover, in 2000, the Jersey Shore Medical Center ("the JSMC") notified the ECFMG that an individual they knew as John Charles Akoda had served as a resident in two other U.S. residency programs under the name Igberase and was using a social security number issued to Oluwafemi Charles Igberase. The JSMC asked the ECFMG to investigate this matter. But, instead of properly investigating it, the ECFMG declined to authenticate a clearly fake Nigerian passport Igberase produced using the name John Charles Akoda and accepted without any meaningful action that "Akoda" was using his cousin Oluwafemi Charles Igberase's social security number. Simply put, had the ECFMG performed its duty, it would have learned that Igberase and Akoda were the same person. Numerous other failures persisted, as set out in Plaintiffs' Complaint.

Following these failures, in 2006, Igberase applied for and was granted admission to a residency program at Howard University, which he completed in 2011. After the residency at Howard, Igberase – using an iteration of the fake "Akoda" identity and more sham documents – applied for and received a medical license from the state of Maryland. He acted as a doctor practicing obstetrics and gynecology through 2016, when he was investigated for, and ultimately convicted of, misusing a social security number. This was the same conduct he admitted to the ECFMG in 2000, years prior, but for which the ECFMG did not adequately investigate him.

*Defendant's Position:*

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") is a private nonprofit organization that certifies international medical graduates ("IMGs") who have met certain minimum criteria for entry into graduate medical education in the United States. Four named Plaintiffs allege that they were patients of Dr. Charles John Nosa Akoda, an IMG and obstetrician/gynecologist who later pleaded guilty in federal court to misuse of a social security number. These Plaintiffs have brought claims for negligence and negligent infliction of emotional distress against ECFMG, alleging that ECFMG, *inter alia*, wrongly failed to discover that Akoda had previously secured ECFMG certifications using pseudonyms, and that ECFMG should be held liable for the economic and non-economic damages, and emotional distress Plaintiffs allegedly suffered as a result of their treatment by Akoda. The named Plaintiffs seek to represent a purported class which consists of all patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.).

Plaintiffs are not entitled to relief because, among other things, ECFMG owed no legal duty to Plaintiffs with respect to any alleged harm inflicted by Akoda, and ECFMG's conduct was neither negligent nor the proximate cause of any alleged injuries. ECFMG also opposes any

3

attempt by Plaintiffs to certify the proposed class because Plaintiffs' negligence and negligent infliction of emotional distress claims will require individualized assessments of numerous issues of fact and law.  The necessity for such individual assessments, as well as other reasons, make class certification inappropriate here.

ECFMG anticipates needing discovery from the named Plaintiffs and various third parties (including without limitation Howard University Hospital, Dimensions Health Corporation, and Prince George's Hospital Center, the Maryland Board of Physicians, and Abdul G. Chaudry, M.D.) about: Plaintiffs' knowledge of the ECFMG certification process and Akoda's ECFMG certification; Plaintiffs' alleged reliance on that knowledge in deciding to seek medical treatment from Akoda; the extent that third parties relied on ECFMG certification when licensing and/or hiring Akoda; damages, if any, Plaintiffs suffered; and the extent of Plaintiffs' alleged emotional distress.  ECFMG may also need discovery from absent class members.  ECFMG expects to move for summary judgment at an appropriate time.

2. **Initial and Informal Disclosures**

The parties have agreed to exchange self-executing disclosures on February 18, 2019.

3. **Formal Discovery**

The parties plan to promptly begin discovery and do not anticipate a need to conduct discovery in phases.  ECFMG has already served initial Interrogatories and Requests for Production of Documents on each of the four named Plaintiffs.  The parties do not at this time foresee a need to exceed the standard number of interrogatories and have stipulated to allowing 10 fact-witness depositions per side.  Given the number of named plaintiffs and putative class members, depending on how discovery proceeds, ECFMG may seek permission to serve additional interrogatories or take additional depositions should the need to do so arise.  The

parties respectfully propose a formal discovery period of six (6) months, given the complexity of the issues in the case and the fact that this is a putative class action.

4. **Electronic Discovery**

The parties are generally amenable to the Court's standard electronic discovery order and will submit for the Court's consideration any proposed changes to same within one (1) week of the Rule 16 conference.

5. **Motion for Class Certification**

Any motion for class certification shall be filed no later than thirty (30) days after the close of fact discovery.

6. **Expert Witness Disclosures**

Following factual discovery, the parties have agreed that Plaintiffs will have thirty (30) days to produce expert reports. ECFMG will have thirty (30) days to depose Plaintiffs' experts, after which Defendant will have an additional thirty (30) days to provide its expert reports. Plaintiffs will have thirty (30) days following the production of Defense expert reports to conduct expert depositions.

7. **Early Settlement or Resolution**

The parties have discussed the prospect of early settlement or resolution and, at this time, believe the matter is not ripe for early resolution.

7. **Trial Date**

The parties have agreed to a trial date sixty (60) days following the court's ruling on motions for summary judgment.

8. **Other**

Defendant is requesting a confidentiality order for the Court's consideration to facilitate the exchange of sensitive information, including Plaintiffs' medical records. Plaintiffs' position is presently that such an order is not needed.

                      **Respectfully submitted,**

                      CONRAD O'BRIEN PC

                      */s/ Nicholas M. Centrella*
                      Nicholas M. Centrella, Esquire (Pa. I.D. No. 67666)
                      Howard M. Klein, Esquire (Pa. I.D. No. 33632)
                      Benjamin O. Present, Esquire (Pa. I.D. No. 322682)
                      CONRAD O'BRIEN PC
                      1500 Market Street, Suite 3900
                      Centre Square, West Tower
                      Philadelphia, PA 19102-2100
                      (215) 864-9600 (phone)

                      SCHOCHOR, FEDERICO AND STATON, P.A.

                      */s/ Jonathan Schochor*
                      Jonathan Schochor (Pro Hac Vice Pending)
                      jschoehor@sfspa.com
                      Lauren Schochor (Identification No. 87618)
                      lsehochor@sfspa.corn
                      Brent Ceryes (Pro Hac Vice Pending)
                      bceryes@sfspa.com
                      The Paulton
                      1211 St. Paul Street
                      Baltimore, Maryland 21202
                      Phone: (410) 234-1000
                      Fax: (410) 234-1010

LAW OFFICES OF PETER G. ANGELOS, P.C.

*/s/Danielle Dinsmore*
Danielle S. Dinsmore (*Pro Hac Vice Pending*)
ddinsmore@lawpga.com
Paul M. Vettori (*Pro Hac Vice Pending*)
pvettori@lawpga.com
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, Maryland 21201
Telephone: (410) 649-2000
Facsimile: (410) 649-2150


JANET, JANET & SUGGS, LLC

*/s/ Patrick A. Thronson*
Patrick A. Thronson (*pro hac vice pending*)
Executive Center at Hooks Lane
4 Reservoir Circle
Baltimore, Maryland 21208
Office Phone: (410) 653-3200
Direct Dial: (443) 471-0753
Fax: (410) 653-9030
pthronson@JJSjustice.com
www.JJSjustice.com


THE COCHRAN FIRM

*/s/ Karen E. Evans*
Karen E. Evans, R.N., J.D. (*pro hac vice pending*)
1100 New York Ave.,NW
Suite 340 West
Washington,DC 20005
(202) 682-5800
Kevans@cochranfirm.com
www.cochranfirmdc.com

***Attorneys for Plaintiffs***

        MORGAN, LEWIS & BOCKIUS LLP

        */s/ Brian W. Shaffer*
        Brian W. Shaffer, PA Bar No. 78851
        Elisa P. McEnroe, PA Bar No. 206143
        brian.shaffer@morganlewis.com
        elisa.mcenroe@morganlewis.com
        1701 Market Street
        Philadelphia, PA 19103-2921
        Telephone: +1.215.963.5000
        Facsimile: +1.215.963.5001

        ***Attorneys for Defendant Educational Commission for Foreign Medical Graduates***

Dated: February 18, 2019