IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS,<br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br>　　　　　　Defendant. | CIVIL ACTION<br><br><br><br>NO. 18-5629 |

## SCHEDULING ORDER

**AND NOW**, this 26th day of February, 2019, following a Preliminary Pretrial Conference, **IT IS ORDERED** as follows:

1. This case is referred to Magistrate Judge Richard Lloret for a settlement conference. On or before March 1, 2019, counsel for the parties shall contact United States Magistrate Judge Richard Lloret to schedule a settlement conference.

2. All fact discovery shall be completed by July 10, 2019.

3. Plaintiffs shall file and serve their opening class certification brief by July 24, 2019. Defendant shall file and serve their response to Plaintiffs' opening class certification brief by August 7, 2019. Plaintiffs shall file and serve their reply brief in support of class certification by August 14, 2019.

4. Any expert reports are due no later than August 12, 2019. If an expert report is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such report on counsel for every other party no later than September 12, 2019.

5. Any party expecting to offer opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 with respect to the issues of liability and damages shall, at the time required for submission of information and/or reports for expert witnesses, serve opposing parties with details and/or documents covering the lay opinions of the Rule 701 witnesses.

6. Any discovery depositions of expert witnesses shall be completed by October 14, 2019.

7. Any motions for summary judgment and/or *Daubert* motions shall be filed and served by the later of *either* November 2, 2019 *or* 30 days after the Court issues its disposition on Plaintiffs' motion for class certification. If the parties do not plan on filing summary judgment and/or *Daubert* motions, they shall so report to the Court (Chambers, Room 3809) by the later of *either* November 2, 2019 *or* 30 days after the Court issues its disposition on Plaintiffs' motion for class certification. In all summary judgment filings, the parties shall comply with the provisions of this Court's Policies and Procedures regarding the submission of a joint appendix and of statements of undisputed and disputed material facts.

    A. When one party intends to move for summary judgment, that party shall initiate a process whereby the parties shall meet, confer and develop a single, joint appendix of all exhibits, including any and all exhibits that may be referenced in their respective briefs.

    B. The joint appendix shall be filed by the movant no later than the date the initial motion for summary judgment is docketed. All pages of the joint appendix shall be consecutively "Bates stamped" and referenced in the motions and briefs by the Bates number assigned each page. The joint appendix shall include a table of contents. The parties shall make every effort to include all necessary exhibits in the initial joint appendix. Should it become necessary for the non-moving party to submit additional exhibits, however, it may do so at the time it files its opposition brief. Any addendum to the joint appendix shall be consecutively Bates stamped, beginning at the page number where the joint appendix left off, and shall include a table of contents. Judge Beetlestone will not consider material not included in the appendix.

    C. <u>Statements of Facts</u>

1. Upon motion for summary judgment, counsel shall also submit a separate Statement of Undisputed Material Facts containing a numbered, paragraph-by-paragraph recitation of facts with specific citations to the joint appendix in support of all of those facts as to which the moving party contends no genuine issue exists.
2. Counsel opposing a motion for summary judgment shall also submit a separate Statement of Disputed Material Facts, stating in similar paragraph form whether that party accepts or rejects that each fact as stated by the moving party is undisputed. If a party contends that a fact is in dispute, citation must be made to the joint appendix that supports the party's view that that particular fact is in dispute. The party should then list its own additional disputed facts in the same format with specific citations to the joint appendix.
3. Counsel for the moving party shall then submit—even if not filing a reply brief—a separate Reply Statement of Undisputed Material Facts stating in similar paragraph form whether that party accepts or rejects that each additional fact as stated by the opposing party is disputed. If a party contends that a fact is undisputed, citation must be made to the joint appendix that supports that party's view that the particular fact is undisputed.

8. For all filings submitted and conferences held pursuant to this scheduling order, and for all pretrial and trial proceedings referred to herein, counsel shall follow Judge Beetlestone's Policies and Procedures, a copy of which can be found online at www.paed.uscourts.gov.

**BY THE COURT:**

/s/Wendy Beetlestone, J.

**WENDY BEETLESTONE, J.**

4