**EXHIBIT 32**

IN THE MATTER OF         *     BEFORE THE MARYLAND

CHARLES J.N. AKODA, M.D.     *     STATE BOARD OF PHYSICIANS

       Respondent.            *     Case Number 2017-0083B

License Number D73049       *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## FINAL DECISION AND ORDER

### PROCEDURAL HISTORY

On November 15, 2016, Charles J.N. Akoda, M.D., a physician licensed[1] by the Maryland State Board of Physicians ("Board"), entered a plea of guilty to one count of Social Security Account Number Fraud in the United States District Court for the District of Maryland ("U.S. District Court"), in violation of 42 U.S.C. § 408(a)(7)(B). (Case No. PWG-8-16-CR-00277-001). On March 2, 2017, Dr. Akoda was sentenced to six months incarceration, three years of supervised release, home detention for six months, and an assessment of $100.00. Dr. Akoda has not filed an appeal of his conviction and the time for filing an appeal has passed.

On April 4, 2017, the Office of the Attorney General filed with the Board a Petition to Revoke Dr. Akoda's license to practice medicine, pursuant to section 14-404(b)(2) of the Health Occupations Article, which provides:

> After completion of the appellate process if the conviction has not been reversed or the plea has not been set aside with respect to a crime involving moral turpitude, a disciplinary panel shall order the revocation of a license on the certification by the Office of the Attorney General.

---

[1] Dr. Akoda allowed his license to expire on September 30, 2016. The Board was notified of Dr. Akoda's criminal indictment in August of 2016 and began its investigation prior to the expiration of Dr. Akoda's license. Pursuant to Section 14-403 of the Health Occupations Article, the license of an individual regulated by the Board "may [not] lapse by operation of law while the individual is under investigation . . ." Md. Code. Ann., Health Occ. § 14-403(a) (2014 Repl. Vol.). Therefore, by operation of law, Dr. Akoda's license was not permitted to expire during the pendency of these proceedings.

Attached to the Petition were certified copies of the criminal docket entries, indictment, superseding indictment, plea agreement with stipulated facts, sentencing order, the judgment entered, and a show cause order[2] mandating that Dr. Akoda show cause in writing by May 8, 2017 if there were any reason why his license to practice medicine should not be revoked. To date, the Board has not received a response from Dr. Akoda.

Having reviewed and considered the entire record in these § 14-404(b)(2) proceedings, Panel B issues this Final Decision and Order.

### FINDINGS OF FACT

Panel B finds the following facts by a preponderance of the evidence:

1.  Dr. Akoda was originally licensed to practice medicine in the State of Maryland on September 14, 2011, having been issued License Number D73049. Dr. Akoda continuously renewed his license until September 30, 2016 when his license expired.[3]

2.  On June 1, 2016, in Case No. PWG-8-16-CR-00277-001, the United States Attorney filed an indictment charging Dr. Akoda[4] with social security account number fraud, 42 U.S.C. § 408(a)(7)(B), and aggravated identity theft, 18 U.S.C. § 1028A(a)(1).

3.  On October 19, 2016, in a superseding indictment, Dr. Akoda was charged with an additional count of social security account number fraud, 42 U.S.C. § 408(a)(7)(B); false statement relating to a health care matter, 18 U.S.C. § 1035(a); an additional count of aggravated identity theft, 18 U.S.C. § 1028A(a)(1); and fraud and misuse of an immigration document, 18 U.S.C. § 1546(a).

4.  On November 15, 2016, Dr. Akoda pled guilty to social security account number fraud, in violation of 42 U.S.C. § 408(a)(7)(B).[5] The plea agreement was based on the following statement of facts, which Dr. Akoda acknowledged were true and correct:

---

[2] An updated show cause order was mailed to Dr. Akoda on April 6, 2017 with the same response date of May 8, 2017.

[3] As discussed above, because of the Board's continuing investigation of Dr. Akoda throughout these proceedings, his license to practice medicine did not lapse or expire.

[4] The indictment included eleven different names for Dr. Akoda, including Charles John Nosa Akoda, the name under which Dr. Akoda applied for and was granted a license by the Board.

[5] 42 U.S.C. § 408(a)(7)(B) provides: "Whoever . . . for the purpose of causing an increase in any payment authorized under this title (or any other program financed in whole or in part from Federal funds), or for the purpose of causing a payment under this title (or any such other program) to be made when no payment is authorized thereunder, or for the purpose of obtaining (for himself or any other person) any payment or any other benefit to which he (or such

In October 1991, [Dr. Akoda] entered the United States pursuant to a Nonimmigrant Visa.

In November 1991, [Dr. Akoda] applied for and obtained a Social Security Number ("SSN"), XXX-XX-5054 (the "5054 SSN"), using the name "Igberase Oluwafemi Charles" and date of birth April 17, 1962. In January 1995, [Dr. Akoda] applied for and obtained a second SSN, XXX-XX-9065 (the "9065 SSN"), using the name "Charles Oluwafemi Igberase, Jr." and a false date of birth. In September 1998, [Dr. Akoda] this time using the name "Oluwafemi Igberase," and a false date of birth, applied for and obtained a third SSN, XXX-XX-7353 (the "7353 SSN"). In or about 2011, [Dr. Akoda] fraudulently used the 7353 SSN to apply for federal education loans for his children.

In April 1992, [Dr. Akoda] submitted an application for certification by the Educational Commission for Foreign Medical Graduates ("ECFMG"). [Dr. Akoda] submitted the application using the name "Oluwafemi Charles Igberase," and indicated SSN ending in 5054 SSN and date of birth April 17, 1962. ECFMG is an organization which, among other things, provides certification to international medical school graduates before such individuals may enter graduate medical education programs in the United States, where they provide supervised patient care. Foreign medical graduates must obtain ECFMG certification in order to take the three-step United States Medical Licensing Examination ("USMLE"). All medical graduates must pass all three steps of the USMLE in order to obtain an unrestricted license to practice medicine in the United States. In July 1992, [Dr. Akoda] failed both the basic medical science (Day 1) and clinical science (Day 2) components of the Foreign Medical Graduate Examination in Medical Sciences ("FMGEMS"), which is step 2 of the USMLE. Eventually, between July 1992 and September 1993, [Dr. Akoda] passed all three steps of the USMLE and, in October 1993, was issued ECMFG Certification under the name "Oluwafemi Charles Igberase."

In March 1994, [Dr. Akoda] submitted a second application for ECFMG certification, this time under the name "Igberase Oluwafemi Charles," using a false date of birth. Between August 1994 and September 1994, [Dr. Akoda] passed all three steps of the USMLE and was issued a second ECMFG Certification under the name "Igberase Oluwafemi Charles."

In 1995, the ECFMG Committee on Medical Education Credentials became aware that [Dr. Akoda] had fraudulently applied for and obtained two ECFMG certifications under different names and dates of birth. In December

other person) is not entitled, or for the purpose of obtaining anything of value from any person, or for any other purpose . . . with intent to deceive, falsely represents a number to be the social security account number assigned by the Commissioner of Social Security to him or to another person, when in fact such number is not the social security account number assigned by the Commissioner of Social Security to him or to such other person . . . shall be guilty of a felony and upon conviction thereof shall be fined under title 18, United States Code, or imprisoned for not more than five years, or both."

3

1995, ECFMG revoked or suspended both ECFMG certifications assigned to [Dr. Akoda].

In August 1996, [Dr. Akoda] submitted a third application for ECFMG certification, this time using the name "John Nosa Akoda." Along with this third application, [Dr. Akoda] submitted to ECFMG a false Nigerian passport in the name of "John Nosakhane Charles Akoda." Between 1996 and 1998, [Dr. Akoda], as "John Nosa Akoda," passed all three steps of the USMLE and received ECFMG certification under the "Akoda" name.

After receiving ECFMG certification under the "Akoda" name, [Dr. Akoda] applied for and was accepted into a residency program at [Facility A].[6] In 2000, [Facility A] learned that the SSN that [Dr. Akoda] used belonged not to "Akoda" but rather to Igberase. [Dr. Akoda] was suspended from [Facility A's] residency program in August 2000 and ultimately dismissed in November 2000.

In 1999, Individual A applied for and obtained SSN XXX-XX-1623 (the "1623 SSN").

In 2006, [Dr. Akoda], using the name "John-Charles Akoda," and the 1623 SSN assigned to Individual A, applied for residency at [Facility B]. In March 2007, [Facility B] accepted [Dr. Akoda] into its residency program, and asked [Dr. Akoda] to submit evidence of legal residence in the United States. In response, [Dr. Akoda] submitted a false permanent resident card in the name "N. Akoda, John Charles."

In 2011, after completion of his residency at [Facility B], [Dr. Akoda], using the name "Charles John Nosa Akoda" and the 1623 SSN, applied for medical licensure with the Maryland Board of Physicians. In support of this application, [Dr. Akoda] submitted a false permanent residence card, as well as a false Nigerian passport. In September 2011, the Maryland Board of Physicians granted the requested medical license to [Dr. Akoda] under the name "Charles John Nosa Akoda," and [Dr. Akoda] began practicing medicine in the field of obstetrics and gynecology.

In 2012, [Dr. Akoda], using the "Akoda" identity, sought and obtained medical privileges at [Facility C] in Maryland. To do so, [Dr. Akoda] submitted a false permanent residence card, as well as a false Maryland driver's license.

On March 1, 2012, [Dr. Akoda] submitted a Medicare Enrollment Application to the Center of Medicare and Medicaid Services ("CMS") using the "Akoda" identity and the 1623 SSN. CMS denied [Dr. Akoda]'s application based, in part, on CMS's determination that [Dr. Akoda] did not provide an accurate SSN.

---

[6] In order to maintain confidentiality, facility names will not be used in this Order.

On June 9, 2016, law enforcement executed search warrants at [Dr. Akoda]'s residence, medical practice, and vehicle. From [Dr. Akoda]'s vehicle, law enforcement seized a Maryland driver's license in the "Akoda" name. From [Dr. Akoda]'s residence, law enforcement seized (1) a false Social security card for the 1623 SSN in the name "John Charles N. Akoda," (2) a false Nigerian passport for "Akoda," and (3) a false United States visa in the "Akoda" name. Law enforcement also found fraudulent or altered documents related to immigration, medical diplomas, medical transcripts, letters of recommendation, and birth certificates.

Throughout the above-referenced scheme, [Dr. Akoda] also used the 1623 SSN and false documentation to open various bank accounts using the "Akoda" identity.

5.   On March 2, 2017, Dr. Akoda was sentenced to six months incarceration, three years of supervised release, home detention for six months, and an assessment of $100.00.

6.   April 4, 2017, the Office of the Attorney General filed with the Board a Petition to Revoke Dr. Akoda's license to practice medicine pursuant to Health Occ. § 14-404(b)(2).

7.   Dr. Akoda did not appeal his conviction within the time prescribed by law and the guilty plea and conviction have not been set aside.

## CONCLUSIONS OF LAW

Dr. Akoda does not dispute that he pled guilty to a crime involving moral turpitude and has not filed a response to the petition to revoke his license. Panel B makes the following conclusions of law.

Dr. Akoda's plea of guilty to social security account number fraud, a felony, in violation of 42 U.S.C. § 408(a)(7)(B), constitutes a crime involving moral turpitude *per se*. The essential elements of the crime include intent to deceive. Dr. Akoda admitted that he knowingly and willfully falsely represented several different numbers to be the social security number assigned to him with the intent to deceive.

Maryland appellate courts have repeatedly held that if dishonesty, fraud, or intent to deceive is an essential element of a statute under which a defendant is convicted, the crime involves moral turpitude as a matter of law. *See Board of Physician Quality Assurance v.*

5

*Felsenberg,* 351 Md. 288, 295 (1998) (crimes involving fraud are crimes involving moral turpitude); *Attorney Grievance Comm'n v. Klauber,* 289 Md. 446, 457-59, *cert. denied,* 451 U.S. 1018 (1981) (the term "moral turpitude" connotes a fraudulent or dishonest intent); *Attorney Grievance Comm'n v. Walman,* 280 Md. 453, 459-60 (1977) (a crime of moral turpitude is characterized by dishonesty, fraud, or deceit); *Oltman v. Maryland State Bd. of Physicians,* 162 Md. App. 453, 485-87, *cert. denied,* 389 Md. 125 (2005) (crime was one of moral turpitude [because] it was dishonest, and characterized by fraud).

It is also settled that "the related group of offenses involving intentional dishonesty for purposes of personal gain are crimes involving moral turpitude." *Oltman,* 162 Md. App. at 486 (citations and quotation marks omitted). By using false social security numbers to open bank accounts, apply for federal education loans for his children and obtain a medical license, Dr. Akoda intended to defraud and deceive the government and Board for purposes of personal financial gain to which he was not entitled. His conduct involved repeated fraud, deceit, and intentional dishonesty for purposes of his own personal gain. The facts underlying Dr. Akoda's criminal offenses, therefore, also establish moral turpitude. *Oltman,* 162 Md. App. at 486.

In the instant case, Dr. Akoda was convicted of social security number fraud, in violation of 42 U.S.C. § 408(a)(7)(B). Dr. Akoda was intentionally dishonest in committing an act of willful deception on a massive scale for a prolonged duration of time for purposes of his own personal financial gain. Panel B concludes that Dr. Akoda was convicted of a crime involving moral turpitude and the time for filing an appeal has passed, thus the revocation of Dr. Akoda's license to practice medicine is required under Health Occ. § 14-404(b)(2).

6

## ORDER

It is, on the affirmative vote of a majority of the quorum of Disciplinary Panel B, hereby

**ORDERED** that the medical license of Charles J.N. Akoda, M.D., license number

**D73049**, is **REVOKED**, as mandated by Health Occ. §14-404(b)(2); and it is further

**ORDERED** that this final decision and order is a **PUBLIC DOCUMENT**.

__07/10/2017__
Date

*Christine A. Farrelly*
Christine A. Farrelly, Executive Director
Maryland State Board of Physicians

### NOTICE OF RIGHT TO PETITION FOR JUDICIAL REVIEW

Pursuant to Md. Code Ann., Health Occ. § 14-408, Dr. Akoda has the right to seek judicial review of this Final Decision and Order. Any petition for judicial review shall be filed within thirty (30) days from the date of mailing of his Final Decision and Order. The cover letter accompanying this final decision and order indicates the date the decision is mailed. Any petition for judicial review shall be made as provided for in the Administrative Procedure Act, Md. Code Ann., State Gov't § 10-222 and Title 7, Chapter 200 of the Maryland Rules of Procedure.

If Dr. Akoda files a petition for judicial review, the Board is a party and should be served with the court's process at the following address:

> **Maryland State Board of Physicians**
> **Christine A. Farrelly, Executive Director**
> **4201 Patterson Avenue**
> **Baltimore, Maryland 21215**

Notice of any petition should also be sent to the Board's counsel at the following address:

> **Stacey M. Darin**
> **Assistant Attorney General**
> **Department of Health and Mental Hygiene**
> **300 West Preston Street, Suite 302**
> **Baltimore, Maryland 21201**

7