EXHIBIT 44

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

MONIQUE RUSSELL, et al.                    *

    Plaintiffs                              *

v.                                         *          Case No.: CAL17-22761

DIMENSIONS HEALTH CORPORATION             *

    Defendant                               *

---

### ANSWERS TO INTERROGATORIES

**TO:**      **MONIQUE RUSSELL, PLAINTIFF**

**FROM:**    **DIMENSIONS HEALTH CORPORATION, INC., DEFENDANT**

    Defendant Dimensions Health Corporation ("Defendant" or "DHC"), by and through its attorneys, Joseph B. Chazen, Gina M. Smith, Samuel T. Wolf, and Meyers, Rodbell & Rosenbaum, P.A., serves these Answers to Interrogatories and states:

    A.    These Interrogatories are answered to the best of Defendant's ability; however, Defendant reserves the right to amend its answers upon acquiring further information or to clarify the information provided, if necessary.

    B.    The word usage and sentence structure of these answers is not necessarily that of the Defendant, but may be that of Defendant's attorney who assisted in preparation of these answers.

    C.    These Interrogatories are answered in accordance with the Maryland Rules of Procedure and are not necessarily answered in accordance with Plaintiff's instructions.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
ERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{297291.DOCX}

## GENERAL OBJECTIONS

1.      Defendant objects to each Interrogatory to the extent that it seeks to elicit information protected against disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other rule of privilege or confidentiality provided by law.

2.      Defendant objects to each Interrogatory to the extent that it seeks to impose burdens not contemplated by the Maryland Rules of Civil Procedure or to alter or expand the obligations there under.

3.      By making the responses set forth herein, Defendant does not concede that the information requested is relevant to this action.  Defendant expressly reserves its right to object to further discovery into the subject matter of any of these Interrogatories and to the introduction into evidence of any answer or portion thereof.

4.      Defendant, therefore, objects to each and every Interrogatory for the above reasons and hereby explicitly incorporates these General Objections into each of its responses.

## ANSWERS TO INTERROGATORIES

1.      State the name, title and business address of the person answering these interrogatories, specifying the Interrogatory answers to which each person participated in answering.

**ANSWER:**    These answers to interrogatories were drafted by DHC's undersigned attorneys.  Information not in undersigned counsel's possession, including identified non-privileged documents relied on or incorporated in these answers, was secured through and compiled by Eslanda Dasher, Esq., DHC's former Vice President of Risk, Claims & Insurance Management. The answers to interrogatories were reviewed and signed on behalf of DHC by:

Ron Laxton, DNP, RN
Senior Vice president Clinical Services &
Chief Nurse Executive
Dimensions Health Corporation

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{297291.DOCX}                                      2

Cheverly, Maryland 20785

2.      Identify all persons who has or is likely to have personal knowledge of any fact alleged in the Class Action Complaint, and state the name, title, business address, job description, job duties and subject matter of the personal knowledge possessed by each such person.

**ANSWER:**    DHC objects to the Interrogatory to the extent it seeks information about any patient other than Named Plaintiffs Russell and Riggins, because: (a) information about other patients is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence unless and until a class is certified; and (b) protected health information about any person other than Russell and Riggins cannot be disclosed without violating HIPAA and Maryland statutes. At this time, DHC refuses to provide information relating to any patient other than Russell or Riggins. Without waiving and subject to the objection and refusal stated above, the persons identified below may have knowledge of facts relating to the credentialing and peer review process for Charles J. Akoda:

>Michael A. Taylor
>Former Medical Staff Specialist
>Dimensions Health Corporation
>3001 Hospital Drive
>Cheverly, MD 20785

>Diane Frye
>Credentials Specialist
>Dimensions Health Corporation
>3001 Hospital Drive
>Cheverly, MD 20785

>Catherine Reed-Fink, CPCS
>Retired Credentials Supervisor
>Dimensions Health Corporation
>3001 Hospital Drive
>Cheverly, MD 20785

>Alexia Jones
>Former Medical Staff Specialist
>Dimensions Health Corporation

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RDALE PARK, MARYLAND 20737-1385
(301) 699-5800

3001 Hospital Drive
Cheverly, MD 20785

Jennifer Bell, CPMSM, CPSC
Director Medical Affairs
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Lauren Rodgers, M.D.
Chair Department of OB/GYN (2010-2015)
OB/GYN Peer Review Committee, and
Medical Executive Committee (2010-2015)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Carnell Cooper, M.D.
Vice President
Medical Affairs/Medical Education (2012-2017)
Chair Medical Staff Quality Oversight Committee (2011-2016)
Credentials Committee (2011-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Hema Yadla, M.D.
Interim Vice President (2011-2012)
Medical Affairs
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Ali Khan, M.D.
Chairman Credentials Committee
of the Medical Staff (2012-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Abdul Chaudry, M.D.
Credentials Committee
of the Medical Staff (2011-2016)
Chair Department of OB/GYN (2015 to present)
Medical Executive Committee
Dimensions Health Corporation

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{297291.DOCX}                                  4

3001 Hospital Drive
Cheverly, MD 20785

James Chelsey, M.D.
Credentials Committee
of the Medical Staff (2011-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Vicken Poochikian, M.D.
Medical Executive Committee,
Member–at-large (2013-2015) and
Credentials Committee (2013-2016)
of the Medical Staff
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

S.J. Rao, M.D.
Credentials Committee
of the Medical Staff (2011-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Dionne Hutchinson
Medical Staff Coordinator (2013 to present)
Credentials Committee
of the Medical Staff
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Henry Adegbulugbe, M.D.
Credentials Committee
of the Medical Staff (2011-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Harbhajan Arjwat, M.D.
Medical Executive Committee (2012-2014) and
Credentials Committee
of the Medical Staff (2012-2016)
Dimensions Health Corporation

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{297291.DOCX}                    5

3001 Hospital Drive
Cheverly, MD 20785

Konrad Dawson, M.D.
Member–at-large
Medical Executive Committee (2013-2015) and
Credentials Committee
of the Medical Staff (2012-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Sagar Nootheti, M.D.
Credentials Committee
of the Medical Staff (2013-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Medhi Sattarian, M.D.
Credentials Committee
of the Medical Staff (2011-2013)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Said Daee, M.D.
Credentials Committee
of the Medical Staff (2011)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Gurdeep Chhabra, M.D.
Credentials Committee
of the Medical Staff (2011-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

James Chesley, M.D.
Credentials Committee
of the Medical Staff (2011-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{297291.DOCX}                                    6

Willie Blair, M.D.
Credentials Committee
of the Medical Staff (2011)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Jagdeep Singh, M.D.
Credentials Committee
of the Medical Staff (2011-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Chitra Venkatraman, M.D.
Credentials Committee
of the Medical Staff  (2012-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Mirmala Yadla, M.D.
Credentials Committee
of the Medical Staff (2011-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Mukemi Abdella, M.D.
Member-at-large
Medical Executive Committee (2014 to present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Kanwaljit Ahuja, M.D.
Member-at-large
Medical Executive Committee (2014 – present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Bijan Bahmanyar, M.D.
Chair Surgery
Medical Executive Committee (2012-2016)

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIDALE PARK, MARYLAND 20737-1385
(301) 899-5800

Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Gurdeep Chhabra, M.D.
Chair Internal Medicine
Medical Executive Committee (2015 –present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Alan Harvey, M.D.
Chair Anesthesiology
Medical Executive Committee (2014-Present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Ellen Manlucu, M.D.
Chair Pathology
Medical Executive Committee (2006 to present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Doug Mayo, M.D.
Chair Emergency Medicine (2012- present)
Medical Executive Committee
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Nooredin Mirmirani, M.D.
Chair Psychiatry
Medical Executive Committee (2003 – 2015)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Khodadad Modjtabi, M.D.
Member-at-large
Medical Executive Committee (2013 to 2017)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RDALE PARK, MARYLAND 20737-1385
(301) 699-5800

Lipishree Nayak, M.D.
President-Elect (2014-2016)
President Medical Staff (2016 to present)
Chair Department of Internal Medicine (2008-2006)
Medical Executive Committee (2004 – present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Uchenna Mwaneri, M.D.
Chair Orthopedics
Medical Executive Committee (2015 to present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Imran Siddiqi, M.D.
Chair Critical Care
Medical Executive Committee (2013 to present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Gurmeet Sidhu, M.D.
Chair Medical Imaging
Medical Executive Committee (2005 to present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Jamie Brown, M.D.
Medical Director Cardiac Surgery May 2014
Medical Executive Committee – Ex Officio (2014 – present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Frederick Corder, M.D.
Chair Pediatrics
Medical Executive Committee (1987 – present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Garrett Martin, M.D.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
UITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
IDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{297291.DOCX}                                         9

Medical Director HMG Ex-Officio
Medical Executive Committee (2014-2015)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Brajendra Misa, M.D.
Member-at-large
Medical Executive Committee (2014-2016)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Nader Tavakoli, M.D.,
Chair Family Medicine
Medical Executive Committee (2015 to present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Ronnie Sean Benoit, M.D.
Medical Director Trauma
Ex-Officio
Medical Executive Committee (2014-present)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Candace Hanrahan
VP Patient Care Service
Ex-Officio
Medical Executive Committee (2014-2017)
Dimensions Health Corporation
3001 Hospital Drive
Cheverly, MD 20785

Additionally, pursuant to Rule 2-421(c), Dimensions incorporates the medical records it is producing in response to Plaintiffs' Request for Production of Documents, which contain information identifying persons who likely have knowledge of facts pertaining to Russell and Riggins' medical care.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
UITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
DALE PARK, MARYLAND 20737-1385
(301) 699-5800

(297291.DOCX)                                    10

3.      For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly involve giving expert testimony and whom you expect to testify at trial provide a complete statement of the opinions to be expressed and the basis and reasons therefore.

**ANSWER:**    Trial experts will be disclosed in Defendant's Expert Designation, which will be served in accordance with the Court's scheduling order, and when it serves its Expert Designation, Plaintiffs should construe it as a supplement to this answer.

4.      If you intend to rely upon any documents or other tangible things to support a position that you have taken or intend to take in the action including any defenses or claim for damages provide a brief description by category and location, of all such documents and other tangible things, and identify all persons having possession, custody, or control of them.

**ANSWER:**    DHC objects to the extent this Interrogatory seeks the mental impressions of trial counsel, which are protected work product. Without waiving and subject to the objection stated above, pursuant to Maryland Rule 2-421(c), DHC incorporates in answer to this Interrogatory its Response to Request for Production of Documents.

5.      Identify all persons who has or is likely to have personal knowledge about Dimensions' actions in hiring and/or employing Akoda and state the name, title, job description, job duties, and subject matter of the information possessed by that person.

**ANSWER:**    No such person exists because DHC never hired or employed Akoda.

6.      Identify each data field captured by Dimensions' computer system with respect to Patients and explain the meaning of each data field captured.

**ANSWER:**    DHC objects because this Interrogatory is vague and ambiguous. It is uncertain what "computer system" Russell refers to in the interrogatory, as DHC has many computer systems. It is uncertain what "data fields" Russell is interested in knowing about. Each database contains multiple data fields. DHC objects because the interrogatory is overbroad and unduly burdensome as it would take many hours to explain each and every data field in each and

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{297291.DOCX}                 11

every database, most of which speak for themselves and need no explanation. DHC objects because all of information sought by the interrogatory is irrelevant to this case and is not reasonably calculated to lead to the discovery of admissible evidence. DHC objects because information about any patient other than Russell and Riggins is: (a) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence prior to class certification; and (b) cannot be disclosed without violating HIPAA and Maryland statutes governing patient privacy.

7.      State the number of patients.

**ANSWER:**   DHC objects because the interrogatory is overbroad in timeframe and scope. DHC objects because, prior to class certification, the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to the objections stated above, during the time Akoda had privileges at Prince George's Hospital Center, DHC's records show that he treated approximately 712 patients. DHC continues to search its files and reserves the right to supplement this answer as appropriate.

8.      State the number of Patients that Akoda performed a childbirth.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects because the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. DHC objects because the wording of the interrogatory does not make sense. It seems that Russell means to ask how many patients Akoda delivered at Prince George's Hospital Center, and that is how DHC will interpret the interrogatory in answering it.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RDALE PARK, MARYLAND 20737-1385
(301) 699-5800

Without waiving and subject to the objections stated above, according to Dimensions records, during the time Akoda had privileges at Prince George's Hospital Center, Akoda delivered 639 patients. Defendant continues to search its files and reserves the right to supplement this answer as appropriate.

9.    State the number of Patients that Akoda performed a childbirth that was completed through vaginal delivery.

**ANSWER:**    DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects because the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. DHC objects because the wording of the interrogatory does not make sense. Although the interrogatory is unclear, it seems that Russell means to ask how many patients Akoda delivered vaginally at Prince George's Hospital Center, and that is how DHC will interpret the interrogatory in answering it. Without waiving and subject to the objections stated above, according to Dimensions records, during the time Akoda had privileges at Prince George's Hospital Center, he performed vaginal deliveries on 361 patients. Defendant continues to search its files and reserves the right to supplement this answer as appropriate.

10.    State the number of Patients that Akoda performed a childbirth that was completed through cesarean section.

**ANSWER:**    DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects because the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RDALE PARK, MARYLAND 20737-1385
(301) 699-5800

discovery of admissible evidence. Dimensions objects because the wording of the interrogatory does not make sense. Although the interrogatory is unclear, it seems that Russell means to ask how many cesarean section procedures Akoda performed at Prince George's Hospital Center, and that is how DHC will interpret the interrogatory in answering it. Without waiving and subject to the objections stated above, according to Dimensions' records, during the time Akoda had privileges at Prince George's Hospital Center, he performed 278 cesarean section procedures. Defendant continues to search its files and reserves the right to supplement this answer as appropriate.

11.     State the number of Patients Akoda performed a childbirth that was completed through an unplanned emergency cesarean section.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects because the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. DHC objects because the wording of the interrogatory does not make sense. DHC objects because the interrogatory is overbroad and unduly burdensome. Although the interrogatory is unclear, it seems that Russell means to ask for the number of patients whom Akoda delivered via cesarean section in circumstances under which: (a) a cesarean section had not been planned in advance; and (b) a cesarean section was performed due to fetal or maternal complications that arose during delivery, and that is how DHC will interpret the interrogatory in answering it. Without waiving and subject to the objections stated above, according to Dimensions records, during the time Akoda had privileges at Prince George's Hospital Center, he performed cesarean section procedures on 278 patients. Because Akoda's

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
IRDALE PARK, MARYLAND 20737-1385
(301) 699-5800

patients came from the private practice(s) with which he was affiliated, and because Dimensions does not have access to prenatal and plan-of-care records maintained by Akoda's private practice(s), Dimensions is unable to ascertain which of those 278 cesarean section procedures might have been planned in advance and which might have been performed on an unplanned and emergent basis.

12.     State the aggregate amount billed by Dimensions for medical services to Patients.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects because the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. DHC objects that the interrogatory is overbroad and unduly burdensome. Without waiving and subject to the objections stated above, pursuant to Rule 2-421(c), DHC incorporates Russell and Riggins' medical billing statements which are being produced in response to Russell's request for production of documents.

13.     Identify each insurance provider that were billed for Akoda's services for Patients.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects because the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. DHC objects because the interrogatory is overbroad,

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

unlimited in timeframe and scope, and is unduly burdensome.  Without waiving and subject to these objections, DHC did not bill for Charles J. Akoda's services.

14.     Identify each payment made to Akoda or his employers or agents for medical services provided to Patients.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects because the interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving and subject to these objections, DHC never paid Akoda or his employers or agents for services Akoda provided to Patients. DHC has no basis to know who might have paid "Akoda or his employers or agents" for medical services Akoda provided to his patients.

15.     State all facts concerning Akoda's employment relationship with Dimensions.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. Without waiving and subject to this objection, Akoda never had an employment relationship with DHC.

16.     Identify all attempts to add Akoda onto insurance panels, including but not limited to the Center of Medicare and Medicaid Services and the results of each attempt.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. Without waiving and

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

subject to this objection, DHC never "attempt[ed] to add Akoda onto insurance panels." DHC never employed Akoda.

17.     State the date Dimensions first became aware that Akoda was under investigation by federal or state agencies for identity related crimes.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. Without waiving and subject to this objection, on or about June 15, 2016, Harghajan Arjwat, M.D. informed Director of Medical Affairs Jennifer Bell that Akoda had been picked up by the FBI. On or about June 28, 2016, a Drug Enforcement Agency officer investigating Akoda informed Corporate Compliance Officer Meredith Harrison that Akoda was being held in a federal detention without bail. Harrison was advised that the arrest was related to identity fraud.

18.     Identity [sic] each person responsible for supervising Akoda at Dimensions and what supervision was provided to Akoda at Dimensions by each supervisor.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects because the interrogatory is unlimited as to timeframe and scope. DHC objects because the information sought is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving and subject to these objections, DHC did not "supervise" Akoda. Akoda was a licensed physician and board certified obstetrician and gynecologist who had privileges at Prince George's Hospital Center ("PGHC"). He was never DHC's agent, servant, or employee. DHC had no right to responsibility to supervise or control Akoda's conduct in his

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

practice of medicine, and DHC did not do so. Like any physician with privileges to practice at

PGHC, Akoda was subject to review and evaluation of his competencies, skills, and the quality

and appropriateness of the care he provided. The scope and extent of such review and evaluation

is stated in the Hospital Bylaws, which are being produced in response to Russell's request for

production, and which are incorporated in this answer pursuant to Rule 2-421(c).

19.　　State the start and end dates on which Akoda was approved to perform medical
services on Patients.

**ANSWER:**　DHC objects because Russell has exceeded the 30 interrogatories she is

allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating

to the exact same subject matter, which remains pending in HCADRO. Without waiving and

subject to this objection, Akoda was granted privileges on October 12, 2011. Dr. Akoda's

privileges lapsed on October 1, 2016 when he did not renew his physician's license on or before

September 30, 2016. The last day Dr. Akoda encountered any patient at Prince George's

Hospital Center was almost four months earlier, on June 8, 2016.

20.　　Provide the following information in paper and electronically readable format for
each Patient:

    a.　　Dates of the Medical Service;
    b.　　Name of the Patient;
    c.　　Address of Patient;
    d.　　Type of Medical Services Provided; and
    e.　　Amount billed for Medical Service.

**ANSWER:**　DHC objects because Russell has exceeded the 30 interrogatories she is

allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating

to the exact same subject matter, which remains pending in HCADRO. DHC objects because the

interrogatory seeks information that is irrelevant and not reasonably calculated to lead to the

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800

discovery of admissible evidence in the absence of class certification. DHC objects because the interrogatory seeks the protected health information of patients other than Russell and Riggins, who are non-parties and who have not authorized the release of their protected health information; thus information pertaining to any patient other than Russell or Riggins cannot be provided without violating HIPAA and Maryland statues governing patient privacy, and DHC refuses to provide information concerning other patients. Without waiving and subject to these objections and refusal, pursuant to Rule 2-421(c), DHC refer Russell to her and Riggins' hospital bills produced in response to Russell's request for production of documents. Those bills do not include services performed by Akoda, because DHC did not bill for Akoda's services as Akoda was not DHC's agent, servant, or employee. If patients were billed for Dr. Akoda's services, they were billed by Dr. Akoda or one of the private practices with which he was affiliated.

21.     State Dimensions' policy or regular practice concerning the destruction, disposal and/or retention of any documents requested in this litigation.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. Without waiving and subject to this objection, pursuant to Rule 2-421(c), see DHC's records retention policy, which is produced in response to Russell's request for production of documents.

22.     If you contend that you did not violate any law as alleged in the Class Action Complaint, state all facts concerning such contention.

**ANSWER:**   DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RDALE PARK, MARYLAND 20737-1385
(301) 699-5800

to the exact same subject matter, which remains pending in HCADRO. DHC objects to the extent Russell and Riggins attempt to shift the burden of proof. DHC objects to the extent Russell seeks to require DHC to produce information that is privileged and is undiscoverable and inadmissible under Md. Health Occ. Code Ann. § 1-401, which DHC refuses to do. Without waiving and subject to these objections, the First Amended Class Action Complaint does not allege that DHC violated any law. DHC did not violate any law. If Plaintiffs contend that Dimensions did violate a law, they bear the burden of proving their allegation. At all times relevant to this litigation, Akoda: (a) was certified by the ECFMG, which conducts primary source verifications of all foreign medical graduates before awarding them certification; (b) had completed a residency in obstetrics and gynecology at Howard University, during which time he was named resident of the year; (c) was licensed as a physician by the Maryland Board of Physicians and Virginia Board of Medicine; and (d)  possessed the necessary credentials from the U.S. Drug Enforcement Administration and Maryland Department of Health and Mental Hygiene to prescribe medicine. Additionally, Akoda was board certified in obstetrics and gynecology.

23. If you contend that the facts of Russell's situation are not common to and/or typical of the factual situations of other Patients, state all facts concerning such contention.

**ANSWER:** DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects to the extent Russell seeks to shift the burden of proof to DHC. Without waiving and subject to these objections, Russell's "situation" is not common to or typical of the factual situations of other Patients in that her presentation and obstetric needs for labor and delivery are unique. Russell

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIDALE PARK, MARYLAND 20737-1385
(301) 699-5800

had a right to choose and select her own private obstetrician. She chose Javaka Moore and his practice with which Dr. Akoda was affiliated. The factors Russell considered in making her selection of obstetrician and practice group are personal and specific to her. Her interactions with Akoda prior to delivery, if any, are personal to her and are likely different than the pre-delivery interactions other patients might have had with Dr. Akoda, especially with regard to patients for whom Dr. Akoda provided extensive prenatal care in his private practice outside of Prince George's Hospital Center. In further answer to this interrogatory, pursuant to Rule 2-421(c), see Russell and Riggins' medical records, which are being produced in response to Russell's request for production of documents.

24.     If you contend that Russell is not similarly situated to other Patients, state all facts concerning such contention.

**ANSWER:**     DHC objects because Russell has exceeded the 30 interrogatories she is allowed to ask under Rule 2-421(a). She asked 23 interrogatories in her HCADRO claim relating to the exact same subject matter, which remains pending in HCADRO. DHC objects because this interrogatory is vague and ambiguous and seeks to shift the burden of proof to DHC. Without waiving and subject to these objections, see answer to interrogatory no. 23.

25.     If you contend that individual and discrete questions of law or fact predominate over questions of law or fact common to all Patients, state all facts concerning such contention.

**ANSWER:**     See objections and answers to interrogatories 23 and 24.

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIDALE PARK, MARYLAND 20737-1385
(301) 699-5800

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief.

02/08/2018
Date

_Ronald Laxton_

Ronald Laxton, DNP, RN
Senior Vice President Clinical Services &
Chief Nurse Executive
Dimensions Health Corporation

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIDALE PARK, MARYLAND 20737-1385
(301) 699-5800

{297291.DOCX}

Respectfully submitted,

**MEYERS, RODBELL & ROSENBAUM, P.A.**

Joseph B. Chazen
jchazen@mrrlaw.net

Gina M. Smith
gsmith@mrrlaw.net

Samuel T. Wolf
swolf@mrrlaw.net
6801 Kenilworth Avenue, Suite 400
Riverdale Park, MD 20737
(301) 699-5800
(301) 778-5746 Facsimile

**CERTIFICATE OF SERVICE**

I certify that on this _____ day of February 2018, a copy of these answers to interrogatories

was mailed to:

Cory L. Zajdel
Z Law, LLC
2345 York Road, Suite B-13
Timonium, Maryland 21093

Jay D. Miller
Law Offices of Peter G. Angelos, P.C.
100 North Charles Street, 20th Floor
Baltimore, Maryland 21201

Gina M. Smith

LAW OFFICES
MEYERS, RODBELL
& ROSENBAUM, P.A.
SUITE 400-BERKSHIRE BUILDING
6801 KENILWORTH AVENUE
RIVERDALE PARK, MARYLAND 20737-1385
(301) 699-5800