# EXHIBIT 38

## IN THE CIRCUIT COURT
## FOR PRINCE GEORGE'S COUNTY, MARYLAND

MONIQUE RUSSELL
(Prince George's County, Maryland)

JASMINE RIGGINS

    *on their own behalf and on behalf of*
    *all others similarly situated,*

        Plaintiffs,

        v.

DIMENSIONS HEALTH CORPORATION

        Defendant.

JURY TRIAL REQUESTED

Case No. CAL 17-22761

---

### FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Monique Russell and Jasmine Riggins (collectively "Named Plaintiffs" or individually "Russell" or "Riggins"), on their own behalf and on behalf of all others similarly situated, through their attorney Cory L. Zajdel, Esq. and Z LAW, LLC , Jay D. Miller, Esq. and the Law Offices of Peter G. Angelos, P.C., hereby submits this First Amended Class Action Complaint against Defendant Dimensions Health Corporation ("Dimensions") and for support state as follows:

### I.    <u>PARTIES AND JURISDICTION</u>

1.    Plaintiff Monique Russell is a natural person currently residing at 2811 63rd Place, Cheverly, MD 20785 (Prince George's County, Maryland).

2.    Plaintiff Jasmine Riggins is a natural persons currently residing at 312 37th Street, Apt. #304, Washington, DC 20019.



3.      Defendant Dimensions Health Corporation ("Dimensions") is a corporation organized under the laws of the State of Maryland and located in Prince George's County, Maryland, to provide medical services to the members of the public, operating as a health care facility, specializing in various areas of medicine, and specifically, in this case, in the field of obstetrics and gynecology, including by way of example and not by way of limitation: administration, staffing, credentialing, and/or supervision of personnel and employees, which held itself out to the public and to the Plaintiffs that it, and its agents, servants, credentialed doctors, and/or employees, possessed the degree of skill, knowledge and ability ordinarily possessed by reasonably prudent, licensed, credentialed, and competent medical providers practicing under the same or similar circumstances as those involving Plaintiffs.

4.      Defendant Dimensions Health Corporation is also known as Dimensions Healthcare System, Prince George's Hospital Center, Laurel Regional Hospital, Bowie Health Center and Family Health and Wellness Center.

5.      At all times relevant, Oluwafemi Charles Igberase also known as Charles J. Akoda, M.D. ("Akoda") was the actual and/or apparent, duly authorized agent, servant and/or employee of Dimensions and carried on a regular medical practice in Prince George's County, Maryland.

6.      At all times relevant, Akoda was purportedly licensed as a physician in the State of Maryland, in the practice of Obstetrics and Gynecology, who represented to the public and to the Plaintiffs that he possessed the degree of skill, knowledge and ability ordinarily possessed by reasonably prudent OB/GYN practicing under the same or similar circumstances as those involving the Plaintiffs.

- 2 -

7.      At all times relevant, Akoda acquired, serviced and performed invasive obstetrical procedures on patients in his medical office and through Dimensions facilities including but not limited to Prince George's Hospital Center and Family Health and Wellness Center as Akoda.

8.      The matter in controversy exceeds the sum of thirty thousand dollars ($30,000.00), exclusive of interest and costs.

9.      This Court has jurisdiction over this case under MD. CODE ANN., CTS. & JUD. PROC. § 1-501.

10.      This Court has personal jurisdiction over Dimensions pursuant to MD. CODE ANN., CTS. & JUD. PROC. § 6-103(1)-(3), as Dimensions systematically and continually transacts business in Maryland, the case arises out of conduct that took place within Maryland and Dimensions is a Maryland corporation with its headquarters in Maryland.

11.      The Circuit Court of Maryland for Prince George's County is the appropriate venue under MD. CODE ANN., CTS. & JUD. PROC. § 6-201 and 6-202 because the acts giving rise to the claims occurred in Prince George's County, Maryland and Dimensions maintains its principal offices and carries on regular business in Prince George's County, Maryland.

## II.      FACTS COMMON TO ALL COUNTS

12.      Monique Russell was a patient of Oluwafemi Charles Igberase on or about May 25, 2016 at Dimensions.  Monique Russell knew Oluwafemi Charles Igberase as Akoda.

13.      Akoda delivered Monique Russell's child through unplanned emergency cesarean section surgery.

14.      Jasmine Riggins was a patient of Oluwafemi Charles Igberase between August 2012 and March 2013 at Dimensions.  Jasmine Riggins knew Oluwafemi Charles Igberase as Akoda.

15.     Akoda delivered Jasmine Riggins' child through unplanned emergency cesarean section surgery.

16.     Prior to using the name Akoda, Oluwafemi Charles Igberase was raised and lived outside of the United States of America.

17.     Akoda never attended or graduated from a medical school.

18.     At some time in 1991 Akoda entered the United States of America on a Nonimmigrant Visa.

19.     In April 1992, Akoda submitted an application for certification by the Educational Commission for Foreign Medical Graduates ("ECFMG").  ECFMG is an organization which, among other things, provides certification to international medical school graduates before such individuals may enter graduate medical education programs in the United States.

20.     In October 1993, ECFMG issued a certification to Akoda but only after multiple attempts to pass the three-part United States Medical Licensing Examination ("USMLE"). Because Akoda did not pass the USMLE in a competent manner, he was denied acceptance into an accredited residency program.

21.     In order to resolve this problem, Akoda created a false identity by obtaining a fraudulent social security number.  In March of 1994, Akoda applied for and received a second ECFMG certification under the name of "Igbarese Oluwafemi Charles."

22.     The ECFMG Committee on Medical Education Credentials determined that Oluwafemi Charles Igberase fraudulently applied for and obtained two ECFMG certifications under different names and dates of birth and revoked both ECFMG certifications in December 1995.

23.    Oluwafemi Charles Igberase again passed the ECFMG in 1998 this time using the name "John Nosa Akoda."

24.    Oluwafemi Charles Igberase, using the name Akoda, applied for and was accepted into a residency program at Jersey Shore Medical Center in 2000.

25.    Jersey Shore Medical Center quickly learned that Oluwafemi Charles Igberase's social security number and identity as Akoda did not match up and later suspended Oluwafemi Charles Igberase from the residency program in August 2000 and dismissed Oluwafemi Charles Igberase in November 2000.

26.    In 2006, Akoda was accepted into a residency program at Howard University using the name "John Charles Akoda," a fake SSN and fake permanent resident card.  He completed this program in 2011.  He thereafter applied for and received a Maryland medical license using "Charles John Nosa Akoda", a fake SSN, fake permanent residence card and fake Nigerian passport.

27.    In early 2012, Akoda applied for and obtained privileges and became a member of the medical staff at Dimensions under the name "Charles John Nosa Akoda"-which was different than the name on his ECFMG certification and also using a fake permanent resident card, fake Maryland driver's license, fake Nigerian passport and fake letters of recommendation.

28.    In 2012, Dimensions knew or should have known that the ECFMG certification was under a different name and the social security number, permanent resident card, driver's license, passport and letters of recommendation provided to Dimensions by  Akoda were fraudulent.

29.    In March 2012, the Center of Medicare and Medicaid Services denied Akoda's application to enroll for Medicare reimbursement using the Akoda identity and the same

documentation used for privileges at Dimensions due to the Center of Medicare and Medicaid Services' determination that Akoda did not provide an accurate social security number.

30.     Akoda acted an as obstetrician-gynecologist in the State of Maryland between the years of 2008 and 2016 at all times practicing under the name Charles John Nosa Akoda.

31.     From 2008 through 2016, Akoda acted as a doctor practicing obstetrics and gynecology as an actual and/or apparent agent, servant and/or employee of Dimensions under the name Akoda.

32.     On June 9, 2016, law enforcement executed search warrants at Akoda's residence, medical office and vehicle where they found fraudulent or altered documents related to immigration, medical diplomas, medical transcripts, letters of recommendation and birth certificates.

33.     In February 2017, Akoda plead guilty to social security fraud in the United States District Court for the District of Maryland and was sentenced to six (6) months incarceration, three (3) years supervised release, home detention for six (6) months and an assessment of one hundred dollars ($100.00).

34.     Shortly thereafter in early 2017, Dimensions terminated Akoda's employment and medical privileges at Dimensions.

35.     On or about July 10, 2017, the Maryland Board of Physicians revoked Akoda's medical license on the basis of a fraud and felony conviction.

36.     None of Akoda's patients knew his true identity as Oluwafemi Charles Igberase, but rather, knew Oluwafemi Charles Igberase as Akoda.

37.     The Plaintiffs herein did not learn of Akoda's impersonation of a medical doctor until March 16, 2017.  Additionally, the Plaintiffs were in no position to suspect or question Akoda was impersonating a physician and therefore had no reason to inquire.

38.     None of Akoda's patients gave consent to this physician impersonator to perform examinations, invasive procedures and surgeries on their persons.

39.     Class members chose Akoda as their obstetrician relying on his representations that he would deliver Plaintiffs' babies at Dimensions, where he was credentialed to deliver babies.

40.     Akoda informed the Plaintiffs that they would have to seek obstetrical care elsewhere if they did not wish to deliver at Dimensions.  Similarly, Plaintiffs would not have allowed Akoda to manage their pregnancies if he did not have privileges at Dimensions. Additionally, Plaintiffs were informed and aware that their pregnancies would be co-managed in some respects with the medical providers at Dimensions.

41.     On many occasions, Akoda penetrated his patients with parts of his body through the vaginal canal and through the stomach in performing medical services.  Additionally, Akoda performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language.

42.     Akoda's penetrations of his patients were clear boundary violations.

## III.    CLASS ACTION ALLEGATIONS

43.     Named Plaintiffs bring this action on behalf of a Class which consists of:

All patients examined and/or treated in any manner by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.).

**Subclass**

All patients examined and/or treated in any manner at a

Dimensions Health Corporation facility by Oluwafemi Charles Igberase (a/k/a Charles J. Akoda, M.D.).

44.     Excluded from the Class Definition are patients of Akoda whose examination or treatment took place in a location outside the state of Maryland.  Also excluded from the Class Definition are those who were examined and/or treated after Akoda's medical privileges were terminated by Dimensions Health Corporation.

45.     The Class and Subclass, as defined above, are identifiable.  The Named Plaintiffs are members of the Class and Subclass.

46.     The Class consists of more than five hundred (500) patients and is thus so numerous that joinder of all members is clearly impracticable.

47.     The Subclass consists of more than five hundred (500) patients and is thus so numerous that joinder of all members is clearly impracticable.

48.     There are questions of law and fact which are not only common to the Class and Subclass but which predominate over any questions affecting only individual Class Members.

49.     The common and predominating questions include, but are not limited to:

(a)     Whether Akoda was an actual and/or apparent agent, servant and/or employee of Dimensions at all relevant times herein.

(b)     Whether Akoda committed boundary violations on class members.

(c)     Whether Dimensions' actions and/or alleged failures to act, including their alleged negligent failure to properly investigate, credential, qualify, select, monitor and supervise Akoda, directly and proximately resulted in foreseeable injuries or damages to Class Members.

50.     Claims of Named Plaintiffs are typical of the claims of the respective members of the Class and are based on and arise out of similar facts constituting the wrongful conduct of Dimensions.

51.     Named Plaintiffs will fairly and adequately protect the interests of the Class.  The interests of Named Plaintiffs and of all other members of the class are identical.

52.     Named Plaintiffs are cognizant of their duties and responsibilities to the Class.

53.     Named Plaintiffs are committed to vigorously litigating this matter.

54.     Further, Named Plaintiffs have secured counsel experienced in handling class actions and complex litigation.

55.     Undersigned Counsel are uniquely qualified to represent the Class given each firm's resources and vast experience representing Maryland residents in significant and complex litigation at the trial and appellate level, up to and including the United States Supreme Court. Representative cases include, but are not limited to: the 1998 tobacco litigation that resulted in a four billion two hundred million dollar ($4,200,000,000.00) settlement on behalf of the State of Maryland; the Tower Securities litigation that resulted in a one hundred seventeen million five hundred thousand dollar ($117,500,000.00) recovery for the Steamship Trade Association pension fund; a one billion dollar ($1,000,000,000.00) verdict against ExxonMobil Corp. on behalf of four hundred sixty six (466) Baltimore County residents whose water aquifer was polluted with 26,000 gallons of gasoline; a class action suit against Dr. Mark Midei and Catholic Health Initiatives based upon allegations he was implanting unnecessary coronary stents in his patients. Moreover, the Law Offices of Peter G. Angelos has been litigating a separate medical malpractice and credentialing case against Akoda since 2015 and, therefore, has already done a significant amount of investigation and discovery about his conduct that no other Firm can claim.

56.     Neither Named Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

57.     This action is properly maintained as a class action under Md. Rule 2-231(b)(l)(A) in that separate actions by individual members of the Class could create a risk of inconsistent or varying adjudications with respect to individual members of the Class that could establish incompatible standards of conduct for Class Members as well as Dimensions.

58.     This action is properly maintainable as a class action pursuant to Md. Rule 2-231(b)(l)(B) in that separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not party to the adjudications, or would substantially impair or impede their ability to protect themselves.  The Class also fits within the ambit of a limited fund class as Dimensions may contend that it is an eleemosynary institution with limited funds with which to satisfy the thousands of claims which will be made.

59.     This action is also properly maintainable as a Class in that questions of law or fact common to members of the Class predominate over any questions affecting only individual members under MD. RULE 2-231(b)(3).

60.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy between the class and Dimensions.

61.     The commonality of issues of law and fact in this case are clear. Many of the members of the Class are unaware of their rights to prosecute a claim against Dimensions. This class action can be managed without undue difficulty because Named Plaintiffs will

vigorously pursue the interests of the Class by virtue of the fact that Named Plaintiffs have suffered the same injuries as other Class Members.

62.     The difficulties likely to be encountered in the management of a class action in this litigation are insignificant, especially when weighed against the virtual impossibility of affording adequate relief to the members of the Class through thousands of separate actions.

63.     The likelihood that individual members of the Class will prosecute separate actions is remote also because most class members do not know that a claim against Dimensions exists.

64.     Counsel for Named Plaintiffs and the Class is experienced in class actions and foresees little difficulty in the management of this case as a class action.

## IV.     <u>CAUSE OF ACTION</u>

### <u>COUNT ONE</u>
### (Negligent and Grossly Negligent Hiring, Retention, Supervision, Selection, Qualification and Credentialing)

65.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

66.     Between 2008 and 2016, Akoda was an actual and/or apparent, duly authorized agent, servant and/or employee of Dimensions, holding a medical staff position and/or enjoying hospital privileges.

67.     Between 2008 and 2016, Dimensions was responsible to assure and maintain patient safety and privacy for members of the public who received treatment from its agents, servants, and/or employees, such as physicians who were medical staff members and/or enjoyed hospital privileges, including specifically but not limited to Akoda.

68.     Between 2008 and 2016, Dimensions had a duty under applicable standards of

administrative practice and common law to properly investigate, credential, qualify, select, monitor, supervise, and retain only competent physicians and surgeons who practice medicine and/or surgery in accordance with the standards of care and who are not guilty of boundary violations and/or other improper, unlawful or inappropriate behavior including but not limited to violations of internal protocols established by Dimensions.

69. Dimensions also failed to discover, stop, and report any professional misconduct of which they knew or should have known. This common law duty is non-delegable and was known or by the exercise of due care should have been known to all health care providers including Dimensions herein.

70. Between 2008 and 2016, Dimensions had a duty under the applicable standards of care and common law to promulgate proper and effective standards, procedures, protocols, systems and rules to ensure quality care, safety and privacy of its patients.

71. Dimensions knew or should have known, that Oluwafemi Charles Igberase had assumed a fake identity using the name Charles J. Akoda, M.D.

72. Dimensions knew or should have known that Akoda had not graduated medical school and therefore did not have the requisite education, training and competence to provide medical care to its patients and the community.

73. Dimensions knew or should have known, that Akoda engaged in improper, unlawful and unprofessional conduct by undertaking medical services on his patients without consent or authorization.

74. Dimensions knew or should have known, that Akoda engaged in boundary violations during his care and treatment of Named Plaintiffs and the Class.

75. Dimensions breached its common law duties and the applicable standards of

administrative practice on an ongoing basis by negligently failing to investigate, credential, qualify, select, monitor and supervise its medical personnel and to discover, stop and report Akoda.

76. Dimensions' continuing breaches of common law and the applicable standards of administrative care constituted negligence, gross negligence, carelessness, recklessness and wanton misconduct.

77. Dimensions as an institution and/or its officers, directors, management and/or staff committed breaches of the duties owed to Named Plaintiffs and members of the Class including but not limited to the following:

   (a)   negligently failed to properly supervise and oversee Oluwafemi Charles Igberase;

   (b)   negligently credentialed Oluwafemi Charles Igberase;

   (c)   knew or should have known about Oluwafemi Charles Igberase's identity and activity but negligently failed to report, stop and/or prevent its continuation;

   (d)   negligently failed to observe Oluwafemi Charles Igberase's activity;

   (e)   negligently failed to train staff to recognize and report conduct of this type and/or;

   (f)   negligently failed to have or enforce policies and procedures that would prevent this type of activity.

78. Dimensions further breached the applicable standards of administrative care and common law duties on a continuing basis by:

(a)    failing to properly investigate Akoda during his employment and/or association with the Dimensions;

(b)    failing to properly investigate Akoda's identity;

(c)    failing to take appropriate actions to ensure the safety and privacy of patients who came under Akoda's care;

(d)    failing to appropriately credential, qualify, select, investigate, monitor and supervise Akoda;

(e)  continuing Akoda's privileges and employment when Dimensions knew or should have known that he engaged in wrongful, unlawful and outrageous conduct including, but not limited to, assuming the identity of another person, performing medical services on patients without authorization or consent, in addition to engaging in boundary violations, and/or violating other standards of care and/or internal protocols, rules, systems, and procedures;

(f)    granting privileges to an applicant who was not properly educated, trained and competent to provide obstetrical and gynecologic care;

(g)    granting privileges to an applicant who used a false ECFMG certification, false passport, driver's license and resident card and using forged letters of recommendation.

79.    Dimensions' continuing breaches of the applicable standards of administrative care and Dimensions' common law duties constituted negligence, gross negligence, carelessness and recklessness.

80.    Dimensions' ongoing breaches of the common law and violations of the standards of care proximately caused the Named Plaintiffs and all class members physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and

- 14 -

other physical and emotional injuries, damages (both economic and non-economic) and permanent disability, in the past, present and future.

81.   Dimensions' negligence was the sole and proximate cause of the injuries, damages and permanent disability of Named Plaintiffs and class members with Named Plaintiffs and Class Members being in no way contributorily negligent.

82.   As a direct, proximate, immediate and foreseeable result of Dimensions' conduct, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

(a)   Great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

(b)   Severe mental anguish and psychological distress;

(c)   The cost past, present and future cost of medical care, including but not limited to therapy and psychological counseling; and

(d)   Lost earnings and diminished earnings capacity

## COUNT TWO
### (Invasion of Privacy - Intrusion Upon Seclusion)

83.   Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

84.   Akoda intruded upon the solitude, seclusion or private affairs and concerns of Named Plaintiffs and class members by viewing private areas of each patient's body, performing medical procedures on each patient, inserting his extremities inside each patient, performing surgical procedures on patients and other boundary violations all without authorization or consent.

85.   These intrusions are highly offensive to a reasonable individual, such as

Named Plaintiffs and the Class, and was totally unwarranted and unjustified, constituting invasion of privacy, and a violation of The Health Insurance Portability and Accountability Act (HIPAA).

86.     Dimensions is liable and vicariously liable for Akoda's conduct.

87.     As a direct and proximate result of Akoda's acts, Named Plaintiffs suffered physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and other emotional, physical and injuries, damages (both economic and non-economic) and permanent disability, in the past, present and future.

88.     Dimensions' negligence was the sole and proximate cause of the injuries, damages and permanent disability of Named Plaintiffs and the class, with Named Plaintiffs and the class being in no way contributorily negligent.

89.     As a direct, proximate, immediate and foreseeable result of Dimensions' conduct, Named Plaintiffs and class members have and/or will suffer permanent economic and non-economic damages including but not limited to:

     (a)     Great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

     (b)     Severe mental anguish and psychological distress;

     (c)     The past, present and future cost of medical care, including but not limited to therapy and psychological counseling; and

     (d)     Lost earnings and diminished earnings capacity.

## COUNT THREE
### (Intentional Infliction of Emotional Distress)

90.     Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

- 16 -

91.     Akoda's ongoing conduct was intentional and/or reckless  when he viewed private areas of each patient's body, performed medical procedures on each patient, inserted his extremities inside each patient, performed surgical procedures on patients and other boundary violations all without authorization or consent.

92.     Akoda's conduct involved extreme, outrageous and unreasonable conduct and occurred when he acted as a duly authorized agent and/or employee of Dimensions.  As a result, Named Plaintiffs and class members sustained severe emotional distress resulting in physical manifestations, physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and other physical and  emotional injuries, damages (both economic and non-economic) and permanent disability, in the past, present and future, for which this claim is made.  The injuries suffered by the Named Plaintiffs and class members are substantial, continuing, and permanent.

93.     Dimensions is liable and vicariously liable for Akoda's conduct.

94.     The emotional distress that has been sustained by Named Plaintiffs and Class Members was the natural and proximate result of the ongoing wrongful, unlawful and outrageous conduct on the part of the Dimensions as alleged herein.

95.     Dimensions' negligence was the sole and proximate cause of the injuries, damages and permanent disability of Named Plaintiffs and class members, with Named Plaintiffs and Class Members being in no way contributorily negligent.

96.     As a direct, proximate, immediate and foreseeable result of Dimensions' conduct, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

(a)   great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

(b)   severe mental anguish and psychological distress;

(c)   the past, present and future cost of medical care including but not limited to therapy and psychological counseling; and

(d)   lost earnings and diminished earnings capacity.

## COUNT FOUR
### (Battery)

97.   Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

98.   Akoda intentionally and without Named Plaintiffs or class members' consent made unpermitted, harmful and offensive sexual and/or other contact with Named Plaintiffs and Class Members.

99.   At all relevant times, Akoda acted as a duly authorized agent and/or employee of Dimensions.

100.   These contacts would offend an ordinary person's reasonable sense of personal dignity, and constituted an intentional, unpermitted touching of Named Plaintiffs and Class Members.

101.   Dimensions is liable and vicariously liable for Akoda's conduct.

102.   As a result of Dimensions' conduct, Named Plaintiffs and Class Members sustained severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and other physical and emotional injuries, damages (both economic and non-economic) and permanent disability, in the past, present and future, for which this claim is made.

- 18 -

103.   The injuries suffered by Named Plaintiffs and Class Members are substantial, continuing and permanent.  Dimensions is responsible for Akoda's conduct due to its ongoing failure to investigate, credential, qualify, select, monitor and supervise its medical personnel and to discover, stop and report Akoda.

104.   Dimensions' negligence was the sole and proximate cause of the injuries, damages and permanent disability of Named Plaintiffs and Class Members, with Named Plaintiffs and Class Members being in no way contributorily negligent.

105.   As a direct, proximate, immediate and foreseeable result of Dimensions' conduct, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

    (a)   great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

    (b)   severe mental anguish and psychological distress;

    (c)   the past, present and future cost of medical care including but not limited to therapy and psychological counseling; and

    (d)   lost earnings and diminished earnings capacity.

## COUNT FIVE
### (Negligent Entrustment)

106.   Named Plaintiffs re-allege and incorporate by reference the allegations set forth herein, and further allege:

107.   At all times relevant hereto Dimensions appointed, engaged, employed and/or contracted with Akoda to act as its actual and/or apparent, duly authorized agent, servant and/or employee and permitted him to remain as such from 2012 to 2016.

108.   At all times relevant hereto, Dimensions granted privileges to Akoda to

- 19 -

practice as an obstetrician/gynecologist in its medical facilities and on its patients including Named Plaintiffs and Class Members.

109.   In connection with granting Akoda these privileges Dimensions entrusted Akoda with the use of its medical facilities, devices, equipment, machines and/or supplies to provide care and treatment to his and the Dimensions' patients, including Named Plaintiffs and Class Members.

110.   At all times relevant hereto, D imensions owed a continuing duty to Named Plaintiffs and Class Members to use reasonable care to ensure that Akoda was trustworthy, competent, and fit to safely and appropriately   utilize the medical facilities, devices, equipment, machines,  and/or supplies it entrusted to him to treat its patients such as Named Plaintiffs and Class Members.

111.   At all times relevant hereto, Dimensions knew or should have known, and/or had actual or constructive knowledge and/or reasonable suspicion that Akoda was using the Dimensions' medical facilities, devices, equipment, machines, and/or supplies to engage in unprofessional, unlawful and outrageous conduct by viewing private areas of each patient's body, performing medical procedures on each patient, inserting his extremities inside each patient, performing surgical procedures on patients and other boundary violations all without authorization or consent.

112.   Dimensions breached these duties owed to Named Plaintiffs and Class Members by entrusting Akoda with the medical facilities, devices, equipment, machines, and/or supplies which he used to perform the acts which are the subject of this Amended Complaint.

113.   Dimensions negligently breached these duties owed to Named Plaintiffs and

class members and failed to carry out their responsibilities in accordance with the level of care and skill expected of a reasonably prudent medical corporation under the same or similar circumstances, by entrusting Akoda with their patients, including Named Plaintiffs and Class Members, and with the use of medical facilities, devices, equipment, machines, and/or supplies.

114.   As a result of this negligence by Dimensions, Named Plaintiffs and Class Members sustained severe emotional distress and physical pain, emotional anguish, fear, anxiety, humiliation, embarrassment and other physical and emotional injuries, damages (both economic and non- economic) and permanent disability, in the past, present and future, for which this claim is made. The injuries suffered by Named Plaintiffs and class members are substantial, continuing and permanent.

115.   Dimensions' negligence was the sole and proximate cause of the injuries, damages and permanent disability of Named Plaintiffs and class members, with Named Plaintiffs and class members being in no way contributorily negligent.

116.   As a direct, proximate, immediate and foreseeable result of Dimensions' conduct, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages including but not limited to:

(a)   great indignity, humiliation, shame, mortification and other injuries to their physical, mental, emotional and nervous systems;

(b)   severe mental anguish and psychological distress;

(c)   the past, present and future cost of medical care including but not limited to therapy and psychological counseling; and

(d)   lost earnings and diminished earnings capacity.

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs respectfully pray that this Court:

A.      assume jurisdiction of this case;

B.      enter an order certifying the Class under MD. RULE 2-231(b)(1)(A-B) and 2-231(b)(3);

C.      appoint Named Plaintiffs as Class Representatives;

D.      appoint Named Plaintiffs' Counsel as Class Counsel;

E.      enter a judgment against Dimensions finding it liable to Named Plaintiffs and each Class Member;

F.      award compensatory damages to each class member in an amount which exceeds seventy five thousand dollars;[1]

G.      award punitive damages to each Class Member;

H.      award the costs and expenses of this case, including attorneys' fees;

I.      award pre-judgment and post-judgment interest; and

J.      award such other relief as the court deems appropriate.

Respectfully submitted,

Z LAW, LLC

Dated: December 15, 2017      By: _____

Cory L. Zajdel, Esq.
2345 York Road, Suite #B-13
Timonium, Maryland 21093
(443) 213-1977
clz@zlawmaryland.com

---

[1] Pursuant to MD. RULE 2-305, Named Plaintiffs state that each of their claims exceed seventy five thousand dollars ($75,000.00).

Jay D. Miller, Esq.
LAW OFFICES OF PETER G. ANGELOS, P.C.
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, Maryland 21201
(410) 649-2000
JMiller@lawpga.com

**Attorneys for Plaintiffs**

**JURY TRIAL**

Named Plaintiffs on behalf of themselves and all others similarly situated demands trial

by jury on all issues so triable.

_____
Cory L. Zajdel

**CERTIFICATE OF SERVICE**

I certify that on this 15th day of December, 2017, I caused a copy of the foregoing First

Amended Class Action Complaint to be placed in the mail for delivery using first class postage

prepaid to:

Joseph B. Chazen, Esq.
Gina M. Smith, Esq.
Samuel T. Wolf, Esq.
Meyers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737

**Counsel for Defendant Dimensions Health Corporation**

_____
Cory L. Zajdel

- 23 -