# **EXHIBIT 14**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MONIQUE RUSSELL, JASMINE RIGGINS,   *
ELSA M. POWELL AND DESIRE EVANS,

                                 *     Case No. 2:18-cv-05629-WB

       Plaintiffs

                                 *     Hon. Wendy Beetlestone

     v.                              *

EDUCATIONAL COMMISSION FOR       *
FOREIGN MEDICAL GRADUATES

       Defendant                *

     *     *     *     *     *     *     *     *     *     *     *

**PLAINTIFF MONIQUE RUSSELL'S SUPPLEMENTAL ANSWERS TO
FIRST SET OF INTERROGATORIES AND SUPPLEMENTAL RESPONSES
TO <u>FIRST SET OF</u> <u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

      Plaintiff, Monique Russell, pursuant to Federal Rules Civil Procedure 26, 33 and 34,

serves the following Supplemental Answers to First Set of Interrogatories propounded by the

defendant.

      The information supplied in these answers is not based solely on the knowledge of the

executing party, but includes, where applicable, that of her agents, representatives and, unless

privileged, attorneys.  Furthermore, the precise word usage and sentence structure is that of the

executing party's' attorneys and does not purport to be, and is not necessarily, the exact language

of the executing party.

      Plaintiff objects to the instructions and definitions that accompany the interrogatories to

the extent that those instructions and definitions impose upon her obligations beyond those

imposed by the Federal Rules of Civil Procedure.

By providing information in response to the interrogatories, Plaintiff does not admit the relevance or admissibility of any of the information supplied but instead reserves the right to object to the admissibility of the information.

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Describe in detail each and every instance in which you were a patient of Akoda, including how you chose Akoda as your doctor, the date you were a patient, and the specific nature of the treatments and examinations performed.

### SUPPLEMENTAL ANSWER:

**Akoda was the on-call physician when Plaintiff presented at PGHC on May 25, 2016. Akoda delivered Plaintiff's son, Luka Romero Russell, on May 25, 2016.**

***Plaintiff did not choose Akoda as her doctor. She was a patient of Moore & Associates. Akoda did not provide prenatal care to Plaintiff.***

### INTERROGATORY NO. 2:

Describe in detail the alleged injuries for which you are seeking to recover in this litigation, including when you first became aware of those injuries, how you became aware of those injuries, whether you have seen any health care provider for treatment of those alleged injuries and if so, who and when, and each and every aspect of those injuries.

### SUPPLEMENTAL ANSWER:

**Plaintiff has suffered severe and substantial emotional injuries as a result of the negligence described in the Complaint. As a survivor of ▓▓▓▓▓▓▓▓▓▓▓, Plaintiff had made great progress with regard to issues of trust and with violations or encroachments on her personal space, especially with regard to her body, previous to her interactions with Akoda. However, upon learning that Akoda was not in fact a licensed physician, her trust issues were exacerbated and came back in full force. These trust issues have flowed over into Plaintiff's marriage, interfering with her intimacy with her husband**

as she finds it very difficult to engage in sexual relations with him.  Plaintiff not only feels

violated by Akoda, but also feels she was sexually and physically abused by him.  Akoda

performed vaginal examinations on Plaintiff during labor and performed Cesarean section

surgery on her to deliver her child.  Before learning the truth about Akoda, Plaintiff had

worked hard to overcome her deep fear and distrust, and to develop and maintain

confidence and trust in her OB/GYN provider, Moore & Associates, believing that the

doctors working under the practice and that treated her were, at the very least, legitimately

credentialed, legally licensed, and possessed the proper education necessary in the practice

of medicine.   On June 19, 2017, Plaintiff was horrified and devastated to discover Akoda

was not a "real" doctor. She became obsessed with her search for understanding of how

Akoda received privileges at Prince George's Hospital to touch her, and to "cut into her."

Plaintiff's search for understanding of this situation has created in her a substantial

distrust of doctors and because of this distrust, she is now unable to seek medical

treatment.  This lack of trust was amplified when Plaintiff discovered that Defendant

Dimensions never performed an appropriate background check on Akoda before allowing

him to perform surgeries in its hospital.  Plaintiff's lack of trust is impeding her ability to

select any new health or mental care provider, and consequently, seeking medical and

mental health care for the emotional trauma she has suffered.  She continues to cope daily

with her feelings of violation and harm as best she can, but has been emotionally

devastated by this situation.  As discovery is ongoing, Plaintiff reserves the right to

supplement this Answer.

*Plaintiff has not seen any health care providers for treatment of these injuries.*
*Plaintiff began experiencing these injuries when she learned in June 2017 that Akoda was not*

*really a doctor.  Plaintiff learned from an online Moore & Associates website when she*

*searched for the name of the doctor who delivered her son that Akoda's photograph had been*

*removed.  She then located the hospital paperwork showing Akoda's name and she then*

*searched the internet to see where he was practicing. Through this search Plaintiff found a*

*U.S. Justice Department press release detailing Akoda's criminal charges.  Plaintiff is seeking*

*only non-economic damages.*

**INTERROGATORY NO. 7:**

Describe in detail all facts that support the allegation in the Complaint that you chose
Akoda as your "obstetrician/gynecologist" on the basis of [your] belief that Akoda had obtained
all necessary credentials and certifications required of physicians practicing in the United States,
including certification from ECFMG," including facts relating to when you first learned about
ECFMG, its certification services, and its certification of Akoda.

**SUPPLEMENTAL ANSWER:**

**Plaintiff would not have chosen anyone as her Ob/Gyn who was not a real physician.**

**Plaintiff naturally assumed Akoda was a real physician.**

*Plaintiff is relying on her attorneys for these allegations and Plaintiff has no personal*

*knowledge of them.*

**INTERROGATORY NO. 9:**

Describe in detail any and all remedies that you seek in connection with this lawsuit,
including each element of damages or other relief to which you claim you are entitled, the
method of calculating each such element of damages or other relief, the amount of each element
of damages or other relief, and the time period for which you are seeking damages or other relief.

**SUPPLEMENTAL ANSWER:**

**Plaintiff adopts by reference her answer to interrogatory no. 2.  The amount of these**

**damages is for the jury to determine.  Plaintiff seeks damages for these injuries as**

**determined by the jury.**

*Plaintiff is not making a claim for economic damages.*

## INTERROGATORY NO. 11:

Describe in detail any arrangements that you have made with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial obligations associated with the bringing of this lawsuit.

## SUPPLEMENTAL ANSWER:

**Plaintiff objects to this Interrogatory on the grounds that the information requested is protected from discovery by the attorney-client privilege and on the grounds that it is not relevant to any claim or defense in this action.**

*Subject to and without waiving these objections, Plaintiff has a standard contingency fee agreement with her attorneys, pursuant to which she pays no fees unless there is a recovery and counsel advances expenses.  There are no other financial arrangements.  All clients retained by the Law Offices of Peter G. Angelos, P.C., the Law Offices of David Ellin and Z Law, LLC have signed the same retainer agreement.*

## INTERROGATORY NO. 12:

Identify each and every Putative Class Member of whom you are aware, and for each person, describe in detail all facts supporting your contention that he or she is a Putative Class Member.

## SUPPLEMENTAL ANSWER:

**Plaintiff's counsel represents numerous persons who are putative members of the class.  Counsel for Plaintiff has a list of persons who have been retained by Plaintiff's counsel as members of the putative class.  Plaintiff's counsel has sufficient information to establish that these clients were seen or treated by Akoda.  Plaintiff's counsel is also aware that other attorneys in this case represent numerous persons who are putative members of the class, but is not aware of their identities. Plaintiff believes that there are approximately 1,000 patients seen or treated by Akoda.**

*Attachment A is a list of persons represented jointly by the Law Office of Peter G.*

*Angelos, P.A., the Law Offices of David Ellin and Z Law, LLC.*

## INTERROGATORY NO. 15:

Identify and describe in detail each and every health care provider (including but not limited to physicians, psychologists, nurses, and/or therapists) from whom you have sought treatment, and for each health care provider, state whether you sought treatment from the health care provider to address the alleged injuries for which you are seeking to recover in this litigation.

## SUPPLEMENTAL ANSWER:

**Plaintiff objects to this interrogatory on the grounds that it is overly broad and burdensome. As worded, this Interrogatory seeks information about Plaintiff's health care that is unrelated to her treatment by Akoda. It is not limited in time or scope and seeks information that is not relevant.**

*Plaintiff is able at present to recall the following medical history:*

- *For the past ten years, Plaintiff's family doctor has been Mark Major, M.D., 1300 Spring Street, Silver Spring, MD 20910*

- *Shelly Williams, M.D., 8241 Georgia Avenue, Silver Spring, MD 20910 was Plaintiff's family doctor before Dr. Major*

- *Shawn Howell, M.D., 2311 M Street NW, Washington DC was Plaintiff's cardiologist, who diagnosed her with vasovagal syncope. After the diagnosis, Plaintiff did not see Dr. Howell again until her pregnancy*

- *Danielle Waldrop, M.D., 7525 Greenway Center Drive, Suite 216, Greenbelt, MD 20770 was Plaintiff's Ob-Gyn during her pregnancy*

- *ATI Physical Therapy, 2900 Belcrest Center Drive, Suite 104-A, Hyattsville, MD 20782 (treatment for back pain)*

6

- *Silver Spring Medical Center, 11301 Amherst Avenue, Suite 102, Silver Spring, MD 20902 (physical therapy following motor vehicle accident).*

## SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS

### General Objections

1.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks to impose obligations in excess of the requirements of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to each of Defendant's requests to the extent that the request is vague or ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents that are publicly available or that Defendant may more directly, easily, and conveniently obtain from other sources.

4.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents beyond Plaintiffs' possession, custody or control.

5.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks the production of materials or the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable protections.  The inadvertent production of materials or information subject to the protections of the attorney-client privilege, the attorney work product doctrine, or similar privileges or protections from discovery shall not constitute a waiver of any such privileges or protections.

6.      To the extent that Defendant requests documents and information that constitute sensitive, confidential, or proprietary information, Plaintiff will produce such documents only after the execution of a suitable confidentiality agreement between the parties.

7

7.     Because Defendant's requests contain numerous redundant items, documents may respond to multiple requests and it is therefore impractical and unduly burdensome to identify the specific requests to which documents respond.

8.     These responses are made without waiver of:  (i) any objections to competency, relevancy, materiality, privilege, and the admissibility of each response, including documents produced and the subject matter thereof, in any further proceedings in this action;  (ii) the right to object to the use of any document provided pursuant to this response, or the subject matter thereof, on any ground in any further proceedings in this action;  and (iii) the right, at any time, to revise, correct, supplement or clarify any of these responses.

9.     Plaintiff expressly reserves the right to rely at any time, including in any further proceedings in this action, on documents that are subsequently discovered or were omitted from these responses as a result of mistake, error, oversight or inadvertence.

10.     These responses and any further responses or documents produced pursuant thereto are made without any acknowledgment or concession that the documents requested are relevant to the subject matter of this action.

11.     The statement in any given response that documents will be produced means that documents will be produced, as limited by the relevant objections, provided that such documents exist and are in the possession, custody or control of Plaintiff.  Plaintiff's stated willingness to produce certain classes of documents should in no way be construed as an affirmative acknowledgment that such documents either exist or are in the possession, custody or control of Plaintiff.

12.     The foregoing General Objections are hereby incorporated by Plaintiff into the responses to each and every one of Plaintiff's specific requests set forth below, and to each and

8

every amendment, supplement or modification to these responses hereinafter provided to the specific requests propounded by the Defendant. Plaintiff does not intend to waive any General Objection responsive to any specific request.

**REQUEST NO. 7:**

All documents relating to Putative Class Members.

**SUPPLEMENTAL RESPONSE:**

**Objection. This request is ambiguous, overbroad and seeks documents which are not proportionate to the needs of this case. If Defendant will clarify it, Plaintiff will attempt to respond.**

*Plaintiff is producing a list of all persons represented by the law firms identified in answer to Interrogatory No. 12.*

**REQUEST NO. 30:**

All documents and communications relating to your allegation that ECFMG owed a duty to you and Putative Class Members.

**SUPPLEMENTAL RESPONSE:**

**Objection. Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it calls for a legal conclusion as to any documents that may be responsive to this request. This request also appears to be duplicative of other requests to which, subject to the above stated objection, Plaintiff has responded that, if she has any such documents, they will be produced.**

*Subject to and without waiving these objections, to the extent any such documents exist, they will or have been produced.*

**REQUEST NO. 34:**

All W-2 forms, wage documents, and state and federal income tax returns, including all forms, schedules, and attachments.

## SUPPLEMENTAL RESPONSE:

**Objection. Upon advice of counsel, Plaintiff objects to this request and declines to produce any documents other than the documents showing the time she may have missed from work for a brief period of time after her surgery.**

*Subject to and without waiving these objections, Plaintiff is not making any claim for economic damages and therefore the requested documents are not relevant.*

## REQUEST NO. 35:

All medical records, pharmacy records, doctor's notes, or similar documents relating to any physical or mental health diagnosis, illness, injury, or treatment you have experienced or received.

## SUPPLEMENTAL RESPONSE:

**Objection. Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it is overly broad and burdensome in that it is not limited in time or scope and that it seeks information that is not relevant to any claim or defense in this action.**

*Subject to and without waiving these objections, Plaintiff has never sought nor received treatment for any mental health diagnosis, illness of injury. Plaintiff's medical records relating to the history set out in response to interrogatory no. 15 are not relevant.*

## REQUEST NO. 36:

All medical bills, statements, and other documents relating to expenses you incurred for examination and treatment of alleged injuries.

## SUPPLEMENTAL RESPONSE:

**The requested documents will be produced.**

10

*Plaintiff has not sought nor received medical treatment for the injuries she is claiming*

*in this litigation.  Plaintiff has no bills or expense documentation.*

## REQUEST NO. 37:

All medical bills, statements, and other documents relating to expenses paid on your behalf by any insurance carrier or health plan for examination and treatment of alleged injuries.

## SUPPLEMENTAL RESPONSE:

**The requested documents will be produced.**

*Plaintiff has not sought nor received medical treatment for the injuries she is claiming*

*in this litigation.  Plaintiff has no bills or expense documentation.*

## REQUEST NO. 41:

All statements you or your attorneys have obtained from individuals concerning the allegations in the Complaint or any alleged unlawful conduct by ECFMG.

## SUPPLEMENTAL RESPONSE:

**Objection.  Plaintiff has not obtained any statements.  Upon advice of counsel,**

**Plaintiff objects to this request insofar as it seeks statements obtained by her attorneys and**

**declines to produce the requested documents on the grounds that they are protected from**

**discovery by the work-product doctrine.**

*Subject to and without waiving these objections, Plaintiff has not made any sworn*

*statements in the Akoda litigation.*

## REQUEST NO. 42:

All documents and communications relating to any arrangements that you have made with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial obligations associated with the bringing of this lawsuit.

## SUPPLEMENTAL RESPONSE:

**Objection. Upon advice of counsel, Plaintiff objects to this request on the grounds that it seeks documents protected from discovery by the attorney-client privilege and on the grounds that it requests documents which are not relevant to any claim or defense in this action.**

*Subject to and without waiving these objections, see Supplemental Answer to Interrogatory No. 11.*

## REQUEST NO. 43:

All documents and communications, including but not limited to consulting or financing agreements, relating to individuals or entities, other than you or your attorneys, that are (a) providing any funding of any attorneys' fees, expenses, or costs related to this lawsuit; (b) providing any information, services, or assistance concerning this lawsuit to you or your attorneys, either directly or indirectly; or (c) have a financial interest or right to receive compensation that is contingent on the outcome of this lawsuit by settlement, judgment, or otherwise; or (d) are receiving any form of compensation or remuneration for providing any information, services, or assistance concerning this lawsuit.

## SUPPLEMENTAL RESPONSE:

**Plaintiff adopts by reference her response to Request No. 42.**

*There are no financial arrangements with anyone other than Plaintiff's attorneys.*

## REQUEST NO. 44:

All documents and communications relating to the remedies you seek, including each element of damages or other relief to which you allegedly are entitled, the method of calculating each such element of damages or other relief, and the amount of each element of damages or other relief.

## SUPPLEMENTAL RESPONSE:

**The requested documents will be produced.**

*Plaintiff is seeking only non-economic damages; there are no documents responsive to this request.*

12

CONRAD & O'BRIEN, P.C.


 /s/ Nicholas M. Centrella
Nicholas M. Centrella, Esquire (ID No. 67666)
ncentrella@conradobrien.com
Howard M. Klein, Esquire (ID No. 33632)
Benjamin O. Present, Esquire (ID No. 322682)
1500 Market Street
Centre Square, West Tower, Suite 3900
Philadelphia, PA 19102-2100
Telephone: (215) 864-9600
Fax: (215) 864-9620


LAW OFFICES OF PETER G. ANGELOS, P.C.


 /s/ Paul M. Vettori
Jay D. Miller (*Pro Hac Vice Forthcoming*)
jmiller@lawpga.com
Danielle S. Dinsmore (*Pro Hac Vice Forthcoming*)
ddinsmore@lawpga.com
Paul M. Vettori (*Pro Hac Vice Forthcoming*)
pvettori@lawpga.com
One Charles Center
100 North Charles Street
Baltimore, MD  21201
Telephone: (410) 649-2000
Fax: (410) 649-2150
*Attorneys for Plaintiff, Monique Russell*

Dated: June  13 , 2019

## VERIFICATION

I, Monique Russell, hereby aver that the factual statements in the foregoing *Supplemental Answers to Interrogatories* are true and correct to the best of my knowledge, information and belief, and that these Answers are made subject to the penalties relating to unsworn falsification to authorities.

_____
Monique Russell

Dated: June ___7___, 2019

14

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the foregoing *Supplemental Answers to Interrogatories and Document Requests* to be served on the following via electronic mail:

Brian W. Shaffer
Elisa P. McEnroe
Matthew D. Klayman
MORGAN, LEWIS & BOCKUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

/s/ Nicholas M. Centrella
Nicholas M. Centrella

June 13 , 2019

15

**ATTACHMENT A TO SUPPLEMENTAL DISCOVERY RESPONSES**

**NAME**                                    **D/O/B**



**NAME**                                          **D/O/B**



**NAME**                                    **D/O/B**



**NAME**                                    **D/O/B**



**NAME**                                    **D/O/B**



**NAME**                                    **D/O/B**



**NAME**                                              **D/O/B**

