# EXHIBIT 21

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MONIQUE RUSSELL, JASMINE RIGGINS,     *
ELSA M. POWELL AND DESIRE EVANS,

                                *        Case No. 2:18-cv-05629-WB

         Plaintiffs

                                *        Hon. Wendy Beetlestone

     v.

                                *

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES        *

         Defendant                    *

       *      *      *      *      *      *      *      *      *      *      *

**PLAINTIFF MONIQUE RUSSELL'S ANSWERS TO FIRST SET OF**
**INTERROGATORIES AND RESPONSES TO FIRST SET OF**
**REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Monique Russell, pursuant to Federal Rules Civil Procedure 26, 33 and 34,

serves the following Answers to First Set of Interrogatories propounded by the defendant.

The information supplied in these answers is not based solely on the knowledge of the

executing party, but includes, where applicable, that of her agents, representatives and, unless

privileged, attorneys.  Furthermore, the precise word usage and sentence structure is that of the

executing party's' attorneys and does not purport to be, and is not necessarily, the exact language

of the executing party.

Plaintiff objects to the instructions and definitions that accompany the interrogatories to

the extent that those instructions and definitions impose upon her obligations beyond those

imposed by the Federal Rules of Civil Procedure.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe in detail each and every instance in which you were a patient of Akoda, including how you chose Akoda as your doctor, the date you were a patient, and the specific nature of the treatments and examinations performed.

**ANSWER:**

**Akoda was the on-call physician when Plaintiff presented at PGHC on May 25, 2016. Akoda delivered Plaintiff's son, Luko Romero Russell, on May 25, 2016.**

**INTERROGATORY NO. 2:**

Describe in detail the alleged injuries for which you are seeking to recover in this litigation, including when you first became aware of those injuries, how you became aware of those injuries, whether you have seen any health care provider for treatment of those alleged injuries and if so, who and when, and each and every aspect of those injuries.

**ANSWER:**

**Plaintiff has suffered severe and substantial emotional injuries as a result of the negligence described in the Complaint. As a survivor of ███████████████, Plaintiff had made great progress with regard to issues of trust and with violations or encroachments on her personal space, especially with regard to her body, previous to her interactions with Akoda. However, upon learning that Akoda was not in fact a licensed physician, her trust issues were exacerbated and came back in full force. These trust issues have flowed over into Plaintiff's marriage, interfering with her intimacy with her husband as she finds it very difficult to engage in sexual relations with him. Plaintiff not only feels violated by Akoda, but also feels she was sexually and physically abused by him. Akoda performed vaginal examinations on Plaintiff during labor and performed Cesarean section surgery on her to deliver her child. Before learning the truth about Akoda, Plaintiff had worked hard to overcome her deep fear and distrust, and to develop and maintain confidence and trust in her OB/GYN provider, Moore & Associates, believing that the**

2

**doctors working under the practice and that treated her were, at the very least, legitimately credentialed, legally licensed, and possessed the proper education necessary in the practice of medicine.   On June 19, 2017, Plaintiff was horrified and devastated to discover Akoda was not a "real" doctor. She became obsessed with her search for understanding of how Akoda received privileges at Prince George's Hospital to touch her, and to "cut into her." Plaintiff's search for understanding of this situation has created in her a substantial distrust of doctors and because of this distrust, she is now unable to seek medical treatment.  This lack of trust was amplified when Plaintiff discovered that Defendant Dimensions never performed an appropriate background check on Akoda before allowing him to perform surgeries in its hospital.  Plaintiff's lack of trust is impeding her ability to select any new health or mental care provider, and consequently, seeking medical and mental health care for the emotional trauma she has suffered.  She continues to cope daily with her feelings of violation and harm as best she can, but has been emotionally devastated by this situation.  As discovery is ongoing, Plaintiff reserves the right to supplement this Answer.**

**INTERROGATORY NO. 3:**

Describe in detail all facts that support the allegation in the Complaint that ECFMG owed a duty to Plaintiffs and the Putative Class Members.

**ANSWER:**

**The facts that support these allegations are set forth in the Complaint.  See, e.g., paragraphs 5, 10-47, and 68-69.  Plaintiff's investigation is continuing.**

**INTERROGATORY NO. 4:**

Describe in detail all facts that support the allegation in the Complaint that ECFMG breached a duty owed to Plaintiffs and the Putative Class Members.

**ANSWER:**

**The facts that support these allegations are set forth in the Complaint.  See, e.g., paragraphs 70-80.  Plaintiff's investigation is continuing.**

**INTERROGATORY NO. 5:**

Describe in detail all facts that support the allegation in the Complaint that ECFMG's supposed negligence was the "sole and proximate cause" of your alleged injuries and damages.

**ANSWER:**

**Plaintiff adopts by reference her answer to Interrogatory No. 4.**

**INTERROGATORY NO. 6:**

Describe in detail all facts that support the allegations in the Complaint that Akoda "performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language" and committed "boundary violations."

**ANSWER:**

**Based on information obtained by counsel, Plaintiff believes that, with respect to certain class members, Akoda made lewd comments and inappropriate touchings. Plaintiff's investigation is continuing.**

**INTERROGATORY NO. 7:**

Describe in detail all facts that support the allegation in the Complaint that you chose Akoda as your "obstetrician/gynecologist" on the basis of [your] belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States, including certification from ECFMG," including facts relating to when you first learned about ECFMG, its certification services, and its certification of Akoda.

**ANSWER:**

**Plaintiff would not have permitted Akoda to touch her or deliver her son if she had known he was not a real physician. Plaintiff naturally assumed Akoda was a real physician.**

**INTERROGATORY NO. 8:**

Identify and describe in detail each and every communication you had with anyone (other than with your attorneys) about the claims or facts underlying the claims that you are asserting in the Complaint, including all such communications with Akoda's medical practice, any medical licensing board, any employee, agent or representative of ECFMG, and all such communications with a journalist, reporter, or member of the media.

**ANSWER:**

**On July 5, 2017, Plaintiff met with Javaka Moore, M.D. and asked him why patients were not notified that Akoda was a fraud and was operating with a fraudulently obtained medical license. Dr. Moore stated that it was not his place to share that information. Dr. Moore stated he had worked alongside Akoda during Akoda's residency. Plaintiff inquired of Dr. Moore if he had done a background check on Akoda before hiring him, and Dr. Moore answered that he had not, but perhaps in the future he would need to do this. In addition, Plaintiff spoke to Jasmine Riggins and Amber Wingfield Loftin on a "Mommy Group" on Facebook. Plaintiff's contacts with Akoda are reflected in the medial records which are being produced. As discovery is ongoing, Plaintiff reserves the right to supplement this Answer.**

**INTERROGATORY NO. 9:**

Describe in detail any and all remedies that you seek in connection with this lawsuit, including each element of damages or other relief to which you claim you are entitled, the method of calculating each such element of damages or other relief, the amount of each element of damages or other relief, and the time period for which you are seeking damages or other relief.

**ANSWER:**

**Plaintiff adopts by reference her answer to interrogatory no. 2. The amount of these damages is for the jury to determine. Plaintiff seeks damages for these injuries as determined by the jury.**

**INTERROGATORY NO. 10:**

Identify each civil (including bankruptcy filings), criminal and administrative action to which you have been a party or in which you have served as a witness, including the matter name, court or agency.

**ANSWER:**

Plaintiff was involved in a car accident in 2013.  Plaintiff was a passenger.  The claim was against USAA (policyholder:  Christina L. Therrien).  Case resolved in court in Plaintiff's favor.

Plaintiff is a named class representative in two class action cases filed in the Circuit Court for Prince George's County, Maryland.  They are both captioned "Monique Russell, et al. v. Dimensions Health Corp."  They are Case Nos. CAL 17-22761 and CAL 18-07863.

**INTERROGATORY NO. 11:**

Describe in detail any arrangements that you have made with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial obligations associated with the bringing of this lawsuit.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that the information requested is protected from discovery by the attorney-client privilege and on the grounds that it is not relevant to any claim or defense in this action.

**INTERROGATORY NO. 12:**

Identify each and every Putative Class Member of whom you are aware, and for each person, describe in detail all facts supporting your contention that he or she is a Putative Class Member.

**ANSWER:**

Plaintiff's counsel represents numerous persons who are putative members of the class.  Counsel for Plaintiff has a list of persons who have been retained by Plaintiff's

**counsel as members of the putative class.  Plaintiff's counsel has sufficient information to establish that these clients were seen or treated by Akoda.  Plaintiff's counsel is also aware that other attorneys in this case represent numerous persons who are putative members of the class, but is not aware of their identities. Plaintiff believes that there are approximately 1,000 patients seen or treated by Akoda.**

**INTERROGATORY NO. 13:**

Identify each and every person who provided information used to answer these Interrogatories, and identify the Interrogatory or Interrogatories for which that person provided information.

**ANSWER:**

**My attorneys assisted in the preparation of these answers.**

**INTERROGATORY NO. 14:**

Identify all persons with knowledge relating to the allegations and claims in the Complaint, and for each person, describe the subject(s) about which they have knowledge.

**ANSWER:**

**In addition to the named plaintiffs and my attorneys, those persons or entities identified in Plaintiff's initial disclosures.**

**Christopher Russell, husband – present for labor and delivery, can attest to Plaintiff's emotional injuries**

**Marcia Russell – present during most of the labor**

**Emily Smith (doula)– present during first 24 hours of labor**

**Nicole Bruno (doula) – relieved Emily Smith and present during balance of labor**

**INTERROGATORY NO. 15:**

Identify and describe in detail each and every health care provider (including but not limited to physicians, psychologists, nurses, and/or therapists) from whom you have sought treatment, and for each health care provider, state whether you sought treatment from the health care provider to address the alleged injuries for which you are seeking to recover in this litigation.

**ANSWER:**

**Plaintiff objects to this interrogatory on the grounds that it is overly broad and burdensome.  As worded, this Interrogatory seeks information about Plaintiff's health care that is unrelated to her treatment by Akoda.  It is not limited in time or scope and seeks information that is not relevant.**

**INTERROGATORY NO. 16:**

Identify any and all persons you may call as a fact witness relating to this lawsuit at the time of trial.

**ANSWER:**

**Plaintiff has not determined who she may call as fact witnesses a trial.  Plaintiff will comply with her obligations under F.R.C.P. 26(a)(3) or as otherwise ordered by the Court.**

**INTERROGATORY NO. 17:**

Identify any and all persons you intend to call as an expert witness relating to this lawsuit at the time of trial.

**ANSWER:**

**Plaintiff has not determined who she may call as expert witnesses at trial.  Plaintiff will comply with her obligations under F.R.C.P. 26(a)(2).**

**INTERROGATORY NO. 18:**

Identify the jurisdiction whose law you contend governs each of the claims in the Complaint and describe in detail all facts supporting your contention.

**ANSWER:**

**Plaintiff objects to this interrogatory to the extent that it calls for information subject to work-product protection.  By way of further answer, and without waiver, discovery and Plaintiff's investigation are continuing and full identification of the relevant facts for a choice of law analysis are yet to be determined.**

## DOCUMENT REQUESTS

### General Objections

1.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks to impose obligations in excess of the requirements of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to each of Defendant's requests to the extent that the request is vague or ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents that are publicly available or that Defendant may more directly, easily, and conveniently obtain from other sources.

4.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents beyond Plaintiffs' possession, custody or control.

5.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks the production of materials or the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable protections.  The inadvertent production of materials or information subject to the protections of the attorney-client privilege, the attorney work product doctrine, or similar privileges or protections from

9

discovery shall not constitute a waiver of any such privileges or protections.

6.      To the extent that Defendant requests documents and information that constitute sensitive, confidential, or proprietary information, Plaintiff will produce such documents only after the execution of a suitable confidentiality agreement between the parties.

7.      Because Defendant's requests contain numerous redundant items, documents may respond to multiple requests and it is therefore impractical and unduly burdensome to identify the specific requests to which documents respond.

8.      These responses are made without waiver of: (i) any objections to competency, relevancy, materiality, privilege, and the admissibility of each response, including documents produced and the subject matter thereof, in any further proceedings in this action; (ii) the right to object to the use of any document provided pursuant to this response, or the subject matter thereof, on any ground in any further proceedings in this action; and (iii) the right, at any time, to revise, correct, supplement or clarify any of these responses.

9.      Plaintiff expressly reserves the right to rely at any time, including in any further proceedings in this action, on documents that are subsequently discovered or were omitted from these responses as a result of mistake, error, oversight or inadvertence.

10.      These responses and any further responses or documents produced pursuant thereto are made without any acknowledgment or concession that the documents requested are relevant to the subject matter of this action.

11.      The statement in any given response that documents will be produced means that documents will be produced, as limited by the relevant objections, provided that such documents exist and are in the possession, custody or control of Plaintiff. Plaintiff's stated willingness to produce certain classes of documents should in no way be construed as an affirmative

acknowledgment that such documents either exist or are in the possession, custody or control of Plaintiff.

12.     The foregoing General Objections are hereby incorporated by Plaintiff into the responses to each and every one of Plaintiff's specific requests set forth below, and to each and every amendment, supplement or modification to these responses hereinafter provided to the specific requests propounded by the Defendant.  Plaintiff does not intend to waive any General Objection responsive to any specific request.

**REQUEST NO. 1:**

All documents identified in your Rule 26(a)(1) disclosures.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 2:**

All documents identified in or relied upon in the course of answering the Interrogatories served contemporaneously with these Requests.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 3:**

All pleadings filed in Akoda litigation.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 4:**

All documents relating to Akoda Litigation.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 5:**

All documents produced by you or to you in Akoda Litigation.

**RESPONSE:**

**Certain documents produced to Plaintiff by Dimensions in the Akoda litigation are subject to a Confidentiality Agreement. To the extent that ECFMG can obtain the consent of Dimensions, Plaintiff will produce the requested documents.**

**REQUEST NO. 6:**

All sworn statements executed by you in Akoda Litigation.

**RESPONSE:**

**None.**

**REQUEST NO. 7:**

All documents relating to Putative Class Members.

**RESPONSE:**

**Objection. This request is ambiguous, overbroad and seeks documents which are not proportionate to the needs of this case. If Defendant will clarify it, Plaintiff will attempt to respond.**

**REQUEST NO. 8:**

All documents relating to Akoda, including documents relating to treatments or examinations performed by Akoda.

**RESPONSE:**

**Objection. Upon advice of counsel, Plaintiff objects to this request. This request also appears to be duplicative of other requests to which Plaintiff has responded that, if she has any such documents, they will be produced.**

12

**REQUEST NO. 9:**

All communications between you and Akoda.

**RESPONSE:**

**Other than the medical records, none.**

**REQUEST NO. 10:**

All documents relating to ECFMG.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 11:**

All communications between you and ECFMG relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

**Other than the records deposition subpoena served on ECFMG, there are none.**

**REQUEST NO. 12:**

All documents about JSMC and Akoda.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 13:**

All communications between you and JSMC relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

**None.**

**REQUEST NO. 14:**

All documents relating to Howard University Hospital and Akoda.

**RESPONSE:**

    **The requested documents will be produced.**

**REQUEST NO. 15:**

    All communications between you and Howard University Hospital relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

    **None.**

**REQUEST NO. 16:**

    All documents relating to Prince George's Hospital Center and Akoda.

**RESPONSE:**

    **Objection.  Upon advice of counsel, Plaintiff objects to this request.  This request**

**also appears to be duplicative of other requests to which Plaintiff has responded that, if she**

**has any such documents, they will be produced.**

**REQUEST NO. 17:**

    All communications between you and Prince George's Hospital Center relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

    **None.**

**REQUEST NO. 18:**

    All documents relating to A.G. Chaudry, M.D. and Akoda.

**RESPONSE:**

    **Other than the medical records, none.**

**REQUEST NO. 19:**

14

All communications between you and A.G. Chaudry, M.D. relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

**Other than the medical records, none.**

**REQUEST NO. 20:**

All documents relating to Dimensions Healthcare Associates and Akoda.

**RESPONSE:**

**Plaintiff adopts by reference her response to Request No. 5.**

**REQUEST NO. 21:**

All communications between you and Dimensions Healthcare Associates relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

**Plaintiff adopts by reference her response to Request No. 5.**

**REQUEST NO. 22:**

All documents relating to the Maryland Board of Physicians and Akoda.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 23:**

All communications with the Maryland Board of Physicians relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

**None.**

**REQUEST NO. 24:**

All documents and communications relating to your allegations that "Igberase never attended or graduated from a medical school."

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 25:**

All documents and communications relating to your allegation that the Centers for Medicare and Medicaid Services "denied Igberase's application to enroll for Medicare reimbursement."

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 26:**

All documents and communications relating to your decision to have Akoda treat or examine you.

**RESPONSE:**

**Other than the medical records, none.**

**REQUEST NO. 27:**

All documents and communications relating to your alleged "belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States, including certification from ECFMG."

**RESPONSE:**

**None.**

**REQUEST NO. 28:**

All documents and communications relating to your allegation that "Igberase performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language."

**RESPONSE:**

**None.**

**REQUEST NO. 29:**

All documents and communications relating to your allegation that "Igberase's penetrations of his patients were clear boundary violations."

**RESPONSE:**

    **None.**

**REQUEST NO. 30:**

All documents and communications relating to your allegation that ECFMG owed a duty to you and Putative Class Members.

**RESPONSE:**

    **Objection.  Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it calls for a legal conclusion as to any documents that may be responsive to this request.  This request also appears to be duplicative of other requests to which, subject to the above stated objection, Plaintiff has responded that, if she has any such documents, they will be produced.**

**REQUEST NO. 31:**

All documents and communications relating to your allegation that ECFMG breached a duty owed to you and Putative Class Members.

**RESPONSE:**

    **This request appears to be duplicative of other requests to which Plaintiff has responded that, if she has any such documents, they will be produced.**

**REQUEST NO. 32:**

All documents and communications relating to your allegation that ECFMG's negligence was the "sole and proximate cause" of your alleged injuries and damages.

**RESPONSE:**

    **Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it calls for a legal conclusion as to any documents**

**that may be responsive to this request.  This request appears to be duplicative of other**

**requests to which Plaintiff has responded that, if she has any such documents, they will be**

**produced.**

REQUEST NO. 33:

All documents and communications relating to injuries (physical, mental, emotional, psychological, or otherwise) that you contend you have suffered or will continue to suffer because of ECFMG's negligence.

RESPONSE:

**The requested documents will be produced.**

REQUEST NO. 34:

All W-2 forms, wage documents, and state and federal income tax returns, including all forms, schedules, and attachments.

RESPONSE:

**Objection.  Upon advice of counsel, Plaintiff objects to this request and declines to**

**produce any documents other than the documents showing the time she may have missed**

**from work for a brief period of time after her surgery.**

REQUEST NO. 35:

All medical records, pharmacy records, doctor's notes, or similar documents relating to any physical or mental health diagnosis, illness, injury, or treatment you have experienced or received.

RESPONSE:

**Objection.  Upon advice of counsel, Plaintiff objects to this request and declines to**

**produce the requested documents on the grounds that it is overly broad and burdensome in**

**that it is not limited in time or scope and that it seeks information that is not relevant to**

**any claim or defense in this action.**

REQUEST NO. 36:

All medical bills, statements, and other documents relating to expenses you incurred for examination and treatment of alleged injuries.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 37:**

All medical bills, statements, and other documents relating to expenses paid on your behalf by any insurance carrier or health plan for examination and treatment of alleged injuries.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 38:**

All communications between you and a journalist, reporter, or member of the media relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**
**None.**

**REQUEST NO. 39:**

All communications between one or more of your attorneys and a journalist, reporter, or member of the media relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

**Objection.  Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that the requested documents are protected from discovery by the attorney work product doctrine and are not relevant to any claim or defense in this action.**

**REQUEST NO. 40:**

All personal records, notes, journals, calculations, calendars, and/or diaries that make reference to your examination or treatment by Akoda.

**RESPONSE:**

**The requested documents will be produced.**

<u>**REQUEST NO. 41:**</u>

All statements you or your attorneys have obtained from individuals concerning the allegations in the Complaint or any alleged unlawful conduct by ECFMG.

<u>**RESPONSE:**</u>

**Objection.  Plaintiff has not obtained any statements.  Upon advice of counsel,**

**Plaintiff objects to this request insofar as it seeks statements obtained by her attorneys and**

**declines to produce the requested documents on the grounds that they are protected from**

**discovery by the work-product doctrine.**

<u>**REQUEST NO. 42:**</u>

All documents and communications relating to any arrangements that you have made with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial obligations associated with the bringing of this lawsuit.

<u>**RESPONSE:**</u>

**Objection.  Upon advice of counsel, Plaintiff objects to this request on the grounds**

**that it seeks documents protected from discovery by the attorney-client privilege and on**

**the grounds that it requests documents which are not relevant to any claim or defense in**

**this action.**

<u>**REQUEST NO. 43:**</u>

All documents and communications, including but not limited to consulting or financing agreements, relating to individuals or entities, other than you or your attorneys, that are (a) providing any funding of any attorneys' fees, expenses, or costs related to this lawsuit; (b) providing any information, services, or assistance concerning this lawsuit to you or your attorneys, either directly or indirectly; or (c) have a financial interest or right to receive compensation that is contingent on the outcome of this lawsuit by settlement, judgment, or otherwise; or (d) are receiving any form of compensation or remuneration for providing any information, services, or assistance concerning this lawsuit.

<u>**RESPONSE:**</u>

**Plaintiff adopts by reference her response to Request No. 42.**

<u>**REQUEST NO. 44:**</u>

All documents and communications relating to the remedies you seek, including each element of damages or other relief to which you allegedly are entitled, the method of calculating each such element of damages or other relief, and the amount of each element of damages or other relief.

<u>**RESPONSE:**</u>

**The requested documents will be produced.**

<u>**REQUEST NO. 45:**</u>

All documents and communications referenced in or used, reviewed, or relied upon in preparing the Complaint.

<u>**RESPONSE:**</u>

**The requested documents will be produced.**

<u>**REQUEST NO. 46:**</u>

All documents and communications relating to the claims asserted in the Complaint.
<u>**RESPONSE:**</u>

**The requested documents will be produced.**

<u>**REQUEST NO. 47:**</u>

All documents you may introduce as exhibits at trial in this lawsuit.

<u>**RESPONSE:**</u>

**Plaintiff has not decided what documents she will introduce at trial.  Plaintiff will comply with her obligations under F.R.C.P. 26(1)(3).**

CONRAD & O'BRIEN, P.C.


_/s/ Nicholas M. Centrella_____
Nicholas M. Centrella, Esquire (ID No. 67666)
ncentrella@conradobrien.com
Howard M. Klein, Esquire (ID No. 33632)
Benjamin O. Present, Esquire (ID No. 322682)
1500 Market Street
Centre Square, West Tower, Suite 3900
Philadelphia, PA 19102-2100
Telephone: (215) 864-9600
Fax: (215) 864-9620




LAW OFFICES OF PETER G. ANGELOS, P.C.


_/s/ Jay D. Miller_____
Jay D. Miller (*Pro Hac Vice Forthcoming)*
jmiller@lawpga.com
Danielle S. Dinsmore (*Pro Hac Vice Forthcoming)*
ddinsmore@lawpga.com
Paul M. Vettori (*Pro Hac Vice Forthcoming)*
pvettori@lawpga.com
One Charles Center
100 North Charles Street
Baltimore, MD  21201
Telephone: (410) 649-2000
Fax: (410) 649-2150
*Attorneys for Plaintiff, Jasmine Riggins*

Dated: March 29, 2019

## <u>VERIFICATION</u>

      I, Monique Russell, hereby aver that the factual statements in the foregoing *Answers to Interrogatories* are true and correct to the best of my knowledge, information and belief, and that these Answers are made subject to the penalties relating to unsworn falsification to authorities.

                                   _____
                                     Monique Russell

Dated:  March 27, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the

foregoing *Answers to Interrogatories* to be served on the following via electronic mail:

Brian W. Shaffer
Elisa P. McEnroe
Matthew D. Klayman
MORGAN, LEWIS & BOCKUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

/s/ *Nicholas M. Centrella*
Nicholas M. Centrella

March 29, 2019