**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MONIQUE RUSSELL, JASMINE RIGGINS,           CIVIL ACTION NO. 18-5629
ELSA M. POWELL AND DESIRE EVANS,

                **Plaintiffs,**

     **v.**

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES,

                **Defendant.**


<u>**REPLY MEMORANDUM OF LAW IN SUPPORT OF**</u>

<u>**MOTION FOR CLASS CERTIFICATION**</u>

### <u>TABLE OF CONTENTS</u>

Table of Contents ...................................................................................................... ii

Table of Authorities ................................................................................................. iv

Introduction ................................................................................................................1

I.  ECFMG's arguments do not overcome the fact that Plaintiffs satisfy the requisite criteria under Rule 23(a) for certification by a preponderance of the evidence. .........2

    A.  ECFMG's effort to impose a per se bar on class certification of emotional distress claims should fail as contrary to applicable law .................................2

    B.  Typicality is satisfied, as the named plaintiffs have suffered a similar injury from the same course of conduct by ECFMG as the class members.....6

    C.  Plaintiffs are fully adequate to represent the interests of the class, as their claims are typical of the class, and they do not have interests that diverge from those of other class members. ........................................................6

    D.  ECFMG's contentions regarding ascertainability lack merit, as well over 600 patients have retained one or more of the undersigned counsel, and additional class members can be identified via subpoena. ...............................8

    E.  Additional Class Counsel ...................................................................................8

II.  ECFMG misunderstands and fails to overcome Plaintiffs' arguments in favor of satisfying Rules 23(b)(3) and 23(c)(4)...........................................................................9

    A.  Plaintiffs' satisfaction of the *Gates* factors means that Plaintiffs satisfy Rule 23(b)(3) in the context of a Rule 23(c)(4) issue class certification.............9

    B.  Key questions of liability, including key elements of duty and causation, can be determined on a classwide basis. ..........................................................10

III.  The statute of limitations and the issue of superseding cause pose no bar to class certification, because their applicability is properly addressed in individual damages proceedings. ..................................................................................................11

**IV.     ECFMG's choice of law analysis is flawed, because it fails to take into account that conflicts between the tort law of Pennsylvania and those of Plaintiffs' domiciles are false conflicts.** ............................................................................................**13**

**V.      The recitation of facts in ECFMG's brief is flawed.** ......................................**14**

**CONCLUSION** ............................................................................................................**15**

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ....................................................................................................... 6
*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ....................................................................................................... 6
*Bouriez v. Carnegie Mellon Univ.,*
  585 F.3d 765 (3d Cir. 2009) ......................................................................................... 13
*Butler v. Sears, Roebuck & Co.,*
  727 F.3d 796 (7th Cir. 2013) ........................................................................................ 10
CV-0291,
  2013 WL 2042369 (M.D. Pa. May 14, 2013) ................................................................ 4
*Erisoty v. Rizik,*
  No. 93-, 1995 WL 91406 (E.D. Pa. Feb. 23, 1995) ...................................................... 15
*Gates v. Roem and Haas Co.,*
  655 F.3d 255 (3d Cir. 2011).......................................................................................... 5, 9
*Gunnells v. Healthplan Serv., Inc.,*
  348 F.3d 417 (4th Cir. 2003)..................................................................................... 4, 5, 10
*In re Linerboard Antitrust Litig.,*
  305 F.3d 145 (3d Cir. 2002) In *Linerboard* .................................................... 11, 12, 13
*In re Nassau County Strip Search Cases,*
  461 F.3d 219 (2d Cir. 2006) ......................................................................................... 10
*In re Suboxone Antitrust Litig.,*
  No. 13-MD-2445, 2019 WL 4735520 (E.D. Pa. Sept. 27, 2019)................................... 8
*In re Three Mile Island Litig.,*
  87 F.R.D. 433 (M.D. Pa. 1980) ...................................................................................... 5
*Lacey v. Cessna Aircraft Co.,*
  932 F.2d 170 (3d Cir. 1991) ......................................................................................... 13
*Martin v. Behr,*
  896 F.3d 405 (6th Cir. 2018)....................................................................................... 9, 10
*McRobie v. Credit Protection Association,*
  No. 5:18-cv-00566, 2019 WL 1469097 (E.D. Pa.April 3, 2019)............................... 2, 3
*Shady Grove Orthopedic Assoc, v. Allstate Ins. Co.,*
  559 U.S. 393 (2010)........................................................................................................ 6
*Spence v. Bd. Of Ed. Of Christina Sch. Dist.,*
  806 F.2d 1198 (3d Cir. 1986) ...................................................................................... 2, 5
*Thierfelder v. Wolfort,*
  52 A.3d 1251 (Pa. 2012) .............................................................................................. 10
*Valentino v. Carter-Wallace, Inc.,*
  97 F.3d 1227 (9th Cir. 1996)......................................................................................... 10
*Wallace v. Powell,*
  No. 3:09-CV-0291, 2013 WL 2042369 (M.D. Pa. May 14, 2013) .................................. 4

iv

**Rules**

Fed. R. Civ. P. 1 ................................................................................................................. 11
Fed. R. Civ. P. 23 ........................................................................................................... *passim*

**Other Authorities**

2 Newberg on Class Actions § 4.57 (3d. ed.) ............................................................... 12
Charles E. Clark & James William Moore, *A New Federal Civil Procedure I, The Background*,
   44 Yale L.J. 387 (1935) ........................................................................................... 6
Stephen B. Burbank, *The Rules Enabling Act of 1934*, 130 U. Pa. L. Rev. 1015 (1982) .............. 6

Plaintiffs Monique Russell, Jasmine Riggins, Elsa Powell, and Desire Evans, on behalf of themselves and all others similarly situated (collectively, "Plaintiffs"), by and through their undersigned counsel, respectfully submit this Reply Memorandum of Law in Support of Motion for Class Certification.

## <u>INTRODUCTION</u>

As Plaintiffs allege, ECFMG's negligence facilitated, aided, and abetted Oluwafemi Igberase a/k/a John Nosa Akoda to repeatedly commit sexual assault for more than a decade. As a result of ECFMG's negligence, Igberase had the opportunity to examine and touch hundreds of obstetrics and gynecology patients, who would never have consented to such an examination had they known—as ECFMG did—that Igberase had obtained his credentials through repeated acts of fraud, later found to constitute a "crime of moral turpitude." See Ex. 1 at 1; ECF No. 32-34 (Ex. 32) at 5. As ECFMG itself admitted, patients have the right to be treated by an appropriately certified physician. Although the severity of damages may vary, plaintiffs claim a common injury: the wrongful touching of patients' bodies based on Igberase's false pretense that he was a lawfully licensed and certified physician, which was aided and abetted by ECFMG's negligence in certifying Igberase/Akoda and in failing to notify hospitals and medical boards when it knew Igberase had obtained his certification through fraud. A single course of conduct led to a single type of injury suffered by all members of the proposed class. Plaintiffs thus appropriately seek certification on issues central to ECFMG's liability for negligently certifying Igberase.

ECFMG's opposition to certification fails to sidestep this core commonality of Plaintiffs' claims. Instead, it objects that Plaintiffs' claims may vary in the amount of damages and the circumstances under which they were inflicted. Thus it has always been so: the individualized nature of Plaintiffs' damages cannot defeat class certification, any more than can differences in

antitrust impact defeat certification of an antitrust action. ECFMG cannot avoid the reality that the proposed class members' claims arise from one, and only one, course of conduct by ECFMG. Class certification of liability or key issues central to the class member's claims will materially advance the termination of the litigation, to the benefit of the Court and all parties.

I.     **ECFMG's arguments do not overcome the fact that Plaintiffs satisfy the requisite criteria under Rule 23(a) for certification by a preponderance of the evidence.**

     A.     **ECFMG's effort to impose a *per se* bar on class certification of emotional distress claims should fail as contrary to applicable law.**

Defendant erroneously contends that no court can possibly try limited issue class action where emotional distress damages are claimed, because "with respect to the claims of even a single plaintiff, emotional distress liability and damages are 'too interwoven to allow a fair determination of damages apart from liability.'" ECF No. 39 at 12 (quoting *Spence v. Bd. Of Ed. Of Christina Sch. Dist.*, 806 F.2d 1198 (3d Cir. 1986)).

Earlier this year, however, this District, in *McRobie v. Credit Protection Association*, No. 5:18-cv-00566, 2019 WL 1469097 (E.D. Pa. April 3, 2019), certified a limited issue class per Rule 23(c)(4) of a claim brought under the Fair Debt Collection Practices Act (FDCPA) even though the sole representative plaintiff sought emotional distress damages. The representative plaintiff filed a putative class action seeking relief under several provisions of the FDCPA after receiving a notice from the defendant, a debt collector, which allegedly did not comply with the requirements of the FCDPA. Plaintiff sought certification of claims corresponding to two putative violations under the FDCPA. The court, exercising its discretion under Rule 23(c)(4), certified only one of the claims, citing authority from this circuit that "a court may grant a motion to certify in part and certify a class with respect to one of several causes of action in a suit, even where the others do not satisfy Rule 23." *Id.* at *2.

As here, the defendant argued that the plaintiff "cannot establish commonality because she suggested in her deposition that she seeks emotional distress damages for her 'hyperbolic' reaction [to the notice], and that as a result, she cannot establish damages on a class-wide basis." *Id.* at *4. The court disagreed. It noted that the commonality element "is easily met" because it "will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class." *Id.* It further found as follows

> [Plaintiff's] claim under Section 1692f(8) [of the FDCPA] requires resolving a question common to her and the members of the proposed class who received the mailer, specifically, whether the use of the numerical creditor code on the outside of the mailer violated Section 1692f(8) of the FDCPA. Because all members of the class received identical mailers in this respect, the answer to this question— and the evidence required to prove it—will be common to the class. <u>Even if [Defendant] is correct and McRobie claims a measure of damages different than the other members of the proposed class, she has shown at least one issue of law and fact common to her and the proposed class; therefore, the proposed class satisfies the commonality requirement.</u>

*Id.* (emphasis added). The court further found that a class action was a superior device for resolving the litigation because "[t]he alternative to this class action is myriad individual lawsuits for relatively small amounts of damages resulting from the same conduct." *Id.* at *7.

Here, Plaintiffs and the members of the prospective class were assaulted—intimately examined by Igberase without obtaining informed consent—as a result of a single, common course of conduct by the defendant, provable by common evidence. ECFMG does not rebut this central proposition. The fact that the nature of damages may differ among the various class members does not, and cannot, defeat commonality. *See, e.g.*, *McRobie*, 2019 WL 1469097, at *4; *Wallace v. Powell*, No. 3:09-CV-0291, 2013 WL 2042369, at *20–21 (M.D. Pa. May 14, 2013); *Gunnells v. Healthplan Serv., Inc.*, 348 F.3d 417, 427-28 (4th Cir. 2003).

*McRobie* is hardly an outlier. In *Gunnells*, a major decision on certification under Rule 23(c)(4), the Fourth Circuit found that a district court appropriately certified a single issue for class-wide treatment: whether a third-party health benefits administrator breached its duty to the class members and caused the collapse of a health plan, thus injuring members and purchasers of the plan. Notably, the Fourth Circuit deemed appropriate the fact that the district court certified the issue for class treatment while expressly reserving "all issues regarding the fact and nature of injury specifically as to plaintiffs' claims of mental anguish and emotional distress" for individualized proceedings, *id.* at 458 (Niemeyer, J., concurring in part), and "acknowledged the potential need for individualized mini-trials on proximate causation specifically relating to the reason for nonpayment of a given claim," *id.* The Fourth Circuit squarely rejected the argument ECFMG relies on here:

> TPCM contends that individualized damages determinations destroy commonality, typicality, and predominance. <u>But Rule 23 contains no suggestion that the necessity for individual damage determinations destroys commonality, typicality, or predominance, or otherwise forecloses class certification.</u> **<u>In fact, Rule 23 explicitly envisions class actions with such individualized damage determinations.</u>** See Fed. R. Civ. P. 23 advisory committee's note (1966 Amendment, subdivision (c)(4)) (noting that <u>Rule 23(c)(4) permits courts to certify a class with respect to particular issues and contemplates possible class adjudication of liability issues with "the members of the class ... thereafter ... required to come in individually and prove the amounts of their respective claims.")</u>; see also 5 Moore's Federal Practice § 23.23[2] (1997) ("<u>[T]he necessity of making an individualized determination of damages for each class member generally does not defeat commonality.</u>"). Indeed, "<u>[i]n actions for money damages under Rule 23(b)(3), courts usually require individual proof of the amount of damages each member incurred.</u>" *Id.* at § 23.46[2][a] (1997) (emphasis added). When such individualized inquiries are necessary, if "common questions predominate over individual questions as to liability, courts generally find the predominance standard of Rule 23(b)(3) to be satisfied." *Id.* This is precisely the situation here—"common questions [do] predominate over individual questions as to liability." *Id.*

4

*Id.* at 428 (emphasis added). In other words, certification of the proposed issues for class-wide treatment in this action would follow a well-worn path.

ECFMG relies on inapposite authority in seeking to erect a *per se* barrier against certification of emotional distress claims. The court in *In re Three Mile Island Litig.*, 87 F.R.D. 433 (M.D. Pa. 1980), did not consider whether issues of liability pertaining to the emotional distress claim could be certified under Rule 23(c)(4). *Spence v. Board of Education of Christina School District*, 806 F.2d 1198 (3d Cir. 1986), was not a class action. The issue on appeal in *Spence* concerned whether damages could be tried separately from liability without presenting evidence as to liability. The court reasonably concluded that a jury would have to understand the circumstances out of which the emotional distress arose. Here, if Plaintiffs prevail at the class certification stage, a jury or special master will be presented with the details of each class member's treatment by Igberase and the effect of learning that Igberase was not a lawfully licensed physician and realizing they had been assaulted. There is no evidence that any of the class members had any direct contact with ECFMG (and they would have no reason to); thus, the relevant circumstances to be presented to a jury regarding their emotional distress are Igberase's conduct and testimony about their own circumstances. An issues trial centered on the negligent conduct of ECFMG that enabled Igberase to practice as an OB/GYN at a discrete number of institutions, followed by individual proceedings focused on the individual injury and damages incurred once Igberase was able to practice as an OB/GYN at those institutions, appropriately "carve[s] at the joint" in this action. *Gates*, 655 F.3d at 273.[1]

---

[1] To the extent that the Court might deem Plaintiffs' prayer for punitive damages an obstacle to issue class certification, as it might involve duplicative presentation of evidence regarding ECFMG's conduct, Plaintiffs would seek leave to amend the complaint to drop the punitive damages claim.

Finally, Defendant's effort to categorically exclude actions that involve emotional distress damages proves too much, and is at odds with first principles. The Federal Rules of Civil Procedure are trans-substantive. See Stephen B. Burbank, *The Rules Enabling Act of 1934*, 130 U. Pa. L. Rev. 1015, 1108 (1982); Charles E. Clark & James William Moore, *A New Federal Civil Procedure I, The Background*, 44 Yale L.J. 387, 388–89 (1935). Courts do not vary their interpretation and application of Rule 23 based on the nature of the action or amount of damages claimed. *Id.* Instead, Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Shady Grove Orthopedic Assoc, v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

**B.     Typicality is satisfied, as the named plaintiffs have suffered a similar injury from the same course of conduct by ECFMG as the class members.**

ECFMG argues that Plaintiffs' claims are not typical of other claims because Plaintiffs and putative class members may have been treated at different times along a certain chain of events. This is a smokescreen. Plaintiffs, and all class members, are those treated by Igberase at any time who suffered emotional damage because of learning Igberase was not who he held himself out to be. ECFMG also argues that Plaintiffs' claims are not typical of putative class members who may have suffered other damages, but points to no evidence that any putative class member has suffered damages different in nature from Plaintiffs' damages.

**C.     Plaintiffs are fully adequate to represent the interests of the class, as their claims are typical of the class, and they do not have interests that diverge from those of other class members.**

ECFG argues that Plaintiffs are not adequate class representatives because 1) they filed and then dismissed a similar class action complaint against the hospital that granted privileges to Igberase, 2) they do not understand what ECFMG does and 3) some putative class members may

not yet have suffered emotional distress. None of these arguments have merit. The four named class representatives have diligently performed their duties on behalf of the class. All of them have traveled to Pennsylvania for defense medical examinations by a defense psychiatrist. Indeed, at great inconvenience, one of them traveled from Costa Rica. All four have sat for hours for depositions by the defense. And all four have responded to interrogatories and requests for production of documents propounded by the defense.

The fact that Plaintiffs dismissed the class action complaint against Dimensions Health Corporation in Maryland state court does not result in the conclusion that Plaintiffs will not pursue to conclusion the more direct claims against ECFMG. It seems paradoxical that ECFMG would challenge the adequacy of representation due to this possibility, since such a dismissal would be in the best interests of ECFMG. Nothing that has taken place in this case even hints at the possibility that Plaintiffs will not pursue this case to a conclusion. In fact, if it becomes necessary, the 600+ clients represented by Plaintiffs' counsel will file individual cases.

The fact that Plaintiffs, as lay people, do not know the role ECFMG plays in the careers of international medical graduates has no bearing on their adequacy as class representatives. Plaintiffs are not required to know this. It is enough that Plaintiffs suffered emotional distress upon learning that Igberase was not who he held himself out to be. It is for lawyers to determine who may be responsible for allowing Igberase to commit his fraud. How and when putative class members learned about Igberase and the circumstances of injury has no bearing on the adequacy of class representation. Finally, there is no evidence to suggest that Plaintiffs or putative class members have an interest in controlling the litigation that would make class certification inappropriate. Any class member would have the right to opt out and pursue her own action.

> **D.** **ECFMG's contentions regarding ascertainability lack merit, as well over 600 patients have retained one or more of the undersigned counsel, and additional class members can be identified via subpoena.**

ECFMG improperly characterizes the class definition as "hopelessly vague" and incapable of identifying members of the class. The proposed class consists of patients who were examined or treated by Igberase. This cannot be clearer. Health care institutions will be able to identify these individuals—indeed, the institution at which Igberase provided the majority of patient care, Prince George's Hospital Center, has already done so. (ECFMG knows this: all records for these patients in Plaintiffs' counsel's possession have already been provided to ECFMG's counsel. *See* Ex. 2.) If the class is certified, subpoenas can issue to the other institutions at which Igberase provided care, to identify other class members. As this District has expressly held, such a procedure satisfies the ascertainability requirement. *In re Suboxone Antitrust Litig.*, No. 13-MD-2445, 2019 WL 4735520, at \*42 (E.D. Pa. Sept. 27, 2019). Finally, ECFMG's repeated reference to Nigerian patients is a distraction: there is no evidence Igberase treated anyone there after seeking certification from ECFMG, and evidence is lacking that he treated anyone there before that time. At deposition, ECFMG refused to state that a purported confirmation of his registration and licensure as a physician practicing in Nigeria was authentic. *See* Ex. 32-46 (Ex. 45) at 105:13–22, 109:21–110:5. If the Court deems it necessary, however, it can reform the class definition to encompass only patients in the United States.

> **E.** **Additional Class Counsel**

Regarding the adequacy of class counsel, which ECFMG does not challenge, Plaintiffs neglected in their opening brief to discuss co-counsel Conrad O'Brien, PC and Z Law, LLC. Conrad O'Brien has extensive experience in representing clients in class and mass actions and other complex litigation. Nicholas Centrella, co-counsel in this case, is the managing shareholder

of Conrad O'Brien. Cory Zajdel of Z Law has been appointed class counsel in both state and

federal courts on more than ten occasions and has represented more than 2.5 million consumers

in class actions. These class actions recovered more than one hundred million dollars

($100,000,000.00) in settlements in certified class actions over the last ten years.

## II.     ECFMG misunderstands and fails to overcome Plaintiffs' arguments in favor of satisfying Rules 23(b)(3) and 23(c)(4).

### A.     Plaintiffs' satisfaction of the *Gates* factors means that Plaintiffs satisfy Rule 23(b)(3) in the context of a Rule 23(c)(4) issue class certification.

ECFMG misunderstands the interplay between Rule 23(b)(3) and Rule 23(c)(4) when it

argues that Plaintiffs' pursuit of Rule 23(c)(4) certification entails an "[i]mplicit[] recogni[tion]"

that Plaintiffs do not meet Rule 23(c)(4). ECF No. 39 at 10. In fact, the *Gates* factors, which

Plaintiffs discuss at length, are precisely the factors courts in the Third Circuit analyze when

determining whether an issue class proposed under Rule 23(c)(4) meets the predominance

requirement of Rule 23(b)(3). As the *Gates* court observed, the adoption in *Gates* of the

multifactor test for issue class certification originally propounded by ALI was the Third Circuit's

answer to the "complicated area of class action procedure" pertaining to "the extent to which the

ability to certify issue classes alters the predominance requirement." *Gates v. Rohm & Haas Co.*,

655 F.3d 255, 272–73 (3d Cir. 2011). The *Gates* factors apply not only to the predominance

requirement in Rule 23(b)(3) but also to the superiority requirement, as they involve a

"functional, superiority-like analysis," *Martin v. Behr,* 896 F.3d 405 (6th Cir. 2018). In other

words, satisfying the *Gates* factors satisfies Rule 23(c)(4) and 23(b)(3) for purposes of a

damages class action in the Third Circuit. Plaintiffs have explained in detail how either proposed

option for certification meets those factors. *See* ECF No. 32-1 at 20–25.

The consensus among the Circuits that whether common questions predominate over individual ones should be evaluated *within the issues to be certified*, rather than in the context of the entire action, provides persuasive authority that weighs in favor of class certification.[2] The "circuit split" referenced by ECFMG is illusory, as the Rule 23 Subcommittee of the Advisory Committee on Civil Rules found when considering whether to amend Rule 23(c)(4) to address this supposed split.[3]

> **B.    Key questions of liability, including key elements of duty and causation, can be determined on a classwide basis.**

This action raises the question whether ECFMG owed a duty to an individual plaintiff as a result of a general duty to the public or as a result of its undertaking of a duty to another health care provider. The existence of a duty is an issue of law to be determined by the Court, not a class jury. *Thierfelder v. Wolfort*, 52 A.3d 1251, 1264 (Pa. 2012). There are a relatively small number of health care institutions at which Igberase provided care: Harlem Hospital, Jersey Shore Medical Center, Howard University Hospital, Prince George's Hospital Center, and the office practice of Drs. Chaudry and Moore. The Court can determine whether a duty to class members arises out of a relationship with one or more of these entities, based on the evidence and a determination of whether it was foreseeable that ECFMG's conduct resulted in Igberase being in a position to assault class members at those institutions by performing intimate

---

[2] *See, e.g.*, *Martin v. Behr*, 896 F.3d 405 (6th Cir. 2018); *Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417 (4th Cir. 2003)*; In re Nassau County Strip Search Cases*, 461 F.3d 219 (2d Cir. 2006); *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800 (7th Cir. 2013); *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996).

[3] Rule 23 Subcommittee Report 5, in Advisory Comm. on Civil Rules, Agenda Book, Nov. 5–6, 2015, at 91, https://www.uscourts.gov/sites/default/files/2015-11-civil-agenda_book.pdf (noting that "there is no significant need" to amend Rule 23(c)(4) because the "circuits seem to be in accord" about the propriety of certifying classes limited to particular issues even when certifying the entire action might not satisfy Rule 23(b)(3)").

OB/GYN procedures and examinations on false pretenses. It would be reasonable to create subclasses for this determination, if necessary. *See* Fed. R. Civ. P. 23(c)(5). Subclasses would be unnecessary, however, to address the other issues proposed for classwide determination (e.g., whether ECFMG owed a duty to the public by virtue of its undertaking, whether it owed a duty as a result of aiding and abetting the tortious conduct of Igberase), as the relationship with individual healthcare entities would not need to be analyzed.

After resolving these questions on a classwide basis, fact-of-injury and the foreseeability and extent of the damages sought can be resolved in mini trials or, if the parties consent, through a special master process. Trying a limited number of these claims would help the parties to more accurately value the case, and thus facilitate settlement. The alternative to this procedure— determining the existence of a duty and the foreseeability of damages in each of hundreds of individual cases, on a common set of facts—is hardly in the interest of judicial economy. ECFMG offers no reason—and there is none—why such an arrangement would be preferable to a class-wide determination of common issues, followed by individual mini-trials or, with the parties' consent, an administrative determination of damages. The choice facing the court is between a class trial on common issues followed by resolution of the individual plaintiffs claims, or hundreds of full-blown trials on all issues, with repetitive presentations of extensive factual and expert evidence on ECFMG's conduct. The latter does not serve judicial economy or "secure the just, speedy, and inexpensive determination" of this matter. Fed. R. Civ. P. 1.

III. <u>**The statute of limitations and the issue of superseding cause pose no bar to class certification, because their applicability is properly addressed in individual damages proceedings.**</u>

The Third Circuit has long held that the statute of limitations questions generally do not bar class certification. *See In re Linerboard Antitrust Litig.*, 305 F.3d 145, 163 (3d Cir. 2002). In

*Linerboard*, the defendants argued that the district court erred in granting class certification on antitrust liability, because of the necessity of individualized inquires on whether a class member could avail itself of tolling of limitations under the fraudulent concealment doctrine. The Third Circuit acknowledged that an analysis of the applicability of the fraudulent concealment exception to the statute of limitations would require individualized proof, because some class members would be barred from asserting a fraudulent concealment defense due to prior knowledge of defendants' conduct or failure to act with the requisite due diligence in bringing a claim. *Id.* at 161. But this was insufficient to defeat class certification. As the Third Circuit observed, "[c]hallenges based on the *statute of limitations*, fraudulent concealment, releases, causation, or reliance have usually been rejected and will not bar predominance satisfaction because those issues go to the right of a class member to recover, in contrast to underlying common issues of the defendant's liability.'" *Id.* at 163 (quoting Newberg on Class Actions § 4.26 (3d ed.)) (emphasis added). Common issues predominated, as the common evidence to be presented in the class-wide proceeding concerned the defendants' conduct in concealing unlawful antitrust activity. The Third Circuit determined that the applicability of the statute of limitations should be determined in individual damages proceedings. *Id.* at 161; *see also* 2 Newberg on Class Actions § 4.57 (5th ed.) ("Statute of limitations defenses—like damage calculations, affirmative defenses, and counterclaims—rarely defeat class certification.")

Here, as in *Linerboard*, any question of when individual claimants became aware of Igberase's or ECFMG's conduct goes to the right of the class member to recover, not the defendant's liability. The statute of limitations is appropriately raised in individualized damages proceedings, and cannot defeat class certification.

ECFMG also claims the "superseding cause" of other healthcare institutions' privileging of Igberase bars class certification. Again, "[c]hallenges based on . . . causation . . . will not bar predominance satisfaction." *Id.* at 163. The dubious nature of this argument also undermines its persuasiveness in the class certification context. A superseding cause "is an intervening force that is 'so extraordinary as not to have been reasonably foreseeable.'" *Bouriez v. Carnegie Mellon Univ.*, 585 F.3d 765, 773 n.4 (3d Cir. 2009). An event is a superseding cause if it "operat[es] independently of any situation created by the first actor's negligence" and "is not . . . a normal result of that situation." *Id.* Here, neither of these conditions is met: ECFMG certification was a prerequisite to him attending a residency program and becoming able to practice obstetrics and gynecology. For a health care institution to grant him privileges is hardly extraordinary so as to not have been reasonably foreseeable.

IV.  **ECFMG's choice of law analysis is flawed, because it fails to take into account that conflicts between the tort law of Pennsylvania and those of Plaintiffs' domiciles are false conflicts.**

ECFMG's conflicts of law analysis fails to acknowledge that any purported conflict it identifies between the substantive tort law of Pennsylvania and that of the Plaintiffs' domiciles, where the law of the domicile would tend to limit recovery of damages (e.g., the fact that Pennsylvania recognizes negligent infliction of emotional distress while Maryland does not), is a *false* conflict. This is because Pennsylvania has a strong interest in regulating the conduct of its domiciliary corporations by applying its substantive tort law, and other jurisdictions have no interest in applying their own law when doing so would limit their citizen's right to recover, to the benefit of a foreign corporation. *Lacey v. Cessna Aircraft Co.*, 932 F.2d 170, 187–88 (3d Cir. 1991). Applying Maryland law on negligent infliction of emotional distress, or another jurisdiction's law in a manner that would limit Plaintiffs' recovery, would impair Pennsylvania's

13

interest in regulating the conduct of its domestic corporations by deterring tortious conduct through the civil justice system. Conversely, applying Pennsylvania's law does not harm Maryland's interest, since Maryland has no interest in restricting compensation of its residents for harm done to them. To the extent that any true conflicts arise, they can be dealt with through appropriate subclasses under Rule 23(c)(5). The relatively small number of relevant domiciles (Pennsylvania, Maryland, New York, New Jersey, Washington, D.C.) would render such a procedure manageable.

## V.   The recitation of facts in ECFMG's brief is flawed.

ECFMG fails to respond to Plaintiffs' overwhelming evidence of ECFMG's failure to revoke Igberase's certification obtained under the Akoda identity. Instead, ECFMG attempts to discredit Jersey Shore Medical Center (JSMC), which took this evidence seriously, by arguing that some of JSMC's information was inaccurate: namely, that Igberase had served in other residency programs, because "ECFMG has no record of sending ECFMG Certification status reports to the residency programs about which JSMC had inquired." ECF No. 39 at 6. But Plaintiffs have obtained documents (copies of which have been produced to ECFMG in this case) which cast doubt on ECFMG's representation. *See* Ex. 3 at 000041–43 According to the American Board of Internal Medicine, Igberase served in a residency program at Harlem Hospital Center from August 16, 1995 to June 30, 1996. *Id.* at 000043. ECFMG must have provided certification information to Harlem Hospital Center as a necessary precondition for Igberase to practice medicine as a resident there.

ECFMG incorrectly states that Plaintiffs' causes of action accrued no later than November 16, 2016, the date when Igberase's guilty plea became public, because, it says, class member knew or should have known of Igberase's conduct and any emotional distress they

might have experienced from that knowledge. Plaintiffs disagree. Simply because Igberase's guilty plea became public does not mean that class members knew or should have known of this fact. Under Pennsylvania's discovery rule, a cause of action does not accrue "until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, facts which form the basis of a cause of action." The applicability of the discovery rule is fact-dependent. *See Erisoty v. Rizik,* No. 93-6215, 1995 WL 91406 (E.D. Pa. Feb. 23, 1995). The applicability of statute of limitations defenses can be determined at the damages phase.

ECFMG next argues that there are class members whose claims may be time-barred because they allegedly suffered emotional distress caused by Igberase before November 2016. In support of this statement, ECFMG refers to its Exhibit 25, which consists of a few of the 200+ surveys sent to Plaintiffs by Annie Steinberg, M.D., a psychiatrist retained by Plaintiffs who has provided a report as to damages suffered by the class members. None of these surveys support this argument because they do not state when any of the persons responding to the survey learned of the charges against Igberase. To compound its error, ECFMG exults that "indeed, one class member actually filed a lawsuit seeking emotional damages resulting from treatment by Dr. Igberase in early 2016—months **before** Dr. Igberase was even arrested." Br. at 17. Attached in support of this statement is a copy of a complaint seeking damages for medical negligence based on a theory of wrongful birth. But that complaint had nothing to do with Igberase's identity and Social Security fraud. It does not contain any allegations of negligent privileging or certification.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Class Certification, appoint them as representative plaintiffs, and appoint their counsel as class counsel. Plaintiffs respectfully request oral argument on this motion.

Dated: <u>November 11, 2019</u>

CONRAD O'BRIEN PC

<u>/s/ Nicholas M. Centrella</u>
Nicholas M. Centrella, Esquire (Pa. I.D. No. 67666)
Howard M. Klein, Esquire (Pa. I.D. No. 33632)
Benjamin O. Present, Esquire (Pa. I.D. No. 322682)
1500 Market Street, Suite 3900
Philadelphia, PA 19102-2100
Telephone: (215) 864-9600

SCHOCHOR, FEDERICO AND STATON

<u>/s/ Brent Ceryes</u>
Jonathan Schochor jschoehor@sfspa.com (*pro hac vice*
Lauren Schochor (Identification No. 87618)
lsehochor@sfspa.corn
Brent Ceryes (*pro hac vice*)
 bceryes@sfspa.com
Phil Federico (*pro hac vice*)
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
Phone: (410) 234-1000
Fax: (410) 234-1010

LAW OFFICES OF PETER G. ANGELOS, P.C.

<u>/s/ Paul M. Vettori</u>
Danielle S. Dinsmore (*pro hac vice*)
ddinsmore@lawpga.com
Paul M. Vettori (*pro hac vice*)
pvettori@lawpga.com
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, Maryland 21201
Telephone: (410) 649-2000
Fax: (410) 649-2150

Respectfully submitted,

JANET, JANET & SUGGS, LLC

<u>/s/ Patrick Thronson</u>
Patrick A. Thronson (*pro hac vice*)
pthronson@JJSjustice.com
Executive Centre at Hooks Lane
4 Reservoir Circle, Suite 200
Baltimore, MD 21208
Telephone: (410) 653-3200
Fax: (410) 653-9030

THE COCHRAN FIRM

<u>/s/ Karen Evans</u>
Karen E. Evans, R.N., J.D. (*pro hac vice*)
David Haynes
kevans@cochranfirm.com
1100 New York Ave, N.W.
Washington, D.C. 20005
Telephone: (202) 682-5800

Z LAW, LLC

<u>/s/ Cory Zajdel</u>
Cory L. Zajdel (*pro hac vice*)
clz@zlawmaryland.com
2345 York Rd. Suite B-13
Timonium, MD 21093
Telephone: (443) 213-1977

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the 11th day of November, 2019, the undersigned caused to be filed the foregoing Reply Memorandum of Law in Support of Motion for Class Certification, using the CM/ECF system of the United States District Court for the Eastern District of Pennsylvania, which will send notification of the filing to all counsel of record.

/s/ Patrick Thronson<br>
Patrick A. Thronson
