# EXHIBIT 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS, | * | |
| | * | Case No. 2:18-cv-05629-WB |
| Plaintiffs | * | Hon. Wendy Beetlestone |
| v. | * | |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES | * | |
| Defendant | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**PLAINTIFF DESIRE EVANS'S SUPPLEMENTAL**
**ANSWERS TO FIRST SET OF INTERROGATORIES**
**AND SUPPLEMENTAL RESPONSES**
**TO FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Desire Evans, pursuant to Federal Rules Civil Procedure 26, 33 and 34, serves the following Answers to First Set of Interrogatories propounded by the defendant.

The information supplied in these answers is not based solely on the knowledge of the executing party, but includes, where applicable, that of her agents, representatives and, unless privileged, attorneys. Furthermore, the precise word usage and sentence structure is that of the executing party's attorneys and does not purport to be, and is not necessarily, the exact language of the executing party.

Plaintiff objects to the instructions and definitions that accompany the interrogatories to the extent that those instructions and definitions impose upon her obligations beyond those imposed by the Federal Rules of Civil Procedure.

By providing information in response to the interrogatories, Plaintiff does not admit the relevance or admissibility of any of the information supplied but instead reserves the right to object to the admissibility of the information.

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Describe in detail each and every instance in which you were a patient of Akoda, including how you chose Akoda as your doctor, the date you were a patient, and the specific nature of the treatments and examinations performed.

### ANSWER:

**Objection is made to this interrogatory as it overly broad and unduly burdensome, and concerns matters which are more appropriately addressed by deposition. Without waiving this objection, the Plaintiff was a patient of Akoda during her labor on March 17, 2016 and the subsequent delivery of her infant. The Plaintiff further refers Defendant to the Plaintiff's medical records for details relating to her care and treatment by Akoda. The Plaintiff went to Prince George's Hospital Center for her delivery because her primary OBGYN treated patients there.**

### SUPPLEMENTAL ANSWER:

*Subject to and without waiving these objections, all medical records in the possession of the Plaintiff and her counsel have been produced to ECFMG. The Defendant is again referred to the medical records of the Plaintiff for detailed information concerning her treatment by Igberase.*

### INTERROGATORY NO. 7:

Describe in detail all facts that support the allegation in the Complaint that you chose Akoda as your "obstetrician/gynecologist" on the basis of [your] belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States,

including certification from ECFMG," including facts relating to when you first learned about ECFMG, its certification services, and its certification of Akoda.

**ANSWER:**

**Objection is made to this request to the extent it elicits communications between the Plaintiff and her counsel subject to the attorney-client privilege, particularly with regard to knowledge about ECFMG and its services. Without waiving this objection, Plaintiff would not have agreed to receive treatment for a physician who had obtained certifications necessary to practice medicine on the basis of identity fraud. Plaintiff naturally assumed Akoda was a physician who had been lawfully credentialed.**

**SUPPLEMENTAL ANSWER:**

*Subject to and without waiving these objections, Plaintiff is relying on her attorneys for the specific facts related to the ECFMG certification process. She had no prior knowledge of ECFMG in particular.*

**INTERROGATORY NO. 8:**

Identify and describe in detail each and every communication you had with anyone (other than with your attorneys) about the claims or facts underlying the claims that you are asserting in the Complaint, including all such communications with Akoda's medical practice, any medical licensing board, any employee, agent or representative of ECFMG, and all such communications with a journalist, reporter, or member of the media.

**ANSWER:**

**Objection is made to this request as it is overly broad and unduly burdensome, and concerns matter better addressed through deposition. Plaintiff's contacts with Akoda are reflected in the medial records which are being produced. The Plaintiff has had no communication with any medical licensing board, employee, agent or representative of**

ECFMG, nor any member of the media.  The Plaintiff has also given a deposition in the matter of *Dews et al. v. Dimensions Healthcare System, et. al,* Case No. CAL-17-37091.

<u>SUPPLEMENTAL ANSWER:</u>

*Subject to and without waiving these objections, the Plaintiff has communicated generally with members of her family, including her husband, Michael Evans, her mother, Renee Clifto, and her cousin, Terel Newton. The Plaintiff can recall no other discoverable communications other than those set forth in these responses.  The Plaintiffs deposition in the Dimensions matter has been previously produced.*

<u>INTERROGATORY NO. 9:</u>

Describe in detail any and all remedies that you seek in connection with this lawsuit, including each element of damages or other relief to which you claim you are entitled, the method of calculating each such element of damages or other relief, the amount of each element of damages or other relief, and the time period for which you are seeking damages or other relief.

<u>ANSWER:</u>

**Plaintiff adopts by reference her Answer to Interrogatory No. 2.  The amount of these damages is for the jury to determine.  Plaintiff seeks damages for these injuries as determined by the jury.**

<u>SUPPLEMENTAL ANSWER</u>

*Plaintiff has lost substantial time from work since her pregnancy, caused by the emotional distress associated with Igeberase's conduct.  The Plaintiffs are obtaining tax documentation to provide further support for this claim, which will be provided upon receipt.*

<u>INTERROGATORY NO. 11:</u>

Describe in detail any arrangements that you have made with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial obligations associated with the bringing of this lawsuit.

<u>ANSWER:</u>

Plaintiff objects to this Interrogatory on the grounds that the information requested is protected from discovery by the attorney-client privilege and on the grounds that it is not relevant to any claim or defense in this action.

**SUPPLEMENTAL ANSWER:**

*Subject to and without waiving these objections, Plaintiff has a standard contingency fee agreement with her attorneys, pursuant to which she pays no fees unless there is a recovery and counsel advances expenses.  There are no other financial arrangements.*

**INTERROGATORY NO. 12:**

Identify each and every Putative Class Member of whom you are aware, and for each person, describe in detail all facts supporting your contention that he or she is a Putative Class Member.

**ANSWER:**

Objection is made to this interrogatory as it overly broad, and goes beyond the scope of appropriate discovery.  Plaintiff's counsel represents numerous persons who are putative members of the class.  Counsel for Plaintiff has a list of persons who have been retained by Plaintiff's counsel as members of the putative class, many of whom have been confirmed as patients of Akoda through review of medical records.   Plaintiffs is also aware that other attorneys in this case represent numerous persons who are putative members of the class, but are not aware of their identities. Plaintiff believes that there are approximately 1,000 patients seen or treated by Akoda.

**SUPPLEMENTAL ANSWER:**

*Subject to and without waiving these objections, attachment A is a list of persons represented by Schochor, Federico & Staton, P.A.*

**INTERROGATORY NO. 15:**

Identify and describe in detail each and every health care provider (including but not limited to physicians, psychologists, nurses, and/or therapists) from whom you have sought treatment, and for each health care provider, state whether you sought treatment from the health care provider to address the alleged injuries for which you are seeking to recover in this litigation.

**ANSWER:**

**Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and is not limited in time or scope and seeks information that is not relevant. Without waiving this objection, the Plaintiff had received medical care from Paul Donoto, PhD and a psychiatrist, Ijeoma N. Nnamani, M.D.**

**SUPPLEMENTAL ANSWER:**

*Subject to and without waiving these objections, and in addition to the Plaintiff's prior discovery responses, Plaintiff has received medical care in the past from -Danielle Waldrop, M.D./Javaka Moore, M.D., -Dionne Lucas, PA-C, -Southern Maryland Hospital, Washington Hospital Center and Shanda Smith, M.D.   Medical records from these providers are being provided.  The Plaintiff is currently seeing Ebony Cross, M.D., a psychiatrist.*

**SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS**

**General Objections**

1.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks to impose obligations in excess of the requirements of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to each of Defendant's requests to the extent that the request is vague or ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents that are publicly available or that Defendant may more directly, easily, and

conveniently obtain from other sources.

4.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents beyond Plaintiffs' possession, custody or control.

5.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks the production of materials or the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable protections.  The inadvertent production of materials or information subject to the protections of the attorney-client privilege, the attorney work product doctrine, or similar privileges or protections from discovery shall not constitute a waiver of any such privileges or protections.

6.      To the extent that Defendant requests documents and information that constitute sensitive, confidential, or proprietary information, Plaintiff will produce such documents only after the execution of a suitable confidentiality agreement between the parties.

7.      Because Defendant's requests contain numerous redundant items, documents may respond to multiple requests and it is therefore impractical and unduly burdensome to identify the specific requests to which documents respond.

8.      These responses are made without waiver of:  (i) any objections to competency, relevancy, materiality, privilege, and the admissibility of each response, including documents produced and the subject matter thereof, in any further proceedings in this action;  (ii) the right to object to the use of any document provided pursuant to this response, or the subject matter thereof, on any ground in any further proceedings in this action;  and (iii) the right, at any time, to revise, correct, supplement or clarify any of these responses.

9.      Plaintiff expressly reserves the right to rely at any time, including in any further proceedings in this action, on documents that are subsequently discovered or were omitted from

these responses as a result of mistake, error, oversight or inadvertence.

10.     These responses and any further responses or documents produced pursuant thereto are made without any acknowledgment or concession that the documents requested are relevant to the subject matter of this action.

11.     The statement in any given response that documents will be produced means that documents will be produced, as limited by the relevant objections, provided that such documents exist and are in the possession, custody or control of Plaintiff. Plaintiff's stated willingness to produce certain classes of documents should in no way be construed as an affirmative acknowledgment that such documents either exist or are in the possession, custody or control of Plaintiff.

12.     The foregoing General Objections are hereby incorporated by Plaintiff into the responses to each and every one of Plaintiff's specific requests set forth below, and to each and every amendment, supplement or modification to these responses hereinafter provided to the specific requests propounded by the Defendant. Plaintiff does not intend to waive any General Objection responsive to any specific request.

**REQUEST NO. 3:**

All pleadings filed in Akoda litigation.

**RESPONSE:**

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

**SUPPLEMENTAL RESPONSE:**

*The Plaintiffs have provided a copy of the Complaint in this matter and the Defendant's Answer.*

**REQUEST NO. 4:**

All documents relating to Akoda Litigation.

**RESPONSE:**

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

**SUPPLEMENTAL RESPONSE:**

*Objection is made to this request as it is vague, overly broad and unduly burdensome. Moreover, documents filed in the Dimensions litigation are readily obtainable from the Prince George's County Circuit Court. Other documents, including attorney work product and documents concerning expert witnesses in that matter, are beyond the scope of discovery in this matter. The Plaintiff is not is possession of any documents or other communications responsive to this request.*

**REQUEST NO. 6:**

All sworn statements executed by you in Akoda Litigation.

**RESPONSE:**

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

**SUPPLEMENTAL RESPONSE:**

*The transcript of Plaintiff's deposition and Plaintiff's Answers to Interrogatories in the Akoda litigation are available.*

**REQUEST NO. 7:**

All documents relating to Putative Class Members.

**RESPONSE:**

**Objection. This request is ambiguous, overbroad, and seeks information that is not proportionate to the needs of the case. If Defendant will clarify it, Plaintiff will attempt to respond.**

## SUPPLEMENTAL RESPONSE:

*Plaintiff is producing a list of all persons represented by the law firms identified in answer to Interrogatory No. 12*

## REQUEST NO. 10:

All documents relating to ECFMG.

## RESPONSE:

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

## SUPPLEMENTAL RESPONSE:

*Objection is made to this response as it is vague. The materials relating to ECFMG in the possession of the Plaintiff or her counsel were obtained from the Defendant ECFMG, or are otherwise in the possession of the Defendant ECFMG.*

## REQUEST NO. 20:

All documents relating to Dimensions Healthcare Associates and Akoda.

## RESPONSE:

**Plaintiff adopts by reference her response to Request No. 5.**

## SUPPLEMENTAL RESPONSE:

*Objection is made to this response as it is vague, overbroad and unduly burdensome, and to the extent it seeks information protected by attorney work product. Documents filed in*

*litigation with Dimensions Healthcare are readily obtainable from the Prince George's County*

*Circuit Court in Maryland.*

## REQUEST NO. 21:

All communications between you and Dimensions Healthcare Associates relating to the claims or facts underlying the claims that you are asserting in the Complaint.

## RESPONSE:

**Plaintiff adopts by reference her response to Request No. 5.**

## SUPPLEMENTAL RESPONSE:

*Objection is made to this request to the extent it seeks confidential documents concerning settlement discussions, including materials produced for mediation, to include mediation statements and expert reports produced for purposes of mediation. Objection is further made to this request to the extent it seeks correspondence between counsel as it is beyond the scope of discovery and represents attorney work product. Documents filed in litigation with Dimensions Healthcare are readily obtainable from the Prince George's County Circuit Court in Maryland.*

## REQUEST NO. 30:

All documents and communications relating to your allegation that ECFMG owed a duty to you and Putative Class Members.

## RESPONSE:

**Objection. Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it calls for a legal conclusion as to any documents that may be responsive to this request. This request also appears to be duplicative of other requests to which – subject to the above-stated objection, Plaintiff has responded that, if she has any such documents, they will be produced.**

## SUPPLEMENTAL RESPONSE:

*Objection is further made to this request as it seeks attorney work product.  Subject to and without waiving these objections, to the extent any such discoverable documents exist, they will or have been produced.*

**REQUEST NO. 34:**

All W-2 forms, wage documents, and state and federal income tax returns, including all forms, schedules, and attachments.

**RESPONSE:**

**Objection.  Upon advice of counsel, Plaintiff objects to this request and declines to produce any documents on the grounds that she is not making any claim for lost income.**

**SUPPLEMENTAL RESPONSE:**

*Subject to and without waiving these objections, the Plaintiff is currently collecting tax returns, which will be provided upon receipt.*

**REQUEST NO. 35:**

All medical records, pharmacy records, doctor's notes, or similar documents relating to any physical or mental health diagnosis, illness, injury, or treatment you have experienced or received.

**RESPONSE:**

**Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it is overly broad and burdensome in that it is not limited in time or scope and that it seeks information that is not relevant to any claim or defense in this action.  To the extent the Plaintiff receives treatment concerning her condition and injuries relevant to this lawsuit, these documents will be produced.**

**SUPPLEMENTAL RESPONSE:**

*Subject to and without waiving these objections, all medical records in the possession of the Plaintiff and her counsel have been produced.*

**REQUEST NO. 36:**

All medical bills, statements, and other documents relating to expenses you incurred for examination and treatment of alleged injuries.

**RESPONSE:**

**To the extent the Plaintiff receives treatment concerning her condition and injuries relevant to this lawsuit, these documents will be provided.**

**SUPPLEMENTAL RESPONSE:**

*Subject to and without waiving these objections, all medical records and bills in the possession of the Plaintiff and her counsel have been produced.*

**REQUEST NO. 37:**

All medical bills, statements, and other documents relating to expenses paid on your behalf by any insurance carrier or health plan for examination and treatment of alleged injuries.

**RESPONSE:**

**Objection. Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that the requested documents are not relevant to any claim or defense in this action. To the extent that the Plaintiff incurs medical bills related to examination and treatment for her injuries relevant to this lawsuit, they will be provided.**

**SUPPLEMENTAL RESPONSE:**

*Subject to and without waiving these objections, all medical records and bills in the possession of the Plaintiff and her counsel have been produced.*

**REQUEST NO. 41:**

All statements you or your attorneys have obtained from individuals concerning the allegations in the Complaint or any alleged unlawful conduct by ECFMG.

**RESPONSE:**

**Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that they are protected from discovery by the work-product doctrine. Without waiving this objection, the Plaintiff Elsa Powell has not obtained any statements from ECFMG.**

<u>**SUPPLEMENTAL RESPONSE:**</u>

*Subject to and without waiving these objections, Plaintiff will produce the transcript of her deposition and her answers to interrogatories in the Dimensions litigation.*

<u>**REQUEST NO. 42:**</u>

All documents and communications relating to any arrangements that you have made with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial obligations associated with the bringing of this lawsuit.

<u>**RESPONSE:**</u>

**Objection.   Upon advice of counsel, Plaintiff objects to this request on the grounds that it seeks documents protected from discovery by the attorney-client privilege and on the grounds that it requests documents which are not relevant to any claim or defense in this action.**

<u>**SUPPLEMENTAL RESPONSE:**</u>

*Subject to and without waiving these objections, see Supplemental Answer to Interrogatory No. 11.*

<u>**REQUEST NO. 43:**</u>

All documents and communications, including but not limited to consulting or financing agreements, relating to individuals or entities, other than you or your attorneys, that are (a) providing any funding of any attorneys' fees, expenses, or costs related to this lawsuit; (b) providing any information, services, or assistance concerning this lawsuit to you or your attorneys, either directly or indirectly; or (c) have a financial interest or right to receive compensation that is contingent on the outcome of this lawsuit by settlement, judgment, or otherwise; or (d) are receiving any form of compensation or remuneration for providing any information, services, or assistance concerning this lawsuit.

**RESPONSE:**

Objection.  Upon advice of counsel, Plaintiff objects to this request on the grounds that it seeks documents protected from discovery by the attorney-client privilege and on the grounds that it requests documents which are not relevant to any claim or defense in this action.

**SUPPLEMENTAL RESPONSE:**

*There are no financial arrangements with anyone other than Plaintiff's attorneys, as set forth in response to Interrogatory No. 11.*

**REQUEST NO. 44:**

All documents and communications relating to the remedies you seek, including each element of damages or other relief to which you allegedly are entitled, the method of calculating each such element of damages or other relief, and the amount of each element of damages or other relief.

**RESPONSE:**

Any discoverable documents responsive to this request will be produced.

**SUPPLEMENTAL RESPONSE:**

*Objection is made to this request as it is overly broad and vague.  Without waiving this objection, the Plaintiff is seeking to obtain tax returns, which will be provided upon receipt.*

CONRAD & O'BRIEN, P.C.


*/s/ Nicholas M. Centrella*
Nicholas M. Centrella, Esquire (ID No. 67666)
ncentrella@conradobrien.com
Howard M. Klein, Esquire (ID No. 33632)
Benjamin O. Present, Esquire (ID No. 322682)
1500 Market Street
Centre Square, West Tower, Suite 3900
Philadelphia, PA 19102-2100

Telephone: (215) 864-9600
Fax: (215) 864-9620

SCHOCHOR, FEDERICO AND STATON, P.A.

/s/ Jonathan Schochor
Jonathan Schochor (Admitted Pro Hac Vice )
jschochor@sfspa.com
Lauren Schochor (Identification No. 87618)
lsehochor@sfspa.com
Brent Ceryes (Admitted Pro Hac Vice)
bceryes@sfspa.com
The Paulton
1211 St. Paul Street
Baltimore, Maryland 21202
Phone: (410) 234-1000
Fax: (410) 234-1010

June 17, 2019

## VERIFICATION

I, Desire Evans, hereby aver that the factual statements in the foregoing Supplemental *Answers to Interrogatories*, are true and correct to the best of my knowledge, information, and belief, and that these *Supplemental Answers* are made subject to the penalties relating to unsworn falsification to authorities.

_____
Desire Evans

Dated: June 17, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the

foregoing *Supplemental Answers to Interrogatories* to be served on the following via electronic

mail:

Brian W. Shaffer
Elisa P. McEnroe,
Mathew D. Klayman
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*/s/ Nicholas M. Centrella*
Nicholas M. Centrella

June 17, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the

foregoing *Supplemental Answers to Interrogatories* to be served on the following via electronic

mail:

Brian W. Shaffer
Elisa P. McEnroe,
Mathew D. Klayman
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*/s/ Nicholas M. Centrella*
Nicholas M. Centrella

June 17, 2019

**EXHIBIT A: Represented Clients of Schochor, Federico & Staton, P.A.**

| **Last Name** | **First name** | **DOB** |
|---|---|---|
| Achike | Nkemdilim | |
| Aikens | Regina | |
| Alex-Jimda | Olajomoke | |
| Allen | Angel | |
| Allen | Darnisha | |
| Allen | Jovanna | |
| Allen | Krystin | |
| Allen | Tyhee | |
| Alleyne | Martina | |
| Anderson | Keira | |
| Anderson | Latoya | |
| Andrews | Dnia | |
| Anthony | Deborah | |
| Anthony | Ivori | |
| Anthony | Londyn | |
| Ashu | Grace | |
| Ballard | Monique | |
| Balmes | Yolanda | |
| Beard | Pauline | |
| Becoats-Greer | Shantanette | |
| Bennett | Aisha | |
| Berger | Richelle | |
| Bowman | Vanessa | |
| Boykin | Michelle | |
| Bradwell | Tanina | |
| Brame | Shatore | |
| Braxton | Shaunte | |
| Brice | Christina | |
| Britton | Janis | |
| Brooks | Stacey | |
| Brown | Yolanda | |
| Butler | Onikaia | |
| Calliham | Kristen | |
| Carey | Tishana | |
| Carroll | DeTanicha | |
| Cavers | Ada | |
| Cavers | Sabrina | |
| Chase | Chamoney | |
| Chase | Chavonne | |
| Chase | Tameia | |
| Collins | Tamu | |

| | |
|---|---|
| Crawford | Tiffany |
| Damilare-Raji | Temitope |
| Davis | Towana |
| Davison | Dawn |
| Day | Kavonna |
| Dew | Briana |
| Dews | Christina |
| Drewery | Dekwarna |
| Driver | Myeshia |
| Durant | Tasia |
| Ellis | Princess |
| Evans | Desire |
| Faulkner | Samuella |
| Ferrell | Sade |
| Ferrell | Shavonne |
| Fiti | Tele |
| Ford | Marquette |
| Francis | Priyanka |
| Frazier | Nyia |
| Freeman-Taylor | Octavia |
| Garay | Jocelyn |
| Gaymon | Latisa |
| Gibbs | Gabrielle |
| Glover | Donita |
| Godby | Vanessa |
| Goldston | Darmeshia |
| Gordon | Antaja |
| Hall | Shannon |
| Hammond | Angelique |
| Harrell | Alecia |
| Harris | Dynita |
| Harris | Myah |
| Harrison-Gray | Deveda |
| Hayes | Chanita |
| Henry | Shaquella |
| Hines | Sonya |
| Holder | Kimisha |
| Holmes | Naqirah |
| Hooker | Ronnetta |
| Hughes-Keen | LaTonya |
| Igbalajobi | Oluwaseyi |
| Ihuoma | Adewunmi |
| Jackson | Lakisha |
| Jacob | Darlene |

| | |
|---|---|
| Jallow | Amie |
| Jay | Chantell |
| Jefferies | April |
| Jeffries | Lisa |
| Johnson | Brittany |
| Johnson | Krishanna |
| Johnson | Sandra |
| Johnson | Shynese |
| Johnson | Tierra |
| Jones | Kiwannah |
| Jones | Londra |
| Jones | Shamere / Dezmond Jones |
| Jones | Shamika |
| Kamara | Isata |
| Kamara | Maiatu / Isatu Sillah |
| Kamara | Veronica |
| Keemer-Gray | Nicole |
| King | Demetrice |
| King | Latashia |
| Kyles | Tameka |
| Lacy | Tamara |
| Lawal | Adejumoke |
| Layo | Titi |
| Lee (now Gogarty) | Jessica |
| Lewis | Natasha |
| Logan | Chadiamond |
| Lowery | Alisha |
| Lozano | Siomara |
| Lynch | Ashley |
| Magruder | Tatyana |
| Maiden | Brittany |
| Martin | Shirnelle |
| Mason | LaQuonda |
| Mathis | Felicia |
| McCarthy | Kharesia |
| Miles | Jammie |
| Miles | Jasmine |
| Miller | Jasmine |
| Mitchell | Savanna |
| Molua | Irene |
| Moyler | Jovan |
| Ndiformutieh | Victorine |

| | |
|---|---|
| Nkengfack | Josephine |
| Nwalokomobi / Mgbolu | Imilar |
| Nyanzu | Diana |
| Omogbadegun | Ibironke |
| Oswald | Mariah |
| Otis | Jacqueline |
| Oyesiji | Jubril |
| Parker | Ericka |
| Perkins | Iysha |
| Petty | Arlene |
| Plater | Portia |
| Powell | Elsa |
| Powell | Tyeisha |
| Reynolds | Monique |
| Robinson | Jamie |
| Robinson | Janni |
| Rouse | Autumn |
| Scott | Dajzhe |
| Sesay | Finda |
| Shaw | Lakisha |
| Shearin | Sherita |
| Simmons | Jasmine |
| Simmons | Jennifer |
| Simms | Katrina |
| Simms | Natasha |
| Smith | Patria |
| Smith | Tyissha |
| Smith-Buani | Yema |
| Smith-Reynolds | Allanda |
| Spears | Nishika |
| Spriggs | Charmisa |
| Streater | Roneka |
| Strong | Adoniqua |
| Stubbs | Andrea |
| Tazi | Anyinkeng |
| Terry | Pasche |
| Thornes | Quiana |
| Tinsley | Jazmine |
| Townes | Danielle |
| Tyler | Rhonda |
| Tyler | TaNeishia |
| Udefiagbon | Bukola |
| Vail-Pardich | Jamesha |

| | |
|---|---|
| Valentine | Diamisha |
| Vaughan | Aurelia |
| Velasquez | Carmen |
| Walston | Crystal |
| Ward | Danielle |
| Warrick | Brittany |
| White | Jerica |
| Wilcox | Joyce |
| Williams | Amber |
| Williams | LaShanta |
| Williams | Latisha |
| Williams | Mercedes |
| Wimberly | Lisa |
| Wimpye | Briana |
| Wingfield | Ashleigh |
| Woo | Mary |
| Woodfork | April |
| Wright | April |
| Young | Tina |

