# **EXHIBIT 13**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MONIQUE RUSSELL, JASMINE RIGGINS,     *
ELSA M. POWELL AND DESIRE EVANS,

                                   *     Case No. 2:18-cv-05629-WB

        Plaintiffs

                                   *     Hon. Wendy Beetlestone

    v.

                                   *

EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES           *

        Defendant               *

     *     *     *     *     *     *     *     *     *     *     *

**PLAINTIFF JASMINE RIGGINS' SUPPLEMENTAL ANSWERS TO FIRST**
**SET OF INTERROGATORIES AND SUPPLEMENTAL RESPONSES TO**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff, Jasmine Riggins, pursuant to Federal Rules Civil Procedure 26, 33 and 34, serves the following Supplemental Answers to First Set of Interrogatories propounded by the defendant.

The information supplied in these answers is not based solely on the knowledge of the executing party, but includes, where applicable, that of her agents, representatives and, unless privileged, attorneys. Furthermore, the precise word usage and sentence structure is that of the executing party's' attorneys and does not purport to be, and is not necessarily, the exact language of the executing party.

Plaintiff objects to the instructions and definitions that accompany the interrogatories to the extent that those instructions and definitions impose upon her obligations beyond those imposed by the Federal Rules of Civil Procedure.

By providing information in response to the interrogatories, Plaintiff does not admit the relevance or admissibility of any of the information supplied but instead reserves the right to object to the admissibility of the information.

## SUPPLEMENTAL ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Describe in detail each and every instance in which you were a patient of Akoda, including how you chose Akoda as your doctor, the date you were a patient, and the specific nature of the treatments and examinations performed.

### SUPPLEMENTAL ANSWER:

**Plaintiff believes, but is not certain, that she recalls the dates she saw Akoda in his office and the dates she was at Prince Georges' Hospital Center where Akoda delivered her baby, Messiah Denver Brown, by C-section on March 18, 2013. Her best recollection is that Akoda provided prenatal care from August 2012 to March 18, 2013. Plaintiff refers Defendant to the medical records which Plaintiff is producing. Plaintiff chose Dr. Chaudry's practice because it was conveniently located. She was never treated by Dr. Chaudry but rather by Akoda.**

*The prenatal records from Dr. Abdul Chaudry were produced to ECFMG. They indicate that Plaintiff first saw Akoda on 10/15/2012. These records appear to indicate that Plaintiff had pre-natal visits on 10/23/2012; 12/03/2012; 12/20/2012; 12/31/2012; 1/17/2013; 2/19/2013; 2/22/2013; 3/01/2013; 3/13/2013; and 3/18/2013. These records are bates stamped 0000001995-0000002026.*

### INTERROGATORY NO. 2:

Describe in detail the alleged injuries for which you are seeking to recover in this litigation, including when you first became aware of those injuries, how you became aware of those injuries, whether you have seen any health care provider for treatment of those alleged injuries and if so, who and when, and each and every aspect of those injuries.

2

SUPPLEMENTAL ANSWER:

Plaintiff has suffered financial, physical and emotional injuries.  In addition to these injuries, Akoda's surgery on Plaintiff has limited her birth control options.  Plaintiff requested a tubal ligation to ensure against future pregnancies and she was denied due to the tissue damage caused by Akoda's surgery.  Plaintiff suffered extreme pain for several months after Akoda's surgery.  After returning to work and continuing for a few months, approximately twice a week Plaintiff was unable to complete her work shift, leaving work two hours early, because of the extreme pain, that at times would cause her to double over, and resulted in lost income.  Plaintiff had confidence and trust in her OB/GYN provider, Abdul Chaudry, M.D., that the doctors working under his practice and that treated her were, at the very least, legitimately credentialed, legally licensed, possessed the proper education and were real doctors.  In addition, Plaintiff had confidence and trust in Prince George's Hospital Center that the doctors given privileges at their facility to perform surgery would also, at the very least, be legitimately credentialed, legally licensed, possess the proper education and were real doctors.  Akoda performed a C-section on Plaintiff on March 18, 2013, when he was not legitimately credentialed, used fraud to obtain a medical license, and did not graduate from a medical school.  Upon learning Akoda was a fraud, impersonating a doctor, Plaintiff felt extremely violated, betrayed, embarrassed, sad, very angry and shocked.  As discovery is ongoing, Plaintiff reserves the right to supplement this Answer.

*Plaintiff has not seen any health care providers for treatment of these injuries.*
*Plaintiff began experiencing these injuries when she learned in July 2017 that Akoda was not*

*really a doctor. Plaintiff learned this from Monique Russell. Plaintiff is seeking only non-economic damages.*

**INTERROGATORY NO. 7:**

Describe in detail all facts that support the allegation in the Complaint that you chose Akoda as your "obstetrician/gynecologist" on the basis of [your] belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States, including certification from ECFMG," including facts relating to when you first learned about ECFMG, its certification services, and its certification of Akoda.

**SUPPLEMENTAL ANSWER:**

**Plaintiff would not have chosen anyone as her Ob/Gyn who was not a real physician. Plaintiff naturally assumed Akoda was a real physician.**

*Plaintiff is relying on her attorneys for these allegations and Plaintiff has no personal knowledge of them.*

**INTERROGATORY NO. 9:**

Describe in detail any and all remedies that you seek in connection with this lawsuit, including each element of damages or other relief to which you claim you are entitled, the method of calculating each such element of damages or other relief, the amount of each element of damages or other relief, and the time period for which you are seeking damages or other relief.

**SUPPLEMENTAL ANSWER:**

**Plaintiff adopts by reference her answer to interrogatory no. 2. The amount of these damages is for the jury to determine. Plaintiff seeks damages for these injuries as determined by the jury.**

*Plaintiff is not making a claim for economic damages.*

**INTERROGATORY NO. 11:**

Describe in detail any arrangements that you have made with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial obligations associated with the bringing of this lawsuit.

**SUPPLEMENTAL ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that the information requested is protected from discovery by the attorney-client privilege and on the grounds that it is not relevant to any claim or defense in this action.

*Subject to and without waiving these objections, Plaintiff has a standard contingency fee agreement with her attorneys, pursuant to which she pays no fees unless there is a recovery and counsel advances expenses. There are no other financial arrangements. All clients retained by the Law Offices of Peter G. Angelos, P.C., the Law Offices of David Ellin and Z Law, LLC have signed the same retainer agreement.*

**INTERROGATORY NO. 12:**

Identify each and every Putative Class Member of whom you are aware, and for each person, describe in detail all facts supporting your contention that he or she is a Putative Class Member.

**SUPPLEMENTAL ANSWER:**

Plaintiff's counsel represents numerous persons who are putative members of the class. Counsel for Plaintiff has a list of persons who have been retained by Plaintiff's counsel as members of the putative class. Plaintiff's counsel has sufficient information to establish that these clients were seen or treated by Akoda. Plaintiff's counsel is also aware that other attorneys in this case represent numerous persons who are putative members of the class, but is not aware of their identities. Plaintiff believes that there are approximately 1,000 patients seen or treated by Akoda.

*Attachment A is a list of persons represented jointly by the Law Office of Peter G. Angelos, P.A., the Law Offices of David Ellin and Z Law, LLC.*

5

## INTERROGATORY NO. 15:

Identify and describe in detail each and every health care provider (including but not limited to physicians, psychologists, nurses, and/or therapists) from whom you have sought treatment, and for each health care provider, state whether you sought treatment from the health care provider to address the alleged injuries for which you are seeking to recover in this litigation.

## SUPPLEMENTAL ANSWER:

**Plaintiff objects to this interrogatory on the grounds that it is overly broad and burdensome. As worded, this Interrogatory seeks information about Plaintiff's health care that is unrelated to her treatment by Akoda. It is not limited in time or scope and seeks information that is not relevant.**

*Subject to and without waiving these objections, Plaintiff has not sought treatment from any health care provider for the injuries she is seeking to recover in this litigation. Plaintiff has received medical care in the past from Charter Health Care, a clinic in the District of Columbia, and following the delivery of her child by Akoda from Unity Health Care, another clinic in the District of Columbia. Plaintiff has two other children: Santana* ██████████ *and Taniya* ██████████ *and the Plaintiff has terminated two other pregnancies.*

### SUPPLEMENTAL RESPONSES TO DOCUMENT REQUESTS

#### General Objections

1.   Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks to impose obligations in excess of the requirements of the Federal Rules of Civil Procedure.

2.   Plaintiff objects to each of Defendant's requests to the extent that the request is vague or ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents that are publicly available or that Defendant may more directly, easily, and conveniently obtain from other sources.

4.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents beyond Plaintiffs' possession, custody or control.

5.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks the production of materials or the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable protections.  The inadvertent production of materials or information subject to the protections of the attorney-client privilege, the attorney work product doctrine, or similar privileges or protections from discovery shall not constitute a waiver of any such privileges or protections.

6.      To the extent that Defendant requests documents and information that constitute sensitive, confidential, or proprietary information, Plaintiff will produce such documents only after the execution of a suitable confidentiality agreement between the parties.

7.      Because Defendant's requests contain numerous redundant items, documents may respond to multiple requests and it is therefore impractical and unduly burdensome to identify the specific requests to which documents respond.

8.      These responses are made without waiver of:  (i) any objections to competency, relevancy, materiality, privilege, and the admissibility of each response, including documents produced and the subject matter thereof, in any further proceedings in this action;  (ii) the right to object to the use of any document provided pursuant to this response, or the subject matter thereof, on any ground in any further proceedings in this action;  and (iii) the right, at any time, to revise, correct, supplement or clarify any of these responses.

9.      Plaintiff expressly reserves the right to rely at any time, including in any further proceedings in this action, on documents that are subsequently discovered or were omitted from these responses as a result of mistake, error, oversight or inadvertence.

10.     These responses and any further responses or documents produced pursuant thereto are made without any acknowledgment or concession that the documents requested are relevant to the subject matter of this action.

11.     The statement in any given response that documents will be produced means that documents will be produced, as limited by the relevant objections, provided that such documents exist and are in the possession, custody or control of Plaintiff.  Plaintiff's stated willingness to produce certain classes of documents should in no way be construed as an affirmative acknowledgment that such documents either exist or are in the possession, custody or control of Plaintiff.

12.     The foregoing General Objections are hereby incorporated by Plaintiff into the responses to each and every one of Plaintiff's specific requests set forth below, and to each and every amendment, supplement or modification to these responses hereinafter provided to the specific requests propounded by the Defendant.  Plaintiff does not intend to waive any General Objection responsive to any specific request.

**REQUEST NO. 6:**

All sworn statements executed by you in Akoda Litigation.

**SUPPLEMENTAL RESPONSE:**

**None.**

*The transcript of Plaintiff's deposition and Plaintiff's Answers to Interrogatories in the Akoda litigation will be produced.*

8

**REQUEST NO. 7:**

All documents relating to Putative Class Members.

**SUPPLEMENTAL RESPONSE:**

**Objection.  This request is ambiguous, overbroad and seeks documents which are not proportionate to the needs of this case.  If Defendant will clarify it, Plaintiff will attempt to respond.**

*Plaintiff is producing a list of all persons represented by the law firms identified in answer to Interrogatory No. 12.*

**REQUEST NO. 30:**

All documents and communications relating to your allegation that ECFMG owed a duty to you and Putative Class Members.

**SUPPLEMENTAL RESPONSE:**

**Objection.  Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it calls for a legal conclusion as to any documents that may be responsive to this request.  This request also appears to be duplicative of other requests to which, subject to the above stated objection, Plaintiff has responded that, if she has any such documents, they will be produced.**

*Subject to and without waiving these objections, to the extent any such documents exist, they will or have been produced.*

**REQUEST NO. 34:**

All W-2 forms, wage documents, and state and federal income tax returns, including all forms, schedules, and attachments.

**SUPPLEMENTAL RESPONSE:**

**Objection.  Upon advice of counsel, Plaintiff objects to this request and declines to produce any documents other than the documents showing the time she may have missed from work for a brief period of time after her surgery.**

***Subject to and without waiving these objections, Plaintiff is not making any claim for economic damages and therefore the requested documents are not relevant.***

<u>**REQUEST NO. 35:**</u>

All medical records, pharmacy records, doctor's notes, or similar documents relating to any physical or mental health diagnosis, illness, injury, or treatment you have experienced or received.

<u>**SUPPLEMENTAL RESPONSE:**</u>

**Objection.  Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it is overly broad and burdensome in that it is not limited in time or scope and that it seeks information that is not relevant to any claim or defense in this action.**

***Subject to and without waiving these objections, Plaintiff has never sought nor received treatment for any mental health diagnosis, illness of injury.  The only medical care Plaintiff can recall is in connection with her pregnancies and deliveries.***

<u>**REQUEST NO. 36:**</u>

All medical bills, statements, and other documents relating to expenses you incurred for examination and treatment of alleged injuries.

<u>**SUPPLEMENTAL RESPONSE:**</u>

**The requested documents will be produced.**

***Plaintiff has not sought nor received medical treatment for the injuries she is claiming in this litigation.  Plaintiff has no bills or expense documentation.***

10

**REQUEST NO. 37:**

All medical bills, statements, and other documents relating to expenses paid on your behalf by any insurance carrier or health plan for examination and treatment of alleged injuries.

**SUPPLEMENTAL RESPONSE:**

**The requested documents will be produced.**

*Plaintiff has not sought nor received medical treatment for the injuries she is claiming in this litigation.  Plaintiff has no bills or expense documentation.*

**REQUEST NO. 41:**

All statements you or your attorneys have obtained from individuals concerning the allegations in the Complaint or any alleged unlawful conduct by ECFMG.

**SUPPLEMENTAL RESPONSE:**

**Objection.  Plaintiff has not obtained any statements.  Upon advice of counsel, Plaintiff objects to this request insofar as it seeks statements obtained by her attorneys and declines to produce the requested documents on the grounds that they are protected from discovery by the work-product doctrine.**

*Subject to and without waiving these objections, Plaintiff will produce the transcript of her deposition and her answers to interrogatories in the Akoda litigation.*

**REQUEST NO. 42:**

All documents and communications relating to any arrangements that you have made with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial obligations associated with the bringing of this lawsuit.

**SUPPLEMENTAL RESPONSE:**

**Objection.  Upon advice of counsel, Plaintiff objects to this request on the grounds that it seeks documents protected from discovery by the attorney-client privilege and on**

the grounds that it requests documents which are not relevant to any claim or defense in

this action.

*Subject to and without waiving these objections, see Supplemental Answer to*

*Interrogatory No. 11.*

**REQUEST NO. 43:**

All documents and communications, including but not limited to consulting or financing agreements, relating to individuals or entities, other than you or your attorneys, that are (a) providing any funding of any attorneys' fees, expenses, or costs related to this lawsuit; (b) providing any information, services, or assistance concerning this lawsuit to you or your attorneys, either directly or indirectly; or (c) have a financial interest or right to receive compensation that is contingent on the outcome of this lawsuit by settlement, judgment, or otherwise; or (d) are receiving any form of compensation or remuneration for providing any information, services, or assistance concerning this lawsuit.

**SUPPLEMENTAL RESPONSE:**

**Plaintiff adopts by reference her response to Request No. 42.**

*There are no financial arrangements with anyone other than Plaintiff's attorneys.*

**REQUEST NO. 44:**

All documents and communications relating to the remedies you seek, including each element of damages or other relief to which you allegedly are entitled, the method of calculating each such element of damages or other relief, and the amount of each element of damages or other relief.

**SUPPLEMENTAL RESPONSE:**

**The requested documents will be produced.**

*Plaintiff is seeking only non-economic damages; there are no documents responsive to*

*this request.*

CONRAD & O'BRIEN, P.C.

_/s/ Nicholas M. Centrella_
Nicholas M. Centrella, Esquire (ID No. 67666)
ncentrella@conradobrien.com
Howard M. Klein, Esquire (ID No. 33632)
Benjamin O. Present, Esquire (ID No. 322682)
1500 Market Street
Centre Square, West Tower, Suite 3900
Philadelphia, PA 19102-2100
Telephone: (215) 864-9600
Fax: (215) 864-9620

LAW OFFICES OF PETER G. ANGELOS, P.C.

_/s/ Paul M. Vettori_
Jay D. Miller (_Pro Hac Vice Forthcoming_)
jmiller@lawpga.com
Danielle S. Dinsmore (_Pro Hac Vice Forthcoming_)
ddinsmore@lawpga.com
Paul M. Vettori (_Pro Hac Vice Forthcoming_)
pvettori@lawpga.com
One Charles Center
100 North Charles Street
Baltimore, MD  21201
Telephone: (410) 649-2000
Fax: (410) 649-2150
_Attorneys for Plaintiff, Jasmine Riggins_

Dated: June _13_ , 2019

## VERIFICATION

I, Jasmine Riggins, hereby aver that the factual statements in the foregoing *Answers to Interrogatories* are true and correct to the best of my knowledge, information and belief, and that these Answers are made subject to the penalties relating to unsworn falsification to authorities.

_____
Jasmine Riggins

Dated: June 13, 2019

14

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the

foregoing *Supplemental Answers to Interrogatories and Document Requests* to be served on the

following via electronic mail:

Brian W. Shaffer
Elisa P. McEnroe
Matthew D. Klayman
MORGAN, LEWIS & BOCKUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com


/s/ Nicholas M. Centrella
Nicholas M. Centrella


June 13, 2019

**ATTACHMENT A TO SUPPLEMENTAL DISCOVERY RESPONSES**

| NAME | D/O/B |
|------|-------|
| Abudu, Yemis | |
| Adams, Jonae | |
| Adebayo, Atinuke O. | |
| Adebayo, Titilope | |
| Adekanbi, Comfort | |
| Adeoye, Aebola | |
| Adesalu, Folasade | |
| Adigwe, Susan | |
| Akinwekomi, Taiwo | |
| Akosile, Abosede | |
| Alleyne, Dionne | |
| Anderson, Fatama | |
| Andrews, Ivona | |
| Arrey, Gennette Nker | |
| Ashton, Jennifer | |
| Atemnkeng, Precilia | |
| Ayodele, Olushola | |
| Ayoola, Abeni | |
| Azienwi, Marie Takem | |
| Bailey, Lameche | |
| Barnes, Whitney | |
| Barney, (Burc) Kededra | |
| Bell, Jimekiah | |
| Bendu, Makala | |
| Benford, (Walder) Tiffany | |
| Benjamin, Daneylle | |
| BienAime, Lise | |
| Bonaparte, Karen | |
| Bowden, Natasha | |
| Braima, Memunatu | |
| Braxton, Jovan | |
| Briscoe, Myeshia | |
| Broomes, To Asia | |
| Brown, Brittney | |
| Brown, Christine | |
| Brown, Sharon | |
| Brown, Shaunelle | |

| NAME | D/O/B |
|------|-------|
| Brown, Tiffany | |
| Bryant, Ladorsha | |
| Burris, Donika | |
| Burris, Rainelle | |
| Butler, Renee | |
| Byrd, Sekeithia | |
| Caldwell, Amisha | |
| Calix, Karina | |
| Coleman, Rashena | |
| Coley, Takia | |
| Collins, Jayde | |
| Cosby, Taylor | |
| Craig, Candace | |
| Derricott, Tiara | |
| Donnell, Tyche | |
| Davis, Renita | |
| Daniels, Brittany | |
| Davis, Amoni | |
| Davis, Ashle | |
| Davis, Stefanie | |
| Deville, Ashley | |
| Deville, Ebony | |
| Deville, Tiffany | |
| Diamond, Ashley | |
| Dinga, Andin | |
| Dunham, Deneise | |
| Eley, Marra | |
| Faison, Markinda | |
| Felder, Andrea | |
| Felix, Altagracia | |
| Ferguson, Darnisha | |
| Ferguson, Zenea | |
| Fornah, Fatu | |
| Franklin, Alexis | |
| Franklin, Khenae | |
| Fungafat, Tandika | |
| Garcia, Yancia | |

| NAME | D/O/B |
|------|-------|
| Gaskins, Richana | |
| Gibbs, Gabrielle | |
| Gines, Jasmine | |
| Ginyard, Angela | |
| Goldston, Shadona | |
| Gonzales, Hazzmin | |
| Green, Crystal | |
| Grier, Gethsamane | |
| Hall, Asia | |
| Hall, Monica | |
| Hansberry, Yvette | |
| Harley, Ashley | |
| Harper, Aqueba | |
| Harper, Deshonta | |
| Harris, Dayshelle | |
| Harris, Kimberly | |
| Harrison, Charnika | |
| Hearst, Lashell | |
| Henry, Lazett | |
| Henry, Shaquella | |
| Herron, Angela | |
| Holder, Kimberly | |
| Hudson, Chanell | |
| Ifekoya, Adeola | |
| Jackson, Danielle | |
| Jalloh, Ramatulie | |
| Jawla, Dalla | |
| Jenkins-Williams, Tris | |
| Jimason, Tasha | |
| Jobe, Princess | |
| Johnson, Alonda | |
| Johnson, Deidra | |
| Johnson, Jasmine | |
| Johnson, Keisha | |
| Jones, Carol | |
| Jones, Jasmine | |
| Jordan-Worthy, Krytiseya | |

| NAME | D/O/B |
|------|-------|
| Judd, Yvonnda | |
| Kaffo, Urowoli (Lucy) | |
| Kamara, Etta | |
| Kamara, Isatu | |
| Kanu, Fatmata | |
| King, Leia | |
| Knox-Stokes, Ashanta | |
| Koroma, Bridgetta | |
| Koroma, Margaret | |
| Kosh, Charmayne | |
| Kosh, Nia | |
| Kwi, Courage | |
| Langford, Deja | |
| Leslie, Hazel | |
| Lewis, Dawnesheia | |
| Lindsay, Chelsey | |
| Little, Ciera | |
| Lofland, Zymira | |
| Lovell, Erica | |
| Madubuatta, Miriam Ada | |
| Martin, Crystal | |
| Mathis, Markquonda | |
| Maynard, LaChey | |
| Mayo, Tamia | |
| McAllister, Tara | |
| McGee, Lakenyatta | |
| McKnight, Denia | |
| McLaughlin, Ann Marie | |
| Metts, Torquesa | |
| Moorman, Shanita | |
| Morgan, Patricia | |
| Nickens, Klea | |
| Nadav, Mattu | |
| Nguti, Mirabel | |
| Nkeng, Sylvia | |
| Oakes, Ashley | |
| Olukoga, Emily | |

| NAME | D/O/B |
|------|-------|
| Oni, Abimbola | |
| Palmer, Brittany | |
| Parker, Jazzman | |
| Parker, Sylvia | |
| Pitts, Ashley | |
| Platt, Endia | |
| Powell, Tina | |
| Proctor, Latika | |
| Proctor, Shabray | |
| Proctor, Shamika | |
| Randall, Amina | |
| Ray-Gie, Trayeshia | |
| Reed, Brishona | |
| Reeves, Chimere | |
| Reid, Patricia | |
| Riggins, Jasmine | |
| Robbins, Lashawnda | |
| Robinson, Clara | |
| Ross, Dinah | |
| Rush, Shartae | |
| Russell, Monique | |
| Sambola, Arku | |
| Samuel, Titilayo | |
| Savoy, Keyona | |
| Savoy, Sheika | |
| Sawyer, Racquetta | |
| Sawyer, Ursula | |
| Scarbourough, Micaela | |
| Seegars, Toniesha | |
| Sesay, Finda | |
| Shobowale, Oritoke | |
| Simpkins, Leslei | |
| Simpson, Felicia | |
| Smith, Jalisa M. | |
| Smith, Iris Samone | |
| Smith, Tammy | |
| Snowden, Caprice | |

| NAME | D/O/B |
|---|---|
| Snowden, Imani | |
| Sorrell, Tiara | |
| Spencer, Cassandra | |
| Spencer, Faatimah | |
| Spencer, Nafiysha | |
| Spriggs, Tiara | |
| Stagg, Shanika | |
| Stallings, Lynette | |
| Stallings, Christina | |
| Stocks, Artavia | |
| Streater, Roneka | |
| Sykes, Tyiesha | |
| Taylor, Chauntice | |
| Taylor, Latiffany | |
| Thomas, Tanja | |
| Thomas, Victoria | |
| Thomas-Walker, Carla | |
| Thornton, Lisa | |
| Tilghman, Chantell | |
| Tilghman, Chernell | |
| Tilghman, Faith | |
| Toure-Davis, Nathalie | |
| Tyler, Alexa | |
| Valentine, Diamisha | |
| Van-Overbeek, April Cain | |
| Veney, Lauren | |
| Wade, Britnee | |
| Wade, Kayla | |
| Walker, Alicea | |
| Wallace, Shelly | |
| Walton, Aisha | |
| Ward, Iesha | |
| Watts, Ericka | |
| White, Shavonda | |
| Whitley, Alexis Joanne | |
| Williams, Alexis | |
| Williams, Apryl Monet | |

| NAME | D/O/B |
|---|---|
| Williams, Candice | |
| Williams, Lynette | |
| Williams, Michelle | |
| Williamson, Keyinoshia | |
| Wilson, Breanna | |
| Woodfolk, (nee Torri) | |