# EXHIBIT 18

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS, | * | |
| | * | Case No. 2:18-cv-05629-WB |
| Plaintiffs | | |
| | * | Hon. Wendy Beetlestone |
| v. | * | |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES | * | |
| | * | |
| Defendant | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

**PLAINTIFF DESIRE EVANS'S ANSWERS TO FIRST SET OF
INTERROGATORIES AND RESPONSES TO FIRST SET OF
<u>REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiff, Desire Evans, pursuant to Federal Rules Civil Procedure 26, 33 and 34, serves the following Answers to First Set of Interrogatories propounded by the defendant.

The information supplied in these answers is not based solely on the knowledge of the executing party, but includes, where applicable, that of her agents, representatives and, unless privileged, attorneys.  Furthermore, the precise word usage and sentence structure is that of the executing party's attorneys and does not purport to be, and is not necessarily, the exact language of the executing party.

Plaintiff objects to the instructions and definitions that accompany the interrogatories to the extent that those instructions and definitions impose upon her obligations beyond those imposed by the Federal Rules of Civil Procedure.

By providing information in response to the interrogatories, Plaintiff does not admit the relevance or admissibility of any of the information supplied but instead reserves the right to object to the admissibility of the information.

## ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

Describe in detail each and every instance in which you were a patient of Akoda, including how you chose Akoda as your doctor, the date you were a patient, and the specific nature of the treatments and examinations performed.

### ANSWER:

**Objection is made to this interrogatory as it overly broad and unduly burdensome, and concerns matters which are more appropriately addressed by deposition. Without waiving this objection, the Plaintiff was a patient of Akoda during her labor on March 17, 2016 and the subsequent delivery of her infant. The Plaintiff further refers Defendant to the Plaintiff's medical records for details relating to her care and treatment by Akoda. The Plaintiff went to Prince George's Hospital Center for her delivery because her primary OBGYN treated patients there.**

### INTERROGATORY NO. 2:

Describe in detail the alleged injuries for which you are seeking to recover in this litigation, including when you first became aware of those injuries, how you became aware of those injuries, whether you have seen any health care provider for treatment of those alleged injuries and if so, who and when, and each and every aspect of those injuries.

### ANSWER:

**This Plaintiff will be claiming non-economic damages for her pain and suffering, as well as Plaintiffs' loss to her marital relationship. This Plaintiff has in the past, is presently, and will in the future continue to suffer excruciating emotional anguish as well as fear and anxiety, as a result of learning that Akoda was a fraud. This Plaintiff will also be claiming**

economic damages for past, present and future medical expenses, lost wages, future health and life care needs, including but not limited to psychiatric and/or psychological counseling. Copies of billing invoices for prior medical care will be provided as they become available. Copies of Plaintiffs' life care plan and economic report will be provided upon completion. This answer will be supplemented as discovery proceeds.

The Plaintiff first experienced her injuries and damages relevant to this matter upon learning about Akoda's fraudulent conduct. She first learned this information from the radio. She subsequently looked up information about Akoda on the internet.

The Plaintiff is undergoing care from a psychologist, Paul Donoto, PhD and a psychiatrist, Ijeoma N. Nnamani, M.D. and is currently taking ███████████████████ ████████████     This answer will be supplemented as discovery proceeds.

**INTERROGATORY NO. 3:**

Describe in detail all facts that support the allegation in the Complaint that ECFMG owed a duty to Plaintiffs and the Putative Class Members.

**ANSWER:**

Objection is made to this request as it is overly broad and unduly burdensome, and calls for a legal conclusion. Without waiving this objection, the facts that support these allegations are set forth in the Complaint, including but not limited to paragraphs 5, 10-47 and 69-69.

ECFMG holds itself out as protecting the public through its programs and services, including primary-source verification of physician credentials. ECFMG undertook to render certification services and primary source verification services, among others, for Igberase on multiple occasions, under multiple identifies, and to represent to Howard University

3

Hospital, Prince George's Hospital Center, the Maryland Board of Physicians, among others, that Igberase was a bona fide medical doctor.

ECFMG owed a duty to Plaintiffs and other members of the Class to carefully review Igberase's multiple applications for certification, appropriately perform primary source verification and to carefully investigate Igberase when it was informed that Igberase was using a false social security number, potentially a false name, and other false documentation.

The Plaintiffs' investigation is ongoing.

**INTERROGATORY NO. 4:**

Describe in detail all facts that support the allegation in the Complaint that ECFMG breached a duty owed to Plaintiffs and the Putative Class Members.

**ANSWER:**

Objection is made to this request as it is overly broad and unduly burdensome, and calls for a legal conclusion.  Without waiving this objection, the facts that support these allegations are set forth in the Complaint, including but not limited to paragraphs 70-80.

ECFMG, in breach of its duty to the Plaintiffs and Putative Class Members, failed to detect that Igberase's medical school diploma was in the name of Johnbull Enosakhare Akoda, not John Charles Akoda or John Charles Nosa Akoda or John Nosa Akoda, all names used in documents submitted by Akoda.

ECFMG was negligent in failing to learn that Akoda was Igberase.  Among other things, ECFMG knew that in August 2000 allegations had been made to the JSMC that Akoda and Igberase were the same person.  The JSMC notified ECFMG of this and told ECFMG that Akoda was using Igberase's social security number.

Igberase appeared at the offices of ECFMG on September 27, 2000 and told ECFMG that Igberase was his cousin and admitted he had used Igberase's social security number

4

"pending INS clearance of his own social security number."  Additionally, the passport Igberase provided to ECFMG at that meeting contained one too few numbers and could not have been valid.

There was no effort by ECFMG to authenticate the passport.  In breach of its duty, ECFMG failed to take any action against Igberase for this misuse of a social security number.

Further in breach of its duty, ECFMG failed to compare the photograph of Igberase in its files with the person claiming to be Akoda who was sitting in ECFMG's office in Philadelphia.  Had ECFMG done so, ECFMG would have known that Akoda and Igberase are the same person.

ECFMG, in breach of its duty, failed to advise the Howard University Hospital residency program, the Maryland Board of Physicians or Prince George's Hospital Center of the information in its files that Igberase may have had a previous certification that was revoked, that ECFMG had investigated whether Akoda is Igberase or that Igberase was barred under another certification.

ECFMG, in breach of its duty, and in breach of its own policies and procedures regarding irregular behavior, failed to take reasonable steps to verify the truth of the references submitted by Igberase when he applied for the residency program at Howard University Hospital under the Akoda identity.  In 2006 Igberase submitted three (3) letters of recommendations through ERAS under the Akoda identity.  ECFMG sent letters to each of the references, with copies of their respective alleged letters of recommendations, seeking to learn if they were authentic.  ECFMG did not receive responses from the supposed references.  Nevertheless, ECFMG provided primary source verification to Howard University Hospital about "Akoda" – a fictitious identity.

**INTERROGATORY NO. 5:**

Describe in detail all facts that support the allegation in the Complaint that ECFMG's supposed negligence was the "sole and proximate cause" of your alleged injuries and damages.

**ANSWER:**

**Objection is made to this request as it is overly broad and unduly burdensome, and calls for a legal conclusion.  Without waiving this objection, the facts that support these allegations are set forth in the Complaint.**

**The numerous breaches of duty by ECFMG led to the fraudulent certification of Igberase, under various names, but for which he would not have been admitted to the Howard University Hospital residency program, he would not have received a Maryland medical license, he would not have obtained privileges at Prince George's Hospital Center, he would not have been able to practice medicine, and he would not have been able to cause the harms to Plaintiffs.**

**ECFMG's numerous breaches of duty increased the risk of harm to Plaintiffs and other members of the Class by Igberase's conduct.**

**As a direct, proximate, immediate and foreseeable result of ECFMG's conduct, Named Plaintiffs and Class Members have and/or will suffer permanent economic and non-economic damages.**

**INTERROGATORY NO. 6:**

Describe in detail all facts that support the allegations in the Complaint that Akoda "performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language" and committed "boundary violations."

**ANSWER:**

**Objection is made to this request as it is overly broad and unduly burdensome, and concerns matters more appropriately addressed at deposition.   Without waiving this**

6

objection, the named Plaintiff contends that all care and treatment provided by Akoda was inappropriate, including but not limited to the fact that he was not an appropriately licensed and credentialed physician.   He oversaw this Plaintiff's labor care, including the performance of intrusive pelvic examinations, and he performed the Plaintiff's delivery.

Prior to delivery, the Plaintiff felt that Akoda was unprofessional, and was made uncomfortable by the way he touched her.   Her husband also felt uncomfortable with Akoda's conduct.   Additionally, while Ms. Evans was pushing, Akoda started manipulating the Plaintiff's clitoris.   Akoda told Ms. Evans that he had to get her aroused, which would help the baby come out.

Ms. Evans feels as though she was sexually molested, particularly given what is now known about Akoda.   The baby was ultimately delivered via c-section.   He was not properly licensed, credentialed or qualified to provide any of this case.   This Plaintiff would never have exposed herself or her child to a non-health care provider had she been appropriately advised that he was not a validly licensed or credentialed physician. This answer will be supplemented as discovery proceeds.

The Defendant is further referred to the medical records.

Plaintiffs investigation is ongoing.

**INTERROGATORY NO. 7:**

Describe in detail all facts that support the allegation in the Complaint that you chose Akoda as your "obstetrician/gynecologist" on the basis of [your] belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States, including certification from ECFMG," including facts relating to when you first learned about ECFMG, its certification services, and its certification of Akoda.

**ANSWER:**

**Objection is made to this request to the extent it elicits communications between the Plaintiff and her counsel subject to the attorney-client privilege, particularly with regard to knowledge about ECFMG and its services.  Without waiving this objection, Plaintiff would not have agreed to receive treatment for a physician who had obtained certifications necessary to practice medicine on the basis of identity fraud.  Plaintiff naturally assumed Akoda was a physician who had been lawfully credentialed.**

## INTERROGATORY NO. 8:

Identify and describe in detail each and every communication you had with anyone (other than with your attorneys) about the claims or facts underlying the claims that you are asserting in the Complaint, including all such communications with Akoda's medical practice, any medical licensing board, any employee, agent or representative of ECFMG, and all such communications with a journalist, reporter, or member of the media.

## ANSWER:

**Objection is made to this request as it is overly broad and unduly burdensome, and concerns matter better addressed through deposition.  Plaintiff's contacts with Akoda are reflected in the medial records which are being produced.   The Plaintiff has had no communication with any medical licensing board, employee, agent or representative of ECFMG, nor any member of the media.  The Plaintiff has also given a deposition in the matter of *Dews et al. v. Dimensions Healthcare System, et. al,* Case No. CAL-17-37091.**

## INTERROGATORY NO. 9:

Describe in detail any and all remedies that you seek in connection with this lawsuit, including each element of damages or other relief to which you claim you are entitled, the method of calculating each such element of damages or other relief, the amount of each element of damages or other relief, and the time period for which you are seeking damages or other relief.

## ANSWER:

Plaintiff adopts by reference her Answer to Interrogatory No. 2.  The amount of these damages is for the jury to determine.  Plaintiff seeks damages for these injuries as determined by the jury.

**INTERROGATORY NO. 10:**

Identify each civil (including bankruptcy filings), criminal and administrative action to which you have been a party or in which you have served as a witness, including the matter name, court or agency.

**ANSWER:**

Objection is made to this request as it seeks to elicit information which goes beyond the proper scope of discovery.  Without waiving this objection, the Plaintiff is a named class representative in a class action filed in the Circuit Court for Prince George's County, Maryland, *Dews et al. v. Dimensions Healthcare System, et. al,* Case No. CAL-17-37091.

**INTERROGATORY NO. 11:**

Describe in detail any arrangements that you have made with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial obligations associated with the bringing of this lawsuit.

**ANSWER:**

Plaintiff objects to this Interrogatory on the grounds that the information requested is protected from discovery by the attorney-client privilege and on the grounds that it is not relevant to any claim or defense in this action.

**INTERROGATORY NO. 12:**

Identify each and every Putative Class Member of whom you are aware, and for each person, describe in detail all facts supporting your contention that he or she is a Putative Class Member.

**ANSWER:**

**Objection is made to this interrogatory as it overly broad, and goes beyond the scope of appropriate discovery.  Plaintiff's counsel represents numerous persons who are putative members of the class.  Counsel for Plaintiff has a list of persons who have been retained by Plaintiff's counsel as members of the putative class, many of whom have been confirmed as patients of Akoda through review of medical records.   Plaintiffs is also aware that other attorneys in this case represent numerous persons who are putative members of the class, but are not aware of their identities. Plaintiff believes that there are approximately 1,000 patients seen or treated by Akoda.**

**INTERROGATORY NO. 13:**

Identify each and every person who provided information used to answer these Interrogatories, and identify the Interrogatory or Interrogatories for which that person provided information.

**ANSWER:**

**The Plaintiff's attorneys assisted in the preparation of these answers.**

**INTERROGATORY NO. 14:**

Identify all persons with knowledge relating to the allegations and claims in the Complaint, and for each person, describe the subject(s) about which they have knowledge.

**ANSWER:**

**In addition to the plaintiff and her attorneys, the Defendant is referred to the Plaintiff's initial disclosures. This Plaintiff's family and treating health care providers may have personal knowledge of her care and treatment by Akoda, as well as her current injuries. These include her husband, Michael Evans, as well as her mother, Renee Clifton.  This answer will be supplemented as discovery proceeds.**

**INTERROGATORY NO. 15:**

10

Identify and describe in detail each and every health care provider (including but not limited to physicians, psychologists, nurses, and/or therapists) from whom you have sought treatment, and for each health care provider, state whether you sought treatment from the health care provider to address the alleged injuries for which you are seeking to recover in this litigation.

**ANSWER:**

**Plaintiff objects to this interrogatory on the grounds that it is overly broad and unduly burdensome, and is not limited in time or scope and seeks information that is not relevant. Without waiving this objection, the Plaintiff had received medical care from Paul Donoto, PhD and a psychiatrist, Ijeoma N. Nnamani, M.D.**

**INTERROGATORY NO. 16:**

Identify any and all persons you may call as a fact witness relating to this lawsuit at the time of trial.

**ANSWER:**

**Plaintiff has not determined who she may call as fact witnesses a trial. Plaintiff will comply with her obligations under F.R.C.P. 26(a)(3), or as otherwise ordered by the Court.**

**INTERROGATORY NO. 17:**

Identify any and all persons you intend to call as an expert witness relating to this lawsuit at the time of trial.

**ANSWER:**

**Plaintiff has not determined who she may call as expert witnesses at trial. Plaintiff will comply with her obligations under F.R.C.P. 26(a)(2), or as otherwise ordered by the Court.**

**INTERROGATORY NO. 18:**

Identify the jurisdiction whose law you contend governs each of the claims in the Complaint and describe in detail all facts supporting your contention.

**ANSWER:**

11

**Plaintiff objects to this interrogatory to the extent that it calls for information subject to work-product protection. By way of further answer, and without waiver, discovery and Plaintiffs' investigation are still continuing and full identification of the relevant facts for a choice of law analysis are yet to be determined.**

## DOCUMENT REQUESTS

### General Objections

1.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks to impose obligations in excess of the requirements of the Federal Rules of Civil Procedure.

2.      Plaintiff objects to each of Defendant's requests to the extent that the request is vague or ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

3.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents that are publicly available or that Defendant may more directly, easily, and conveniently obtain from other sources.

4.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks documents beyond Plaintiffs' possession, custody or control.

5.      Plaintiff objects to each of Defendant's requests to the extent that Defendant seeks the production of materials or the disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable protections.  The inadvertent production of materials or information subject to the protections of the attorney-client privilege, the attorney work product doctrine, or similar privileges or protections from discovery shall not constitute a waiver of any such privileges or protections.

12

6.     To the extent that Defendant requests documents and information that constitute sensitive, confidential, or proprietary information, Plaintiff will produce such documents only after the execution of a suitable confidentiality agreement between the parties.

7.     Because Defendant's requests contain numerous redundant items, documents may respond to multiple requests and it is therefore impractical and unduly burdensome to identify the specific requests to which documents respond.

8.     These responses are made without waiver of:  (i) any objections to competency, relevancy, materiality, privilege, and the admissibility of each response, including documents produced and the subject matter thereof, in any further proceedings in this action;  (ii) the right to object to the use of any document provided pursuant to this response, or the subject matter thereof, on any ground in any further proceedings in this action;  and (iii) the right, at any time, to revise, correct, supplement or clarify any of these responses.

9.     Plaintiff expressly reserves the right to rely at any time, including in any further proceedings in this action, on documents that are subsequently discovered or were omitted from these responses as a result of mistake, error, oversight or inadvertence.

10.     These responses and any further responses or documents produced pursuant thereto are made without any acknowledgment or concession that the documents requested are relevant to the subject matter of this action.

11.     The statement in any given response that documents will be produced means that documents will be produced, as limited by the relevant objections, provided that such documents exist and are in the possession, custody or control of Plaintiff.  Plaintiff's stated willingness to produce certain classes of documents should in no way be construed as an affirmative acknowledgment that such documents either exist or are in the possession, custody or control of

Plaintiff.

12.     The foregoing General Objections are hereby incorporated by Plaintiff into the responses to each and every one of Plaintiff's specific requests set forth below, and to each and every amendment, supplement or modification to these responses hereinafter provided to the specific requests propounded by the Defendant.  Plaintiff does not intend to waive any General Objection responsive to any specific request.

## REQUEST NO. 1:

All documents identified in your Rule 26(a)(1) disclosures.

## RESPONSE:

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

## REQUEST NO. 2:

All documents identified in or relied upon in the course of answering the Interrogatories served contemporaneously with these Requests.

## RESPONSE:

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

## REQUEST NO. 3:

All pleadings filed in Akoda litigation.

## RESPONSE:

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

**REQUEST NO. 4:**

All documents relating to Akoda Litigation.

**RESPONSE:**

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

**REQUEST NO. 5:**

All documents produced by you or to you in Akoda Litigation.

**RESPONSE:**

**Any discoverable documents responsive to this request will be produced.  Certain documents produced to Plaintiff by Dimensions in the Akoda litigation are subject to a Confidentiality Agreement.  To the extent that ECFMG can obtain the consent of Dimensions, Plaintiff will produce the requested documents.**

**REQUEST NO. 6:**

All sworn statements executed by you in Akoda Litigation.

**RESPONSE:**

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

**REQUEST NO. 7:**

All documents relating to Putative Class Members.

**RESPONSE:**

**Objection. This request is ambiguous, overbroad, and seeks information that is not proportionate to the needs of the case.  If Defendant will clarify it, Plaintiff will attempt to respond.**

## REQUEST NO. 8:

All documents relating to Akoda, including documents relating to treatments or examinations performed by Akoda.

## RESPONSE:

**Objection.  This request appears to be duplicative of other requests to which Plaintiff has responded that, if she has any such documents, they will be produced.**

## REQUEST NO. 9:

All communications between you and Akoda.

## RESPONSE:

**Other than the medical records, none.**

## REQUEST NO. 10:

All documents relating to ECFMG.

## RESPONSE:

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

## REQUEST NO. 11:

All communications between you and ECFMG relating to the claims or facts underlying the claims that you are asserting in the Complaint.

## RESPONSE:

**Other than the records deposition subpoena served on ECFMG, there are none.**

## REQUEST NO. 12:

All documents about JSMC and Akoda.

**RESPONSE:**

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

**REQUEST NO. 13:**

All communications between you and JSMC relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

**None.**

**REQUEST NO. 14:**

All documents relating to Howard University Hospital and Akoda.

**RESPONSE:**

**Objection. This request is overly broad and unduly burdensome. Without waiver, any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced limited to the class members in this case.**

**REQUEST NO. 15:**

All communications between you and Howard University Hospital relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

**None.**

**REQUEST NO. 16:**

All documents relating to Prince George's Hospital Center and Akoda.

**RESPONSE:**

17

**Objection.  This request appears to be duplicative of other requests to which Plaintiff**

**has responded that, if she has any such documents, they will be produced.**

## REQUEST NO. 17:

All communications between you and Prince George's Hospital Center relating to the claims or facts underlying the claims that you are asserting in the Complaint.

## RESPONSE:

**Any discoverable documents responsive to this request which are in the possession of**

**the Plaintiff or her counsel will be produced.**

## REQUEST NO. 18:

All documents relating to A.G. Chaudry, M.D. and Akoda.

## RESPONSE:

**Any discoverable documents responsive to this request which are in the possession of**

**the Plaintiff or her counsel will be produced. Other than the medical records, none.**

## REQUEST NO. 19:

All communications between you and A.G. Chaudry, M.D. relating to the claims or facts underlying the claims that you are asserting in the Complaint.

## RESPONSE:

**Other than the medical records, none.**

## REQUEST NO. 20:

All documents relating to Dimensions Healthcare Associates and Akoda.

## RESPONSE:

**Plaintiff adopts by reference her response to Request No. 5.**

## REQUEST NO. 21:

All communications between you and Dimensions Healthcare Associates relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

      **Plaintiff adopts by reference her response to Request No. 5.**

**REQUEST NO. 22:**

All documents relating to the Maryland Board of Physicians and Akoda.

**RESPONSE:**

      **Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

**REQUEST NO. 23:**

All communications with the Maryland Board of Physicians relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

      **None.**

**REQUEST NO. 24:**

All documents and communications relating to your allegations that "Igberase never attended or graduated from a medical school."

**RESPONSE:**

      **Objection is made to this request to the extent is seeks information protected by attorney client privilege or the work product doctrine.  Without waiving this objection, any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel he requested documents will be produced.**

**REQUEST NO. 25:**

19

All documents and communications relating to your allegation that the Centers for Medicare and Medicaid Services "denied Igberase's application to enroll for Medicare reimbursement."

**RESPONSE:**

**Any discoverable documents responsive to this request which are in the possession of the Plaintiff or her counsel will be produced.**

**REQUEST NO. 26:**

All documents and communications relating to your decision to have Akoda treat or examine you.

**RESPONSE:**

**Other than the medical records, none.**

**REQUEST NO. 27:**

All documents and communications relating to your alleged "belief that Akoda had obtained all necessary credentials and certifications required of physicians practicing in the United States, including certification from ECFMG."

**RESPONSE:**

**None.**

**REQUEST NO. 28:**

All documents and communications relating to your allegation that "Igberase performed inappropriate examinations of a sexual nature while utilizing inappropriate and explicit sexual language."

**RESPONSE:**

**Objection is made to this request to the extent is seeks information protected by attorney client privilege or the work product doctrine, without waiving this objection. The Defendant is referred to the medical records.**

**REQUEST NO. 29:**

20

All documents and communications relating to your allegation that "Igberase's penetrations of his patients were clear boundary violations."

**RESPONSE:**

**Objection is made to the request to the extent it concerns a medical and/or legal conclusion, and to the extent is seeks information protected by attorney client privilege or the work product doctrine.  Without waiving this objection, the Defendant is referred to the medical records.**

**REQUEST NO. 30:**

All documents and communications relating to your allegation that ECFMG owed a duty to you and Putative Class Members.

**RESPONSE:**

**Objection. Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it calls for a legal conclusion as to any documents that may be responsive to this request.  This request also appears to be duplicative of other requests to which – subject to the above-stated objection, Plaintiff has responded that, if she has any such documents, they will be produced.**

**REQUEST NO. 31:**

All documents and communications relating to your allegation that ECFMG breached a duty owed to you and Putative Class Members.

**RESPONSE:**

**Objection is made to this request to the extent it calls for a legal conclusion, and to the extent is seeks information protected by attorney client privilege or the work product doctrine.  Without waiving this objection, this request appears to be duplicative of other requests to which Plaintiff has responded that, if she has any such documents, they will be produced.**

**REQUEST NO. 32:**

All documents and communications relating to your allegation that ECFMG's negligence was the "sole and proximate cause" of your alleged injuries and damages.

**RESPONSE:**

**Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it calls for a legal conclusion as to any documents that may be responsive to this request.  Without waiving this objection, this request appears to be duplicative of other requests to which Plaintiff has responded that, if she has any such documents, they will be produced.**

**REQUEST NO. 33:**

All documents and communications relating to injuries (physical, mental, emotional, psychological, or otherwise) that you contend you have suffered or will continue to suffer because of ECFMG's negligence.

**RESPONSE:**

**The requested documents will be produced.**

**REQUEST NO. 34:**

All W-2 forms, wage documents, and state and federal income tax returns, including all forms, schedules, and attachments.

**RESPONSE:**

**Objection is made to this request as it is overly broad and not properly limited in time and scope.  Without waiving this objection, documentation to support the Plaintiff's claim for lost wages will be produced as it is received.**

**REQUEST NO. 35:**

All medical records, pharmacy records, doctor's notes, or similar documents relating to any physical or mental health diagnosis, illness, injury, or treatment you have experienced or received.

**RESPONSE:**

**Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that it is overly broad and burdensome in that it is not limited in time or scope and that it seeks information that is not relevant to any claim or defense in this action.  To the extent the Plaintiff receives treatment concerning her condition and injuries relevant to this lawsuit, and are in the possession of Plaintiff or her counsel, these documents will be produced.**

**REQUEST NO. 36:**

All medical bills, statements, and other documents relating to expenses you incurred for examination and treatment of alleged injuries.

**RESPONSE:**

**Documents addressing the Plaintiffs examination and treatment of alleged injuries will be provided as they are received.**

**REQUEST NO. 37:**

All medical bills, statements, and other documents relating to expenses paid on your behalf by any insurance carrier or health plan for examination and treatment of alleged injuries.

**RESPONSE:**

**Objection. Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that the requested documents are not relevant to any claim or defense in this action.  Medical bills related to examination and treatment for her injuries relevant to this lawsuit will be provided as they are recieved.**

**REQUEST NO. 38:**

All communications between you and a journalist, reporter, or member of the media relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

 **None.**

**REQUEST NO. 39:**

 All communications between one or more of your attorneys and a journalist, reporter, or member of the media relating to the claims or facts underlying the claims that you are asserting in the Complaint.

**RESPONSE:**

 **Objection. Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that the requested documents are protected from discovery by the attorney work product doctrine and are not relevant to any claim or defense in this action.**

**REQUEST NO. 40:**

 All personal records, notes, journals, calculations, calendars, and/or diaries that make reference to your examination or treatment by Akoda.

**RESPONSE:**

 **Objection is made to the extent that any documents responsive to this request were prepared in anticipation of litigation or at the request of counsel.   Any discoverable documents responsive to this request will be produced.**

**REQUEST NO. 41:**

 All statements you or your attorneys have obtained from individuals concerning the allegations in the Complaint or any alleged unlawful conduct by ECFMG.

**RESPONSE:**

 **Upon advice of counsel, Plaintiff objects to this request and declines to produce the requested documents on the grounds that they are protected from discovery by the work-**

**product doctrine. Without waiving this objection, the Plaintiff Desire Evans has not**

**obtained any statements from ECFMG.**

**REQUEST NO. 42:**

All documents and communications relating to any arrangements that you have made
with your attorneys or others relating to payment of the costs, attorneys' fees, or other financial
obligations associated with the bringing of this lawsuit.

**RESPONSE:**

**Objection.  Upon advice of counsel, Plaintiff objects to this request on the grounds**

**that it seeks documents protected from discovery by the attorney-client privilege and on the**

**grounds that it requests documents which are not relevant to any claim or defense in this**

**action.**

**REQUEST NO. 43:**

All documents and communications, including but not limited to consulting or financing
agreements, relating to individuals or entities, other than you or your attorneys, that are (a)
providing any funding of any attorneys' fees, expenses, or costs related to this lawsuit; (b)
providing any information, services, or assistance concerning this lawsuit to you or your
attorneys, either directly or indirectly; or (c) have a financial interest or right to receive
compensation that is contingent on the outcome of this lawsuit by settlement, judgment, or
otherwise; or (d) are receiving any form of compensation or remuneration for providing any
information, services, or assistance concerning this lawsuit.

**RESPONSE:**

**Objection.  Upon advice of counsel, Plaintiff objects to this request on the grounds**

**that it seeks documents protected from discovery by the attorney-client privilege and on**

**the grounds that it requests documents which are not relevant to any claim or defense in**

**this action.**

**REQUEST NO. 44:**

All documents and communications relating to the remedies you seek, including each
element of damages or other relief to which you allegedly are entitled, the method of calculating

each such element of damages or other relief, and the amount of each element of damages or other relief.

**RESPONSE:**

> **Any discoverable documents responsive to this request will be produced.**

**REQUEST NO. 45:**

All documents and communications referenced in or used, reviewed, or relied upon in preparing the Complaint.

**RESPONSE:**

> **Objection is made to this request to the extent it seeks documents protected by the attorney-client privilege and attorney work product.  Without waiving this objection, any discoverable documents responsive to this request will be produced.**

**REQUEST NO. 46:**

All documents and communications relating to the claims asserted in the Complaint.

**RESPONSE:**

> **Objection is made to this request to the extent it seeks documents protected by the attorney-client privilege and attorney work product.  Without waiving this objection, any discoverable documents responsive to this request will be produced.**

**REQUEST NO. 47:**

All documents you may introduce as exhibits at trial in this lawsuit.

**RESPONSE:**

> **Plaintiff has not decided what documents it will introduce at trial.  Plaintiff will comply with her obligations under F.R.C.P. 26(1)(3).**

CONRAD & O'BRIEN, P.C.

                             */s/ Nicholas M. Centrella*
                             Nicholas M. Centrella, Esquire (ID No. 67666)
                             ncentrella@conradobrien.com
                             Howard M. Klein, Esquire (ID No. 33632)
                             Benjamin O. Present, Esquire (ID No. 322682)
                             1500 Market Street
                             Centre Square, West Tower, Suite 3900
                             Philadelphia, PA 19102-2100
                             Telephone: (215) 864-9600
                             Fax: (215) 864-9620

                             SCHOCHOR, FEDERICO AND STATON, P.A.

                             /s/ Jonathan Schochor
                             Jonathan Schochor (Admitted Pro Hac Vice )
                             jschoehor@sfspa.com
                             Lauren Schochor (Identification No. 87618)
                             lsehochor@sfspa.corn
                             Brent Ceryes (Admitted Pro Hac Vice)
                             bceryes@sfspa.com
                             The Paulton
                             1211 St. Paul Street
                             Baltimore, Maryland 21202
                             Phone: (410) 234-1000
                             Fax: (410) 234-1010

Dated: March 29, 2019

## **VERIFICATION**

I, Desire Evans, hereby aver that the factual statements in the foregoing *Answers to Interrogatories*, are true and correct to the best of my knowledge, information, and belief, and that these *Answers* are made subject to the penalties relating to unsworn falsification to authorities.


Desire Evans


Dated: March 28, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a true and correct copy of the

foregoing *Answers to Interrogatories* to be served on the following via electronic mail:

Brian W. Shaffer
Elisa P. McEnroe,
Mathew D. Klayman
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*/s/ Nicholas M. Centrella*
Nicholas M. Centrella

Dated: March 29, 2019