# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Civil Action No. 18-5629<br><br>Honorable Joshua D. Wolson |

## DEFENDANT EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES' MEMORANDUM OF LAW IN SUPPORT OF LIMITED MOTION TO STAY

Dated: March 30, 2020

Brian W. Shaffer, PA Bar No. 78851
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:    +1.215.963.5000
Facsimile:    +1.215.963.5001
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com

*Attorneys for Defendant the Educational Commission for Foreign Medical Graduates*

## TABLE OF CONTENTS

|       |       |                                                                  | Page |
|-------|-------|------------------------------------------------------------------|------|
| I.    |       | PRELIMINARY STATEMENT ................................................................. | 1    |
| II.   |       | LEGAL STANDARD ............................................................................... | 2    |
| III.  |       | ARGUMENT ............................................................................................ | 4    |
|       | A.    | A Stay is Warranted Under the *Nken* Factors ........................................... | 4    |
|       | B.    | Likewise, Application of the *Akishev* Factors Favors a Stay .................. | 8    |
| IV.   |       | CONCLUSION ....................................................................................... | 8    |

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Akishev v. Kapustin*,
    23 F. Supp. 3d 440, 446-47 (D.N.J. 2014) .............................................................................4, 8

*Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*,
    544 F.2d 1207 (3d Cir. 1976) ....................................................................................................3

*Grider v. Keystone Health Plan Cent., Inc.*,
    No. 2001-cv-5641, 2007 WL 9734118 (E.D. Pa. Jan. 22, 2007) ..............................................3

*Huffman v. Prudential Ins. Co. of Am.*,
    No. 2:10-cv-05135, 2018 WL 1281901 (E.D. Pa. Mar. 12, 2018) ........................................3, 6

*Katz v. Carte Blanche Corp.*,
    496 F.2d 747 (3d Cir. 1974) ......................................................................................................6

*King Drug Co. of Florence, Inc. v. Cephalon, Inc.*,
    No. 2:06-cv-1797, 2015 WL 9244638 (E.D. Pa. Dec. 17, 2015) .........................................3, 4

*Landis v. North American Co.*,
    299 U.S. 248 (1936) ..............................................................................................................3, 4

*Logory v. Cty. Of Susquehanna*,
    No. 3:09-cv-1448, ECF 57 (M.D. Pa. Dec. 6, 2011) ................................................................7

*Monahan v. City of Wilmington*,
    No. 1:00-cv-505, ECF 59 (D. Del. Oct. 24, 2001) ....................................................................7

*Myers v. Jani-King of Philadelphia, Inc., et al.*,
    No. 09-1738, ECF 101 (E.D. Pa. May 26, 2015) ..................................................................5, 7

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    259 F.3d 154 (3d Cir. 2001), *as amended* (Oct. 16, 2001) ...................................................4, 5

*Nken v. Holder*,
    556 U.S. 418 (2009) ........................................................................................................3, 4, 7

# TABLE OF AUTHORITIES
(continued)

Page(s)

*In re Rail Freight Surcharge Antitrust Litig.*,
  286 F.R.D. 88, 94 (D.D.C. 2012) ..................................................................................7

*Ramcharan v. A.F.L. Quality, Inc.*,
  No. 12-7551, 2015 WL 4275534 (D.N.J. April 14, 2015) ...........................................5

*Rodriguez v. Nat'l City Bank*,
  726 F.3d 372 (3d Cir. 2013) .........................................................................................5

*Singer Mgmt. Consultants, Inc. v. Milgram*,
  650 F.3d 223, 229 (3d Cir. 2011) .................................................................................4

*Stadler v. McCulloch*,
  882 F. Supp. 1524 (E.D. Pa. 1995) ..............................................................................4

*In re: Suboxone (Buprenorphine Hydrochlorine and Naloxone) Antitrust
  Litigation*, No. 19-8038 (3d Cir., Nov. 4, 2019) ..........................................................5

*Taha v. Bucks County*,
  No. 12-6867, ECF 175 (E.D. Pa. June 8, 2016) ...........................................................7

*Wachtel v. Guardian Life Ins. Co.*,
  No. 04-4304 (3d Cir. Sept. 6, 2005) .............................................................................7

**Rules**

Federal Rule of Civil Procedure Rule 23(c)(4) ..............................................................1, 5

Federal Rule of Civil Procedure 23(f) ..................................................................... *passim*

**Other Authorities**

Max Mitchell, *'What Justice Requires':  US Courts in Pa. Fight to Stay Open
  Amid Coronavirus Outbreak*, The Legal Intelligencer (March 26, 2020),
  https://www.law.com/thelegalintelligencer/2020/03/26/what-justice-requires-
  us-courts-in-pa-fight-to-stay-open-amid-coronavirus-outbreak/ ..............................6

Natasha Chen, "*These immigrant doctors want to help the US fight coronavirus,
  but they're stuck on the sidelines*", CNN (March 30, 2020),
  https://www.cnn.com/2020/03/30/us/immigrant-medical-professionals-
  sidelined/index.html. ...................................................................................................6

**I.        PRELIMINARY STATEMENT**

For the reasons explained below, Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") respectfully requests a limited stay of this matter.

On March 23, 2020, this Court issued an Opinion and Order certifying a class to consider issues concerning the duty and breach elements of Plaintiffs' claims against ECFMG. ECF 57-58. On or before April 6, 2020, ECFMG intends to file a petition in the U.S. Court of Appeals for the Third Circuit pursuant to Federal Rule of Civil Procedure 23(f) seeking permission to appeal that decision. ECFMG believes that the Court of Appeals is likely to grant the petition to facilitate development of the law on class certification under Rule 23(c)(4) and to address what ECFMG respectfully submits are errors in the Court's decision, which improperly put inordinate pressure on ECFMG to settle nonmeritorious claims that ECFMG otherwise would be entitled to litigate.

In particular, ECFMG requests that the Court stay the preparation and distribution of notice to class members (including the filing of any motion to approve a notice plan), any deadlines for the filing of summary judgment or *Daubert* motions, and any other pre-trial or trial dates, until at least thirty (30) days after the Court of Appeals decides whether to grant ECFMG's petition. Typically, the Court of Appeals makes such decisions within 60 days of the filing of the Rule 23(f) petition (so here, by late May or early June), and often sooner than that. Thus, the current requested stay is of a limited duration and poses minimal impact on the overall case schedule.

A stay is especially appropriate given the current challenges facing litigants, their counsel, and the Court in dealing with the COVID-19 pandemic. Given its unique and important role in graduate medical education, ECFMG's efforts recently have been fully consumed with issues related to COVID-19. Among other things, ECFMG has been working with the federal government to make arrangements for additional foreign medical students and graduates who are willing to come to the United States to assist in treating patients with COVID-19.

Further, numerous issues related to the Court's certification order that affect summary judgment and pre-trial and trial proceedings—including to whom, how, and when notice of the Court's certification decision would be given—have yet to be discussed by counsel, let alone presented to the Court for consideration and approval. Notice can be extremely costly, and if changes or complete withdrawal of the notice is required because of actions by the Court of Appeals, there is a significant risk of wasting the parties' and the Court's time and resources. Moreover, if the Court of Appeals were to allow ECFMG's appeal, there is a very real probability that specific aspects of any notice would be squarely implicated by the appellate court's decision on the merits.

To be clear, ECFMG's counsel has no objection to (remotely) meeting and conferring with Plaintiffs' counsel about issues related to potential notice pending a decision by the Court of Appeals on ECFMG's Rule 23(f) petition. However, moving ahead with the litigation apace under the current circumstances makes no sense and presents serious risks of wasted resources, confusion, and the risk that a decision from the Court of Appeals could fundamentally reshape the litigation after significant resources have already been expended. As a result, a limited stay is appropriate under these circumstances.

ECFMG's counsel met-and-conferred with Plaintiffs' counsel last week with respect to this request. Plaintiffs' counsel advised by email, without further explanation, that they do not consent to a stay.

## II.  **LEGAL STANDARD**

While an appeal under Rule 23(f) does not automatically stay proceedings in the district court absent an order from the district court or court of appeals, *see* Fed. R. Civ. P. 23(f), whether proceedings should be stayed is a matter committed to the Court's "broad power to stay proceedings . . . 'incidental to the power inherent in every court to control the disposition of causes

on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'"  *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936).

While the Third Circuit has yet to articulate the standard applicable to a district court's consideration of a motion to stay proceedings, *see King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, No. 2:06-cv-1797, 2015 WL 9244638, at *3 (E.D. Pa. Dec. 17, 2015), district courts within the Third Circuit have applied either:  (1) the four-factor test adopted in *Nken v. Holder*, 556 U.S. 418 (2009), *see, e.g.*, *Huffman v. Prudential Ins. Co. of Am.*, No. 2:10-cv-05135, 2018 WL 1281901, at *1 (E.D. Pa. Mar. 12, 2018), or (2) a balance-of-the-hardships test, *see, e.g.*, *Grider v. Keystone Health Plan Cent., Inc.*, No. 2001-cv-5641, 2007 WL 9734118, at *1 (E.D. Pa. Jan. 22, 2007).

Under the *Nken* test, courts consider four factors in deciding whether to grant a stay pending appeal:  "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  *King Drug*, 2015 WL 9244638, at *3 (quoting *Nken*, 556 U.S. at 434); *see also Huffman*, 2018 WL 1281901, at *1.

The alternative hardship-balancing test, by contrast, is drawn from the Supreme Court's statement in *Landis v. North American Company*, 299 U.S. 248 (1936), that a movant "must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay . . . will work damage to [someone else]."  Under that test, then, courts look to a number of factors, including "(1) whether a stay would unduly prejudice or present a

clear tactical disadvantage to the non-moving party"; (2) whether denial of the stay would create "a clear case of hardship or inequity" for the moving party; (3) "whether a stay would simplify the issues and the trial of the case"; and (4) "whether discovery is complete and/or a trial date has been set." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446-47 (D.N.J. 2014) (citations omitted). Under *Landis*, "[c]ourts must consider the time and effort of counsel and the litigants with a view toward a policy of avoiding piecemeal litigation." *Stadler v. McCulloch*, 882 F. Supp. 1524, 1527 (E.D. Pa. 1995).

### III.  ARGUMENT

Regardless of the test this Court chooses to apply, the limited stay ECFMG seeks is warranted. Accordingly, the Court should exercise its discretion and stay notice (including any motion to approve a notice plan), summary judgement, *Daubert*, and other pre-trial and trial proceedings pending a decision from the Court of Appeals on whether to grant ECFMG's forthcoming Rule 23(f) Petition.

#### A.  A Stay is Warranted Under the *Nken* Factors

Under the first *Nken* factor, the moving party need show only "a reasonable chance" of success on the merits, not a "more likely than not" chance. *King Drug*, 2015 WL 9244638, at *4 (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011)). There is a reasonable chance that the Court of Appeals will grant ECFMG's Rule 23(f) Petition for Permission to Appeal. First, the grant of "class certification is often the defining moment in class actions" as it may "create unwarranted pressure to settle nonmeritorious claims on the part of defendants." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 162-65 (3d Cir. 2001), *as amended* (Oct. 16, 2001). Other factors that favor a grant of appellate review include "when the appeal might 'facilitate development of the law on class certification,'" "when an appeal implicates novel or unsettled questions of law," and "when the district court's class certification

determination was erroneous." *Rodriguez v. Nat'l City Bank*, 726 F.3d 372, 376-77 (3d Cir. 2013) (quoting *Newton*, 259 F.3d at 164-165). Court of Appeals review of this Court's certification decision would certainly help facilitate the development of the law on issue class certification, especially as its *Gates v. Rohm & Haas Co.* decision on Rule 23(c)(4) has received varying and inconsistent application throughout this Circuit and in other courts. In fact, the Court of Appeals has recently granted a Rule 23(f) petition related to another Rule 23(c)(4) certification decision. *In re: Suboxone (Buprenorphine Hydrochlorine and Naloxone) Antitrust Litigation*, No. 19-8038 (3d Cir., Nov. 4, 2019). The reasonable possibility that the Court of Appeals will grant ECFMG's Rule 23(f) petition satisfies the first factor. *Myers v. Jani-King of Philadelphia, Inc., et al.*, No. 09-1738, ECF 101 (E.D. Pa. May 26, 2015).

Absent a stay, ECFMG (and for that matter, plaintiffs and class members) will be forced to litigate the matter when the certainty, implications and parameters of this Court's certification decision remains an open question. *Id.* As noted above, numerous issues related to the Court's certification order impacting notice and opt-outs – which will in turn impact summary judgment/*Daubert* and pre-trial/trial matters – have yet to be discussed by counsel, let alone presented to the Court for consideration and approval. *See, e.g., Ramcharan v. A.F.L. Quality, Inc.*, No. 12-7551, 2015 WL 4275534, at * 3 (D.N.J. April 14, 2015) ("Although the timing of the notice is left to the discretion of the Court, several authorities recognize that notice should be given promptly and, in any event, before the merits of the matter are adjudicated"). As this Court noted at the class certification hearing (and Plaintiffs' counsel agreed), this matter will require a notice and opt-out period. Jan. 30, 2020 Oral Argument on Motion for Class Certification Tr. 25:5-17. ECFMG's counsel is willing to meet and confer with Plaintiffs' counsel about those issues during the stay to make progress where possible. Beyond that, however, notice can be extremely costly, and if changes or complete withdrawal of the notice is required because of actions by the Court of

Appeals, there is a significant risk of wasting the parties' and the Court's time and resources. A limited stay would protect the parties (as well as this Court) from expending time and resources on issuing notice, motion practice, etc. that may prove unnecessary or duplicative should the Court of Appeals accept ECFMG's 23(f) petition, suggesting it might consider modifying or reversing this Court's order. *Huffman v. Prudential Insurance Company of America*, 2018 WL 1281901, at *2 (E.D. Pa. March 12, 2018) (noting that "'wasteful, unrecoverable, and possibly duplicative costs are proper considerations' to be balanced among others"). Further, the Court could not properly proceed to resolve summary judgment issues before notice is issued in any event, because it would potentially deprive ECFMG of its rights to *res judicata* as to class members. *See e.g., Katz v. Carte Blanche Corp.,* 496 F.2d 747, 739 (3d Cir. 1974).

Respectfully, the Court should give these considerations additional weight in the wake of the current COVID-19 situation, and the pressure and strains it is placing on litigants like ECFMG which is working to address the health care and medical shortages presented by the pandemic, and to ECFMG's in-house and outside counsel which is operating under indefinite stay-at-home restrictions. *See also* Max Mitchell, *'What Justice Requires': US Courts in Pa. Fight to Stay Open Amid Coronavirus Outbreak*, The Legal Intelligencer (March 26, 2020), ("Attorneys have unanimously said judges have been very accommodating about continuing cases, or handling them through videoconferencing") https://www.law.com/thelegalintelligencer/2020/03/26/what-justice-requires-us-courts-in-pa-fight-to-stay-open-amid-coronavirus-outbreak/. As a non-profit focused on the promotion of quality health care, ECFMG is playing a necessary and vital role in the healthcare system's response to COVID-19, collaborating with the government, healthcare related organizations, residency programs, and hospitals overwhelmed by the virus and seeking additional healthcare workers to help the response. Natasha Chen, "*These immigrant doctors want to help the US fight coronavirus, but they're stuck on the sidelines*", CNN (March 30, 2020),

https://www.cnn.com/2020/03/30/us/immigrant-medical-professionals-sidelined/index.html. Compounding matters, ECFMG's co-lead counsel Elisa McEnroe went out on maternity leave earlier this month and is not expected back for several months.

As for the third and fourth *Nken* factors, Plaintiffs or class members would not be meaningfully prejudiced by the issuance of a limited stay, and the public interest favors resolution of the pending questions regarding this Court's certification decision. A stay "simply maintains the status-quo;" if anything, class members and the parties could be negatively impacted if they were to proceed with matters intertwined with the certification decision, only for it to be reversed or modified by the Court of Appeals. *Myers v. Jani-King of Philadelphia, Inc., et al.*, No. 09-1738, ECF 101 (E.D. Pa. May 26, 2015) ("Proceeding with dissemination of the class notice while this matter is on appeal could lead to unnecessary expense and 'could lead to confusion among the public and the absent class members.'") (quoting *In re Rail Freight Surcharge Antitrust Litig.*, 286 F.R.D. 88, 94 (D.D.C. 2012). Further, it is Plaintiffs' Counsel's obligation to provide notice to any class, and no discussions have yet occurred regarding any notice, let alone a notice plan being submitted to the Court for consideration, challenge, and/or approval. It is in the public interest that neither the parties nor the Court waste resources and incur unnecessary litigation costs. Indeed, likely for that very reason, several courts in the Third Circuit have granted stays pending Rule 23(f) appeals without a full written opinion. *See, e.g.*, *Taha v. Bucks County*, No. 12-6867, ECF 175 (E.D. Pa. June 8, 2016); *Logory v. Cty. Of Susquehanna*, No. 3:09-cv-1448 (M.D. Pa. Dec. 6, 2011); *Wachtel v. Guardian Life Ins. Co.*, No. 04-4304 (3d Cir. Sept. 6, 2005); *Monahan v. City of Wilmington*, No. 1:00-cv-505, Dkt. 59 (D. Del. Oct. 24, 2001).

### B.      Likewise, Application of the *Akishev* Factors Favors a Stay

Application of the *Akishev* factors likewise shows that ECFMG would suffer a hardship or inequity if it were required to proceed with these class action proceedings while the Third Circuit's ruling on ECFMG's forthcoming Rule 23(f) petition is pending.

Regarding the first *Akishev* factor, as explained above, Plaintiffs cannot show that they would be unduly prejudiced or disadvantaged by a stay, as the stay would preserve the status quo and solely effect the timing of the proceedings. "Delay inherently results from the issuance of a stay, but 'mere' delay does not, without more, necessitate a finding of undue prejudice and clear tactical disadvantage." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 447 (D.N.J. May 28, 2014). On the other hand, proceeding with the case pending a ruling from the Court of Appeals would be burdensome and problematic for the reasons set forth above, especially in view of the COVID-19 pandemic. As for the third *Akishev* factor, a stay would certainly simplify the issues present in this case, allow counsel for the parties to meet and confer on numerous issues antecedent to the issuance of notice, rulings on summary judgment or trial even if the Court of Appeals were to decline to accept ECFMG's appeal. And, as these questions would clearly be intertwined with the issues that the Court of Appeals would address on appeal should it grant interlocutory review, this factor favors a stay. Finally, regarding the fourth factor, discovery is complete, so there is no concern that the stay will improperly bifurcate or disrupt that stage of proceedings. Issuance of a stay now, before protracted motion practice and trial preparation starts, is appropriate. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 448-49 (D.N.J. May 28, 2014).

### IV.    CONCLUSION

Defendant respectfully requests that the Court stay all deadlines and formal proceedings in this case until the Court of Appeals issues a decision on Defendant's forthcoming Rule 23(f) Petition for Permission to Appeal. Should the Court of Appeals accept the appeal, ECFMG

respectfully suggests that the Parties revisit the issue with the Court as to whether the stay should be extended.

                                                                                    Respectfully submitted,

Dated: March 30, 2020                                        */s/ Brian W. Shaffer*
                                                                                    Brian W. Shaffer, PA Bar No. 78851
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com

*Attorneys for Defendant the Educational Commission for Foreign Medical Graduates*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system and/or e-mail.

DATED:  March 30, 2020                                         */s/ Brian W. Shaffer*
                                                                                      Brian W. Shaffer