# Exhibit 4

September 19, 2019

Danielle S. Dinsmore, Esquire
Paul M. Vettori, Esquire
Law Offices of Peter G. Angelos
One Charles Center
100 N. Charles Street
Baltimore, Maryland 21201

       Re: Monique Russell, et al. v. Educational Commission for Medical
       Graduates, Case No. 2:18-cv-05629-JW

Dear Ms. Dinsmore and Mr. Vettori:

 You have asked me to review this matter and provide a report of my expert opinions with respect to this matter.  This is my report.

 Attached is my Rule 26 case list.  Also attached is my Curriculum Vitae, which includes a list of all publications I have authored.

 I am billing my time for review and preparation of my report at $ 500 per hour and my time for deposition and trial at $ 5000 per day.

 I have reviewed and considered the documents you have provided to me, which include bates stamped documents you obtained from ECFMG, documents obtained from the Akoda criminal case, the Maryland Board of Physician's decision and the depositions (with exhibits) of William Kelly and Kara Corrado.

 The following is a summary of the facts considered by me in forming my opinions:

 On April 6, 1992 ECFMG received an application from Oluwafemi Charles Igberase to take the Foreign medial graduate examination in the Medical Sciences and the ECFMG English Test. He provided ECFMG with a diploma from the University of Ibadan dated June 19, 1987. Igberase failed both the basic medical science and clinical science components of the FMGEMS and passed the ECFMG English test.  He failed the Day 1 test again but passed it on the third try. On October 4, 1993, after he successfully completed steps 1 and 2 of the USMLE, ECFMG issued to him certificate number 0-482-700.

 On March 30, 1994, ECFMG received an application from Igberase Oluwafemi Charles to take Steps 1 and 2 of the USMLE examinations. He provided a date of birth that was different than the date of birth provided by Igberase.  The diploma he submitted was the identical diploma that had been submitted by Igberase.  On December 14, 1994, after Charles successfully completed the USMLE examinations, ECFMG issued to him certificate number 0-519-573-0.

Confidential Communication with Attorney

At some point after this, for reasons that do not appear in the records, ECFMG became suspicious that Igberase and Charles were one and the same person and began an investigation. Igberase/Charles explained his actions in a handwritten letter dated July 14, 1995 in which he admitted he had lied about not taking the examination previously and why he rearranged his names. As a result of the investigation, the ECFMG Committee on Medical Education Credentials invalidated certificate number 0-519-573-0 issued to Charles and revoked certificate number 0-482-700-2 issued to Igberase. Charles appealed the decision which led to a hearing on July 10, 1996. The ECFMG Review Committee for Appeals affirmed the decision of the ECFMG Committee on Medical Education Credentials to revoke certificate number 0-482-700-2 but limited the length of the revocation to a period of five years from July 10, 1996, i.e., to July 10, 2001. Thereafter, the ECFMG Committee on Medical Education Credentials extended the length of this revocation for a yet to be specified period of time and, ultimately, revoked permanently this certificate.

On January 3, 1996 and again on August 30, 1996, ECFMG received an application from John Nosa Akoda to take Steps 1 and 2 of the USMLE examinations. He provided ECFMG with a diploma from the University of Benin dated February 6, 1998. On August 18, 1998, after he successfully completed the required examinations, ECFMG issued to him certificate number 0-553-258-5. Although his applications did not include a social security number, at some time in 1998 he provided ECFMG with social security number xxx-xx- 9065.

On July 1, 1998 Akoda entered the graduate residency program at Jersey Shore Medical Center. On July 24, 1998, ECFMG received a Request for Permanent Revalidation of Standard ECFMG Certificate from Akoda due to his having entered this program. On September 2, 1998, ECFMG sent this validated form.

By letter dated August 11, 2000 from James McCorkel, M.D. to Rice Holmes, ECFMG was notified that the Jersey Shore Medical Center graduate residency program in which Akoda was enrolled was investigating allegations that Akoda had used a social security number issued to a person named Oluwafemi Charles Igberase. ECFMG advised Dr. McCorkel that Akoda had provided ECFMG with social security no. xxx-xx-9065. This is the same number Akoda provided to the Jersey Shore Medical Center.

ECFMG sent Akoda a "charge letter" dated August 22, 2000 advising Akoda that ECFMG had received information alleging that Akoda may have engaged in irregular behavior. This letter was based on the matters presented by Dr. McCorkel. Akoda responded by representing to ECFMG that Igberase Oluwafemi Charles was his cousin and admitting that he had used his cousin's social security number. Akoda provided ECFMG with a Nigerian passport and a Nigerian "international driving permit."

The Jersey Shore Medical Center dismissed Akoda from its graduate residency program because he used a false social security number – that of his cousin Charles Igberase - and because the green card he had provided the hospital was inconsistent with a subsequent green card he also provided.

2

Confidential Communication with Attorney

   On December 22, 2000, William Kelly, Manager of the Medical Education Credentials Department of ECFMG, wrote a memorandum to Stephen S. Seeling, JD, Vice President of Operations of ECFMG, in which Mr. Kelly stated "[t]his memorandum is being written separately since I did not think it should be made part of the official file." He advised Mr. Seeling that both he and Dr. McCorkel believed Igberase and Akoda were one and the same person. He concluded that he did not think there was enough information for the ECFMG Credentials Committee.

   In October 2006, Akoda used the ERAS of ECFMG to apply to Howard University Medical Center for a graduate residency program, which included three letters of reference. In connection with this process, ECFMG attempted to verify the authenticity of these three letters of reference but never received responses from the persons passed off as references for Akoda.

   Akoda successfully completed a graduate residency program at Howard University Medical Center. He was licensed to practice medicine in Maryland and Virginia, and was granted privileges at Prince Georges' Hospital Center based on application and submission of required documentation including an ECFMG certificate.

   The following are my opinions, which are based on the matters set out above and my education, training and experience:

   ECFMG is the only organization that certifies that IMG's have successfully completed medical education at an approved foreign medical school and that they have successfully completed the required medical examinations. Without an ECFMG certification, an IMG cannot sir for required licensing exams, obtain a medical license, will not be accepted into a graduate medical education program and cannot obtain hospital privileges. The standard of care applicable to ECFMG's certification process requires ECFMG to adopt reasonable policies and procedures and to follow those procedures to ensure that IMG's comply with all requirements for certification. ECFMG has undertaken to provide certification services which are necessary for the protection of the general public. Its failure to exercise reasonable care in providing these services increases the risk of harm to the general public, including plaintiffs. Licensing agencies, medical schools and hospitals, among others, rely upon ECFMG to act reasonably in performing these services.

   It is my opinion, held to a reasonable degree of professional certainty, that ECFMG failed to adopt appropriate policies for certification of IMG's, failed to exercise reasonable care in its certification of Akoda and failed to exercise reasonable care in its investigation of allegations made about Akoda and that these failures caused harm to the named plaintiffs and members of the class.

     While it is accurate to say that certification by ECFMG is only one of the steps needed for a foreign medial graduate to obtain a license to practice medicine in the United States, it is a requirement without which an IMG cannot obtain a license. It is also a required certification for entering residency and obtaining hospital privileges. If ECFMG had acted reasonably, it would have denied certification to Akoda, and would have revoked Akoda's certificate, he would not have been able to enter the Howard University residency program, he would not have been able

Confidential Communication with Attorney

to obtain a Maryland medical license, he would not have been granted privileges at Prince Georges' Medical Center, and he would not have been able to harm the plaintiffs.

The ECFMG certification process and investigation of suspicious or irregular behavior by ECFMG is important to ensure that individuals seeking to act as physicians treating patients are qualified and meet professional standards of honesty, morality and character. These qualities are critical to the physician patient relationship.

ECFMG breached the standard of care in, among others, the following ways:

Failing to adopt written policies and procedures for the certification of IMG's;

Failing to adopt written policies and procedures for the investigation of allegations of irregular behavior;

Failing to investigate the differences in the name on Akoda's medical school diploma and the name on his applications submitted to ECFMG;

Failing to investigate fully the relationship between Igberase and Akoda;

Failing to reasonably investigate Akoda's diploma from the University of Ibadan;

Failing to reasonably investigate discrepancies in official medical school seal on documents submitted for Akoda;

Failing to deny the requested waiver of a medical school confirmation of Akoda photograph based on the explanation of the Nigerian postal system not providing a rapid delivery;

Failing to deny the Akoda application due to it being incomplete;

Failing to reasonably investigate the allegations made by Dr. McCorkel;

Failing to refer Akoda to the Medical Education Credentials Committee;

Failing to follow its own procedures with respect to the charge letter sent to Akoda on August 22, 2000;

Failing to reasonably investigate the social security number provided to ECFMG by Akoda;

Failing to temporarily suspend pending investigation and discontinue to verify ECFMG certifications after Dr. McCorkel's allegation, admission by Akoda of using another's social security number and the ECFMG Investigator's concern that Akoda and Igberase were the same person.

4

Confidential Communication with Attorney

Failing to compare photographs of Igberase and Akoda in its files;

Failing to reasonably act when Akoda admitted to identity theft in use of another's social security number;

Failing to conclude that the person – Charles -- who appeared for hours at the July 10, 1996 appeal hearing and the person who appeared in Mr. Kelly's office on September 27, 2000 – Akoda – were the same person;

Failing to investigate the authenticity of the passport and green card produced to Mr. Kelly by Akoda when he came to Mr. Kelly's office on September 27, 2000;

Failing to follow up on the conclusion reached by Mr. Kelly and Dr. McCorkel that Igberase and Akoda were the same person.

It is my opinion, to a reasonable degree of professional certainty, that, had there been written policies and procedures for the certification of IMG's, these would have included requirements that ECFMG investigate fully the differences in the name on Akoda's medical school diploma and the name on his applications.

It is my opinion, to a reasonable degree of professional certainty, that, had there been written policies and procedures for the certification of IMF's, these would have included requirements that ECFMG investigate fully discrepancies in Akoda'a application and submitted materials.

It is my opinion, to a reasonable degree of professional certainty, that, had there been written policies and procedures for the certification of IMG's and investigations of irregular behavior, these would have included requirements that ECFMG investigate and refer to the Medical Education Credentials Committee in situations of identity fraud.

It is my opinion, to a reasonable degree of professional certainty, that, had ECFMG properly investigated the allegations of irregular behavior against Akoda, ECFMG would have referred the matter to the Medical Education Credentials Committee and that committee would have found that Akoda engaged in irregular behavior, which would have resulted in his certification being revoked.

It is my opinion, to a reasonable degree of professional certainty, that these failures on the part of ECFMG to comply with the standard of care were the direct cause of Akoda being certified by ECFMG and which are the direct cause of the harms caused to the plaintiffs and the members of the class.

Confidential Communication with Attorney

Very truly yours,

David Samuel Markenson, MD