IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Civil Action No. 18-5629<br><br>Honorable Joshua D. Wolson |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS UNOPPOSED MOTION TO SEAL

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG"), by and through its undersigned counsel, submits this memorandum of law in support of its Motion to Seal. ECFMG respectfully requests permission to file under seal Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment, Defendant's Statement of Undisputed Material Facts, and Exhibits 42, 44, 45, 46, 47, 53, 55, 57, 59, 63, 67, and 74 thereto.

"The common law presumes that the public has a right of access to judicial materials," including documents filed on the Court's public docket. *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672, 675 (3d Cir. 2019). A party seeking to overcome this presumption in favor of public access must show that "the interest in secrecy outweighs the presumption," meaning that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party's seeking closure." *Id.* at 672. Courts have found that sensitive personal information (such as medical histories) is one type of information where a person's interest in secrecy outweighs the presumption of public access. *Davis v. Elwyn*, No. 20-05798, 2021 WL 4902333, at *4–5 (E.D. Pa. Oct. 20, 2021).

Here, good cause exists to seal Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment, Defendant's Statement of Undisputed Material Facts, and Exhibits 42, 44, 45, 46, 47, 53, 55, 57, 59, 63, 67, and 74 thereto. This Court has already found that the presumption for public access was overcome for the following documents because they contain sensitive, private medical information, embarrassing personal histories, or personal identification information such as dates of birth that constitute unnecessary invasion of individuals' privacy:

- Exhibit 44: D. Evans Supplemental Responses to Interrogatories (redacted version previously filed as 50-1)
- Exhibit 45: E. Powell Supplemental Responses to Interrogatories (redacted version previously filed as 50-2)
- Exhibit 46: J. Riggins Supplemental Responses to Interrogatories (redacted version previously filed as 50-3)
- Exhibit 47: M. Russell Supplemental Responses to Interrogatories (redacted version previously filed as 50-4)
- Exhibit 74: Dr. Fenichel Report re: M. Russell (redacted version previously filed as 50-7)
- Exhibit 57: Dr. Fenichel Report re: D. Evans (redacted version previously filed as 50-8)
- Exhibit 67: Dr. Fenichel Report re: J. Riggins (redacted version previously filed as 46-12)
- Exhibit 63: Dr. Fenichel Report re: E. Powell (redacted version previously filed as 46-13)

- Exhibit 53: Deposition Transcript of D. Evans (redacted version previously filed as 50-8), although consistent with this Court's policies and procedures, see Section I.C.2, ECFMG has only included the relevant excerpts of the transcript for this filing.

- Exhibit 59: Deposition Transcript of E. Powell (redacted version previously filed as 50-9), although consistent with this Court's policies and procedures, see Section I.C.2, ECFMG has only included the relevant excerpts of the transcript for this filing.

- Exhibit 55: D. Evans Responses to Interrogatories (redacted version previously filed as 50-5)

*See* ECF 49. For these documents, the Court has already done a "document-by-document review of the contents," *Avandia*, 924 F.3d at 672, and identified which portions have overcome the presumption. *See* ECF 49. To ease the Court's review of the briefing on ECFMG's Motion for Summary Judgment, ECFMG seeks to file these documents again, with unredacted versions of these documents filed under seal and the previously approved redacted versions of these documents filed publicly on the docket.

ECFMG also requests permission to file under seal its Memorandum of Law in Support of its Motion for Summary Judgment, Statement of Undisputed Material Facts, and Exhibit 42. The first two documents warrant sealing because they refer to information that the Court has found worthy of sealing. The third document contains redactions of information this Court has already deemed to overcome the presumption of public access, *i.e.*, personal identifying information and sensitive medical and personal information, disclosure of which would be an unnecessary invasion of individual's privacy.

Plaintiffs consent to the filing of these documents under seal.

ECFMG respectfully requests that the Court grant its Motion to Seal and permit ECFMG to file under seal Defendant's Memorandum of Law in Support of Its Motion for Summary Judgment, Defendant's Statement of Undisputed Material Facts, and Exhibits 42, 44, 45, 46, 47, 53, 55, 57, 59, 63, 67, and 74 thereto.

Respectfully submitted,

Dated: December 10, 2021

/s/ *Brian W. Shaffer*
Brian W. Shaffer, PA Bar No. 78851
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS, LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:   +1.215.963.5000
Facsimile:   +1.215.963.5001
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for Foreign Medical Graduates*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system and/or e-mail.

DATED: December 10, 2021                             */s/ Brian W. Shaffer*
                                                                          Brian W. Shaffer