# Exhibit 62

JANE DOE NO. 1, et al.,                    *        IN THE

     Plaintiffs,                          *        CIRCUIT COURT

v.                                          *        FOR

DIMENSIONS HEALTHCARE SYSTEM,               *        PRINCE GEORGE'S COUNTY
d/b/a DIMENSIONS HEALTH
CORPORATION                                 *        Case No. CAL-17-37091

     Defendants.                          *

  *    *    *    *    *    *    *    *    *    *    *

## NOTICE OF SERVICE OF DISCOVERY MATERIALS

     I HEREBY CERTIFY on this _10th_ day of July, 2018, that I served a copy of

Plaintiff Elsa Powell's Answers to Interrogatories of Defendant Dimensions Healthcare

Corporation d/b/a Prince George's Hospital Center, on all counsel of record and all pro se

parties, and that I will retain the original of this document in my possession without alteration

until the case is concluded in this Court, the time for noting an appeal has expired and any

appeal noted has been decided.

 

                                     _____

                                       Jonathan Schochor, Esquire
                                       Schochor, Federico and Staton, P.A.
                                       The Paulton
                                       1211 St. Paul Street
                                       Baltimore, Maryland  21202
                                       (410) 234-1000 - office
                                       (410) 234-1010 - fax

                                       *Attorneys for the Plaintiff*

| | | |
|---|---|---|
| JANE DOE NO. 1, et al., | * | IN THE |
| Plaintiffs, | * | CIRCUIT COURT |
| v. | * | FOR |
| DIMENSIONS HEALTHCARE SYSTEM, d/b/a DIMENSIONS HEALTH CORPORATION | * * | PRINCE GEORGE'S COUNTY Case No. CAL-17-37091 |
| Defendants. | * | |

*    *    *    *    *    *    *    *    *    *    *    *    *

### PLAINTIFF ELSA POWELL'S ANSWERS TO INTERROGATORIES OF DEFENDANT DIMENSIONS HEALTHCARE CORPORATION, D/B/A PRINCE GEORGE'S HOSPITAL CENTER

COMES NOW the Plaintiff, Elsa Powell, by and through her attorneys, Jonathan Schochor and Schochor, Federico and Staton, P.A., in answer to the Interrogatories of Defendant Dimensions Healthcare Corporation, d/b/a Prince George's Hospital Center, respectfully states as follows:

Interrogatory No. 1:    State your full name; present address and all addresses for the past ten (10) years; date of birth; social security number; present marital status, and all previous marital status, including the dates of marriage and dates of termination of each marriage and the full name and present address of each spouse. Also in order to ascertain whether you have been in the past, or likely in the future to become a Medicare beneficiary, please provide your claim number (HICN).

**Answer to Interrogatory No. 1:**

Elsa Miguelina Powell
DOB: 4/14/1987

12705 Live Oak Place
Upper Malboro, MD
August 2016 – Present

Marital Status: Married
Spouse: Gregory Powell
Date of Marriage:  January 13, 2015
Maiden Name:  Delvillar-Mejia

Previous Addresses:
>      3505 Manis Road
>      Clinton Maryland,
>      (June 2015 – August 2016)
>
>      4002 28th Avenue, Apt B2
>      Temple Hills, MD
>      (Approximately 2012 – 2015)
>
>      4900 Vienna Drive
>      Clinton MD 20735
>      (2012)
>
>      Apartment Complex
>      5457 16th Avenue, Apt 203
>      Hyattsville, Maryland
>      (2011-2012)
>
>      1509 Madison Street, Apt 4
>      Hyattsville, Maryland
>      2010-2011
>      24th Place
>      Arlington Virginia
>      (2007-2010)

The Plaintiff was a Medicaid beneficiary.

For identify protection, the Plaintiff will provide her social security number informally, under separate cover.

Interrogatory No. 2:    State the exact nature of each act or omission which you claim was negligently committed or omitted by Defendants.  For each act or omission, state all particulars with relation to such act, including the time and place of the act or omission, and a complete description of the act or omission, including whether and how you contend the act or omission breached any relevant standard of care.

**Answer to Interrogatory No. 2:**    Objection is made to this interrogatory as it overly broad and unduly burdensome.  Without waiving this objection, the Defendant is referred to the Plaintiff's Complaint, as well as Complaints filed on behalf of other patients of Charles Akoda, including Case Nos. CAL18-07863; CAL17-22761; and 8:17-cv-03106-TDC, and Akoda's

2

criminal indictment, Case No. 8:16-cr-00277-PWG in the United States District Court of the District of Maryland, Southern District.

The Defendant's agent, servant and/or employee Charles J. N. Akoda (hereinafter "Akoda") unlawfully practiced medicine, serving in the capacity of her attending physician during portions of her prenatal care, during her labor on September 17, 2014, and the subsequent delivery of her infant.  The Defendant and its duly authorized agents, apparent agents, servant and/or employees failed to perform an appropriate and proper investigation and background check of Akoda before granting him privileges to act as a practitioner and specialist in obstetrics and gynecology.  Had they done so, as was required, Akoda's fraudulent and unlawful conduct would have been discovered, and he would have been precluded from seeing patients at the Defendant's institutions or entities, thereby avoiding all of the injuries, damages (economic and non-economic) and disability suffered by this Plaintiff.

This answer will be supplemented as discovery continues.

Interrogatory No. 3:    State the exact nature of each act of commission or omission which you claim was negligently committed or omitted by any individual you claim to be an employee, agent, or servant of Defendants, including but not limited to Dr. Akoda.  Include in your answer whether you contend  Dr. Akoda was negligent in his  performance of any care rendered to you, and in so doing, state whether you contend he performed medical services that were not required/ medically necessary or improperly performed medically needed services, including, but not limited to testing, studies, procedures, and/ or surgery, or whether you contend he failed to perform needed tests, studies, procedures, and/ or surgery, and  if so, identify in detail your contention(s).

For each act or omission, state all particulars with relation to such act, including  the name of the person whom you claim to have been guilty of the act or commission, the time and place of the act or omission and a complete description of the act or omission, including whether and how you contend the act or omission breached any relevant  standard  of care.

**Answer to Interrogatory No. 3:**    Objection is made to this interrogatory as it overly broad and unduly burdensome.  Without waiving this objection, the Plaintiff incorporates Answer to Interrogatory No. 2. This answer will be supplemented as discovery continues.

3

Interrogatory No. 4:        Give the full name, business address, home address, home telephone number, business telephone number and occupation of every person who has investigated the facts giving rise to the occurrence complained of in this case for you or on your behalf, and in so doing, state whether you or they made any review or inquiry as to Dr. Akoda's licensing, training, or other background information prior to or subsequent to submitting to care by him, and the details of any such investigation.

**Answer to Interrogatory No. 4:**        This Plaintiff's attorneys have investigated this claim on her behalf.  This Plaintiff objects to the portion of the interrogatory that requests the specific nature and extent of investigation undertaken after Akoda's care, as it requests information that is protected by the attorney/client privilege, the attorney work product doctrine and the statutory peer review privilege.

The Defendant is also referred generally to Akoda's criminal indictment, Case No. 8:16-cr-00277-PWG in the United States District Court of the District of Maryland, and the investigations of other entities, including but not limited to:

- Maryland Board of Physicians;
- Virginia Department of Health Professions;
- Department of Justice;
- United States Centers for Medicare & Medicaid Services;
- United States Department of Health and Human Services;
- Educational Commission for Foreign Medical Graduates (ECFMG);
- Residency Programs including but not limited to Howard University and in New Jersey, including applications for residency;
- Defendants' Privileging and Credentialing Committee, Quality Assurance Committee and/or other committees, departments or offices of the Defendants;
- United States Social Security Administration.

Contact information for these entities is publicly available.

Additionally, the Defendant is referred to Complaints filed on behalf of other patients of Charles Akoda, including Case Nos. CAL18-07863; CAL17-22761; and 8:17-cv-

4

03106-TDC.

This answer will be supplemented as additional information becomes available.

Interrogatory No. 5:    State the full name, home address, business address, occupation and employer of every expert whom you expect to call as an expert witness at trial and state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. For each expert, specify in your answer whether or not that expert claims any particular expertise in a given field of medicine or science, describing precisely the field of the expertise claimed and specify whether such person shall testify regarding (a) the liability of the Defendant to the Claimant, and (b) the nature and extent of the injuries which you allege were sustained in the occurrence. Attach with your answers copies of all reports, statements and curriculum vitae and/ or resumes prepared by each expert witness.

**Answer to Interrogatory No. 5:**    This Plaintiff has not yet determined which expert witnesses she will call at trial of this matter.  This Plaintiff will issue a Designation of Expert Witnesses in accordance with the Court's Scheduling Order.

Interrogatory No. 6:    Identify each known written statement or report relative to any of the facts giving rise to the occurrence of which you complain. In so doing, name the person who gave the statement or report; specify the date of each statement or report; name its present custodian; attach exact copies of all written statements or reports which have been prepared or signed by the Defendant or persons whom you allege to be agents, servants, or employees of the Defendant.

**Answer to Interrogatory No. 6:**    This Plaintiff objects to this interrogatory as it is overly broad, unduly burdensome and solicits information protected by the attorney-client privilege and work product doctrine.  Without waiving the objection or disclosing privileged information, the Plaintiffs are in possession of the following documents which contain written statements or reports relative to the facts giving rise to his occurrence:

- Judgment and Stipulated Facts dated February 28, 2017
- Transcript of Pre-Trial Detention Hearing
- Virginia Department of Health Professions Order of Mandatory Suspension

5

- Maryland State Board of Physicians Final Decision and Order

The Defendant is also referred generally to Akoda's criminal indictment, Case No. 8:16-cr-00277-PWG in the United States District Court of the District of Maryland, Southern District, which includes filings and transcripts tending supporting the allegations in the Plaintiffs complaint, including stipulated facts executed by Oluwafemi Charles Igberase, a.k.a. Charles Akoda in connection with a guilty plea entered in 2016. Copies of these proceedings are publicly available via Public Access to Court Electronic Records.

Additionally, it is anticipated that written statements or reports relative to the facts giving rise to his occurrence will be included within the records, proceedings and files of various entities, including but not limited to:

- Maryland Board of Physicians
- Virginia Department of Health Professions
- Department of Justice
- United States Centers for Medicare & Medicaid Services
- United States Department of Health and Human Services
- Educational Commission for Foreign Medical Graduates (ECFMG)
- Residency Programs including but not limited to Howard University and in New Jersey, including applications for residency;
- Defendants' Privileging and Credentialing Committee, Quality Assurance Committee and/or other committees, departments or offices of the Defendants;
- United States Social Security Administration

Additionally, the Defendant is referred to Complaints filed on behalf of other patients of Charles Akoda, including Case Nos. CAL18-07863; CAL17-22761; and 8:17-cv-03106-TDC. This answer will be supplemented as more information becomes available.

Interrogatory No. 7: Describe the nature and subject matter of each picture, diagram, document, audio or video tape, x-ray, or other objects (real evidence) which is known to you

6

and which is relative to this occurrence or its consequences. In so doing, name each object's present custodian and state the date the object was produced or obtained.

**Answer to Interrogatory No. 7:**   This Plaintiff objects to this interrogatory as it is overly broad, unduly burdensome and solicits information protected by the attorney-client privilege and work product doctrine. Without waiving the objection or disclosing privileged information, the Plaintiffs are in possession of the following materials relative to this occurrence:

- Judgment and Stipulated Facts dated February 28, 2017
- Transcript of Pre-Trial Detention Hearing
- Virginia Department of Health Professions Order of Mandatory Suspension
- Maryland State Board of Physicians Final Decision and Order

The Defendant is also referred generally to Akoda's criminal indictment, Case No. 8:16-cr-00277-PWG in the United States District Court of the District of Maryland, Southern District, which includes filings and transcripts tending supporting the allegations in the Plaintiffs complaint, including stipulated facts executed by Oluwafemi Charles Igberase, a.k.a. Charles Akoda in connection with a guilty plea entered in 2016. Copies of these proceedings are publicly available via Public Access to Court Electronic Records.

Additionally, it is anticipated that documents and other materials relative to this occurrence or its consequences will be included within the records, proceedings and files of various entities, including but not limited to:

- Maryland Board of Physicians
- Virginia Department of Health Professions
- Department of Justice
- United States Centers for Medicare & Medicaid Services
- United States Department of Health and Human Services

7

- Educational Commission for Foreign Medical Graduates (ECFMG)
- Residency Programs including but not limited to Howard University and in New Jersey, including applications for residency;
- Defendants' Privileging and Credentialing Committee, Quality Assurance Committee and/or other committees, departments or offices of the Defendants;
- United States Social Security Administration

Additionally, the Defendant is referred to Complaints filed on behalf of other patients of Charles Akoda, including Case Nos. CAL18-07863; CAL17-22761; and 8:17-cv-03106-TDC.

This answer will be supplemented as more information becomes available.

Interrogatory No. 8:   Identify and give the substance of each statement, action or admission against interest, declaration against interest, or otherwise, whether oral, written, by conduct, silence or otherwise which you contend was made by the Defendant or any person whom you allege to be the agent, servant and/ or employee of said Defendant. Give the name and occupation of each person who has personal knowledge of the making of each such statement. State the place and date when each such statement was made.

**Answer to Interrogatory No. 8:**   Oluwafemi Charles Igberase, a.k.a. Charles Akoda executed stipulated facts in connection with a guilty plea entered in 2016, which is anticipated to already be the custody of the Defendants.  The Defendant is also referred generally to Akoda's criminal indictment, Case No. 8:16-cr-00277-PWG in the United States District Court of the District of Maryland, Southern District.  Additionally, the Defendant is referred to the Plaintiff's medical records, which are already in the possession, custody and/or control of the Defendants, and will confirm that Akoda was referred to as a practicing physician at all times relevant to this dispute.

Moreover, although these documents are not currently in the possession of the Plaintiff, it is anticipated that agents, servants and/ or employees of the Defendant may have made statements relating to the alleged malpractice in connection with investigations by entities, including but not limited to:

8

- Maryland Board of Physicians;

- Virginia Department of Health Professions;

- Department of Justice;

- United States Centers for Medicare & Medicaid Services;

- United States Department of Health and Human Services;

- Educational Commission for Foreign Medical Graduates (ECFMG);

- Residency Programs including but not limited to Howard University and in New Jersey, including applications for residency;

- Defendants' Privileging and Credentialing Committee, Quality Assurance Committee and/or other committees, departments or offices of the Defendants;

- United States Social Security Administration.

This response will be supplemented as more information becomes available.

Interrogatory No. 9:   If you contend that any portion of any medical record, chart, or report prepared by any Defendant, or anyone deemed to be an agent, servant and/ or employee of such Defendant, is inaccurate, false, has been altered, or has been destroyed, specifically identify each portion of each record, chart, or report you contend is inaccurate, false, has been altered, or has been destroyed, and provide in detail the factual basis for this contention.

**Answer to Interrogatory No. 9:**   To the extent that this Plaintiff's medical records refer to Akoda as a physician, that is inaccurate and false. This answer will be supplemented as discovery proceeds.

Interrogatory No. 10:   If you contend that the applicable standards of care or any other issues in this matter are established by any articles, treatises, textbooks or other publications in the medical or scientific field, state the title of each publication, the journal, magazine, or series wherein each was published; the name and address of the publisher; date of the publication; and the name of the author and the volume and page or section referred to.

**Answer to Interrogatory No. 10:**   This Plaintiff objects to this interrogatory which solicits information which is not discoverable.   Furthermore, this Plaintiff has not yet determined which expert witnesses she intends to call at trial of this matter. This Plaintiff will issue a Designation of Expert Witnesses in accordance with the Court's Scheduling Order. Should any of Plaintiff's expert witnesses rely on any such medical literature to support their

9

respective opinions on the applicable standard of care or any other issue in this matter, such information will be disclosed in a timely manner.

Interrogatory No. 11:   Itemize the nature and amount of all expenses made or incurred by you, or for which you intend to make claims as a result of the Defendant's alleged negligence, including hospital and doctor bills. In so doing, specify which of the above expenses have been paid, and indicate when and by whom they were paid.

**Answer to Interrogatory No. 11:**   This Plaintiff will be claiming non-economic damages for her pain and suffering, as well as Plaintiffs' loss to their marital relationship. This Plaintiff has in the past, is presently, and will in the future continue to suffer excruciating emotional anguish as well as fear and anxiety. This Plaintiff will be claiming economic damages for past, present and future medical expenses, future health and life care needs, including but not limited to psychiatric and/or psychological counseling. The Plaintiff also experiences kidney pain which she attributes to care provided by Akoda. Copies of billing invoices for prior medical care will be provided as they become available. Copies of Plaintiffs' life care plan and economic report will be provided upon completion. This answer will be supplemented as discovery proceeds.

Interrogatory No. 12:   Describe in detail the injuries, disabilities, infirmities, sicknesses and each activity in which you contend you sustained as a result of the occurrence that is the subject matter of this suit. Specify whether each injury is permanent in nature and, if so, state the extent of such permanency.

**Answer to Interrogatory No. 12:**   This Plaintiff incorporates Answer to Interrogatory No. 11. This answer will be supplemented as discovery proceeds.

Interrogatory No. 13:   Give the name, address and dates of examination or treatment for every physician who has ever examined or treated you and state the cause for and nature of each such examination or treatment rendered; and state the name, address and dates of admission of every hospital where you have ever been admitted, the cause for and nature of each such admission and the treatment rendered.

10

**Answer to Interrogatory No. 13:**   This Plaintiff objects to this interrogatory which is overbroad and vague.   Without waiving these objections, this Plaintiff refers to her medical records which are in the Defendant's possession, custody and control.   Additionally, the Plaintiff has treated with the following health care providers:

> Brian Kinsley, M.D. (OBGYN)
> Kaiser Permanente
> 2015- 2016

> Emily Lo, M.D. (Primary Care)
> Kaiser Permanente
> 2018

> Southern Maryland Hospital
> Lower abdominal pain 2015

Interrogatory No. 14:    If you have ever filed an action against or made a claim against any person, firm or corporation for personal injuries or physical conditions, or for any benefits under any insurance policy, state the injuries or conditions for which each claim was made, the dates of each injury, the names and addresses of the persons, firms or corporations to whom or against whom each were made, the nature and amount of any payments received therefore and the date each was made.

**Answer to Interrogatory No. 14:**   This Plaintiff objects to this interrogatory which solicits information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving the objection, no such claims are known.  The case resolved with confidentiality.

Interrogatory No. 15:   Give the date, circumstances and injuries sustained with relation to any occurrence or accident in which you were involved and in which you sustained any personal injury.

**Answer to Interrogatory No. 15:**   This Plaintiff objects to this interrogatory which solicits information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving this objection, the Plaintiff was involved in a car accident in 2014, and received care at Southern Maryland Hospital, but sustained no injuries.

11

<u>Interrogatory No. 16:</u>   State the name, address, dates of employment for each employer you had during the last ten (10) years. With respect to each employer for each of the last ten (10) years, state your yearly gross income, yearly net income, and the name and address of the person, firm or corporation having custody of any papers pertaining to your income.

**<u>Answer to Interrogatory No. 16:</u>**   The Plaintiff's employment history is as follows:

MVM
Security Guard
June 2018 – Present

Blueline Security Services
851 Brightseat Rd
Landover, MD 20785
Supervisor
November 2017- April 2018

VMG Resources
Front Desk Agent
2630 12th St NE
Washington, DC 20018
February 2014 – July2014

Little Imaginations Development Center
April 2013 – June 2013

Aloft Hotel
Hanover, MD
Front Desk
Feb 2013 – May 2013

George Washington Hospital
Special Police Officer
November 2011 – 2013

City Security
Security Officer, Howard University
September 2010 – 2012

Server/Hostess
Caribbean Breeze
Arlington, VA
2007 – 2009

<u>Interrogatory No. 17:</u>   If you have lost any time from employment as a result of the occurrence for which this suit is brought, state the name and address of all employers from

12

which time was lost, the period of time lost from each such employer, and the hourly rate and total income lost from all such periods from each such employer.

**Answer to Interrogatory No. 17:**    None at this time.    This answer will be supplemented as discovery proceeds.

Interrogatory No. 18:    State whether you contend you will lose any future earnings and/ or income as a result of the occurrence referred to in your Complaint. If so, state the basis for your contention and if any doctor or other expert has expressed such an opinion state their name, address, and the date and circumstances when you were informed that you would lose future income.

**Answer to Interrogatory No. 18:**    None at this time.    This answer will be supplemented as discovery proceeds.

Interrogatory No. 19:    If you contend that a previous injury or condition was aggravated by the occurrence for which this suit is brought, describe such condition and give the names and addresses of all persons or institutions who treated you therefore and the approximate dates of such treatment.

**Answer to Interrogatory No. 19:**  This Plaintiff does not so contend at this time.  This answer will be supplemented as discovery proceeds.

Interrogatory No. 20:    If you have ever used any drugs or medications in connection with any injury which you claim was caused by the occurrence for which this suit is brought, state for each drug or medication the name and address of the doctor who prescribed it, the inclusive dates on which it was taken, the dosage, the number of times taken daily, and   the cost of such medication or drugs. And if you have received any mental healthcare, counseling, or other healthcare services which you claim was caused by the occurrence for which this suit is brought, state for each drug or medication the name and address of the doctor who prescribed it, the inclusive dates on which it was taken, the dosage, the number of times taken daily, and the cost of such services

**Answer to Interrogatory No. 20:**  This Plaintiff does not so contend at this time.  This answer will be supplemented as discovery proceeds.

Interrogatory No. 21:    For each conversation that you have had with any Defendant or anyone you contend was acting as an agent, servant, or employee of any Defendant, or with Dr.

13

Akoda relating to the facts relevant to your injury claims, state: the date of the conversation, where the conversation took place, the name, address, and telephone number of every person present during each conversation and as precisely as possible recount what each person to the conversation said.

**Answer to Interrogatory No. 21:**   This Plaintiff had multiple conversations with many health care providers at the Defendant's institution during her labor and delivery.  It is unduly burdensome and overly broad to request that this Plaintiff reconstruct each of those conversations.  This Plaintiff refers to conversations memorialized in her medical records from the Defendant's institution.  Some but not all conversations would have been documented in the medical records, which are in the possession, custody and/or control of the Defendants.  At all times, the Defendant's agents, servants and employees led this Plaintiff to believe that Akoda was indeed a physician.  At no time did this Defendant's agents, servants and employees provide notice that Akoda was not a Maryland licensed or hospital credentialed physician.  This answer will be supplemented as discovery proceeds, including through the deposition testimony of the Plaintiff.

Interrogatory No. 22:     State all economic losses you contend were sustained as a result of the occurrence referenced in the Complaint, including all past and future medical expenses and any past or future lost wages/ diminished earnings capacity.

**Answer to Interrogatory No. 22:**   This Plaintiff incorporates Answer to Interrogatory No. 11. This answer will be supplemented as discovery proceeds.

Interrogatory No. 23:     State the name, address, home telephone number, work telephone number and occupation of each person not previously mentioned, who has or claims to have personal knowledge of the occurrence, injuries, damages, or any other facts relevant to this case.

**Answer to Interrogatory No. 23:**   This Plaintiff's family and treating health care providers may have personal knowledge of her care and treatment by Akoda, as well as her

current injuries.  This Plaintiff refers to her medical records which are in the Defendant's possession, custody and control. This answer will be supplemented as discovery proceeds.

Interrogatory No. 24:   State whether you have entered into any settlements, releases, loan receipt agreements or similar agreement in connection with the occurrence for injuries for which this suit is brought.  If your answer is in the affirmative, state the identities of all parties and dates of all releases, settlements, loan receipt agreements, or similar agreement, the terms of all such agreements, and if you will do so without a Request for Production of Documents, attach a copy hereto of all such releases, settlements or agreements.

**Answer to Interrogatory No. 24:**   None known.  This answer will be supplemented as discovery proceeds.

Interrogatory No. 25:   Identify in detail every service or interaction you contend was negligently provided or undertaken by Dr. Akoda, including the number and description of the interactions or services rendered, the dates of said services or interactions, the location of said services or interactions, whether and what surgical treatment was rendered, whether the care involved  touching, whether  the care involved  "penetration," whether  and  how the care involved "boundary violations,"  whether  there was a  physical examination  and  if so the details of the examination(s), whether the care involved breast exam or pelvic exam, any testing you contend was improperly provided, whether you contend Dr. Akoda made inappropriate statements, and whether Dr. Akoda delivered your child/ children, and if so, whether delivery was vaginally or by caesarean section delivery.

**Answer to Interrogatory No. 25:**   This Plaintiff contends that all care and treatment provided by Akoda was negligent, including but not limited to, the fact that he was not an appropriately licensed and credentialed physician.  She describes Akoda's demeanor as flirtatious, and during one examination, told the Plaintiff that she had "nice breasts."  He oversaw aspects of Plaintiff's prenatal, oversaw her labor care, performed intrusive pelvic examinations, breast exams, and her child's delivery.  He was not properly licensed, credentialed or qualified to provide any of this case.  This Plaintiff would never have exposed herself or her child to a non-health care provider had she been appropriately advised that he was not a validly licensed or credentialed physician. This answer will be supplemented as discovery proceeds.

15

Interrogatory No. 26:    Identify in detail any and all physical pain and/ or disability you allege the Defendants' actions caused you, including the date on which it occurred or began, whether it is ongoing, and describe any and all care or treatment you have sought or received for it, including the dates on which you received care, by whom, and a description of the care received.

**Answer to Interrogatory No. 26:**   This Plaintiff incorporates Answer to Interrogatory

No. 11. This answer will be supplemented as discovery proceeds.

Interrogatory No. 27:    Identify in detail any psychological distress, emotional anguish or distress, fear, anxiety, humiliation, embarrassment or other mental or emotional injuries you allege Defendants' and/or Dr. Akoda's actions caused you, including the date on which it occurred or began, whether it is ongoing, whether and if so, what physical manifestations you or anyone else to your knowledge has observed, and any and all care, treatment, therapy and/ or psychological counseling you have sought or received for it, including any, the dates on which you received care, by whom, and a description of the care received.

**Answer to Interrogatory No. 27:**   This Plaintiff incorporates Answer to Interrogatory

No. 11. This answer will be supplemented as discovery proceeds.

Interrogatory No. 27 (28):    State in detail the factual basis for your negligent entrustment action against Defendants, including what was entrusted to Dr. Akoda, by whom, whether you contend he used the entrusted items improperly apart from your allegation he was practicing without a valid license, whether and how Dr. Akoda negligently used or operated entrusted items, and whether and how you were injured by the entrusted items.

**Answer to Interrogatory No. 27 (28):**   The Defendant is referred to the Plaintiff's

Complaint, as well as Complaints filed on behalf of other patients of Charles Akoda, including

Case Nos. CAL18-07863; CAL17-22761; and 8:17-cv-03106-TDC, and Akoda's criminal

indictment, Case No. 8:16-cr-00277-PWG in the United States District Court of the District of

Maryland, Southern District.  The Defendant is further referred to the Plaintiff's Answers to

Interrogatories No. 2, 6 and 7.

This Plaintiff's entire labor and delivery, including access to the hospital's equipment

and facilities was negligently entrusted by this Defendant to Akoda, who the Defendant knew

or should have known was not a properly licensed or credentialed physician.  He should not

Plaintiffs0000006170

have managed the labor, conducted intrusive pelvic examinations or performed this Plaintiff's vaginal delivery.

This answer will be supplemented as discovery proceeds.

Interrogatory No. 28 (29):    Identify with specific detail each and every risk, alternative, benefit, or other information you contend Defendants, Dr. Akoda and/ or any other person or entity was required to provide to you but did not provide to you in connection with the informed consent process relating to the care and treatment you received, who you contend was required to provide such information, and the details of the information you contend was actually provided to you, by whom, when, and where with relation to informed consent process for care rendered by Dr. Akoda.

**Answer to Interrogatory No. 28 (29):**    It is alleged that Akoda, as well as the duly authorized agents, apparent agents, servants and/or employees of the Defendants failed to inform the Plaintiff that Akoda had no valid or lawful medical license with which to practice medicine or surgery -- in continuing violation of the standards of care.

It is alleged that the Plaintiff, as well as any reasonable and prudent individuals, would have refused consent to Akoda's practice of medicine and/or surgery, including any treatment and/or surgery involving them and her child.  It is alleged that had Akoda or the duly authorized agents, apparent agents, servants and/or employees of the Defendants properly requested informed consent to practice medicine or surgery on the Plaintiff with no valid medical license, the Plaintiff, as well as other reasonable and prudent individuals similarly situated would have refused.  It is alleged that had the Plaintiff known of Akoda's background and the fact that he had no lawful medical license, she would have refused any and all treatment, and all of the injuries, damages (both economic and non-economic) and the disability suffered by the Plaintiff in the past, present and future would have been avoided.

Additionally, the Defendant is referred to Plaintiff's Answers to Interrogatories Nos. 2, 6, 7 and 21.  This answer will be supplemented as discovery proceeds.

17

Interrogatory No. 29 (30):     Identify with specific detail each and every action you contend Defendants and/or Dr. Akoda made that was extreme or outrageous as the basis of your intentional infliction of emotional distress claim, including the date and location of any alleged action(s), any and all witnesses to the action(s), a detailed description of the action(s), and whether you contend Defendants and/ or Dr. Akoda intended by the action(s) to cause severe emotional distress, and if so, provide your factual basis for that contention.

**Answer to Interrogatory No. 29 (30):**     The Plaintiff alleges that Akoda's conduct was intentional and/or reckless when he continued to practice medicine and surgery without a lawful license, without authorization and informed consent.  It is asserted that Akoda's conduct involved was extreme, outrageous and unreasonable, and occurred when he acted as a duly authorized agent, apparent agent, servant and/or employee of the Defendants.  As a result, the Claimants, and others similarly situated, sustained severe emotional distress.

The Defendant is further referred to the Plaintiff's Complaint, as well as Complaints filed on behalf of other patients of Charles Akoda, including Case Nos. CAL18-07863; CAL17-22761; and 8:17-cv-03106-TDC, and Akoda's criminal indictment, Case No. 8:16-cr-00277-PWG in the United States District Court of the District of Maryland, Southern District.  The Defendant is further referred to the Plaintiff's Answers to Interrogatories No. 2, 6 and 7.

This answer will be supplemented as discovery proceeds.

Interrogatory No. 30 (31):     Identify with specific detail each and every privacy you contend Defendants, Dr. Akoda, and/ or any other person or entity intruded upon, the dates of the intrusion, the manner of the intrusion, who intruded, when and how you became aware of the intrusion, and any witnesses to the intrusion.

**Answer to Interrogatory No. 30 (31):**     This Plaintiff objects to this Interrogatory, as it exceeds the number of interrogatories the Defendant may propound within the Maryland Rules of Discovery.  Without waiving this objection, this Plaintiff hereby incorporates Answers to Interrogatories Nos. 25, 27, 28 (29) and 29 (30).

18

**I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information, and belief.**

Elsa Powell

Respectfully submitted,

Jonathan Schochor
Schochor, Federico and Staton, P.A.
1211 St. Paul Street
Baltimore, MD  21202
pfederico@sfspa.com
410-234-1000
Attorneys for the Plaintiff

19