# Exhibit 67

**Gladys S. Fenichel, MD**
**210 Kent Road**
**Ardmore, PA 19003**
**FenichelMD@FenichelMD.com**
**(610) 649-8940**
**FAX (610) 649-5071**

September 25, 2019

Elisa P. McEnroe
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103-2921

**RE:**  *Jasmine Riggins et al. v. Educational Commission for Foreign Medical Graduates*

Dear Ms. McEnroe:

On September 20, 2019, I had the opportunity to see Jasmine Riggins for an independent psychiatric evaluation. The evaluation was requested to comment on Ms. Riggins's psychiatric condition in relation to the Complaint in *Jasmine Riggins et al. v. Educational Commission for Foreign Medical Graduates*.

At the start of the examination, I discussed with Ms. Riggins that I would prepare a report based on the psychiatric evaluation and review of records. I discussed with Ms. Riggins that the examination was not for purposes of treatment and I was not her doctor.

In preparation of this report I have reviewed the following documents:

1. Medical Records: Plaintiffs0000001134 – Plaintiffs0000001242; Plaintiffs0000001995 – Plaintiffs0000002026; Plaintiffs0000006394 – Plaintiffs0000006512; Plaintiffs0000007418 – Plaintiffs0000007425; Plaintiffs0000007426 – Plaintiffs0000007652
2. Complaint in *Russell et al. v. ECFMG*
3. Jasmine Riggins's Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents (3/28/2019)
4. Jasmine Riggins's Supplemental Answers to First Set of Interrogatories and Responses to First Set of Requests for Production of Documents (6/13/2019)
5. Amended Class Action Complaint in *Russell v. Dimensions Health*, CAL 18-07863 (3/16/2018)
6. Jasmine Riggins's Responses to Requests for Admission, CAL 18-07863
7. Jasmine Riggins's Answers to Interrogatories, CAL 18-07863 (3/29/2019)
8. Deposition of Jasmine Riggins, CAL 17-22761, CAL 17-37091, and CAL 18-07863 (4/1/2019)

**HISTORY REPORTED BY JASMINE RIGGINS:**

Jasmine Riggins (date of birth          ) said that she is involved in the current litigation because her son was delivered by a man who is "not a doctor." Ms. Riggins said that Dr. Akoda falsified information that he was a doctor. Ms. Riggins said she was in a Facebook group called Embracing Mommies. Ms. Riggins said she did not recall when she joined this Facebook group. Ms. Riggins said that she would check the Facebook group Embracing Mommies a couple times a week for notifications and information that could be helpful for her and her children. Ms. Riggins said she believes that she saw a Facebook post about Dr. Akoda sometime in 2016. Ms. Riggins said that the post was written by Monique Russell. Ms. Riggins said she did not recall the exact words from the post; but she recognized the name Dr. Akoda and wanted to get more information. Ms. Riggins said she learned that Dr. Akoda is not a doctor. Ms. Riggins said that she had communicated with Ms. Russell on Facebook, but she had never met Ms. Russell in person until they appeared for depositions on the same day.

Ms. Riggins said that she has three children. Her oldest child, Santana, was born on          at Howard University Hospital. Ms. Riggins said she moved to Maryland, and she chose Dr. Abdul Chaudry's practice for her second pregnancy. She said Dr. Akoda was a physician in the practice and he was her doctor during the pregnancy. Ms. Riggins said she did not have any problems with the treatment during her pregnancy. Ms. Riggins said that she needed an emergency c-section and her son Messiah was born on          . Ms. Riggins explained that her mother went with her to a prenatal OB appointment with Dr. Akoda. Ms. Riggins had reported a decrease in fetal movement, and she said she was told to go to the hospital to deliver her baby.

Ms. Riggins said she was in the hospital for four or five days after she delivered Messiah, and she said that she continued to have pain for a couple months after he was born. Ms. Riggins said that she had been working at a bowling alley 20 hours a week during her pregnancy with Messiah, and she went back to work a few months after Messiah was born. Ms. Riggins said that she did not have concerns about her treatment with Dr. Akoda in the prenatal visits, during the c-section, or after his birth. She did have a post-delivery visit with Dr. Akoda.

Ms. Riggins said she stopped seeing any doctors for medical or gynecologic treatment until she became pregnant with her third child. Ms. Riggins said she started prenatal care a couple months after she learned that she was pregnant. Her daughter Taniya was born on 10/02/17 at Washington Hospital Center. She said the pregnancy was good. She said she had a scheduled c-section and she did not have problems after the c-section. She said she has a current gynecologist at Unity Health Care. Ms. Riggins said that the medical care provided by Dr. Akoda was no different from the treatment from the doctors who delivered her first child and her third child.

Ms. Riggins said when she learned about the lawsuit, she felt embarrassed that something like this had happened, that Dr. Akoda was not really a doctor. Ms. Riggins said that her everyday life did not change.

Ms. Riggins said she tries not to think about the lawsuit. Ms. Riggins said she feels upset for the women who had complications as a result of the care provided by Dr. Akoda, but she does not

know any of these women. Ms. Riggins said that she does not like the fact that Dr. Akoda looked at her private area, and he was not supposed to do that. She said that she feels frustrated, angry, and very sad. She said it is frustrating that she trusted Dr. Akoda, and she should not have trusted him because he is not a doctor. Ms. Riggins did not have any specific information about ECFMG. Ms. Riggins said that she has felt like she is part of a Lifetime Movie because Dr. Akoda was her doctor during her second pregnancy and delivered her son, and he was not a real doctor.

Ms. Riggins said that her mood is okay most of the time. She said her sleep is okay. Sometimes she said she feels "bothered" when she thinks about Dr. Akoda and the lawsuit. Ms. Riggins said she did not read any newspaper articles about Dr. Akoda. She said that she has only read information that she received from her attorney. Ms. Riggins denied problems with her appetite and she said her concentration is pretty good. She said she is able to experience pleasure and loves to be active with her children. Ms. Riggins said she has never had suicidal ideation or anxiety attacks.

Ms. Riggins discussed her thoughts about her future. She thinks about her career, and she wants to own a home. She wants to continue to do what she can for her children. Ms. Riggins said her children are her future. She said that she and her boyfriend are good in regard to their intimate relationship. Ms. Riggins said that she thinks that probably there were a few weeks after she found out about Dr. Akoda that she was "not in the mood."

**MEDICAL HISTORY**:

Ms. Riggins said that she had asthma as a child, and she believes that she had a hospitalization for asthma when she was a child. Ms. Riggins said that she has not had problems with asthma for years, and she does not have an inhaler.

Ms. Riggins also said that she has low iron. She was told about her low iron by her primary care physician at Unity Health Care.

Ms. Riggins denied a history of any psychiatric problems or history of treatment with a psychiatrist, psychologist, or counselor. Ms. Riggins said she has never been diagnosed with depression, anxiety, or other psychiatric disorder.

**SOCIAL HISTORY**:

Ms. Riggins said she left high school in 12th grade because she did not have enough help to take care of her son, Santana. Ms. Riggins said that Santana and Messiah have the same father and she has a joint custody arrangement with him.

Ms. Riggins said that she thought that she had received a GED. She said she had paid $57 to a company and she took the test for a GED. Ms. Riggins said that she received a certificate that she had a GED, but the certificate was not valid. The company had falsified the document, and the company is now out of business. Ms. Riggins said she did not remember the year she first took the test for the GED.

Ms. Riggins said that she is now in school at the Goodwill Excel Center.  She will receive a high school diploma and then study computer science.  Ms. Riggins said that she will be in this program for approximately two and a half years.  She said the program has a daycare center and Ms. Riggins takes her daughter Taniya to the daycare center when she is in school.  Ms. Riggins said that she is at the Goodwill Center approximately four hours a day, Monday to Thursday.

Ms. Riggins denied a history of any physical, mental, or sexual abuse.  She denied a history of alcohol abuse or drug use.  Ms. Riggins said that her mother has seven biological children and her father has seven biological children.  Her mother and father had two children together.  Ms. Riggins denied a family history of depression, anxiety, or substance abuse.

### MENTAL STATUS EXAMINATION:

Mental status examination revealed a 27-year-old woman who paid attention to her appearance evidenced by her clothes, jewelry, and makeup.  Ms. Riggins answered questions in a spontaneous fashion, but she said she would not answer a question about Facebook contacts with Ms. Russell unless she called her attorney.

Ms. Riggins described her mood as most of the time okay.  Her affect was full.  She had tears in her eyes when she talked about her feelings of embarrassment when she learned that Dr. Akoda was not a real doctor.  She denied suicidal ideation.  She denied the experience of anxiety attacks.

Memory and intelligence were grossly within normal limits.

### REVIEW OF RECORDS:

The file did not include any records regarding psychiatric or psychological treatment.

The records included multiple notes from a primary care physician that included the Patient Health Questionnaire 2. The scores were always two or lower, indicating that Ms. Riggins did not have problems with depression or anxiety or need for counseling.  (Dates of PHQ 2: 09/07/17, 09/23/16, 10/13/17, 11/09/17, 04/18/19)

### IMPRESSION:

It is my opinion that Ms. Riggins does not have any psychiatric disorder, and in particular, she does not have a psychiatric disorder causally related to her allegations in the Complaint *Jasmine Riggins et al. v. Educational Commission for Foreign Medical Graduates*.

In support of this opinion, Ms. Riggins discussed her history and her current well-being. She denied a history of any mental health treatment, and she denied a plan to see a psychiatrist or a psychologist. Ms. Riggins said that she did not have any problems with the treatment provided by Dr. Akoda during her pregnancy and with the delivery of her second child.  Ms. Riggins said that the care she received from Dr. Akoda was no different from the treatment from the doctors

RE:  JASMINE RIGGINS
Page 5

who delivered her first child and her third child.  Ms. Riggins is in school at the Goodwill Excel Center.  She will receive a high school diploma and then study computer science.   Ms. Riggins discussed her strong relationships with her partner and her children and goals for her future and for her family.

The opinions noted in this report have been stated within a reasonable degree of medical certainty.  I reserve the right to supplement this report if additional records become available for review.

Sincerely,

Gladys S. Fenichel, MD

GSF/plr