# Exhibit 68

## IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | | |
|---|---|---|
| MONIQUE RUSSELL, *et al.* | * | |
| *Plaintiff(s)* | * | |
| v. | * | CAL17-22761 |
| DIMENSIONS HEALTH CORP., *et al.* | * | |
| *Defendant(s)* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JANE DOE NO. 1, *et al.* | * | |
| *Plaintiff(s)* | * | |
| v. | * | CAL17-37091 |
| DIMENSIONS HEALTH CORP., *et al.* | * | |
| *Defendant(s)* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MONIQUE RUSSELL, *et al.* | * | |
| *Plaintiff(s)* | * | |
| v. | * | CAL18-07863 |
| DIMENSIONS HEALTH CORP., *et al.* | * | |
| *Defendant(s)* | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF JASMINE RIGGINS' RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSIONS

Plaintiff, Jasmine Riggins, by her undersigned attorneys, responds as follows to the Defendants' Requests for Admissions.

## GENERAL OBJECTIONS

A.     Plaintiff objects to each and every Request to the extent the Request seeks privileged information and documents protected from disclosure by the attorney-client privilege and/or attorney work-product doctrine, and/or that were created in anticipation of litigation.

B.     The information supplied in these Responses to Requests for Admission is not based solely on the knowledge of the executing party, but includes knowledge of the party's agents, representatives and attorneys, unless privileged.  Any admission made herein is made with the state of knowledge and information now available to the Defendants, their agents, representatives and attorneys.

C.     In those instances in which the Plaintiff has admitted the genuineness of a document, or the qualification of a document as a business record for hearsay purposes, but has not been called upon to admit the time when Plaintiff learned of the document, the admission of the genuineness of the document should not be construed as an

admission that the Plaintiff knew of the document when it was created. Such an admission should be construed only as indicating that, based upon information currently known and obtained by Plaintiff and/or counsel for the Plaintiff, the genuineness of the document is now admitted.

D.     An admission by the Plaintiff as to the genuineness of a document, or the qualification of a document as a business record for hearsay purposes, is not an admission that the document was unchanged from a prior form, or was otherwise relied upon or acted upon in the form of its production, or remained unchanged at any subsequent time relevant, or at all times relevant, to this case.

E.     An admission by the Plaintiff as to the genuineness of a document, or the qualification of a document as a business record for hearsay purposes, is not an admission of the truth or falsity of any statement, whether of law or fact, contained in the document.

F.     An admission by the Plaintiff as to the genuineness of a document, or the qualification of a document as a business record for hearsay purposes, is not an admission that the document is complete or in the page order in which the document was held.

G.     An admission by the Plaintiff as to the genuineness of a document, or not an admission that the document is material, relevant and/or admissible for any purpose or at any proceeding in this case.

H.     Plaintiff generally objects to the genuineness of a document when a request to admit or deny the genuineness of a document provides no context or reference about the source of the document.

I.     Plaintiff objects to these Requests for Admissions to the extent that they purport to impose obligations on the Plaintiff beyond those required by the Maryland Rules.

J.     Plaintiff generally objects to these Requests for Admissions to the extent that in most instances they ask Plaintiff to admit a fact, but fail to provide reference to any particular document for Plaintiff to review and would otherwise require Plainiff to search for a document that may or may not exist to prove or disprove a proposed fact that may or may not be accurate.

## SPECIFIC RESPONSES

**REQUEST NO. 1:**   You were a Claimant in the initial Health Care Alternative

Dispute Resolution Office ("HCADRO") action *Doe v. Dimensions Healthcare System.*

2

**RESPONSE:**          Denied.

**REQUEST NO. 2:**   At this time, you are still unaware that the individual known to Defendants as Akoda had been certified by ECFMG to practice medicine; had applied for, was accepted, and successfully completed an accredited residency program through Howard University Hospital; was licensed to practice medicine in the state of Maryland; was licensed to practice medicine in the Commonwealth of Virginia; and was Board Certified by the American College of Obstetricians and Gynecologists.

**RESPONSE:**          **Denied that Akoda had been certified by ECFMG to practice medicine.  Plaintiff admits that she does not have personal knowledge of these matters, but is relying on her attorneys for this information.**

**REQUEST NO. 3:**   In 2017, you filed your Statement of Claim with the Health Care Alternative Dispute Resolution Office in *Doe v. Dimensions Healthcare System.*

**RESPONSE:**          Denied.

**REQUEST NO. 4:**   You filed your Complaint in the above-captioned matter in the Circuit Court for Prince George's County, Maryland on or about November 20, 2017.

**RESPONSE:**          Denied.

**REQUEST NO. 5:**   You have heard radio advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**          Denied.

**REQUEST NO. 6:**   You are a class Plaintiff in the above-captioned action.

**RESPONSE:**          **Plaintiff denies she is a named class Plaintiff in CAL17-37091.**

3

**REQUEST NO. 7:**   Your Family was not affected by your alleged symptoms of Post-Traumatic Stress Disorder until you saw/heard television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**       **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 8:**   You did not and have not specifically verified the facts about the qualifications to practice medicine of the individual known to Defendants as Dr. Akoda, which were provided to you as the basis of the events giving rise to your Claim.

**RESPONSE:**       **Admitted.**

**REQUEST NO. 9:**   You had not retained or had contact with an attorney for purposes of bringing suit for your Claims in this action until seeing/hearing television, radio, and/or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**       **Denied.**

**REQUEST NO. 10:**  You had not retained or had contact with an attorney for purposes of bringing suit for your Claims in this case until you saw or heard news coverage or other publicity regarding the events giving rise to your Claim.

**RESPONSE:**       **Denied.**

**REQUEST NO. 11:**  You did not contribute to or have any role in any news coverage or publicity related to the events you now allege in this action, including, but not limited to, participation in the Dr. Oz Show.

**RESPONSE:**       **Admitted.**

4

Plaintiffs0000006516

**REQUEST NO. 12:** You claim that you suffer from Post-Traumatic Stress Disorder as a result of your allegations against the Defendants.

**RESPONSE:**      **Denied.**

**REQUEST NO. 13:** You claim that your alleged Post-Traumatic Stress Disorder has affected your relationship with your Family.

**RESPONSE:**      **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 14:** You have seen television advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**      **Denied.**

**REQUEST NO. 15:** You did not experience your alleged symptoms of Post-Traumatic Stress Disorder during the period(s) you were seeing Dr. Akoda.

**RESPONSE:**      **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 16:** Your Family was not affected by your alleged symptoms of Post-Traumatic Stress Disorder during the period you were being cared for by Dr. Akoda.

**RESPONSE:**      **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 17:** You did not experience your alleged symptoms of Post-Traumatic Stress Disorder until seeing/hearing television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

5

**RESPONSE:**          Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 18:** You do not suffer from depression as a result of the events giving rise to your Claim.

**RESPONSE:**          Upon advice of counsel, Plaintiff objects to this request.   As Plaintiff testified at her deposition, she has been depressed.

**REQUEST NO. 19:** You do not suffer from Post-Traumatic Stress Disorder as a result of the events giving rise to your Claim.

**RESPONSE:**          Admitted.

**REQUEST NO. 20:** It would have been reassuring to you had you known that the individual known to Defendants as Akoda had been certified by ECFMG to practice medicine; had applied for, was accepted, and successfully completed an accredited residency program through Howard University Hospital; was licensed to practice medicine in the state of Maryland; was licensed to practice medicine in the Commonwealth of Virginia; and was Board Certified by the American College of Obstetricians and Gynecologists.

**RESPONSE:**          Upon advice of counsel, Plaintiff objects to this request.  In this context, Plaintiff does not understand the meaning of "reassuring."  Subject to and without waiving this objection, the stated matters would not change Plaintiff's belief that Akoda was a fraud and a deceit.

**REQUEST NO. 21:** You claim that you suffer from depression as a result of your allegations against the Defendants.

6

**RESPONSE:**         Upon advice of counsel, Plaintiff objects to this request.   As Plaintiff testified at her deposition, she has been depressed.

**REQUEST NO. 22:** You claim that your alleged depression has affected your relationship with your Family.

**RESPONSE:**         Denied.

**REQUEST NO. 23:** You have never been formally diagnosed with depression.

**RESPONSE:**         Admitted.

**REQUEST NO. 24:** You did not experience your alleged depression during the period(s) you were cared for by Dr. Akoda.

**RESPONSE:**         Admitted.

**REQUEST NO. 25:** Your Family was not affected by your alleged depression during the period you were being cared for by Dr. Akoda.

**RESPONSE:**         Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 26:** You did not experience your alleged depression until seeing/hearing television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**         Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 27:** You have seen news coverage or other publicity regarding the events giving rise to your Claim.

**RESPONSE:**         Denied.

7

Plaintiffs0000006519

**REQUEST NO. 28:** Your Family was not affected by your alleged symptoms of anxiety, if at all, until you saw/heard television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 29:** Your Family was not affected by your alleged depression, if at all, until you saw/hear television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 30:** You claim that you suffer from anxiety as a result of your allegations against the Defendants.

**RESPONSE:**          **Denied.**

**REQUEST NO. 31:** You claim that your alleged anxiety has affected your relationship with your Family.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 32:** You did not experience your alleged anxiety during the period(s) you were cared for by Dr. Akoda.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

Plaintiffs0000006520

**REQUEST NO. 33:** You had no complications with your delivery on or about March 18, 2013.

**RESPONSE:**       Admitted.

**REQUEST NO. 34:** You claim that your alleged physical injury has affected your relationship with your Family.

**RESPONSE:**       **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 35:** Your Family was not affected by your alleged anxiety during the period(s) you were cared for by Dr. Akoda.

**RESPONSE:**       Admitted.

**REQUEST NO. 36:** You have never been formally diagnosed with anxiety.

**RESPONSE:**       Admitted.

**REQUEST NO. 37:** You have never been formally diagnosed with Post-Traumatic Stress Disorder.

**RESPONSE:**       Admitted.

**REQUEST NO. 38:** You do not suffer from anxiety as a result of the events giving rise to this Complaint.

**RESPONSE:**       Admitted.

**REQUEST NO. 39:** You claim that you suffer from physical pain as a result of your allegations against the Defendants.

**RESPONSE:**       **Plaintiff admits that her C-section caused her pain.**

9

**REQUEST NO. 40:** You have never been diagnosed with a physical injury resulting from your allegations against the Defendants.

**RESPONSE:** Admitted.

**REQUEST NO. 41:** You did not experience your alleged physical injury as a result of your allegations during the period(s) you were cared for by Dr. Akoda.

**RESPONSE:** Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 42:** Your Family was not affected by your alleged symptoms of physical pain during the period(s) you were cared for by Dr. Akoda.

**RESPONSE:** Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 43:** You did not experience your alleged symptoms of a permanent disability during the period(s) you were seeing Dr. Akoda.

**RESPONSE:** Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 44:** Your Family was not affected by your alleged symptoms of physical pain until you saw/heard television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:** Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

10

**REQUEST NO. 45:** You did not report any physical pain or injury to any law enforcement or hospital personnel during the period(s) you were being treated by Dr. Akoda or PGHC.

**RESPONSE:**     **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 46:** You claim that you suffer from difficulty sleeping as a result of your allegations against the Defendants.

**RESPONSE:**     **Denied.**

**REQUEST NO. 47:** You claim that you suffer from "permanent disability" as a result of your allegations against the Defendants.

**RESPONSE:**     **Admitted that Plaintiff's emotional injuries are permanent.**

**REQUEST NO. 48:** You do not suffer from permanent disability as a result of the care you received from Dr. Akoda.

**RESPONSE:**     **Denied. Plaintiff believes her conditions of being depressed, frustrated, angry, emotional, heartbreaking, sad, loss of trust of doctors is permanent.**

**REQUEST NO. 49:** You claim that your alleged permanent disability has affected your relationship with your Family.

**RESPONSE:**     **Denied.**

**REQUEST NO. 50:** You have never been diagnosed with a permanent disability.

**RESPONSE:**     **Admitted.**

11

Plaintiffs0000006523

**REQUEST NO. 51:** Your Family was not affected by your alleged permanent disability during the period(s) you were seeing Dr. Akoda.

**RESPONSE:** Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 52:** You have not done any independent research to determine the status of ECFMG certification, residency program completion, licensure, or board certification for the individual known to Defendants as Akoda.

**RESPONSE:** Admitted.

**REQUEST NO. 53:** You did not experience your alleged permanent disability until seeing/hearing television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:** Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 54:** Your Family was not affected by your alleged permanent disability until you saw/heard television, [sic].

**RESPONSE:** Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 55:** You saw Dr. Akoda at Dr. Chaudry's office regularly throughout your prenatal care.

**RESPONSE:** Upon advice of counsel, Plaintiff objects to this request. The term "regularly" is ambiguous. Plaintiff will interpret it to mean on multiple occasions, and, as such, it is admitted.

Plaintiffs0000006524

**REQUEST NO. 56:** You claim that your alleged difficulty sleeping has affected your relationship with your Family.

**RESPONSE:**  **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 57:** Your Family was not affected by your alleged "lack of trust in physicians and in medical institutions" during the period(s) you were seeing Dr. Akoda.

**RESPONSE:**  **Admitted.**

**REQUEST NO. 58:** You have never been diagnosed with a sleeping condition or disorder.

**RESPONSE:**  **Admitted.**

**REQUEST NO. 59:** You do not suffer from a sleeping disorder or condition as a result of the events giving rise to your Claim.

**RESPONSE:**  **Admitted.**

**REQUEST NO. 60:** You do not have a lack of trust in physicians or in medical institutions at this point in time.

**RESPONSE:**  **Denied.**

**REQUEST NO. 61:** Your Family was not affected by your alleged difficulty sleeping during the period(s) you were seeing Dr. Akoda.

**RESPONSE:**  **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

13

Plaintiffs0000006525

**REQUEST NO. 62:** You did not experience your alleged difficulty sleeping until seeing/hearing television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:** **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 63:** You did not experience your alleged symptoms of anxiety, if at all, until seeing/hearing television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:** **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 64:** Your Family was not affected by your alleged difficulty sleeping until you saw/heard television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:** **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 65:** You claim that you suffer from "a lack of trust in physicians and in medical institutions" as a result of your allegations against the Defendants.

**RESPONSE:** **Admitted.**

**REQUEST NO. 66:** You claim that your alleged "lack of trust in physicians and in medical institutions" has affected your relationship with your Family.

**RESPONSE:** **Denied.**

14

**REQUEST NO. 67:** You did not experience your alleged "lack of trust in physicians and in medical institutions" during your visit(s) with Dr. Akoda.

**RESPONSE:**        Admitted.

**REQUEST NO. 68:** You have taken your child(ren) to see medical professionals since you learned of the Claim.

**RESPONSE:**        Admitted.

**REQUEST NO. 69:** Any information you claim to now have about the status of Dr. Akoda's license to practice medicine, you learned from your Attorney(s).

**RESPONSE:**        Admitted.

**REQUEST NO. 70:** Your Family was not affected by your alleged "lack of trust in physicians and in medical institutions" until you saw/heard television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**        **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 71:** You claim that your alleged "lack of trust in physicians and in medical institutions" has discouraged you from or made you feel uncomfortable from seeing medical professionals.

**RESPONSE:**        Admitted.

**REQUEST NO. 72:** You did not experience your alleged symptoms of physical pain, resulting from your allegations against the Defendants, if any, until seeing/hearing television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

Plaintiffs0000006527

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 73:**  You claim that your alleged "lack of trust in physicians and in medical institutions" has discouraged you from or made your feel uncomfortable taking your child(ren) to medical professionals.

**RESPONSE:**          **Admitted.**

**REQUEST NO. 74:**  You have seen medical professionals since your last visit with Dr. Akoda.

**RESPONSE:**          **Admitted.**

**REQUEST NO. 75:**  You have taken your child(ren) to see medical professionals since your last visit with Dr. Akoda.

**RESPONSE:**          **Admitted.**

**REQUEST NO. 76:**  You have seen medical professionals since you learned of the events giving rise to this Claim.

**RESPONSE:**          **Admitted.**

**REQUEST NO. 77:** After   seeing/hearing   television,   radio   or   internet advertisement(s) regarding the events giving rise to your Claim, you began to feel that you were personally violated by Dr. Akoda.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

16

**REQUEST NO. 78:** You did not experience your alleged "lack of trust in physicians and in medical institutions" until seeing/hearing television, radio, or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 79:**  You will continue to see medical professionals in the future.

**RESPONSE:**          **Admitted.**

**REQUEST NO. 80:**  If you were to require emergency medical treatment, you would seek emergency medical services.

**RESPONSE:**          **Admitted.**

**REQUEST NO. 81:**  If a member of your Family were to require emergency treatment, you would seek emergency medical services.

**RESPONSE:**          **Admitted.**

**REQUEST NO. 82:** During your visit(s) with Dr. Akoda, you never refused services or procedures.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. The request is confusing.**

**REQUEST NO. 83:**  You do not claim to question Dr. Akoda's competency to practice medicine.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. Akoda's competency to practice medicine includes honesty and truthfulness and a person who lies and deceives is not competent.**

17

Plaintiffs0000006529

**REQUEST NO. 84:** You did not report concerns about Dr. Akoda's competency to practice medicine to any law enforcement or hospital personnel during the period(s) you were being treated by Dr. Akoda or PGHC.

**RESPONSE:**          Admitted.

**REQUEST NO. 85:** During your visit(s) with Dr. Akoda, you never felt you had reason to question his competency to practice medicine.

**RESPONSE:**          Admitted.

**REQUEST NO. 86:** After seeing/hearing television, radio, or internet advertisement(s) related to the events you allege in this action, you began to question Dr. Akoda's competency.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 87:** The last time you saw Dr. Akoda was on or about March 13, 2013.

**RESPONSE:**          Admitted.

**REQUEST NO. 88:** You will continue to take your child(ren) to see medical professionals in the future.

**RESPONSE:**          Admitted.

**REQUEST NO. 89:** You do not claim that you felt personally violated by Dr. Akoda.

**RESPONSE:**          Denied.

Plaintiffs0000006530

**REQUEST NO. 90:**   During your visit(s) with Dr. Akoda, you never felt you were personally violated.

**RESPONSE:**         Admitted.

**REQUEST NO. 91:** You did not report feeling personally violated by Dr. Akoda to any law enforcement or hospital personnel during the period(s) you were being treated by Dr. Akoda or PGHC.

**RESPONSE:**         Admitted.

**REQUEST NO. 92:**  You do not claim that your life was in danger during the period(s) you were being treated by Dr. Akoda.

**RESPONSE:**         Admitted.

**REQUEST NO. 93:** You do not claim that your baby's life was in danger during the period(s) you were being treated by Dr. Akoda.

**RESPONSE:**         Admitted.

**REQUEST NO. 94:**   During your visit(s) with Dr. Akoda, you never felt your life was in danger.

**RESPONSE:**         Admitted.

**REQUEST NO. 95:** During your visit(s) with Dr. Akoda, you never felt your baby's life was in danger.

**RESPONSE:**         Admitted.

**REQUEST NO. 96:** You only began to feel that your life was in danger when cared for by Dr. Akoda after seeing/hearing television, radio or internet advertisement(s) regarding the events giving rise to your Claim.

Plaintiffs0000006531

**RESPONSE:**        Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.

**REQUEST NO. 97:** You did not report to any law enforcement or hospital personnel during the period(s) you were being treated by Dr. Akoda that you felt that your or your baby's life was in danger

**RESPONSE:**        Admitted.

**REQUEST NO. 98:** It was not important to you to research the status of Dr. Akoda's license to practice medicine while receiving care from Dr. Akoda.

**RESPONSE:**        Upon advice of counsel, Plaintiff objects to this request. Plaintiff denies it was not important, but instead had no reason to research these matters.

**REQUEST NO. 99:** At the time of your care by Dr. Akoda, you were unaware that the individual known to Defendants as Akoda: had been certified by ECFMG to practice medicine; had applied for, was accepted, and successfully completed an accredited residency program through Howard University Hospital; was licensed to practice medicine in the state of Maryland; was licensed to practice medicine in the Commonwealth of Virginia; and was Board Certified by the American College of Obstetricians and Gynecologists.

**RESPONSE:**        Upon advice of counsel, Plaintiff objects to this request. It contains multiple requests which should be set forth separately. Denied that Plaintiff was unaware that Akoda was licensed to practice medicine in the State of Maryland.

Plaintiffs0000006532

**REQUEST NO. 100:** You only began to feel that your baby's life was in danger when treated by Dr. Akoda after seeing/hearing television, radio or internet advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:** **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 101:** You do not claim that you were abused sexually by Dr. Akoda.

**RESPONSE:** **Admitted.**

**REQUEST NO. 102:** During your visit(s) with Dr. Akoda, you never felt as if you were being abused sexually.

**RESPONSE:** **Admitted.**

**REQUEST NO. 103:** You did not report any sexual abuse to any law enforcement or hospital personnel during the period(s) you were being treated by Dr. Akoda.

**RESPONSE:** **Admitted.**

**REQUEST NO. 104:** After seeing/hearing television, radio or internet advertisement(s) regarding the events giving rise to your Claim, you began to feel that you had been sexually abused by Dr. Akoda.

**RESPONSE:** **Upon advice of counsel, Plaintiff objects to this request. It assumes matters which are untrue.**

**REQUEST NO. 105:** You do not believe the competency of a physician can be determined from his or her name.

Plaintiffs0000006533

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request.
The request is confusing.**

**REQUEST NO. 106:** You do not believe that the name of the physician is a
determining factor in choosing an OBGYN.

**RESPONSE:**          **Admitted.**

**REQUEST NO. 107:** You have seen physicians in your lifetime whose names you
do not remember today.

**RESPONSE:**          **Upon advice of counsel, Plaintiff objects to this request.  It
is overly broad and burdensome.  Plaintiff cannot be required to remember what she
cannot remember.  Plaintiff will admit that she may not be able to recall every
physician she has seen in her lifetime.**

**REQUEST NO. 108:** During the period(s) you were being treated by Dr. Akoda,
you were unaware that he completed his medical residency at Howard University
Hospital.

**RESPONSE:**          **Admitted.**

**REQUEST NO. 109:** You were not aware that Dr. Akoda had been indicted or
pleaded guilty to criminal charges prior to seeing/hearing radio, television, or internet
advertisement(s) regarding the events giving rise to your Claim.

**RESPONSE:**          **Denied.**

**REQUEST NO. 110:** You were not seeing an OB/GYN for annual exams prior to
the period(s) you were being treated by Dr. Akoda.

**RESPONSE:**          **Admitted.**

Plaintiffs0000006534

**REQUEST NO. 111:** You have not seen an OB/GYN for annual exams since the period(s) you were being treated by Dr. Akoda.

**RESPONSE:**         **Denied.**

**REQUEST NO. 112:** You did not forego medical care despite needing it before the period(s) you were being treated by Dr. Akoda.

**RESPONSE:**         **Admitted.**

**REQUEST NO. 113:** You have not foregone medical care despite needing it, since the period(s) you were being treated by Dr. Akoda.

**RESPONSE:**         **Admitted.**

**REQUEST NO. 114:** During the period(s) you were being treated by Dr. Akoda, you were not aware of the status of Dr. Akoda's license to practice medicine.

**RESPONSE:**         **Upon advice of counsel, Plaintiff objects to this request. Plaintiff believed Akoda was licensed to practice medicine.**

**REQUEST NO. 115:** During the period(s) you were being treated by Dr. Akoda, you were not aware that Dr. Akoda was licensed to practice medicine by the State of Maryland.

**RESPONSE:**         **Upon advice of counsel, Plaintiff objects to this request. Plaintiff believed Akoda was licensed to practice medicine by the State of Maryland.**

**REQUEST NO. 116:** It was not important to you to research the status of Dr. Akoda's license to practice medicine after receiving care from Dr. Akoda.

**RESPONSE:**         **Upon advice of counsel, Plaintiff objects to this request. Plaintiff had no reason to research the status of Akoda's license.**

23

**REQUEST NO. 117:** During the period(s) you were being treated by Dr. Akoda, you were not aware that Dr. Akoda was licensed to practice medicine by the Commonwealth of Virginia.

    **RESPONSE:**      **Admitted.**

**REQUEST NO. 118:** It was not important to you to research the status of Dr. Akoda's license to practice medicine prior to receiving care from Dr. Akoda.

    **RESPONSE:**      **Upon advice of counsel, Plaintiff objects to this request. Plaintiff had no reason to research the status of Akoda's license.**

**REQUEST NO. 119:** Any information you claim to now have regarding the status of Dr. Akoda's license to practice medicine, you learned from television, radio, or internet advertisement(s) regarding the events giving rise to your claim.

    **RESPONSE:**      **Denied.   Plaintiff is relying on the information of her attorneys.**

**REQUEST NO. 120:** You have seen internet advertisement(s) regarding the events giving rise to your Claim.

    **RESPONSE:**      **Admitted.**

Plaintiffs0000006536

Respectfully submitted,

LAW OFFICES OF PETER G. ANGELOS, P.C.

By: _____

      Jay D. Miller
      jmiller@lawpga.com
      Paul M. Vettori
      pvettori@lawpga.com
      Danielle S. Dinsmore, Esquire
      ddinsmore@lawpga.com
      One Charles Center
      100 N. Charles Street, 20th Floor
      Baltimore, Maryland 21201
      (410) 649-2000
      *Attorneys for Plaintiff*

Plaintiffs0000006537