IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,<br><br>*Plaintiffs,*<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>*Defendant.* | Case No. 2:18-cv-05629-JDW |

### ORDER

**AND NOW**, this 14th day of December, 2021, upon consideration of Defendant's Unopposed Motion To Seal (ECF No. 84), the Court finds as follows:

1. "The common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Judicial materials include documents filed on the Court's public docket. *Id.* at 675.

2. The right of public access is "particularly compelling" in a class action, as the "openness of class actions provides class members with "a more complete understanding of the [class action process] and a better perception of its fairness." *In re Cendant Corp.*, 260 F.3d 183, 193 (3d Cir. 2001), quoting *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

3. To overcome the strong presumption in favor of public access to judicial materials, the movant must demonstrate "that the interest in secrecy outweighs the presumption" by showing "that the material is the kind of information that courts will

protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (quotations omitted).

4. Accordingly, the court "must conduct a document-by-document review of the contents of the challenged documents" and "make specific findings on the record concerning the effects of disclosure." *Id.* at 672, 673 (quotations omitted).

5. The Third Circuit "do[es] not require a district court to provide lengthy, detailed discussion of each individual document[;]" however, "it must be clear from the record that the district court engaged in a particularized, deliberate assessment of the standard as it applies to each disputed document." *Id.* at 677.

6. For the reasons stated in the Court's Order dated November 19, 2019:

- Exhibits 44, 45, 46, 47, 53, 55, 57, 59, 63, 67, 74 (ECF Nos. 86-8—86-11, 86-17, 86-19, 86-21, 86-23, 86-27, 86-31, 86-38) may be filed under seal, with the same previously approved redacted versions filed publicly on the docket.

- The Defendant has also made the requisite showing for the redactions in Exhibit 42, the Memorandum of Law in Support of its Motion for Summary Judgment, and the Statement of Undisputed Material Facts. (ECF Nos. 86-6, 81-1, 85.) These documents contain private information about Plaintiff Desiree Evans that would be embarrassing and cause emotional harm if posted on the public docket without redaction.

Therefore, in light of the foregoing it is **ORDERED** that the Motion (ECF No. 84) is **GRANTED**.

BY THE COURT:

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.