IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Civil Action No. 18-5629<br><br>Honorable Joshua D. Wolson |

# DEFENDANT'S OPPOSITION BRIEF IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING CLASS CERTIFICATION

Dated: January 14, 2022

William R. Peterson (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
Telephone:    +1.713.890.5000
Facsimile:    +1.713.890.5001
william.peterson@morganlewis.com

Brian W. Shaffer, PA Bar No. 78851
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:    +1.215.963.5000
Facsimile:    +1.215.963.5001
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for the Educational Commission for Foreign Medical Graduates*

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................ 1

ARGUMENT .................................................................................................................................... 1

    I.    Plaintiffs Have Not Demonstrated That an Issue Class Satisfies Rule 23(b)(3). ............................................................................................................. 1

        A.    Plaintiffs have not satisfied Rule 23(b)(3)'s predominance requirement. ............................................................................................ 2

        B.    Plaintiffs have not satisfied Rule 23(b)(3)'s superiority requirement. ............................................................................................ 2

    II.    Plaintiffs Have Not Demonstrated That an Issue Class Satisfies Rule 23(c)(4). ............................................................................................................. 3

        A.    Plaintiffs do not address most of the *Gates* factors. .................................. 4

        B.    The need to present the same evidence at issue class and individual proceedings drastically undermines any supposed gains in efficiency. .................................................................................................. 4

        C.    Plaintiffs overstate the supposed differences in efficiencies between issue class certification and realistic procedural alternatives. ............................................................................................ 6

        D.    Plaintiffs' proposal to focus individual proceedings only on Dr. Akoda, not ECFMG, is fundamentally flawed. ......................................... 7

        E.    Plaintiffs have not proposed a trial plan that would avoid Seventh Amendment violations. ................................................................ 8

        F.    Treating duty as a question of law does not favor class certification. ............................................................................................ 9

        G.    Issue certification creates a serious risk of undue settlement pressure. .................................................................................................. 10

    III.    Plaintiffs' Attempt to Limit the Third Circuit's Decision Is Meritless. ................ 10

CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)..................................................................................................1, 2

*Arch v. Am. Tobacco Co., Inc.*,
  175 F.R.D. 469 (E.D. Pa. 1997)........................................................................................8

*Blain v. Smithkline Beecham Corp.*,
  240 F.R.D. 179 (E.D. Pa. 2007).......................................................................................3

*Comcast Corp. v. Behrend*,
  569 U.S. 27 (2013)...........................................................................................................2, 9

*In re Domestic Drywall Antitrust Litig.*,
  MDL No. 2437, 2017 WL 3700999 (E.D. Pa. Aug. 24, 2017)...................................3

*Jackson v. Se. Pa. Transp. Auth.*,
  260 F.R.D. 168 (E.D. Pa. 2009).....................................................................................10

*Johnston v. HBO Film Mgmt., Inc.*,
  265 F.3d 178 (3d Cir. 2001).............................................................................................3

*Mwantembe v. TD Bank, N.A.*,
  268 F.R.D. 548 (E.D. Pa. 2010).......................................................................................3

*Russell v. Educ. Comm'n for Foreign Med. Graduates*,
  15 F.4th 259 (3d Cir. 2021) ................................................................................... *passim*

*Sanneman v. Chrysler Corp.*,
  191 F.R.D. 441 (E.D. Pa. 2000).......................................................................................3

*Spence v. Bd. of Educ. of the Christina Sch. Dist.*,
  806 F.2d 1198 (3d Cir. 1986)...........................................................................................5

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011)...........................................................................................................2

**OTHER AUTHORITIES**

Seventh Amendment...............................................................................................................8, 9

Rule 23 ................................................................................................................................1, 9, 10

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

Rule 23(a) ............................................................................................................................. 2

Rule 23(b)(3) ................................................................................................................ *passim*

Rule 23(c)(4) ............................................................................................................. 1, 3, 4, 6

**INTRODUCTION**

Plaintiffs have not satisfied Rule 23, and nothing in their Supplemental Memorandum alters that conclusion. Since that filing, Plaintiffs' counsel has admitted in writing that they "have no idea what the first jury trial in this case is going to look like." Ex. A. That is essentially a concession that Plaintiffs have not carried their burden on the predominance and superiority requirements of Rule 23(b)(3) and issue-class certification requirements of Rule 23(c)(4) and the *Gates* factors. The Court cannot certify an issue class without a clear understanding of how it would facilitate the most fair and efficient resolution of the controversy. Plaintiffs offer only general assurances that some time down the road in this case they will somehow, some way, avoid the inefficiencies and substantive problems recognized by the Third Circuit. Rule 23 demands much more. Class certification should be denied.

**ARGUMENT**

**I.   Plaintiffs Have Not Demonstrated That an Issue Class Satisfies Rule 23(b)(3).**

Plaintiffs' application of Rule 23(b)(3) to the facts of this case comprises only half a page. *See* Pls' Supp. Mem. 6. Rather than address the predominance and superiority requirements separately or at length, Plaintiffs' Supplemental Memorandum presents a brief and conclusory analysis of "matters pertinent" to Rule 23(b)(3). *Id.* Plaintiffs do not explain why this case is different than the typical personal injury-type case, in which each plaintiff "has a significant interest in individually controlling the prosecution" of her case and "a substantial stake in making individual decisions on whether and when to settle." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 616 (1997). Nor do they explain how the absence of similar litigation favors certification when Plaintiffs' counsel purports to represent "at least 550 plaintiffs" who would supposedly file suit if certification were denied. Pls.' Supp. Mem. 12. This is not a case where the class action device is necessary to avoid the loss of class members' rights.

1

A "rigorous analysis" of Rule 23(b)(3) requires the Court to take a "close look" at the predominance and superiority requirements and to "find" based on "evidentiary proof" that they are satisfied. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33–34 (2013). As explained below, Plaintiffs have not satisfied those requirements, and no class should be certified.

### A. Plaintiffs have not satisfied Rule 23(b)(3)'s predominance requirement.

Plaintiffs' predominance argument is premised on several out-of-circuit cases and treatises standing for the truism that common questions predominate when only common questions are considered. *See* Pls.' Supp. Mem. 7.

But the Third Circuit did not hold—and Plaintiffs have not shown—that "whether [ECFMG] owed a relevant legal duty to the Plaintiffs that it subsequently breached," *Russell v. Educ. Comm'n for Foreign Med. Graduates*, 15 F.4th 259, 270 (3d Cir. 2021), is in fact a question "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). *See also Amchem Prods., Inc.*, 521 U.S. at 624 (explaining that Rule 23(b)(3)'s "predominance criterion is far more demanding" than Rule 23(a)'s commonality requirement). As explained in ECFMG's Supplemental Brief (at 10–13), it is not. Even if proof of ECFMG's conduct may not differ significantly among cases, the legal import of that conduct may vary drastically. Plaintiffs' varied theories of liability admit the possibility that ECFMG breached a duty owed to some class members but not others. Accordingly, common issues do not predominate.

### B. Plaintiffs have not satisfied Rule 23(b)(3)'s superiority requirement.

Plaintiffs' discussion of superiority and the "likely difficulties in managing a class action" is three lines long and simply states, without elaboration, that such difficulties "pale in comparison to the likely difficulties and drain on judicial resources, of handling these claims individually."

2

Pls' Supp. Mem. 6. Plaintiffs do not meaningfully discuss any "other available methods" for adjudicating the controversy, Fed. R. Civ. P. 23(b)(3), let alone offer a trial plan demonstrating that their proposed issue class is superior to those methods. *See Sanneman v. Chrysler Corp.*, 191 F.R.D. 441, 455 (E.D. Pa. 2000) ("[I]n order to find superiority, a court must find all other methods of resolving the issues in a case to be inferior to a class action."). This is perhaps unsurprising given their admission they do not know what an issue class trial would look like. *See* Ex. A.

Courts regularly hold that superiority is not satisfied where, as here, plaintiffs fail to provide a trial plan or otherwise demonstrate that the benefits of class certification exceed those of other methods for resolving the controversy. *See Johnston v. HBO Film Mgmt., Inc.*, 265 F.3d 178, 195 (3d Cir. 2001) (rejecting class certification where it was not "the best 'available method[] for the fair and efficient adjudication of the controversy'"); *Blain v. Smithkline Beecham Corp.*, 240 F.R.D. 179, 195 (E.D. Pa. 2007) (finding superiority lacking where proposed trial plan involving jury interrogatories on emotional distress claims left "an overwhelming number of individual issues … unresolved for each class member" and "adjudication of the proposed common issues would not materially advance a disposition of the case as a whole"); *In re Domestic Drywall Antitrust Litig.*, MDL No. 2437, 2017 WL 3700999, at *15 (E.D. Pa. Aug. 24, 2017) (noting that the plaintiffs' failure to present a trial plan weighed against a finding of superiority); *Mwantembe v. TD Bank, N.A.*, 268 F.R.D. 548, 563 (E.D. Pa. 2010) ("Despite the numerous problems presented with adjudicating, administering and trying these cases, the plaintiffs have not submitted a proposed trial plan addressing these problems."). On this record, given the absence of argument by Plaintiffs, the Court cannot find that Rule 23(b)(3)'s superiority requirement has been met.

**II.     Plaintiffs Have Not Demonstrated That an Issue Class Satisfies Rule 23(c)(4).**

Plaintiffs' arguments with respect to Rule 23(c)(4) and the *Gates* factors are muddled and unpersuasive. Plaintiffs disregard large portions of the Third Circuit's opinion describing the

3

difficulties arising from the proposed issue class. They adopt inconsistent positions about whether they intend to prove essential elements of their claims and, if so, who would decide the element and at which stage of the proceeding. They offer no clear trial plan and propose no real solutions to looming violations of ECFMG's constitutional rights. Plaintiffs have not done enough to demonstrate that their proposed issue class satisfies Rule 23(c)(4).

### A.   Plaintiffs do not address most of the *Gates* factors.

The Third Circuit held that this Court's prior class certification order "failed to rigorously consider several *Gates* factors." *Russell*, 15 F.4th at 272. Its opinion gives several "example[s]" of *Gates* factors that were not sufficiently addressed. *Id.* But the Third Circuit never indicated that those examples were a comprehensive or exclusive list of *Gates* factors that were not analyzed rigorously. *See id.* at 273 n.5 ("there may yet be other problems with the issue class"). Its opinion did not endorse this Court's analysis of any particular *Gates* factor or otherwise suggest that individual *Gates* factors should be reevaluated in isolation without reweighing all of the factors.

Plaintiffs' Supplemental Memorandum discusses only a few of the *Gates* factors. *See* Pls.' Supp. Mem. 8–18. It does not address all of the *Gates* factors or explain how all of the *Gates* factors, taken together, show that issue class certification is "appropriate" in this case. The Court should not find Rule 23(c)(4) satisfied when Plaintiffs have not supplied the Court with an adequate basis to rigorously analyze all of the *Gates* factors.

### B.   The need to present the same evidence at issue class and individual proceedings drastically undermines any supposed gains in efficiency.

The Third Circuit correctly recognized that Plaintiffs' proposed issue class will leave "plenty … for individual proceedings," including "whether each Plaintiff was injured; whether [ECFMG]'s breach of the relevant duty (if it had a duty that was breached) actually and proximately caused those injuries; whether those injuries are due a particular amount of damages;

4

and whether [ECFMG] could raise any affirmative defense, including, presumably, whether each Plaintiff's consent to medical treatment by [Dr. Akoda] breaks the causal chain." *Russell*, 15 F.4th at 265, 273.

Plaintiffs' only basis for claiming that issue class certification would promote efficiency (*Gates* factor 3) is their contention that it would avoid the need to present the same evidence at multiple proceedings. *See* Pls.' Supp. Mem. 11–12.

The Third Circuit expressly rejected that argument. It held that if an issue class were certified, "once beyond the class trial, to determine and measure emotional damages, each individual jury will have to assess the degree of [ECFMG's] negligence as to each Plaintiff." *Russell*, 15 F.4th at 272 (citing *Spence v. Bd. of Educ. of the Christina Sch. Dist.*, 806 F.2d 1198, 1202 (3d Cir. 1986)). It further reiterated that "emotional distress damages must be evaluated in light of all the circumstances surrounding [ECFMG's] alleged misconduct." *Id.* (quoting *Spence*, 806 F.2d at 1202). The law requires that evidence of ECFMG's negligence be presented at both the issue class and individual phases of the case proposed by Plaintiffs. That holding eviscerates any claim that improved efficiencies warrant class certification.

Plaintiffs' response is to pretend that the Third Circuit's holding does not exist. Their Supplemental Memorandum cites out-of-circuit cases and decades-old Third Circuit decisions to argue that ECFMG's alleged negligence is irrelevant to the alleged emotional distress here. *See* Pls.' Supp. Mem. 16. Plaintiffs also argue that *Spence* "is of no moment here" because it involved a "tangled and complex fact situation." *Id.* at 17.[1] They made exactly this argument on appeal, Appellees' Br., Dkt. 47, at 57–59, but the Third Circuit rejected it, holding that *Spence* applies,

---

[1] Notably, Plaintiffs previously argued that "complexity" here weighed in favor of class certification. *See* ECF 32-1 at 21.

that each individual jury "will have to" assess ECFMG's alleged negligence, and that emotional distress damages "must" be evaluated in light of ECFMG's alleged negligence. *Russell*, 15 F.4th at 272. This conclusion was not dicta but was a necessary part of the Third Circuit's reasoning in reversing class certification, and this Court may not disregard the Third Circuit's holding about how Plaintiffs must prove emotional distress and what individual proceedings would require.

> **C.     Plaintiffs overstate the supposed differences in efficiencies between issue class certification and realistic procedural alternatives.**

Plaintiffs argue that the efficiencies to be gained from an issue class (*Gates* factor 3) favor certification because "no efficient alternative exists." Pls.' Supp. Mem. 11. According to Plaintiffs, the Court must choose between either conducting a single issue-class trial "followed by individualized determinations on causation and damages," or conducting "full-blown trials for each of at least 550 plaintiffs" on all issues. *Id.* at 12.

That is a false dichotomy in three respects. First, Plaintiffs ignore meaningful alternatives to issue class certification, including coordinated discovery between individual proceedings and bellwether proceedings on all issues. Plaintiffs have never explained why bellwether trials on all issues—including those proposed for class certification—would be unfair or inefficient. In reality, bellwethers offer all of the supposed benefits of issue class certification and avoid some of biggest drawbacks, such as undue settlement pressure (*Gates* factor 7) and risks of improper claim-splitting or reexamination (*Gates* factor 9). *See* Manual for Complex Litigation, Fourth, § 22.315 (2004) (explaining that test cases can "enable the parties and the court to determine the nature and strength of the claims, whether they can be fairly developed and litigated on a group basis and what range of values the cases may have if resolution is attempted on a group basis"). Just as certification is not superior under Rule 23(b)(3), it is not efficient under Rule 23(c)(4).

Second, Plaintiffs have no intention of pursuing "individualized determinations" or "full-blown trials" for hundreds of plaintiffs. Plaintiffs told the Third Circuit there would "likely not" be hundreds of individual proceedings after an issue class trial because "[a]fter litigating a number of these, eventually, the parties are able -- it facilitates settlements and an appropriate valuation of the case." 3d Cir. Oral Arg. Tr., Dkt. 64, at 20:1, 21:17–20. The same would be true of individual proceedings on all issues without an issue class.

Third, Plaintiffs understate the issues that must be resolved in individual proceedings under the proposed issue class. Individual proceedings would not be limited to "causation and damages" (both significant matters in and of themselves); they would also include, at minimum, the fact of injury and ECFMG's affirmative defenses. *See Russell*, 15 F.4th at 265, 272.

### D. Plaintiffs' proposal to focus individual proceedings only on Dr. Akoda, not ECFMG, is fundamentally flawed.

Plaintiffs argue that issue class certification would promote efficiency (*Gates* factor 3) and avoid the risk of improper reexamination (*Gates* factor 9) because individual proceedings would consider only whether **Dr. Akoda** caused each class member emotional distress, not whether ECFMG caused each class member emotional distress. *See* Pls.' Supp. Mem. 17.

Plaintiffs' proposal is inconsistent with the Third Circuit's holding described above. Class members' alleged injuries and damages cannot be determined without also considering ECFMG's alleged negligence and all of the attendant circumstances. *See Russell*, 15 F.4th at 272. Nor could a jury decide whether ECFMG's alleged negligence caused a class member to suffer emotional distress without considering the lengthy causal chain separating ECFMG from that class member. *See* Pls. Supp. Mem. 17 (conceding ECFMG had no direct contact with class members). As the Third Circuit correctly recognized, evidence that "[m]any other actors played a role in [Dr. Akoda]'s fraud" tends to show that ECFMG's alleged breach "did not cause Plaintiffs' harm."

7

*Russell*, 15 F.4th at 272. The same evidence presented to the issue class jury would have to be presented to each individual jury, eliminating any supposed efficiencies and drastically increasing the risk of inappropriate reexamination.

In an attempt to address this problem, Plaintiffs propose that individual juries would be "instructed that ECFMG is responsible for putting [Dr. Akoda] in a position to damage Plaintiffs in the first place." Pls.' Supp. Mem. 17. But that is a causation issue that Plaintiffs do not propose to submit to an issue class jury. Their proposal, laid bare, is to never try causation but merely to instruct individual juries that it already has been determined. That proposal would violate ECFMG's due process rights and presents an insurmountable obstacle to issue class certification. *See Arch v. Am. Tobacco Co., Inc.*, 175 F.R.D. 469, 493 (E.D. Pa. 1997) (rejecting similar trial plan as "violative of defendants' due process right to a fair trial"). The Court cannot adopt Plaintiffs' proposal to assume—without ever having a jury decide—whether ECFMG's breach of a legal duty was the actual and proximate cause of Dr. Akoda treating Plaintiffs.

### E.  Plaintiffs have not proposed a trial plan that would avoid Seventh Amendment violations.

Plaintiffs argue that the Court should certify an issue class even if each individual jury must consider the same evidence as the issue class jury because that duplicative presentation of evidence would not necessarily violate the Seventh Amendment and unspecified "management devices" tools could theoretically be deployed to solve problems that arise. *See* Pls.' Supp. Mem. 12–18.

Plaintiffs' argument fails in two respects. First, the need to re-present evidence to more than one jury weighs against issue class certification under *Gates* because it is inefficient, even if it does not violate the Seventh Amendment. *Russell*, 15 F.4th at 272 ("*Gates* disfavors this.").

Second, Plaintiffs have yet to show that their proposed issue class could avoid violating the Seventh Amendment. They concede that "[s]pecial interrogatories have not been crafted," Pls.'

Supp. Mem. 14, and, it bears repeating, acknowledge that they "have no idea what the first jury trial in this case is going to look like," Ex. A. The Court lacks any assurance that there are workable procedures to conduct serial trials consistent with the Seventh Amendment. As explained in ECFMG's Supplemental Brief (at 5), there are not.

Plaintiffs attempt to shift the burden to ECFMG to solve for the Seventh Amendment issues they propose to create. *See* Pls.' Supp. Mem. 15. That is improper. It is Plaintiffs' burden to establish "through evidentiary proof" that the requirements of Rule 23 are satisfied consistent with the parties' constitutional rights. *Comcast Corp.*, 569 U.S. at 33. Plaintiffs' argument (at 15) that the issue is not "ripe" merely confirms that they have not carried their burden.

### F. Treating duty as a question of law does not favor class certification.

Plaintiffs have staked out inconsistent positions on the issue of duty. At times, Plaintiffs contend it is a question of law to be decided by the Court, so it presents no risk of reexamination by multiple juries (*Gates* factor 9). *See* Pls.' Supp. Mem. 16. At other times, Plaintiffs suggest it is a question of fact most efficiently resolved through an issue class trial. *See id.* at 12 (noting the supposed need for repetitive presentations of evidence on duty); *id.* at 6 (claiming that absent class certification there would be "hundreds of separate answers to the questions surrounding [ECFMG]'s legal duties"). Plaintiffs cannot have it both ways.

If duty is a question of law to be decided by the Court, there is no need to certify a class on the issue. This Court could decide that legal question in an individual proceeding, which could be promptly appealed to the Third Circuit, thus providing binding precedent for all subsequent cases. Such an approach would efficiently—and conclusively—resolve an important question for all parties without the downsides or complexities of issue class certification. And without any need to certify a class on the question of duty, there is even less reason to certify any class in this case.

9

### G. Issue certification creates a serious risk of undue settlement pressure.

Plaintiffs' Supplemental Memorandum downplays the Third Circuit's recognition that issue class certification may cause ECFMG to "face undue pressure to settle, even if [its] breach did not cause Plaintiffs' harm." *Russell*, 15 F.4th at 272.

Plaintiffs instead argue that ECFMG's defenses are meritless and urge the Court to pressure ECFMG to settle notwithstanding those defenses. *See* Pls.' Supp. Mem. 9–11. But ECFMG has strong defenses, including the absence of any duty, the limitations on claims of negligent infliction of emotional distress, class members' consent to treatment by Dr. Akoda, and a very strong causation defense. *See Russell*, 15 F.4th at 272. ECFMG has a right to present those defenses. To the extent class certification "might unfairly prompt a settlement where [ECFMG] would otherwise never consider one," that consideration weighs against class certification. *Jackson v. Se. Pa. Transp. Auth.*, 260 F.R.D. 168, 185 (E.D. Pa. 2009).

Plaintiffs also suggest that Rule 23's protection against undue settlement pressure is somehow a reason to certify a class that risks imposing undue settlement pressure. *See* Pls.' Supp. Mem. 8. That is simply a non sequitur. Because class certification here would risk creating undue settlement pressure, the Court should deny class certification under Rule 23.

### III. Plaintiffs' Attempt to Limit the Third Circuit's Decision Is Meritless.

Plaintiffs argue that the Third Circuit's decision vacated this Court's class certification order only with respect to Plaintiffs' claim for negligent infliction of emotional distress and not their claim for negligence. *Id.* at 3. But neither this Court nor the Third Circuit distinguished between those claims. And ECFMG is unaware of any legal difference between them: a claim based on negligence seeking recovery only for emotional distress is a claim for negligent infliction of emotional distress. As a practical matter, other than possible choice-of-law issues (that Plaintiffs have not thoroughly examined) there is no meaningful difference between Plaintiffs' claims.

10

Plaintiffs never asked the Third Circuit to limit its ruling and to distinguish between their claims, and the Third Circuit did not do so.

## CONCLUSION

ECFMG respectfully requests that the Court deny class certification.

Dated: January 14, 2022

| | |
|---|---|
| William R. Peterson (*pro hac vice*) <br> MORGAN, LEWIS & BOCKIUS LLP <br> 1000 Louisiana Street, Suite 4000 <br> Houston, TX 77002-5006 <br> Telephone:   +1.713.890.5000 <br> Facsimile:   +1.713.890.5001 <br> william.peterson@morganlewis.com | */s/ Brian W. Shaffer* <br> Brian W. Shaffer, PA Bar No. 78851 <br> Elisa P. McEnroe, PA Bar No. 206143 <br> Matthew D. Klayman, PA Bar No. 319105 <br> MORGAN, LEWIS & BOCKIUS LLP <br> 1701 Market Street <br> Philadelphia, PA  19103-2921 <br> Telephone:   +1.215.963.5000 <br> Facsimile:   +1.215.963.5001 <br> brian.shaffer@morganlewis.com <br> elisa.mcenroe@morganlewis.com <br> matthew.klayman@morganlewis.com |

*Attorneys for the Educational Commission for Foreign Medical Graduates*

## **CERTIFICATION OF LENGTH OF BRIEF**

I do hereby certify that the foregoing Defendant's Opposition Brief in Response to Plaintiffs' Supplemental Briefing Regarding Class Certification contains less than 3,500 words.

DATED:  January 14, 2022                    */s/ Brian W. Shaffer*
                                            Brian W. Shaffer

## **CERTIFICATE OF SERVICE**

      I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system and/or e-mail.

DATED:  January 14, 2022        */s/ Brian W. Shaffer*
                                                           Brian W. Shaffer