# EXHIBIT A

| | |
|---|---|
| **From:** | Shaffer, Brian W. |
| **Sent:** | Wednesday, December 15, 2021 11:30 AM |
| **To:** | Patrick A. Thronson |
| **Cc:** | Paul Vettori; Cory Zajdel; 'David Haynes'; kevans@cochranfirm.com; Brent Ceryes; ncentrella_conradobrien.com; McEnroe, Elisa P.; Klayman, Matthew D.; rweiss@conradobrien.com; Leslie F. Reaser |
| **Subject:** | RE: Russell v. ECFMG - Daubert motions |

Patrick,

We are not sure why Plaintiffs are "very surprised" by the filing of Daubert motions at this time. Among other things, per Section II.B.4 of Judge Wolson's Policies and Procedures, to the extent the inadmissibility of expert testimony may impact summary judgment, ECFMG was required "to raise such argument in a contemporaneous Daubert motion." We noted in our Daubert motions why we do not believe the challenged experts' opinions, reports and other materials can be relied upon to preclude summary judgment for ECFMG.

Further, given that part of the inquiry on class certification is the superiority inquiry under Rule 23(b)(3) and numerous Gates factors that require the court to consider how class certification would impact trial, and given summary judgment obviously impacts what issues may need to be tried (whether on a class or individual basis), we do not see how or why the Court should be asked to simply defer all admissibility questions about Plaintiffs' experts based on your email below. Indeed, Plaintiffs have already cited to the number of experts as a factor weighing in favor of issue class certification. See, e.g., ECF 32-1 at 22. Of course, nothing stops Plaintiffs from arguing in opposition that some or all parts of the Daubert motions should be denied without prejudice because Plaintiffs "have no idea what the first jury trial in this case is going to look like" and, as a result, do not yet know whether they propose to use the challenged experts and, if so, for what purpose. If you do so, we'd obviously be entitled to respond on reply.

We are willing to agree that Plaintiffs' responses to the Daubert motions may be filed contemporaneously with the deadline for the response to the summary judgment motion. It was certainly not our intention to create a separate interim deadline for Plaintiffs' counsel to meet over the holidays.

Brian

**Brian W. Shaffer**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5103 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
brian.shaffer@morganlewis.com | www.morganlewis.com
Assistant: Marlene E. Mackason | +1.215.963.4930 | marlene.mackason@morganlewis.com
Pronouns: He/Him/His



**From:** Patrick A. Thronson <PThronson@jjsjustice.com>
**Sent:** Tuesday, December 14, 2021 4:53 PM
**To:** Shaffer, Brian W. <brian.shaffer@morganlewis.com>
**Cc:** Paul Vettori <pvettori@lawpga.com>; Cory Zajdel <clz@zlawmaryland.com>; 'David Haynes' <DHaynes@CochranFirm.com>; kevans@cochranfirm.com; Brent Ceryes <bceryes@sfspa.com>; ncentrella_conradobrien.com <ncentrella@conradobrien.com>; McEnroe, Elisa P. <elisa.mcenroe@morganlewis.com>; Klayman, Matthew D. <matthew.klayman@morganlewis.com>;

rweiss@conradobrien.com; Leslie F. Reaser <LReaser@jjsjustice.com>
**Subject:** Russell v. ECFMG - Daubert motions

[EXTERNAL EMAIL]
Brian,

We've reviewed and conferred on Defendants' filings late last Friday night. We were very surprised to receive Daubert challenges/motions in limine as to four of our experts. ECFMG's counsel never mentioned it planned to file these motions during the status conference or in the meet and confer between counsel before that conference. This would have been important information for us and the Court to have, particularly in establishing a workable briefing schedule this time of year.

There are  several ripeness issues inherent in resolving these Daubert challenges/motions in limine now. We have no idea what the first jury trial in this case is going to look like. This is not a toxic tort or medical malpractice case, where a plaintiff would have to rely on an expert to establish nearly any element of a claim. (In fact, ECFMG appears to be taking the position that the testimony of our experts is relevant to little if any issues to be resolved at an issues trial or in individual proceedings.) The motions are necessarily untethered to any indication on our part as to which experts we will use, on which issues, in which among several trial plans that might be chosen by the Court. Without a ruling on class certification, we don't know the shape of the case and the issues or claims to be resolved at the various stages of the case. Asking the Court to rule now on the admissibility of these experts on various issues, in various future trial scenarios, is highly premature.

We plan to ask the Court to hold the Daubert motions you filed in abeyance until resolution of the summary judgment and class certification motions, unless, of course, you are willing to withdraw them without prejudice. We plan to ask the Court in the alternative to limit the scope of any Daubert challenges only to what is necessary to resolve the summary judgment motions, and extend the deadline for responses to any Daubert challenges to be contemporaneous with the deadline for responses to the summary judgment motion. We read the rules to indicate that responses to the Daubert motions would be due 14 days from the date of filing.

So that we can submit a timely request to the Court, please indicate by 12 PM tomorrow, 12/14/21, your position on the above requests we intend to make.

Patrick

_____
Patrick A. Thronson*
Janet, Janet & Suggs, LLC
Executive Centre at Hooks Lane
4 Reservoir Circle, Suite 200
Baltimore, Maryland 21208
Phone: (410) 653-3200
Direct dial: (443) 471-0753
Fax: (410) 653-9030
www.JJSjustice.com

*Licensed in Maryland, Illinois, and Minnesota