# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL, and DESIRE EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES,<br><br>Defendant. | Civil Action No. 18-5629<br><br>Honorable Joshua D. Wolson |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS AND ANTICIPATED TESTIMONY OF PLAINTIFFS' EXPERTS DR. DAVID MARKENSON, DR. JOHN CHARLES HYDE, <u>AND DR. JERRY WILLIAMSON</u>**

Dated: January 28, 2022

William R. Peterson (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006
Telephone:     +1.713.890.5000
Facsimile:     +1.713.890.5001
william.peterson@morganlewis.com

Brian W. Shaffer, PA Bar No. 78851
Elisa P. McEnroe, PA Bar No. 206143
Matthew D. Klayman, PA Bar No. 319105
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
Telephone:     +1.215.963.5000
Facsimile:     +1.215.963.5001
brian.shaffer@morganlewis.com
elisa.mcenroe@morganlewis.com
matthew.klayman@morganlewis.com

*Attorneys for Educational Commission for Foreign Medical Graduates*

## **TABLE OF CONTENTS**

Page

INTRODUCTION ........................................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    I.    PLAINTIFFS HAVE NOT DEMONSTRATED THAT THEIR EXPERTS ARE QUALIFIED TO OFFER OPINIONS ON ECFMG. ................................... 1

    II.    DRS. MARKENSON, HYDE, AND WILLIAMSON OFFER OPINIONS ON DUTY THAT ARE CONCLUSORY, AND OFTENTIMES IMPERMISSIBLE LEGAL CONCLUSIONS. ........................................................ 3

    III.    PLAINTIFFS' CONCLUSIONS REGARDING WHETHER ECFMG BREACHED A DUTY ARE NOT PERMISSIBLE OPINIONS ON THE STANDARD OF CARE. ............................................................................................ 4

    IV.    THESE EXPERTS' OPINIONS REGARDING CAUSATION STEM FROM UNRELIABLE METHODOLOGIES. ........................................................ 6

    V.    RULES 403 AND 703 ALSO SUPPORT EXCLUDING THE OPINIONS OF DRS. MARKENSON, HYDE, AND WILLIAMSON. ..................................... 8

    VI.    ECFMG'S MOTION TO EXCLUDE THE OPINIONS OF DRS. MARKENSON, HYDE, AND WILLIAMSON IS NOT PREMATURE. ............. 9

CONCLUSION ............................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Berckeley Inv. Grp., Ltd. v. Colkitt*,
455 F.3d 195 (3d Cir. 2006)..................................................................................................4

*Calhoun v. Yamaha Motor Corp. U.S.A.*,
350 F.3d 316 (3d Cir. 2003)..................................................................................................2

*Daubert v. Merrell Dow Pharm., Inc.*,
509 U.S. 579 (1993).....................................................................................................1, 8, 9

*Dorshimer v. Zonar Sys.*,
No. 3:13-0553, 2016 WL 4179480 (M.D. Pa. Aug. 8, 2016).................................................5

*First Nat. State Bank of New Jersey v. Reliance Elec. Co.*,
668 F.2d 725 (3d Cir. 1981)...............................................................................................4, 6

*Flickinger v. Toys R Us-Delaware, Inc.*,
492 F. App'x 217 (3d Cir. 2012) ..........................................................................................5

*Goodman v. Burlington Coat Factory*,
No. 11-4395 (JHR), 2019 WL 4567366 (D.N.J. Sept. 20, 2019) ......................................7, 8

*In re Paoli R.R. Yard PCB Litig.*,
35 F.3d 717 (3d Cir. 1994)....................................................................................................9

*Lux v. Gerald E. Ort Trucking, Inc.*,
887 A.2d 1281 (Pa. Super. 2005)..........................................................................................6

*Mestre v. Garden Homes Mangmt. Corp.*,
No. 1:16-cv-03231-JDW-AMD, 2020 WL 3962267 (D.N.J. July 13, 2020) .......................7

*Montgomery v. Aetna Cas. & Sur. Co.*,
898 F.2d 1537 (11th Cir. 1990) ............................................................................................4

*QVC, Inc v. MJC America Ltd.*,
No. 08-3830, 2012 WL 13565 (E.D. Pa. Jan. 4, 2012).........................................................5

*Schneider ex rel. Estate of Schneider v. Fried*,
320 F.3d 396 (3d Cir. 2003)..................................................................................................3

*Wolfe v. McNeil-PPC, Inc.*,
No. 07-348, 2011 WL 1673805 (E.D. Pa. May 4, 2011).............................................5, 6, 8

# TABLE OF AUTHORITIES
(continued)

Page

**OTHER AUTHORITIES**

Fed. R. Evid. 403 ............................................................................................................1, 8, 9

Fed. R. Evid. 702 ...................................................................................................................1

Fed. R. Evid. 703 ...............................................................................................................1, 8

Fed. R. Evid. 704 ...............................................................................................................3, 4

Restatement (Second) of Torts § 324A.................................................................................4

# INTRODUCTION

The opinions and conclusions of Plaintiffs' proposed experts on medical credentialing (Drs. Markenson, Hyde, and Williamson) should be excluded pursuant to the Court's gatekeeping function under Federal Rules of Evidence 702 and 703 and the standard from *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Nothing in Plaintiffs' opposition to ECFMG's motion to exclude these experts (ECF 94-1) changes that. Plaintiffs' arguments fail to meaningfully engage with the *Daubert* factors and rely on conclusory assertions that the experts "are sufficiently reliable;" that they considered "facts and evidence developed in this case;" and that such evidence is "good grounds" and not "rank speculation." ECF 94-1 at 17–18. This Court should reject Plaintiffs' hollow assurances, especially when: (i) the opinions on ECFMG's duty have no discernable methodology and are legal conclusions; (ii) the opinions on breach are conclusory, and not permissible standard-of-care opinions; and (iii) Plaintiffs have not addressed the significant methodological deficiencies in the experts' causation opinions. Not only are these experts unqualified to offer the opinions they do, but presentation of their unreliable and flawed opinions at trial would confuse and mislead the jury, making exclusion on the basis of Federal Rule 403 also appropriate.

# ARGUMENT

## I. Plaintiffs Have Not Demonstrated That Their Experts Are Qualified to Offer Opinions on ECFMG.

Plaintiffs' recitation of their experts' resumes, and clinical and hospital administration experience (ECF 94-1 at 5–11) does not address or remedy these experts' lack of familiarity with ECFMG's circumscribed role in the credentialing of physicians. Drs. Markenson, Hyde, and Williamson may well be qualified to offer expert opinions on hospitals' and medical employers' hiring and privileging processes, but their backgrounds do not qualify them to opine on ECFMG's

interactions with IMGs and the allegedly deficient investigation at issue in this case. Allowing them to do so because their backgrounds and ECFMG both generally involve the medical field would conflict with Third Circuit authority: "While the background, education, and training may provide an expert with general knowledge to testify about general matters, more specific knowledge is required to support more specific opinions." *Calhoun v. Yamaha Motor Corp. U.S.A.*, 350 F.3d 316, 322 (3d Cir. 2003). Plaintiffs have still not provided sufficient evidence that their experts have the specific knowledge to support their specific opinions regarding ECFMG.

Plaintiffs respond instead to a strawman: suggesting that ECFMG asks the Court to only accept experts that had worked for or with ECFMG. *Id.* at 11. Not so. What matters is that they have never worked at an entity like ECFMG or otherwise acquired any expertise in verification or investigations. ECFMG has identified multiple instances where Drs. Markenson, Hyde, and Williamson conceded their limited knowledge of and interaction with ECFMG. *See* ECF 83-1 (8–11). Not only have the witnesses never worked for ECFMG, but they have never been involved with an investigation of "irregular behavior," ECFMG's disciplinary process. *Id.* at 8–9. Drs. Hyde's and Williamson's interactions with ECFMG were minimal, occurred over a decade ago, and they struggled to recall any meaningful specifics of those interactions. ECF 83-1 at 10. Dr. Markenson relied heavily on ECFMG's public website, which is not enough to give him specialized knowledge beyond what a lay person may acquire. ECF 83-1 at 10. All three experts, however, plan to offer opinions to a jury on what ECFMG should have referred to its Medical Education Credentials Committee, and to speculate about what that Committee would have found and done. ECF 94-1 at 14; ECF 83-6 at 6; ECF 83-9 at 7. This type of testimony does not require **medical** expertise—it requires **investigatory** expertise, which Plaintiffs' witnesses admittedly lack. *See, e.g.*, ECF 83-9 (Dr. Williamson offering opinions on ECFMG's alleged "failure to properly investigate" and condemning ECFMG for "not being more assertive in their

2

investigation" without detailing relevant investigative experience or a description of what the applicable investigatory standard would be).

Plaintiffs' comparison of their experts to the expert in *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396 (3d Cir. 2003) does not help establish their experts' qualifications. There, a cardiologist was permitted to testify on a different cardiology subspecialty because he had routine contact with that subspecialty and regularly advised cardiologists in that subspecialty performing the at-issue procedure. *Id.* at 406. The combination of this routine and regular contact is what led the *Schneider* court to conclude the expert was qualified to give opinions on the cardiology subspecialty. *Id.* at 407. As described above, Plaintiffs cannot demonstrate that their experts have anywhere close to equivalent routine and regular contact with ECFMG to be able to opine on ECFMG, its investigatory procedures and processes, or its particular role in the medical field.

## II. Drs. Markenson, Hyde, and Williamson Offer Opinions On Duty That Are Conclusory, and Oftentimes Impermissible Legal Conclusions.

All three of Plaintiffs' experts opine (somewhat inconsistently) on what duties ECFMG allegedly owed Plaintiffs. For example, Dr. Hyde opines that ECFMG is required "to follow their mission and fulfill its duty to patients in that their actions will serve to assure all foreign educated are properly and thoroughly investigated and deemed eligible for ECFMG certification to pursue U.S. postgraduate medical education." ECF 83-7 at 6. Dr. Williamson proposes multiple duties, including: "to determine whether the documents provided by Igberase and his aliases strongly suggested that Igberase and Akoda was one in the same individual." ECF 83-9 at 5.

Not only do Plaintiffs identify no methodology (much less a reliable one) by which their experts reached these opinions, they are—on their face—impermissible legal conclusions. In responding to ECFMG's argument, Plaintiffs misread (at 20–22) Federal Rule of Evidence 704. Although an opinion may not be excluded merely because it concerns a so-called "ultimate issue,"

3

Rule 704 makes clear that experts **may not** invade the province of the Court and speak to legal conclusions: "Although Federal Rule of Evidence 704 permits an expert witness to give expert testimony that embraces an ultimate issue to be decided by the trier of fact, an expert witness is prohibited from rendering a legal opinion." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006). Offering a legal opinion is **precisely** what Plaintiffs' experts purport to do.

Dr. Williamson's and Dr. Hyde's claims that ECFMG owes a duty to patients and the general public to investigate its applicants certainly fall into this province of the Court. Dr. Markenson's legal conclusions on duty are even more obvious, merely parroting the Restatement (Second) of Torts § 324A: "ECFMG has **undertaken to provide certification services which are necessary for the protection of the general public**. Its **failure to exercise reasonable care** in providing these services **increases the risk of harm to the general public**, including plaintiffs." ECF 83-6 at 3 (emphasis added to show Dr. Markenson's regurgitation of § 324A). Courts consistently exclude expert opinions on whether a party owes a duty in such situations. *See Berckeley Inv. Group, Ltd.*, 455 F.3d at 218 (referencing *First Nat. State Bank of New Jersey v. Reliance Elec. Co.*, 668 F.2d 725 (3d Cir. 1981), where court found that expert was not permitted to give his opinion on legal duties arising from industry custom); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (excluding expert opinion focused on whether defendant had a duty to hire tax counsel). The opinions on whether ECFMG owed a duty, and what such a duty supposedly was, are similarly impermissible here.

### III.     Plaintiffs' Conclusions Regarding Whether ECFMG Breached a Duty Are Not Permissible Opinions on the Standard of Care.

Plaintiffs argue that their experts are doing nothing more than opining on the applicable standard of care to provide the jury with facts it can use to determine whether a duty was breached. ECF 94-1 at 20. This is wrong. All three experts give conclusory opinions that ECFMG breached

the standard of care. ECF 83-6 at 4-5; ECF 83-7 at 6–8; ECF 83-9 at 5–6. Some notable examples include: Dr. Markenson's claim that ECFMG breached the standard of care by "[f]ailing to investigate fully the relationship between Igberase and Akoda" (ECF 83-6 at 4); Dr. Hyde's characterization that "ECFMG negligently chose to bury this information in a memo that was not to be placed in the file" (ECF 83-7 at 7); Dr. Williamson opinion that ECFMG "breached the standard of care" when it "provided primary source to the Maryland Board of Physicians and Prince George's County Hospital without notifying them of their doubts surrounding Akoda's identity and credentials" (ECF 83-9 at 5).

These examples show that Plaintiffs' experts leave no room for a factfinder to assess whether ECFMG breached a duty based on the alleged facts; they simply provide the factfinder with the conclusion. "Expert testimony that 'merely tells the [factfinder] what result to reach is improper.'" *QVC, Inc v. MJC America Ltd.*, No. 08-3830, 2012 WL 13565, at *2 (E.D. Pa. Jan. 4, 2012) (quoting *Burger v. Mays*, 176 F.R.D. 153, 156 (E.D. Pa. 1997)). "Experts 'may not ... apply the resulting law to the facts of [a] case to draw a legal conclusion. In essence, the experts may testify as to their factual conclusions so long as they do not offer a legal opinion as to the legal implications of those conclusions.'" *Id.* at *2 (internal citations omitted).

Courts routinely exclude such conclusions on breach and negligence. *See Flickinger v. Toys R Us-Delaware, Inc.*, 492 F. App'x 217, 224 (3d Cir. 2012); *Dorshimer v. Zonar Sys.*, No. 3:13-0553, 2016 WL 4179480 (M.D. Pa. Aug. 8, 2016) ("Additionally, experts can provide an opinion about the ultimate issue in a case, but may not give an opinion tied to any legal conclusion, such as whether a defendant was negligent") (internal citations omitted); *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *8 (E.D. Pa. May 4, 2011) ("[T]o the extent Dr. Goldberg plans to testify that [defendant] behaved negligently in the conduct of its business, such testimony constitutes an improper legal opinion.").

5

## IV. These Experts' Opinions Regarding Causation Stem from Unreliable Methodologies.

Drs. Markenson, Hyde, and Williamson all offer opinions on whether ECFMG caused harm to Plaintiffs and Dr. Akoda's patients. ECF 83-1 at 3–5,16; ECF 83-6 at 3, 5; ECF 83-7 at 7; ECF 83-9 at 6. For example, Dr. Markenson opines that that ECFMG was "the **direct cause** of the harms caused to the plaintiffs and the members of the class." ECF 83-6 at 5 (emphasis added). Similarly, Dr. Williamson states "ECFMG's failure to properly investigate the matter, **directly resulted in foreseeable injuries** to Igberase/Akoda's patients." ECF 83-9 (emphasis added). Plaintiffs assert that these opinions "are sufficiently reliable;" are based on "facts and evidence developed in this case;" and that such evidence is "good grounds" and not "rank speculation." ECF 94-1 at 17–18. Yet, Plaintiffs (i) admit that their experts did not evaluate and consider data necessary to these opinions; and (ii) fail to address instances where their experts made unfounded assumptions about the chain of causation, contradicted by the evidence of record.

*First*, Plaintiffs admit that their experts did not evaluate the records and conduct of other organizations and entities in the chain of causation, claiming that "conduct of other organizations is not determinative with respect to whether ECFMG breached the standard of care applicable to its own conduct." ECF 94-1 at 14; *see also id.* at 16 (suggesting that failure to research other entities in the causal chain does not "vitiate ECFMG's liability"). Plaintiffs miss the point. Even if the conduct of others is not "determinative" with respect to breach, it is undeniably relevant (indeed, crucial) to causation. Courts review the causal chain between the conduct and the injury by looking at considerations including the number of factors that contributed to the harm, the effect of those factors on the harm, and the lapse of time. *See Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1287 (Pa. Super. 2005) (internal quotation and citation omitted); *see also* ECFMG's Motion for Summary Judgment Argument, ECF 81 -1, at 29–32. Plaintiffs' defense of the failure of Drs. Markenson, Hyde, and Williamson to review the causal chain does not address the effect

6

this has on the reliability of the causation opinions.  This Court has correctly excluded expert opinions on causation in other cases when the proffered expert did not have a methodology or principle that could support such an opinion.  *See, e.g.*, *Mestre v. Garden Homes Mangmt. Corp.*, No. 1:16-cv-03231-JDW-AMD, 2020 WL 3962267, at *3 (D.N.J. July 13, 2020) (Wolson, J.).  These experts' causation opinions must be excluded for the same reason.

***Second***, these experts' opinions on causation are all premised on speculation that if ECFMG had conducted its investigation differently, various other actors would have all acted a particular way, and Akoda would never have treated Plaintiffs.  Expert opinions that are "predicated upon impermissible speculation and assumption in part" must be excluded.  *Goodman v. Burlington Coat Factory*, No. 11-4395 (JHR), 2019 WL 4567366, at *9 (D.N.J. Sept. 20, 2019).

Plaintiffs have failed to explain how these causation opinions rest on anything other than speculation.  For example, they identify no basis for Drs. Markenson and Hyde predicting the outcome of a hypothetical Medical Education Credentials Committee meeting, a committee with which neither has any familiarity.  *Compare* ECF 83-1 at 18-19 *with* ECF 94-1 at 14 (claiming, without any basis, Dr. Hyde's conclusion in this regard is made to "reasonable degree of professional certainty").  Nor do Plaintiffs defend Dr. Williamson's speculation regarding ECFMG's file management system, speculation which forms the basis for his unsubstantiated opinions that treatment of Dr. Akoda's file supposedly breached ECFMG's irregular behavior policies, kept other organizations from receiving "critical information," and led to Plaintiffs' harms.  ECF 83-1 at 19–20; ECF 83-9 at 5–6.  These "expert" opinions rest on nothing more than guesses and *ipse dixit* and must be excluded.

## V. Rules 403 and 703 Also Support Excluding the Opinions of Drs. Markenson, Hyde, and Williamson.

Rules 403 and 703 provide an additional basis for exclusion. Regarding Rule 703, Plaintiffs simply assert, again without any factual support, that their experts rely on data reasonably relied upon by experts in the field. ECF 94-1 at 24–25. This fails to satisfy the standard for admissibility. Similarly, they ignore the serious Rule 403 concerns that permitting these experts to provide impermissible legal opinions will confuse or mislead the jury. *Id.* at 24. Courts regularly exclude opinions on this basis. *See, e.g.*, *Wolfe*, 2011 WL 1673805, at *9 (excluding expert under *Daubert* and Rule 403 because a jury would be encouraged to impose liability on an improper legal opinion offered by that expert).

Finally, after excluding impermissible legal opinions and speculative opinions on causation, all that remains are Drs. Markenson's, Hyde's, and Williamson's opinions on ECFMG's role in the credentialing and licensing of IMGs. Plaintiffs' Response to the Statement of Undisputed Material Facts reveals that such opinions have little to no probative value. Plaintiffs concede ECFMG's strictly circumscribed role, *see* ECFMG's Statement of Undisputed Material Facts ("SUMF") ¶¶ 7–16, ECF 85 (detailing (i) the limited amount of information on ECFMG Certification status reports, (ii) criteria ECFMG does not verify, (iii) the fact that certification does not authorize an IMG to treat patients as a doctor, and (iv) the wide variety of other criteria residency programs, licensing entities, and employers consider and independently assess when evaluating an IMG); Plaintiffs' Response to SUMF at 1, ECF 93-1 (admitting that ¶¶ 7–16 are not in dispute). Drs. Markenson's, Hyde's, and Williamson's opinions on the role of ECFMG conflict with these facts that Plaintiffs already admit are established by the record. These experts are, therefore, not only unqualified to opine on ECFMG's role and processes and have no reliable methodology to do so, but their opinions on ECFMG's role and processes conflict with the

8

undisputed facts and would only confuse the jury. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 747 (3d Cir. 1994) ("[B]ecause expert evidence is often more misleading than other evidence, Rule 403 gives a judge more power over experts than over lay witnesses.") (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993)).

## VI. ECFMG's Motion to Exclude the Opinions of Drs. Markenson, Hyde, and Williamson is Not Premature.

Plaintiffs argue that ECFMG's Motion is premature, despite this Court's policies and procedures requiring contemporaneous *Daubert* challenges when a summary judgment motion **or opposition** is based on the admissibility of expert testimony. Hon. Joshua D. Wolson Policies and Procedures, § II.B.4. ECFMG anticipated that Plaintiffs would cite to the contested experts in their opposition to ECFMG's Motion for Summary Judgment. Plaintiffs did so. *See* ECF 93-1 at 17, ¶114 (referencing these experts' reports and anticipated testimony on "the standard of care and elements of causation"); ECF 93-2 at 18 (citing experts in support of argument that ECFMG has a duty arising from Restatement § 324A), 26 (citing experts in discussion on second *Althaus* factor), 32 ("Plaintiffs' experts have testified that ECFMG was negligent."), 34 (referencing experts in discussion on causation). Plaintiffs cannot argue that a ruling on the admissibility of their experts' opinions would be premature, while simultaneously telling the court that summary judgment should be precluded on the basis of these experts' opinions.

## CONCLUSION

Because the opinions of Drs. Markenson, Hyde, and Williamson do not meet the requirements of proper expert testimony, ECFMG respectfully requests that the Court exclude their opinions and anticipated testimony in their entirety.

Dated: January 28, 2022

| | */s/ Brian W. Shaffer* |
|---|---|
| William R. Peterson (*pro hac vice*) | Brian W. Shaffer, PA Bar No. 78851 |
| MORGAN, LEWIS & BOCKIUS LLP | Elisa P. McEnroe, PA Bar No. 206143 |
| 1000 Louisiana Street, Suite 4000 | Matthew D. Klayman, PA Bar No. 319105 |
| Houston, TX 77002-5006 | MORGAN, LEWIS & BOCKIUS LLP |
| Telephone:  +1.713.890.5000 | 1701 Market Street |
| Facsimile:  +1.713.890.5001 | Philadelphia, PA  19103-2921 |
| william.peterson@morganlewis.com | Telephone:  +1.215.963.5000 |
| | Facsimile:  +1.215.963.5001 |
| | brian.shaffer@morganlewis.com |
| | elisa.mcenroe@morganlewis.com |
| | matthew.klayman@morganlewis.com |

*Attorneys for Educational Commission for Foreign Medical Graduates*

## **CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon all counsel of record via the ECF system and/or e-mail.


DATED: January 28, 2022                    */s/ Brian W. Shaffer*
                                            Brian W. Shaffer