IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS, | CIVIL ACTION NO. 18-5629 |
| | Honorable Joshua D. Wolson |
| Plaintiffs, | |
| v. | |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, | |
| Defendant. | |

PLAINTIFFS' SUR-REPLY IN SUPPORT OF
ITS OPPOSITION TO DEFENDANT EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES MOTION FOR SUMMARY JUDGMENT

Dated: February 11, 2022

## <u>TABLE OF CONTENTS</u>

I.    **Plaintiffs' emotional distress meets the criteria for recovery under Pennsylvania law. 1**

    A.    Plaintiffs have suffered a physical impact.............................................................1

    B.    Zone of Danger...................................................................................................2

II.    **ECFMG has a duty to the Plaintiff** ................................................................................**2**

    A.    ECFMG possesses a duty to the Plaintiffs under Restatement Section 324A.................2

    B.    The duty imposed here is recognized under Pennsylvania law, and is consistent with the *Althaus* factors. .......................................................................................................3

III.    **Plaintiffs have established proximate cause.** ..................................................................**5**

IV.    **Plaintiffs have established but-for causation.** .................................................................**5**

V.    **Plaintiffs did not consent to treatment.** ........................................................................**6**

VI.    **Plaintiffs have met the criteria for recovery of emotional harm damages** .....................**6**

VII.    **Evans and Powell's claims accrued upon learning of Igberase's fraud.** .......................**7**

VII.    **Conclusion**……………………………………………………………………………..**7**

# TABLE OF AUTHORITIES

**CASES**

*Alderwoods (Pa.), Inc. v. Duquesne Light Co.*, 106 A.3d 27 (Pa. 2014) ...................................5

*DeJesus v. United States VA*, 2005 WL 2175174  (E.D. Pa. Sep. 6, 2005)................................9

*Doe 56 v. Mayo Clinic Health Sys.—Eau Claire Clinic, Inc.*, 880 N.W.2d 681 (Wis. 2016) ........................10

*Evans v. Liberty Mutual Insurance Co.*, 398 F.2d 665 (3d Cir. 1968) ...................................5

*Kazatsky v. King David Mem. Park, Inc.*, 527 A.2d 988 (Pa. 1987) ...................................3

*Love v. Cramer*, 606 A.2d 1175 (Pa. Super. 1992)...................................................9

*Lux v. Gerald E. Ort Trucking, Inc.,* 887 A.2d 1281 (Pa. Super 2005).........................................7

*Nicolaou v. Martin*, 195 A.3d 880 (Pa. 2018)........................................................10

*Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237 (Pa. 2021) ...................................9

*Schmidt v. Boardman Co.*, 11 A.3d 924 (Pa. 2011) ...................................................3

*Shumosky v. Lutheran Welfare Servs. of Ne. Pa.*, 784 A.2d 196 (Pa. Super 2001) .......................... 4, 8

*SodexoMAGIC, LLC v. Drexel Univ.,* 2022 WL 176427  (3d Cir. Jan. 20, 2022) ...........................9

*Stoddard v. Davidson,* 513 A.2d 419 (Pa. Super 1986) ...............................................4

*Toney v. Chester Cty. Hosp.*, 36 A.3d 83 (Pa. 2011)..................................................4

*Walters v. UPMC Presbyterian Shadyside,* 187 A.3d 214 (Pa. 2018) ...................................6

**STANDARD JURY INSTRUCTIONS**

Pennslyvania Suggested Standard Civil Jury Instructions, §13.40 (2020). ...................................9

This litigation seeks to hold ECFMG accountable under general negligence principles and section 324A of the Restatement (Second) of Torts for negligence in its undertaking to provide primary source verification of foreign medical graduates. As a result of ECFMG's negligence, Igberase was permitted to practice medicine, and fraudulently induced the Plaintiffs to undergo medical procedures, including childbirth, using a fictious identity, while possessing no medical degree, and having no valid medical license, privileges or board certification. The Plaintiffs seek recovery of damages for emotional harm upon learning of Igberase's conduct, which are foreseeable to an entity which holds itself out as protecting the public. These damages are further consistent with the criteria for recovery of damages for emotional harm under Pennsylvania law.

## I. Plaintiffs' emotional distress meets the criteria for recovery under Pennsylvania law.

### A. Plaintiffs have suffered a physical impact.

ECFMG incorrectly asserts Pennsylvania law requires that the "impact and the emotional distress must be contemporaneous." Reply at 3. This is not a requirement of Pennsylvania law. Defendant cites *Schmidt v. Boardman Co.*, 11 A.3d 924, 948 (Pa. 2011). *Schmidt* was a strict products liability matter. The Court specifically distinguished the damages available under strict liability and negligence theories, limiting damages available under strict liability given their "no fault" nature, and that "foreseeability has no place in Pennsylvania's strict liability law." *Id.* at 950, 953. No other case cited by the Defendant supports this statement either, requiring only that harm "accompany" the physical impact. *See, e.g. Kazatsky v. King David Mem. Park, Inc.*, 527 A.2d 988 (Pa. 1987).

To the contrary, Pennsylvania permits recovery for non-economic damages in negligence cases where the emotional harm arose after the physical impact, as here. *See, e.g. Shumosky v. Lutheran Welfare Servs. of Ne. Pa.*, 784 A.2d 196 (Pa. Super 2001) (nurse sustained the physical impact of a needle stick, later learning that the patient she was treating had AIDS, causing emotional distress); *see also Stoddard v. Davidson,* 513 A.2d 419, 421 (Pa. Super 1986) (emotional distress occurred, at least

partly, from prolonged police questioning after the physical impact); *Walsh v. Univ. of Pittsburgh*, 2015 WL 128104 (W.D. Pa. Jan. 8, 2015) (noting requirement of "a prior <u>or</u> contemporaneous physical injury" under the physical impact theory) (emphasis added).

### B.  Zone of Danger

The Court in *Niederman v. Brodsky*, 261 A.2d 84 (Pa. 1970) permitted recovery where the plaintiff was in danger of physical impact and feared the impact. *Id.* at 90.  ECFMG asserts that the Plaintiffs cannot "argue that their emotional distress arose from the fear of harm." Reply at 3.  To the contrary, the Plaintiffs' damages do arise from fear of harm.  The discovery of Igeberase's conduct caused them concern about the care they and their child obtained, rendering them fearful and distrustful of doctors. *See, e.g.* ECF 93-1 ¶¶ 100, 110, 113 (hereinafter "¶___"); ECF 93-37; 93-38; 86-22; 86-27 p. 7. This fear is the type of harm the Supreme Court recognized as consistent with the "special and emotionally charged relationship between a patient and their OBGYN." *Toney v. Chester Cty. Hosp.*, 36 A.3d 83, 89 (Pa. 2011). Plaintiffs satisfy the *Neiderman* criteria.

## II.   ECFMG has a duty to the Plaintiff

ECFMG accuses the Plaintiff of failing to identify "the precise legal duty" imposed on ECFMG.  Reply at 4.  Their duty is to "exercise reasonable care," under general negligence principles and section 324A of the Restatement.  The particulars of what constitutes "reasonable care" in the factual context of this case is a factual question for expert testimony and resolution by a jury, not a legal question for resolution by summary judgment.

### A.   ECFMG possesses a duty to the Plaintiffs under Restatement Section 324A.

ECFMG accepts that it "undertook to provide primary source verification, along with testing of basic competence, for the benefit of residency programs, hospitals, and medical boards, who relied upon ECFMG's services in granting IMGs licensure and privileges." Reply at 5. Plaintiffs' experts have opined that ECFMG failed to carry out this undertaking in a manner

consistent with the standard of care. *See, e.g.* ECF 93-23, 93-39; 93-40. Plaintiffs' experts have opined that ECFMG failed to conduct reasonable primary-source verification in evaluating the application of "Akoda" and failed to act when provided credible information that portions of his application were fraudulent.  *Id.* The assertion that Plaintiffs "do not argue – much less submit evidence – that ECFMG failed to act with reasonable care" is simply ignorance of the factual record.  Reply at 5-6.

ECFMG's citations provide its argument no support. In *Evans v. Liberty Mutual Insurance Co.*, 398 F.2d 665, 666-67 (3d Cir. 1968), for example, the allegedly negligent undertaking did not increase the risk of harm, and the plaintiff did not rely on the undertaking. *Id.*  Here, ECFMG undertook to perform services which were relied upon by a residency program, medical boards, hospital, and indirectly, the Plaintiffs. *See, e.g.* ECF-93-23.

### B.  The duty imposed here is recognized under Pennsylvania law, and is consistent with the *Althaus* factors.

The duty owed by ECFMG to Plaintiffs is a common law duty reflected in Section 324A of the Restatement. "Common-law duties stated in general terms are framed in such fashion for the very reason that they have broad-scale application." *Alderwoods (Pa.), Inc. v. Duquesne Light Co.*, 106 A.3d 27, 40-41 (Pa. 2014). "It is not necessary to conduct a full-blown public policy assessment in every instance in which a longstanding duty imposed on members of the public at large arises in a novel factual scenario." *Id.*  As the *Althaus* factors were reviewed in depth in Plaintiffs' Response, Plaintiffs address only new assertions in ECFMG's brief.

**First**, ECFMG suggests that imposing a duty would conflict with extending due process rights to IMGs. This is a false dichotomy. That ECFMG might feel incentivized to take shortcuts in fulfilling its duties by revoking certifications on suspicions alone, without due diligence, and might thereby violate the rights of others, is no justification against imposing a duty on ECFMG.

**Second**, ECFMG offers a confused summary of the foreseeability criteria.  ECFMG's own testimony establishes that it was foreseeable that residencies, medical boards and employers would

rely on its undertaking, and its negligence resulted in the damages asserted.   ¶¶ 6, 75, 76. That residency programs and medical boards would not "second guess" ECFMG's certification decision, and that an individual could go on to defraud patients and cause the harm alleged, is certainly foreseeable. Id.

**Third**, ECFMG asserts that Plaintiffs' settlement demands "belie their assertion that a duty will not impose 'great cost' on ECFMG."[1] Reply at 8.  Plaintiffs could likewise portray Defendant's settlement offers in a negative light, but this motion is not the appropriate forum.  The duty imposed on ECFMG is proportionate to its role in the United States and its monopoly over the certification of foreign medical graduates.

**Fourth**, ECFMG also compares the analysis of duty here to *Walters v. UPMC Presbyterian Shadyside,* 187 A.3d 214 (Pa. 2018).  While ECFMG's obligations to conduct primary source verification are not codified by statute, as it was for the hospital in *Walters*, they are discrete and well-defined.   ECFMG must carry out its undertaking "to provide primary source verification, along with testing of basic competence, for the benefit of residency programs, hospitals, and medical boards, who relied upon ECFMG's services in granting IMGs licensure and privileges" with reasonable care. See, e.g. Reply at 5.

**Fifth**, in discussing the overall public interest in imposing a duty, ECFMG again predicts calamity if it is obligated to carry out its undertakings with reasonable care, supposing that ECFMG would need to change its screening process, restrict blameless IMGs from practicing medicine and thereby harm the public interest by restricting access to care. These unsupported, baseless and histrionic factual assertions have no place in a motion for summary judgment.

---

[1]  Defendant's characterization of settlement demands violates Fed. R. Evid. 408, and is certainly inappropriate for consideration in the *Althaus* analysis.

## III.    Plaintiffs have established proximate cause.

ECFMG certification was an indispensable step in Igberase being able to practice medicine in the United States. No IMG can practice medicine in the U.S. without ECFMG certification. ECFMG acknowledges its undertaking in the primary source verification process, and acknowledges it is foreseeable that residencies, medical boards, and future employers will rely on their decisions. Reply at 5; ¶¶ 75.  *See also*, ¶¶ 114.   ECFMG's conduct is certainly a substantial factor in bringing about the harm here, which was the product of an unbroken chain of events originating from ECFMG's negligence. *See Lux v. Gerald E. Ort Trucking, Inc.,* 887 A.2d 1281, 1287 (Pa Super 2005).

## IV.    Plaintiffs have established but-for causation.

Plaintiffs have testified about the emotional harm they experienced from undergoing examinations, procedures and surgeries by an individual who misrepresented his identity, never went to medical school and obtained his medical credentials through fraud. *See, e.g.* ¶ 99; ¶ 106; ¶ 110; ¶ 113. ECFMG offers its own narrative, continuing to call Igberase "Dr. Akoda" (despite lacking the sole qualification for the honorific—a medical degree), and analogizing this case to a circumstance where a physician changes his or her name after marriage. [2] Reply at 12.  That ECFMG calls this a mistaken belief does not make it so, and ECFMG's criticisms of Plaintiffs' understanding of ECFMG addresses no element of this claim.  None of these arguments have any bearing here.

ECFMG ignores extensive deposition testimony and expert reports in charactering the evidence in this case.  The evidence proves that had ECFMG acted in accordance with the standards of care, Igberase would never have practiced medicine. ECFMG staff believed "Akoda"/Igberase was misrepresenting his identity in approximately 2000. ¶ 59.  Those circumstances should have

---

[2] ECFMG cites to *Shumosky v. Lutheran Welfare Servs. of Ne. PA, Inc.*, 784 A.2d 196, 202 (Pa. Super. 2001), characterizing the case as "denying recovery "for symptoms [that] were caused by a mistaken belief." On the contrary, the Court allowed recovery for the plaintiff's reasonable fears of having been exposed to AIDS.

prompted referral to the credentials committee. ¶ 78, ¶ 93; See e.g., ECF 93-23.  Conducted appropriately, these deliberations would have resulted in revocation of his certification, as ECFMG had in 1996, when Igberase last attempted a similar fraud. ¶ 15, ¶ 24; See, e.g. ECF 93-23.[3]  Plaintiffs have met their burden.

## V.    Plaintiffs did not consent to treatment.

ECFMG accuses the Plaintiffs of gamesmanship, suggesting that "Dr. Akoda" was an appropriately licensed physician, and that Plaintiffs' claims amount to "consent turn[ing] on a doctors name." Reply at 12. This Court is familiar enough with the facts of this case to know which party is engaged in gamesmanship. Plaintiffs did not consent to treatment from Igberase – a man without a medical degree, whose credentials were the product of fraud, and who could not have practiced medicine in the United States absent ECFMG's negligent certification of him.

## VI.   Plaintiffs have met the criteria for recovery of emotional harm damages.

Where—as here—there has been a physical impact, there is no need to prove physical manifestations of emotional distress.  *See DeJesus v. United States VA*, 2005 WL 2175174 at *9 (E.D. Pa. Sep. 6, 2005); *Sinn v. Burd*, 404 A.2d 672, 679 (Pa. 1979) ("psychic injury is capable of being proven despite the absence of a physical manifestation of such injury"); *See also*, Pa. SSJI (Civ), §13.40 (2020). Even if such a demonstration were necessary, Plaintiffs have met that burden.  As described in the affidavits of Elsa Powell and Desire Evans, this incident has caused them longstanding physical impacts consistent with the criteria set forth in *Love v. Cramer*, 606 A.2d 1175 (Pa. Super. Ct. 1992) and *Armstrong v. Paoli Memorial Hospital*, 633 A.2d 605 (Pa. Super. 1993).  ¶¶99 - 101; ¶106; ¶110; and ¶113.[4]  Jasmine Riggins and Monique Russell have provided sworn testimony

---

[3] Plaintiffs' opposition included a typographical error on page 34, citing to Exhibit 24, instead of ¶ 24, which is noted by the ECFMG in their Reply at 11. This reference should have read "¶ 15, 24."
[4] ECFMG vaguely references the "sham affidavit rule" at Reply 13, fn. 2, allowing a court to disregard a later statement by a deponent where it contradicts the witness's deposition testimony, and the discrepancy is neither supported by record evidence nor satisfactorily explained.

that they suffered similar physical effects of their emotional harm such as anxiety, shock and

anger.  *See, e.g.* ECF 86-9; 86-11; 86-28; 86-29; 86-32; 86-36; 86-40 and 76; ¶¶ 99-106.

**VII.    Evans and Powell's claims accrued upon learning of Igberase's fraud.**

ECFMG cites to *Rice v. Diocese of Altoona-Johnstown*, 255 A.3d 237 (Pa. 2021), which involved a

complaint for sexual abuse 35 years after-the-fact. The court rejected plaintiff's arguments that the

statute of limitations began when to run when she became aware "of a second cause" of a known

legal injury. *Id.* at 251.  There, the nature of the injury was known to the plaintiff.  Here, the damages

asserted are entirely distinct from any harm experienced by the Plaintiffs at the time of treatment.  In

the case of Ms. Powell, her complaints related to flirtatious conduct, which is unrelated to the legal

injury asserted here. Similarly, for Ms. Evans, the harm she suffered then, involving the

manipulation of her clitoris during delivery, is distinct from the injury she sustained upon learning of

Igberase's fraud.  Their statute of limitations began when the harm began—when they learned of

Igberase's fraud.  *See also Nicolaou v. Martin*, 195 A.3d 880 (Pa. 2018) (statute of limitations was a jury

question where plaintiff was unaware that she had been misdiagnosed over nine years).  *Doe 56 v.*

*Mayo Clinic Health Sys.—Eau Claire Clinic, Inc.*, 880 N.W.2d 681 (Wis. 2016) is distinguishable, as the

opinion in that case was particular to Wisconsin's distinct medical negligence statute of limitations,

and Ms. Evans is not pursuing a claim for sexual abuse.  Instead, she is pursuing an emotional

distress claim for having underwent medical examinations and procedures by a physician

impersonator—damages which only occurred upon revelation of the true nature of his conduct.

**VIII.    Conclusion**

For these reasons, Plaintiffs respectfully request that the Court deny summary judgment.

---

*SodexoMAGIC, LLC v. Drexel Univ.,* 2022 WL 176427  (3d Cir. Jan. 20, 2022). Plaintiffs' affidavits do
not contradict their prior statements. In reality, ECFMG did not ask the Plaintiffs to identify
whether they had physical manifestations.

Dated: February 11, 2022                          Respectfully submitted,


SCHOCHOR, FEDERICO AND STATON          CONRAD O'BRIEN PC

*/s/ Brent Ceryes*                                */s/ Robin S. Weiss*
  The Paulton                                        Nicholas M. Centrella (Pa. ID 67666)
  1211 St. Paul Street                               Robin S. Weiss (Pa. ID 312071)
  4 Reservoir Circle, Suite 200                      1500 Market Street, Suite 3900
  Baltimore, Maryland 21202                          Philadelphia, PA 19102-2100
  (410) 234-1000                                     (215) 864-9600


LAW OFFICES OF PETER G. ANGELOS,          JANET, JANET & SUGGS, LLC
P.C.                                      SCHOCHOR, FEDERICO AND STATON

  Paul M. Vettori                                    Patrick A. Thronson
  One Charles Center                                 Brenda A. Harkavey
  100 N. Charles Street, 20th Floor                  4 Reservoir Circle, Suite 200
  Baltimore, Maryland 21201                          Baltimore, MD 21208
  (410) 649-2000                                     (410) 653-3200


Z LAW, LLC                                THE COCHRAN FIRM, DC/BALTIMORE

  Cory L. Zajdel                                     Karen E. Evans
  2345 York Rd. Suite B-13                           David E. Haynes
  Timonium, MD 21093                                 1666 K Street, N.W.
  (443) 213-1977                                     Suite 1150
                                                     Washington, DC 20005
                                                     (202) 682-5800


                                          *Attorneys for Plaintiffs, on behalf of themselves and all
                                          others similarly situated*

8