IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONIQUE RUSSELL, JASMINE RIGGINS, ELSA M. POWELL AND DESIRE EVANS, <br><br> Plaintiffs, <br><br> v. <br><br> EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES, <br><br> Defendant. | CIVIL ACTION NO. 18-5629 |

**PLAINTIFFS' OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

Plaintiffs Monique Russell, Jasmine Riggins, Elsa M. Powell, and Desire Evans, by and through the undersigned counsel, oppose Defendant's request to tax over $30,000.00 in costs—which are completely lacking in support—on four named plaintiffs who brought this action on behalf of a putative class of similarly situated individuals who were fraudulently induced to undergo medical procedures, including childbirth, by a man who utilized a fictious identity, and who, the evidence indicates, had no medical degree whatsoever, and no medical license, privileges or board certification in his name. Plaintiffs alleged that this was made possible by Defendant's negligent investigation and certification of Oluwafemi Charles Igberase, a/k/a John Nosa Akoda (among other aliases), as eligible to enter a residency program, notwithstanding compelling evidence that Igberase/"Akoda" had committed extensive fraud as to his identity and credentials, and Defendant's failure to inform state medical boards, residency programs, and hospitals of Igberase's fraud, which created the opportunity for Igberase to treat unsuspecting patients—including Plaintiffs and the putative class members—under his false identity. The taxed costs (aside from the $400 fee for filing a notice of removal) should be disallowed due to the lack of

sufficient explanation and documentation, which prevents this Court from determining whether the charges were reasonable and incurred for transcripts and copies that were necessarily obtained for use in this case, as opposed to for the mere convenience of counsel. Further, the Court has discretion to, and should, deny taxation of costs based on the named Plaintiffs' inability to pay.

## I.   FACTUAL BACKGROUND

Defendant has filed a Bill of Costs with an itemization of claimed expenses of $30,682.81. (ECF No. 108). Defendant includes in its Bill of Costs (a) a $400 fee for filing a notice of removal; (b) $25,904.17 in "Fees for Printed or Electronically Record Transcripts" which includes $6,255.00 for "Deposition Services" for eight (8) depositions and $19,649.17 for twenty-three (23) transcripts, including transcripts for two witnesses—J. Williamson and Dr. Hyde—with double charges totaling in excess of $1,800.00 each, and numerous other deposition transcripts closely approaching or exceeding $1,000.00; and (c) $4,378.4 in "Fees and Disbursements for Exemplification and the Costs of Making Copies, consisting of a $27.00 fee for making a CD rom for a Notice of Removal, $200.70 for scanning documents for a discovery production to Plaintiffs, $3,138.32 in copying materials for depositions, and $1,012.62 for copies of Defendant's filings in this Court which were electronically filed via ECF. (ECF No. 108 at 3-5). Defendant did not attach a single page of supporting documentation to substantiate the excessive costs they are seeking to recover from Plaintiffs in this matter.

Submitted with these Objections is a Declaration of Counsel which attaches the affidavits of named Plaintiffs Elsa Powell and Desire Evans—both of which state that they cannot afford to pay the Defendant's alleged costs in this matter, and portions of the deposition transcripts of Jasmine Riggins and Monique Russell. *See* Decl. ¶¶ 3-6. Counsel is in the process of attempting to obtain similar affidavits from one or both of the remaining named Plaintiffs, which Counsel

believes will demonstrate that these named Plaintiffs likewise cannot afford to pay Defendant's alleged costs in this matter, or that such payment will result in undue hardship. *See* Decl. ¶¶ 5-7. It is respectfully requested that Plaintiffs be given the opportunity to supplement this filing with any additional affidavits received regarding the remaining named Plaintiffs' financial condition.

## II. LEGAL ARGUMENT

The Federal Rules of Civil Procedure allow for the award of costs (other than attorney's fees) to the prevailing party unless a federal statute, the rules of civil procedure, or a court order provide otherwise. Fed. R. Civ. P. 54(d)(1). The Local Rules of Civil Procedure further provide as follows:

> (1) Any party requesting taxation of costs by the Clerk must file a notice of taxation of costs using form AO133 (Bill of Costs), **along with the required supporting documentation**, within seventy-five (75) days of the entry of final judgment, or, if the judgment is appealed, within seventy-five (75) days after final disposition of the appeal, unless otherwise ordered by the court. Submission of the form **along with supporting documentation** shall constitute notice in accordance with Federal Rule of Civil Procedure 54(d)(1).

L. Civ. R. 54.1(a)(1) (emphasis added). Form AO133 likewise requires supporting documentation, and states "*SPECIAL NOTE:* Attach to your bill an itemization **and documentation** for requested costs in all categories." (*see* ECF No. 108 at 1) (emphasis added). A party objecting to the bill of costs may file objections within fourteen (14) days, setting forth the specific items objected to and the grounds for objection. L. Civ. R. 54.1(a)(4).

28 U.S.C. § 1920 narrows the ability of federal courts to tax costs by defining what costs are taxable. *Elmagin Cap., LLC v. Chen*, No. 20-2576, 2022 WL 11398246, at *1 (E.D. Pa. Oct. 19, 2022). Section 1920 allows a judge or clerk to tax the following as costs:

> (1) Fees of the clerk and marshal;
> (2) **Fees for printed *or* electronically recorded transcripts *necessarily obtained for use in the case***;
> (3) Fees and disbursements for printing and witnesses;

> (4) **Fees for exemplification and the costs of making copies of any materials** *where the copies are necessarily obtained for use in the case*;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (emphasis added). The Supreme Court has utilized a narrow reading of the cost statute, and courts cannot award costs that are not specifically enumerated under Section 1920. *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 170-172 (3d Cir. 2012); *see also Elmagin Cap.*, 2022 WL 11398246, at *1 (only costs that fall within one of these statutory categories can be taxed) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (US 1987)).

Here, since Defendant has failed to provide sufficient explanation and documentation for its asserted costs, there is no way for the Clerk or Court to conclude that the costs for transcripts and copies were reasonably and necessarily incurred for Defendant's use in this case. The asserted costs should therefore be disallowed. And to the extent any costs are allowed, it is respectfully requested that the Court exercise its discretion to deny costs to Defendant here, based on the named Plaintiffs' inability to pay Defendant's costs in this putative class action.

   A. **Objections to Bill of Costs**

      i. **Fees for Printed or Electronically Recorded Transcripts**

Plaintiffs object to the entirety of the $25,904.17 in costs asserted by Defendant for "Fees for Printed or Electronically Recorded Transcripts." These asserted costs can be broken down into two (2) categories: $19,649.17 for transcripts and $6,255.00 for "Deposition Services." Defendant has failed to explain how the transcripts were used in this case, has failed to attach invoices and other documentation supporting these charges, and has failed to demonstrate that the costs were

4

necessary, and therefore taxable. Plaintiffs' objections to these categories are discussed in further detail below.

### a. Transcripts

Plaintiffs object to the costs for transcripts asserted by Defendant, as follows:

| | | |
|---|---|---|
| 9/5/2019 | Transcript for Deposition of D. Evans (Golkow Litigation Services) | $1,187.05 |
| 9/6/2019 | Transcript for Deposition of E. Powell (Golkow Litigation Services) | $769.35 |
| 9/10/2019 | Transcript for Deposition of B. Kelly (Planet Depos) | $1,101.80 |
| 9/10/2019 | Transcript for Deposition of K. Corrado (Veritext) | $1,032.60 |
| 9/19/2019 | Transcript for Deposition of J. Riggins (Golkow Litigation Services) | $355.00 |
| 10/1/2019 | Transcript for Cont. Deposition of J. Riggins (Golkow Litigation Services) | $720.20 |
| 10/1/2019 | Transcript for Deposition of M. Russell (Golkow Litigation Services) | $811.00 |
| 10/9/2019 | Transcript for Deposition of S. Seeling (Planet Depos) | $689.35 |
| 10/29/2019 | Transcript for Deposition of A. Steinberg (Golkow Litigation Services) | $2,204.80 |
| 11/7/2019 | Transcript for Deposition of D. Steinberg (Golkow Litigation Services) | $1,211.75 |
| 12/9/2019 | Transcript for Deposition of Dr. Hyde (Golkow Litigation Services) | $1,124.70 |
| 12/12/2019 | Transcript for Deposition of J. Williamson (Golkow Litigation Services) | $1,105.00 |
| 12/13/2019 | Transcript for Deposition of Dr. Hyde (Golkow Litigation Services) | $745.00 |
| 12/13/2019 | Transcript for Deposition of J. Williamson (Golkow Litigation Services) | $745.00 |
| 12/18/2019 | Transcript for Deposition of C. Tellefsen (Golkow Litigation Services) | $621.05 |
| 12/26/2019 | Transcript for Deposition of G. Fenichel (Planet Depos) | $444.69 |
| 1/2/2020 | Transcript for Deposition of L. Beck (Planet Depos) | $467.25 |
| 1/2/2020 | Transcript for Deposition of Phillips | $1,659.78 |
| 1/3/2020 | Transcript for Deposition of J. Goldberg (CRC Salomon) | $416.40 |
| 1/3/2020 | Transcript for Deposition of R. Luciani (Veritext) | $924.55 |
| 1/6/2020 | Transcript for Deposition of M. Smith (Planet Depos) | $451.30 |
| 1/8/2020 | Transcript for Deposition of S. McDonald (Planet Depos) | $487.55 |
| 3/12/2020 | Transcript of Class Certification Hearing | $374.00 |
| | **TOTAL** | **$19,649.17** |

For transcript costs to be taxable, they must be "necessarily obtained for use in the case." 28 U.S.C. § 1920 (2). The District Court has the discretion to determine whether or not a deposition was necessarily obtained based on a factual evaluation of the case and its progress in court. *Fichett v. Stroehmann Bakeries, Inc.*, No. CIV. A. 95-284, 1996 WL 47977, at *3 (E.D. Pa. Feb. 5, 1996).

Courts cannot tax costs of transcripts of depositions that were provided merely at the requesting party's convenience. *Id.*

Generally, where a case is disposed of on summary judgment, depositions that were used in support of the summary judgment motion are considered necessarily obtained. *Fichett*, 1996 WL 47977, at *4. By contrast, courts may disallow taxation of costs for depositions that "were not obtained for use in presenting the court with the motion for summary judgment." *Id.* (citing *Felts v. Nat'l Account Sys. Ass'n, Inc.*, 83 F.R.D. 112, 113 (N.D. Miss 1979)). In *Fichett*, this Court taxed costs associated with deposition transcripts of witnesses whose testimony the Court relied upon in disposing of the defendant's motion for summary judgment, but denied costs for the deposition of another witness whose testimony was minimally relied upon in summary judgment briefing and had no bearing on the Court's grant of summary judgment. The Court explained:

> The deposition of Barry Fields presents a different situation. Defendant attached two pages to the Motion for Summary Judgment from Fields' deposition. The information contained therein, however, was completely irrelevant to the disposition of the Motion and without effect on the Court's decision. Thus, I will disallow the costs associated with the Fields deposition. *See Merrick* [*v. N. Natural Gas Co.*], 911 F.2d [426,] . . . 435 [(10th Cir. 1990)] (taxing the "costs of deposing three key players whose depositions . . . were the only ones actually utilized by the court in considering . . . the motion for summary judgment"); *Brown v. Inter-Ocean Ins. Co.*, 438 F.Supp. 951, 955 (N.D. Ga. 1977) (taxing costs where 'the court relied heavily on the depositions in reaching its decisions and therefore [such] depositions were necessarily obtained.").

*Id.* at *4.

Here, Defendant only relied upon (and cited to) the depositions of Kara Corrado and named Plaintiffs Desire Evans, Elsa Powell, Jasmine Riggins and Monique Russell in support of its successful Motion for Summary Judgment.[1] (ECF No. 81 at 33, 38, and 39; ECF No. 85, ¶¶ 2, 102,

---

[1] While Defendant also attached portions of the deposition transcripts of William Kelly (ECF No. 98-2) and Stephen Seeling (ECF No. 98-4) to its response to Plaintiffs' Statement of Additional Material Facts (ECF No. 98-1), those deposition transcripts were not actually cited to or relied upon in Defendant's Reply in Support of Motion for Summary Judgment (ECF No. 98). Further, the Court did not reference the testimony of Kara Corrado, William Kelly, or

133, 163, 187; ECF Nos. 85 – 86, Exhibits 2, 53, 59, 64, 72). Defendant has failed to make any showing of why or how the other transcripts were necessary, rather than for its convenience, and how they were used in this case.[2] And since this case was decided on summary judgment, there was no use of deposition transcripts or electronic media at trial.

Further, Defendant has not attached any supporting documentation or invoices from the court reporters reflecting the type(s) of transcripts ordered (i.e. whether they incurred duplicate costs for obtaining both electronic and/or printed transcripts and/or videotaped testimony—which, at a minimum, appears to potentially be the case for the Dr. Hyde and J. Williamson transcripts), any unique or non-taxable charges that may have been assessed, and whether they incurred additional charges for ordering transcripts on an expedited basis.

Section 1920 (2) "simply allows costs for printed **or** digital versions of transcripts"—not both. *Elmagin Cap.*, 2022 WL 11398246, at *2. Further, Courts will not generally allow for recovery of both videotaped deposition costs and written transcripts absent a showing of necessity. *See, e.g.*, *Macario v. Pratt & Whitney Canada, Inc.*, No. Civ. 90-3906, 1995 WL 649160, at *2 & n.1 (E.D.Pa. Nov. 1, 1995) (noting that courts generally do not allow recovery of costs for both a

---

Stephen Seeling in its Memorandum Opinion (ECF No. 103) issued in connection with its grant of Defendant's Motion for Summary Judgment (ECF No. 104).

[2] Defendant also only cited to three deposition transcripts in its response to Plaintiff's Motion for Class Certification – those of named Plaintiffs Monique Russell, Desire Evans, and Elsa Powell. (*See* ECF No. 39 at 28 (citing ECF No. 32-36), 35; ECF Nos. 39-36 (Filed Under Seal) and 39-37 (Filed Under Seal)). Plaintiffs acknowledge that Defendant cited to certain expert deposition transcripts in support of their prematurely-filed and never-decided *Daubert* Motions –i.e. Defendant's Motion to Exclude the Opinions and Anticipated Testimony of Plaintiffs' Expert Dr. Annie Steinberg (ECF No. 82) – which Plaintiffs did not oppose—and its Motion to Exclude the Opinions and Anticipated Testimony of Plaintiffs' Experts Dr. David Markenson, Dr. John Charles Hyde, and Dr. Jerry Williamson (ECF No. 83). As Plaintiffs pointed out in response, the Motion to Exclude was premature because these experts were not mentioned in Defendant's Motion for Summary Judgment, nor did the Motion for Summary Judgment reference the Motion to Exclude. (*See* ECF No. 94-1 at pp. 4-5). In other words, Defendant's Motion for Summary Judgment was not in any way based on an argument that the expert testimony was inadmissible. *See id.*; *see also* Hon. Joshua D. Wolson, Policies and Procedures, § B.4, p. 7. Ultimately, Defendant's Motions to Preclude were entirely unnecessary to the Court's grant of summary judgment in its favor and did not need to be filed at the time that they were submitted.

7

videotape and written transcript, and finding that the videotape was necessarily obtained for trial purposes and the cost for same taxable, but that the cost of obtaining the transcript was not taxable); *Kovalev v. Weiss*, No. CV 16-6380, 2021 WL 1897761, at *7 (E.D.Pa. May 5, 2021), *aff'd sub nom.*, *Kovalev v. City of Phila.*, No. 21-1904, 2021 WL 4490244 (3d Cir. Oct. 1, 2021) (disallowing duplicative charges for the videotaping and transcript of a videotaped deposition, as the prevailing party cannot recover both, and reducing the costs by the costs associated with videotaping the deposition); *Fichett*, 1996 WL 47977, at *6-7 (holding that if a party chooses to proceed with both oral and videotaped testimony, they must bear the costs associated with this decision and can therefore only recover one). Additionally, expedited fees for preparation of materials that were not necessarily obtained for use in preparing for and trying the case, but solely for the convenience of counsel, cannot be taxed. *Yudenko v. Guarinni*, No. CIV. A. 06-CV-4161, 2010 WL 2490679, at *3 (E.D.Pa. June 15, 2010) (citing *Montgomery Cty. v. Microvote Corp.*, Civ. A. No. 97-6221, 2004 WL 1087196, at *5 (E.D.Pa. May 13, 2004)); *see also Fichett*, 1996 WL 47977, at *5 (if the prevailing party ordered and paid a premium for expedited transcripts, such additional costs are not taxable if they were incurred for no reason other than the convenience of the attorneys (as opposed to the exigencies and deadlines of the case that necessitated a rushed delivery)). Charges associated with the delivery or postage fees on court reporter invoices (e.g. postage and handling, shipping and handling, etc.) are likewise not taxable. *Yudenko*, 2010 WL 2490679, at *2.

Since Defendant has not attached any supporting documentation or invoices for the transcripts, Plaintiffs and the Court are unable to assess the reasonableness of the fees asserted, and whether they include unnecessary duplicative or nontaxable charges. Accordingly, the Bill of Costs should be denied.

### b. Deposition Services

Plaintiffs object to the costs for the unspecified "Deposition Services" asserted by Defendant, as follows:

| | | |
|---|---|---|
| 9/5/2019 | Deposition Services for Deposition of E. Powell (Golkow Litigation Services) | $580.00 |
| 9/11/2019 | Deposition Services for Deposition of D. Evans (Golkow Litigation Services) | $805.00 |
| 9/20/2019 | Deposition Services for Deposition of J. Riggins (Golkow Litigation Services) | $450.00 |
| 9/30/2019 | Deposition Services for Deposition of J. Riggins and M. Russell (Golkow Litigation Services) | $1,055.00 |
| 10/30/2019 | Deposition Services for Deposition of A. Steinberg (Golkow Litigation Services) | $935.00 |
| 11/13/2019 | Deposition Services for Deposition of D. Markenson (Golkow Litigation Services) | $935.00 |
| 12/17/2019 | Deposition Services for Deposition of C. Tellefsen (Golkow Litigation Services) | $580.00 |
| 1/2/2020 | Deposition Services for Deposition of R. Luciani (Veritext) | $915.00 |
| | **TOTAL** | **$6,255.00** |

Defendant does not provide any explanation, description, or documentation for the claimed "Deposition Services" which total $6,296.05. It seems that these costs likely do not fall within the costs allowable by 28 U.S.C. § 1920 (2), as they do not represent a fee for a printed or electronically recorded transcript.

To the extent these fees relate to videotaping deposition services, those fees are not taxable. *See, e.g.*, *Elmagin Cap.*, 2022 WL 11398246, at *1-2 (holding that costs associated with obtaining videotapes of depositions are not transcripts that fall within Section 1920 (2) and are not taxable, and that "[t]he ability to take depositions by video does not include the entitlement to have that privilege paid for"). Further, even if the vendor provides services relating to taxable items, only costs attributable to services that can be defined as "copying" can fall within the taxable costs under Section 1920(4). *See Race Tires Am., Inc.*, 674 F.3d at 171-72 (observing that "the types of

costs recoverable under Rule 54(d)(1) are circumscribed[,]" and concluding that of the numerous services provided by e-discovery vendors, only the scanning of hard copy documents, conversion of native files to TIFF, and the transfer of VHS tapes to DVD involved copying, and that only the costs attributable to those activities were taxable). Indeed, the Clerk's Office Procedural Handbook for the United States District Court for the Eastern District of Pennsylvania (Jan. 2014) ("EDPa Clerk's Handbook 2014"),[3] provides that litigation costs more closely associated with the routine overhead of practicing law, rather than those specifically enumerated in Section 1920, including *inter alia* charges imposed by a stenographer "as a condition of obtaining a transcript" are unallowable. EDPa Clerk's Handbook 2014 at 50 (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012)).

While it is impossible to tell from the information provided what "Deposition Services" were rendered, it is Plaintiffs' position that the entirety of the $6,296.05 charged do not fall within any taxable category under 28 U.S.C. § 1920, and that these charges should be disallowed in their entirety.

### ii. Fees and Disbursements for Exemplification and the Costs of Making Copies

Plaintiffs object to the entirety of the $4,378.64 in "Fees and Disbursements for Exemplification and the Costs of Making Copies" asserted by Defendant. These asserted costs include (a) $1,188.08 for the copying of materials for depositions of Plaintiffs, (b) $1,950.24 for the copying of materials of depositions of other witnesses, (c) $1,102.62 for the copying of Defendant's submissions electronically filed through this Court's ECF system, and (d) $227.70 in

---

[3] The EDPa Clerk's Handbook 2014 is available at available at:
https://today.westlaw.com/Link/Document/Blob/Ia14e02a8500911e598dc8b09b4f043e0.pdf?targetType=PLC-multimedia&originationContext=document&transitionType=DocumentImage&uniqueId=70186d4c-ea87-4130-8c6e-8972207450af&contextData=(sc.Default)&firstPage=true.

other miscellaneous exemplification/copying costs. These asserted costs are itemized in further detail below.

Plaintiffs object to the costs of copying of materials for depositions of the plaintiffs asserted by Defendant, as follows:

| | | |
|---|---|---|
| 9/3/2019 | Copying - Materials for Depositions of Plaintiffs | $503.04 |
| 9/9/2019 | Copying - Materials for Depositions of Plaintiffs | $176.40 |
| 9/10/2019 | Copying - Materials for Depositions of Plaintiffs | $38.16 |
| 9/11/2019 | Copying - Materials for Depositions of Plaintiffs | $388.56 |
| 9/11/2019 | Copying - Materials for Depositions of Plaintiffs | $76.92 |
| 9/11/2019 | Copying - Materials for Depositions of Plaintiffs | $5.00 |
| | **TOTAL** | **$1,188.08** |

Plaintiffs object to the costs of copying of materials for depositions of additional witnesses asserted by Defendant, as follows:

| | | |
|---|---|---|
| 10/8/2019 | Copying - Materials for Deposition of Steinberg | $184.44 |
| 10/9/2019 | Copying - Materials for Deposition of Steinberg | $686.88 |
| 10/18/2019 | Copying - Materials for Deposition of Markenson | $912.96 |
| 11/14/2019 | Copying - Materials for Deposition of Hyde | $165.96 |
| | **TOTAL** | **$1,950.24** |

Plaintiffs object to the following asserted copying costs of motion papers electronically filed in this Court:

| | | |
|---|---|---|
| 10/28/2019 | Copying – Defendant's Opposition to Class Certification | $243.72 |
| 12/13/2021 | Copying – Defendant's Daubert Motions | $117.32 |
| 12/31/2021 | Copying – Defendant's Motion for Summary Judgment and Statement of Undisputed Material Facts | $582.84 |
| 1/31/2022 | Copying – Defendant's Reply in Support of Summary Judgment | $68.74 |
| | **TOTAL** | **$1,012.62** |

Plaintiffs object to the following miscellaneous exemplification/copying costs:

| | | |
|---|---|---|
| 12/31/2018 | CD Rom of Notice of Removal for Court | $27.00 |
| 6/7/2019 | Scanning of Hardcopy Documents for Discovery Production to Plaintiffs | $200.70 |
| | **TOTAL** | **$227.70** |

11

Defendant did not provide any supporting documentation for its asserted exemplification/copying costs, nor did it provide any further description of the costs asserted, or an explanation of why the expenditures were necessary. Unexplained requests of miscellaneous costs are not taxable. EDPa Clerk's Handbook 2014 at 51. At a minimum, the costs must be sufficiently explained in order to enable the opposing party to make informed objections and the Clerk of Court to make an informed determination of whether the costs are allowable. *Id.* at 58. Given the complete lack of support, Defendant's Bill of Costs should be disallowed.

Although "costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable under 28 U.S.C. § 1920 (4), "[t]he party seeking costs for copying . . . must provide evidence of the material copied so that the court can determine whether each copy was in fact necessary." *Yudenko*, 2010 WL 2490679, at *1 (E.D.Pa. June 15, 2010); *see also Elmagin Cap.*, 2022 WL 11398246, at *4 (recognizing that the burden is on the party submitting the bill of costs to show necessity for the copies sought). While the prevailing party does not have to provide a detailed description of every single piece of paper copied, "it is expected to provide the 'best breakdown of the copied materials obtainable from its records.'" *Yudenko*, 2010 WL 2490679, at *1.

When the prevailing party fails to provide an itemized and detailed description of the copying, courts have disallowed or reduced the photocopying costs because they were not able to determine whether the costs were necessarily obtained for use in litigation or were merely made for the convenience of counsel. *See, e.g.*, *Yudenko*, 2010 WL 2490679, at *2 ("Although defendants provided receipts for the photocopying, they do not provide a description of the photocopies obtained. . . . Therefore, I am unable to determine whether the costs were necessary, and taxation of these costs will not be allowed"); *Morgan-Mapp v. George W. Hill Correctional*

12

*Facility*, Civ. A. No. 07-2949, 2009 WL 1035141, at *3 (E.D. Pa. Apr. 16, 2009) (disallowing the unidentified copying costs because the prevailing party "provide[d] no description of the material being copied[,]" and the court therefore could not determine whether they were necessary for use in the case); *Montgomery Cty. v. Microvote Corp.*, Civ. A. No. 97-6221, 2004 WL 1087196, at *8 (E.D.Pa. May 13, 2004) (reducing requested copying costs where the prevailing party failed to provide a sufficient breakdown of the copying costs sought); *Elliot, Reihner, Siedzikoski, & Egan, P.C. v. Richter*, No. Civ. A. 96-3860, 2000 WL 427377, at *4 (E.D.Pa. Apr. 20, 2000) (disallowing taxation of costs for exemplification and copies because the prevailing party simply submitted a chart with dates and corresponding amounts, without providing a description of the items that were copied, which prevented the Court from being able to determine "which copies were necessarily obtained for use in the litigation or were made for the convenience of counsel"); *Ass'n of Minority Contractors & Suppliers, Inc. v. Halliday Props., Inc.*, No. CCIV. A. 97-274, 1999 WL 551903, at *4 (E.D.Pa. June 24, 1999) (reducing costs where the prevailing party "[did] not provide a sufficient breakdown of their copying costs to enable the court to evaluate the necessity of these costs"); *Elmagin Cap.*, 2022 WL 11398246, at *4 (noting that invoices are insufficient to determine whether costs were necessary because they don't show *what* was copied).

Indeed, costs of copying for the mere convenience of counsel are **not** taxable. *See Fichett*, 1996 WL 47977, at *5; *see also id.* ("[B]efore the district court can tax costs for photocopies, it must find that the copies for which costs are sought were necessarily obtained for use in the litigation") (citing *Holmes v. Cessman Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994)). In *Elmagin Cap.*, the defendants admitted that they made an extra copy of all documents used at trial to keep in the office. The Court immediately eliminated the costs associated with the extra copies, because the defendants could have made digital copies or "lugged the physical ones around"—i.e., the extra

13

copy was merely for the defendants' convenience and therefore not taxable. *Elmagin Cap.*, 2022 WL 11398246, at *4.

Further, the losing party and the Court must be able to assess the reasonableness of the charges incurred. *See, e.g.*, *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 181 (3d Cir. 2001) (noting, in a Fair Labor Standards Act case, that requests for costs are analyzed for reasonableness, and that a request for costs consisting of a one-page statement with dates and descriptions and an Affidavit swearing to their accuracy, but no supporting data explaining the relevant purpose for the expenditures, did not provide any reasonable basis to justify the expenditures or an award of costs in connection therewith); *Baker v. ARCO Chem. Co.*, 15 F. Supp. 2d 621, 635-36 (E.D. Pa. 1998) (finding in an ADEA case that although the number of copies made was reasonable, the rate of 15 cents per page was not, and deducting the amount of the award based on what the court determined to be a reasonable rate for copying charges—10 cents per page).

Defendant does not provide any description of the materials copied for depositions—the costs for which totaled $3,138.32 between an unspecified number of witnesses. This significant cost raises many questions – How many pages were copied? What was the rate charged per page? Did they make duplicate copies? Were the copies actually necessary or merely for the convenience of counsel? If the rate charged was 10 cents per page, this would mean they copied over 31,000 pages for these depositions, which seems excessive. But without more information, it is impossible for Plaintiffs and the Court to meaningfully evaluate the reasonableness and necessity of these costs.

As for Defendant's motion papers which it ***electronically filed*** through this Court's ECF system, it is unclear why it needed to incur $1,102.62 in copying charges for these materials, and such charges certainly do not appear to have been necessarily incurred. This Court has previously

held that costs incurred in copying and preparing court papers are not taxable. *Fichett*, 1996 WL 47977, at *8. Rather, these expenses constitute "'copying expenses accumulated in the course of pursing legal research and of furnishing multiple copies of court papers. It does not appear to refer to fees for copies of papers necessarily obtained for use in the case . . . [it is] essentially a cost of doing business.'" (quoting *Levin v. Parkhouse*, 484 F. Supp. 1091, 1096 (E.D. Pa. 1980)). The *Fichett* Court therefore disallowed costs associated with the defendant's motion for summary judgment, reply memorandum, pre-trial memorandum, and proposed jury instructions. *Id.* The same outcome should be reached here.

Defendant also claims $27.00 in charges for a "CD Rom of Notice of Removal for Court." The basis for this charge is unclear, particularly where compact discs can easily be purchased in bulk for less than $1.00 per disc,[4] and where costs associated with transporting or shipping the disc are not taxable. It is also unclear why Defendant incurred $200.70 in costs to scan documents for a discovery production to Plaintiffs. It seems likely that the majority of these costs are more closely associated with routine overhead rather than costs specifically allowable under Section 1920. *See* EDPa Clerk's Handbook 2014 at 50 (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012)). Accordingly, these costs should likewise be disallowed.

### B. Inability to Pay

To the extent any of the taxed costs are found to be allowable, it is respectfully requested that this Court nonetheless exercise its discretion to deny the costs based upon the named Plaintiffs' inability to pay and the undue hardship that would result. While there is a presumption that costs are to be awarded to the prevailing party, the losing party can make a showing that an award is

---

[4] *See, e.g.*, https://www.amazon.com/Verbatim-CD-R-700MB-Minute-Recordable/dp/B003ZDNZSI/ref=asc_df_B003ZDNZSI?tag=bingshoppinga-20&linkCode=df0&hvadid=80607997944720&hvnetw=o&hvqmt=e&hvbmt=be&hvdev=c&hvlocint=&hvlocphy=&hvtargid=pla-4584207577073738&th=1 (selling 100 CD-Rs for $21.51)

inequitable under the circumstances. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462-63 (3d Cir. 2000). Equitable factors courts may consider in determining a costs award include "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the . . . litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *Id.* at 468. The most important of these factors is the losing party's indigency or inability to pay the full costs awarded against it. *Id.* at 463. In this regard, courts can consider affidavits from the losing party regarding their indigency, and on the basis of that information, a district court may exempt the losing party from paying costs. *Id.* at 464.

There are no "hard and fast" rules governing the assessment of a losing party's inability to pay. *Yudenko*, 2010 WL 2490679, at *4. Courts can use their common sense to make these determinations. *Id.* However, the costs assessed "should not discourage or limit the ability of the plaintiff to bring a suit." *Id.* at *5. In this regard, the Third Circuit has recognized that this factor "is founded on the egalitarian concept of providing relatively easy access to the courts to all citizens and reducing the threat of liability for litigation expenses as an obstacle to the commencement of a lawsuit or the assertion of a defense that might have some merit." *In re Paoli*, 221 F.3d at 462 (internal quotations omitted). This is of particular concern in the class action context as to the named plaintiffs, where individuals are unlikely to pursue claims absent the class action mechanism, given the amounts recoverable and anticipated costs. *See Lake v. First Nat'l Bank*, 156 F.R.D. 615, 626 (E.D. Pa. 1994) (noting, in a consumer class action, that given the relatively small amount recoverable by each potential litigant, it is unlikely any one individual would pursue a claim or be able to retain an attorney willing to bring the action on an individual basis); *see also* ECF No. 32-1 at 22 (explaining that issue certification of liability or Common

16

issues was the most efficient way of resolving common issues here, where, *inter alia*, "the cost of litigating each individual case likely outweighs an individual award.").

In *Yudenko*, although this Court found that certain costs were allowable, it vacated the taxation of costs against the indigent and disabled plaintiff, because it found that the charging of costs under the circumstances would be inequitable. *Yudenoko*, 2010 WL 2490679, at *5. The same outcome is warranted here, and it is respectfully requested that the Court exercise its discretion and decline to tax costs against the Plaintiffs in this matter, based on their inability to pay and/or the undue hardship that would result from the payment of Defendant's costs.

### III.  CONCLUSION

Defendant attempts to impose over $30,000.00 in poorly defined, unsubstantiated, and at least partly non-taxable costs against the four named Plaintiffs who brought this putative class action on behalf of themselves and a class of similarly situated individuals who received obstetrical and gynecological care from a fraudster who procured his medical license under false pretenses using a fake name. The Court should deny or greatly reduce the costs asserted by Defendant for all the reasons set forth above. And to the extent the Court finds that any of the asserted fees are taxable, Plaintiffs urge the Court to exercise its sound discretion and deny all costs to Defendant on equitable grounds, given the named Plaintiffs' inability to pay and the undue hardship that would result.

Respectfully submitted,

| JANET, JANET & SUGGS, LLC | CLARK HILL PLC |
|---|---|
| Patrick A. Thronson<br>Brenda A. Harkavy<br>4 Reservoir Circle, Suite 200<br>Baltimore, MD 21208<br>(410) 653-3200 | */s/ Robin S. Weiss*<br>Nicholas M. Centrella (Pa. ID 67666)<br>Robin S. Weiss (Pa. ID 312071)<br>Two Commerce Square<br>2001 Market Street, Suite 2620 |

<div style="columns:2">

Philadelphia, PA 19103
(215) 640-8500

LAW OFFICES OF PETER G. ANGELOS, P.C.

Paul M. Vettori
One Charles Center
100 N. Charles Street, 20th Floor
Baltimore, Maryland 21201
(410) 649-2000

Z LAW, LLC

Cory L. Zajdel
2345 York Rd. Suite B-13
Timonium, MD 21093
(443) 213-1977

Dated: <u>11/13/2023</u>

SCHOCHOR, STATON, GOLDBER AND CARDEA, P.A.

Jonathan E. Goldberg
Jonathan T. Huddleston
1211 St. Paul Street
Baltimore, Maryland 21202
(410) 234-1000

THE COCHRAN FIRM

Karen E. Evans
David E. Haynes
1666 K Street NW, Suite 1150
Washington, DC 20006
(202) 682-5800

*Attorneys for Plaintiffs, on behalf of themselves and all others similarly situated*

</div>